**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

| | |
|---|---|
| **Fair Fight, Inc., John Doe,** and **Jane Doe**, | **Civ. No. 2:20-cv-00302-SCJ** |
| *Plaintiffs*, | **Hon: Steve C. Jones** |
| *v.* | |
| **True the Vote, Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, | **Response in Opposition to Plaintiffs' Motion to Proceed Anonymously** |
| *Defendants*. | |

# Response in Opposition to Plaintiffs' Motion to Proceed Anonymously

On December 23, 2020, Plaintiffs filed a Motion to Proceed Anonymously. ECF 2. Defendants True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, and James Cooper ("Defendants") now timely respond.

## Argument

"A lawsuit is a public event. Parties who ask a court to resolve a dispute must typically walk in the public eye." *In re Chiquita Brands International, Inc.*, 965 F.3d 1238, 1242 (11th Cir. 2020). Yet, Plaintiffs John Doe and Jane Doe

-1-

("Plaintiffs") have attempted to shield themselves from any public view, despite presenting no evidence that would justify proceeding anonymously.

### I. Proceeding anonymously is *only* warranted in exceptional circumstances.

The Federal Rules of Civil Procedure require that "[t]he title of the complaint *must* name all the parties[.]" Fed. R. Civ. P. 10(a) (emphasis added). This is more than just for "administrative convenience[,]" it also "protects the public's legitimate interest in knowing all the facts involved, including the identity of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted).

As a result, it is only extraordinary circumstances that warrant allowing a Plaintiff to proceed anonymously. *Id*. Such circumstances are rare. *In re Chiquita* , 965 F.3d at 1242.

The Eleventh Circuit has established that "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). Accordingly, a court

-2-

must look at the circumstances in each case to determine whether it is such an exceptional case. Circumstances that are particularly important include:

(1) whether plaintiffs are "challenging government action;"

(2) whether plaintiffs would be "required to disclose information of the utmost intimacy; and"

(3) whether plaintiffs would be "compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution."

*Id*. at 323. The court noted that no factor is dispositive and that this is not a rigid three-step test. *Id*. Finally, the Eleventh Circuit cautioned that:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Id*. at 324.

Under the circumstances here, Plaintiffs have provided no evidence that would justify them proceeding anonymously.

## II. Plaintiffs have not established any valid reasons for proceeding anonymously.

First, Plaintiffs are not challenging government action. This factor weighs

against allowing them to proceed anonymously. In *Doe v. Frank*, the Eleventh

Circuit explained the significance of this fact:

> While such suits involve no injury to the Government's "reputation," the
> mere filing of a civil action against other private parties may cause
> damage to their good names and reputation and may also result in
> economic harm. Defendant[s] . . . stand publicly accused of serious
> violations of federal law. Basic fairness dictates that those among the
> defendants' accusers who wish to participate in this suit as individual
> party plaintiffs must do so under their real names.

951 F.2d 323-24 (quoting *Southern Methodist Univ. Ass'n of Women Law Stu-

dents v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

Likewise here, the mere filing of this action has caused and will cause

damage to Defendants' good names and reputation, and is resulting in economic

harm. This case has already been well publicized in the press, especially in light of

the fact that Plaintiff Fair Fight, Inc. notified the press before filing of the suit that

such action was going to occur. *See, e.g.*, Mark Niesse, *Lawsuit tires to block*

*effort to disqualify Georgia voters*, The Atlanta Journal-Constitution, Dec. 22,

2020, available at https://www.ajc.com/politics/lawsuit-tries-to-block-effort-to-

disqualify-georgia-voters/LCUSTNBS6FGILLEAQB3VG6CZPU/. Accordingly,

basic fairness dictates that the accusers must also participate under their real

names, especially when then the accusers are seeking the public's attention. This

factor weighs against granting the Motion.

Second, Plaintiffs have not alleged that they would be "required to disclose information of the utmost intimacy[,]" nor is there any reasons for them to disclose any such information. The only allegedly intimate information that Plaintiffs complain about is their address. ECF 2-1, at 1. But a person's address is not information of the utmost intimacy. Instead, courts have construed this to include information such as mental illness, homosexuality, transexuality, information about minors, etc. *See Frank*, 951 F.2d at 324.[1] Nor is the information that will be disclosed "of a highly sensitive and personal nature[.]" *Id.* In *Wynne & Jaffe* (which has been frequently cited by the Eleventh Circuit in these types of cases), the 5th Circuit lists some examples of sensitive and highly personal issues, including "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families[.]" 599 F.2d 707, 713 (5th Cir. 1979) (citations omitted). No intimate, personal, or sensitive information is present in this case. Accordingly, this factor weighs against granting the Motion.

Third, Plaintiffs have not alleged that they would be "compelled to admit

---

[1]Courts have considered these "of the utmost intimacy" because, in those circumstances, the "social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of opennesss in court proceedings." *Id.*

their intention to engage in illegal conduct, thereby risking criminal prosecution." In fact, there has been no discussion of any illegal conduct or criminal prosecution. So this factor weighs against granting the Motion.

Fourth, there is "no real danger of physical harm[.]" Plaintiffs allege (but provide no evidentiary support for the fact) that prior threats to certain election officials, allegedly made by random third parties unassociated with Defendants, justify John Doe and Jane Doe proceeding anonymously. ECF 2-1, at 2, 5. But Plaintiffs have provided no evidence that the issues cited are even remotely related to Defendants, any of Defendants' agents, the challenges at issue, this lawsuit, or any other lawsuit. And they cannot justify proceeding anonymously. And the alleged "harms" identified by Plaintiffs (which they provide no evidence for) including the allegation that Defendants recruited volunteers to monitor ballot boxes (ECF 2-1, at 4-5) present no danger of physical harm. So not only is there no evidence of physical harm provided by Plaintiffs, even if such harms were supported and credited, they are still not sufficient to establish "a real danger of physical harm."

Moreover, even if they had provided the required evidence, general evidence of threats cannot show that Plaintiffs will face violence or physical harm.

-6-

*See In re Chiquita*, 965 F.3d at 1248 ("Lacking specific evidence, the pseudony-mous appellants cite general evidence showing that those who oppose paramilitary groups or paramilitary-affiliated entities face risks of paramilitary violence. But this evidence does not compel the conclusion that the . . . plaintiffs face those risks."). Here, Plaintiffs have not presented *any* evidence that individuals have been harmed by bringing a lawsuit relating to this election. This year has been full of election related lawsuits, with Plaintiffs suing under their real names, and not suffering physical harms. There is no real danger of physical harm if Plaintiffs proceed using their real names. This factor weighs against granting the Motion.

Fifth, "the injury litigated against would [not] be incurred as a result of the disclosure of the plaintiff's identity." So this factor weighs against granting relief.

Finally, none of Plaintiffs' cited cases establish that granting the Motion would be proper here. For example, in *In re Chiquita*, the Eleventh Circuit held that the district court did not abuse its discretion when it refused to allow Plaintiffs to proceed anonymously even though they feared paramilitary retaliation from a group they alleged killed their family. 965 F.3d at 1242-43. Likewise, here, Plaintiffs' "fears" do not justify proceeding anonymously. Additionally, this case shows how serious the evidence needs to be in order to grant the requested relief.

A bar that Plaintiffs cannot and have not met, given their lack of evidence. In *Doe v. Barrow County Georgia*, the court relied on the fact that the case involved religion which is a "quintessentially private matter" to determine that proceeding anonymously was warranted. 219 F.R.D. 189, 193-194. Here, no such private matter exists. In *Ga. Advoc. Off. v. Jackson*, the court allowed the Plaintiff to proceed anonymously because the case challenged government action and involved disclosure of "severe psychiatric problems." Case No. 1:19-cv-1634, 2019 WL 8501278, at *2 (N.D. Ga. July 3, 2019). Here, government action is not being challenged and no such intimate matter is at issue. Finally, in *S.W. v. Clayton Cnty. Pub. Schs.*, this Court allowed Plaintiff, who was a minor and alleging sexual assault to proceed anonymously. Case No. 1:16-CV-0126, 2016 WL 8943337, at *2 (N.D. Ga. May 9, 2016). Here, no such intimate or private matter is at issue and Plaintiffs are not minors. Accordingly, none of these cited cases justify Plaintiffs proceeding anonymously in this case. In fact, each of these case make it clear that Plaintiffs do not meet the extraordinary circumstances that would justify relief.

### III. Defendants and the public would be harmed if Plaintiffs are permitted to proceed anonymously.

Defendants have a right to know their accusers. Indeed, there is a "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323. The identity of the parties also "protects the public's legitimate interest in knowing all the facts involved[.]" *Id.* This openness and protection should not be taken away.

Moreover, as discussed above, the mere filing of this action has caused and will cause damage to Defendants' good names and reputation, and is resulting in economic harm. This case has already been well publicized in the press by Plaintiffs. *See supra* p. 4. So basic fairness dictates that the accusers must also participate under their real names.

Finally, Plaintiffs allege that John Doe and Jane Doe are "private individuals[,]" who are "active members of the community, with active ties (and work) in Georgia" but provide no evidence of this. ECF 2-1, at 2. But even if true, that is the exact same for almost all of the Defendants. Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper are just private individuals, who are being active in their communities and are seeking to ensure the integrity of the elections

in the communities where they live and work. So Plaintiffs are attempting to put these private individuals in the spotlight (both by filing of this suit and notification of the press) and sully their good names, but want to hide behind an anonymous label so that no one can know who is making the accusations. This does not benefit Defendants or the public.

## Conclusion

Plaintiffs have not established exceptional circumstances that would warrant proceeding anonymously. As such, this Court should deny their Motion and require Plaintiffs to properly list all parties according to Fed. R. Civ. P. 10(a).

Dated: December 30, 2020                      Respectfully Submitted,

/s/ Ray Smith, III                            James Bopp, Jr., IN # 2838-84*
Ray Smith, III, GA # 662555                     jboppjr@aol.com
 rsmith@smithliss.com                         Jeffrey P. Gallant, VA # 46876*
SMITH & LISS, LLC                               jgallant@bopplaw.com
Five Concourse Parkway                        Courtney Turner Milbank, IN# 32178-29*
Suite 2600                                      cmilbank@bopplaw.com
Atlanta, GA 30328                             Melena Siebert, IN # 35061-15*
Telephone: (404) 760-6000                       msiebert@bopplaw.com
Facsimile: (404) 760-0225                     Rob Citak, KY # 98023*
*Local Counsel for Defendants*                  rcitak@bopplaw.com
                                              THE BOPP LAW FIRM, PC
                                              1 South 6th Street
                                              Terre Haute, Indiana 47807
                                              Telephone: (812) 232-2434
                                              Facsimile: (812) 235-3685
*Pro hac vice pending*                        *Lead Counsel for Defendants*

# Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as required by the Court in Local Rule 5.l(B).

Respectfully submitted this 30th day of December, 2020.

/s/ Ray Smith, III
Ray Smith, III, GA # 662555
 rsmith@smithliss.com
SMITH & LISS, LLC
Five Concourse Parkway
Suite 2600
Atlanta, GA 30328
Telephone: (404) 760-6000
Facsimile: (404) 760-0225
*Local Counsel for Defendants*

# Certificate of Service

I hereby certify that the foregoing document was served electronically on December 30, 2020, upon all counsel of record via the United States District Court for the Northern District of Georgia, electronic filing system.

/s/ Ray Smith, III
Ray Smith, III, GA # 662555
 rsmith@smithliss.com
SMITH & LISS, LLC
Five Concourse Parkway
Suite 2600
Atlanta, GA 30328
Telephone: (404) 760-6000
Facsimile: (404) 760-0225
*Local Counsel for Defendants*