<table>
<tr><td>JAMES BOPP, JR.<br>jboppjr@aol.com</td><td>**THE BOPP LAW FIRM, PC**<br>ATTORNEYS AT LAW</td></tr>
</table>

THE NATIONAL BUILDING
1 South Sixth Street
TERRE HAUTE, INDIANA 47807-3510
Telephone 812/232-2434   Facsimile 812/235-3685
www.bopplaw.com

_____

January 1, 2021

Honorable Steve C. Jones                         Re: *Fair Fight, Inc., et al. v. True the Vote, et al.*
United States District Court                    Civ. No. 2:20-cv-00302-SCJ
Northern District of Georgia
Gainesville Division


Your Honor,

  We have reviewed the redacted declarations of the Doe Plaintiffs submitted in the above-noted matter. We have no objection to their form but submit that the Doe Plaintiffs have failed to offer an allegation or evidence to establish standing to sue these Defendants or to proceed with their claims.

  First, Doe Plaintiffs have offered no evidence that their names were publicly listed in any challenge that has been brought by a person associated with the Defendant True the Vote, Inc. ("TTV") or any of the Individual Defendants. There have been challenges brought by persons with which TTV has no relationship and for which TTV cannot be claimed to responsible. Doe Plaintiffs offer no evidence that their names were publicized in a challenge for which TTV is associated or by any of the Individual Defendants. Thus, they have provided no evidence of any connection between them and the Defendants they sue, so they have no standing to do so.

  Second, Doe Plaintiffs have again failed to offer any evidence of even the reasonable probability of any intimidation, coercion, or threat as a result of their names being disclosed. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 200 (2010). They did not allege in their Complaint that they have, in fact, been intimidated, coerced, or threatened as a result of being publicly disclosed and their Declaration provide no such evidence.

  In fact, in their Complaint, there was no allegation that *any* of the challenged have been intimidated, coerced, or threatened by anyone. That is, after thirteen days of more than 350,000 individuals' names being on the public record, the Doe Plaintiffs in their Declaration still do not even *allege a single incident* of harassment, intimidation, coercion, or threat. After nearly two weeks of "exposure," Plaintiffs can still offer nothing more than an allegation of subjective fear, which is *less than* the evidence that the Court held was insufficient in *Reed*. *Id.* at 205-206 (Justice Alito noting the insufficiency of evidence adduced to establish a reasonable probability of threats or harassment).

1

      Thus, the Declarations offered by Doe Plaintiffs fail to offer any evidence that these Defendants are responsible for the challenge brought about them or that any Defendant is responsible for their names being publicly disclosed. And they again fail to provide any evidence that of any actual injury. Furthermore, after nearly two weeks of "public exposure," Doe Plaintiffs can still not any evidence, or even an allegation, of any harassment, intimidation, coercion, or threats as a result of disclosure of more than 350,000 names. This demonstrates that their "fears" are subjective, not real. This cannot be sufficient evidence for this Court to find "intimidation" under the Plaintiffs' Section 11(b).

      Sincerely,

      THE BOPP LAW FIRM, PC

      */s/ James Bopp, Jr.*

      James Bopp, Jr.