IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **FAIR FIGHT, INC., JOHN DOE, and JANE DOE,**<br><br>　Plaintiffs,<br><br>v.<br><br>**TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,**<br><br>　Defendants. | **CIVIL ACTION FILE NO.**<br><br>**2:20-CV-0302-SCJ** |

## ORDER

This matter appears before the Court on the Motion to Dismiss for Insufficient Process under Federal Rule of Civil Procedure 12(b)(4) filed by True the Vote, Inc. ("TTV"). Doc. No. [23].

In said motion, TTV states that Plaintiffs' Complaint is addressed to "True the Vote," which is not the correct name of the legal entity. Doc. No. [23], p. 2. Upon inquiry by the Court at the December 31, 2020 preliminary injunction

hearing, Defense Counsel indicated that the essential purpose of the pending motion was to ensure that the proper party is before the Court and that TTV receives corporation protection. Counsel (for both parties) further expressed no objection to the Court utilizing its authority under Federal Rule of Civil Procedure 21 to add True the Vote, Inc. as a party this case.[1]

Accordingly, pursuant to Federal Rule of Civil Procedure 21, the Court adds **True the Vote, Inc.** as a named party-defendant to this case and drops (or otherwise terminates) True the Vote as a named party-defendant. The Clerk is **DIRECTED** to update the case-style/docket to reflect this change. In light of such, the Motion to Dismiss for Insufficient Process under Rule 12(b)(4) (Doc. No. [23]) is **DEEMED MOOT**.

**IT IS SO ORDERED** this 1st day of January, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[1] Said rule states in relevant part: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.