# II. JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA GAINESVILLE DIVISION

| | |
|---|---|
| Fair Fight, Inc., John Doe, and Jane Doe, *Plaintiffs and Counter-Defendants*, <br><br> v. <br><br> True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper, and John Does 1-10, <br><br> *Defendants and Counter-Plaintiffs*, <br><br> Fair Fight Action, Inc., <br><br> *Counter-Defendant*. | Case No. 2:20-cv-00302-SCJ <br><br> Hon. Steve C. Jones |

**Joint Preliminary Report and Discovery Plan**

1. **Description of Case:**

   (a) Describe briefly the nature of this action.

   Plaintiffs allege Defendants engaged in voter intimidation in advance of Georgia's January 5, 2021 United States Senate Runoff, and thus violated § 11(b)

of the Voting Rights Act of 1965 (VRA). Defendants then filed counterclaims, alleging Plaintiffs and additional party Fair Fight Action, Inc. themselves violated § 11(b) of the VRA by accusing Defendants of engaging in voter suppression and voter intimidation and by suing Defendants for filing elector challenges. Defendants' counterclaims also allege that judicial enforcement of § 11(b) of the VRA, as interpreted by Plaintiffs, would violate Defendants' constitutional rights and render § 11(b) of the VRA unconstitutional.

**(b)** Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

<u>Plaintiffs' Summary of Case</u>

Plaintiffs' Complaint alleges that, in the aftermath of the 2020 General Election, Defendant True the Vote, Inc., along with other individual electors in Georgia—some of whom are also named as Defendants—filed challenges against hundreds of thousands of Georgians' eligibility to vote in the January Senate Runoff using, data which is unreliable as a means of determining voter eligibility. Plaintiffs' Complaint also alleges that Defendant True the Vote, Inc. publicized that they would be watching voters, encouraged its volunteers to act as vigilantes and find evidence of illegal voting, and promoted a $1 million reward fund to incentivize its supporters to do so. Plaintiffs further allege that these conditions

were objectively intimidating in violation of § 11(b) of the VRA. Defendants responded to Plaintiffs' suit by filing an answer and counterclaims against Plaintiffs and additional party Fair Fight Action, Inc.

Defendants' Summary of Case

Defendants allege that their elector challenges were lawfully made pursuant to Georgia state law and that submitting those challenges did not violate § 11(b) of the VRA, and furthermore Defendants did not engage in any other conduct that would violate § 11(b) of the VRA. Defendants also allege that judicial enforcement of § 11(b) of the VRA, as interpreted by Plaintiffs would violate their constitutional right to vote and render § 11(b) of the VRA unconstitutional. Defendants also allege that Fair Fight, Inc. and Fair Fight Action, Inc. violated § 11(b) of the VRA by filing this lawsuit against Defendants and by accusing them of engaging in voter intimidation and voter suppression.

    **(c)** The legal issues to be tried are as follows:

Plaintiffs' Proposed Legal Issues

    i.    Whether Defendants' conduct violated § 11(b) of the Voting Rights Act of 1965.

    ii.    The extent of appropriate remedial relief in the event the Court

concludes that Defendants have violated § 11(b) of the VRA.

<u>Defendants' Proposed Legal Issues</u>

iii. Whether Counter-Plaintiffs' Section 230 challenges violated the National Voter Registration Act.

iv. Whether judicial enforcement of § 11(b), as interpreted by Counter-Defendants, violates Counter-Plaintiffs' constitutional rights and renders § 11(b) of the VRA unconstitutional.

v. Whether judicial enforcement of § 11(b), as interpreted by Counter-Defendants, violates Counter-Plaintiffs' right to vote via vote dilution.

vi. Whether judicial enforcement of § 11(b), as interpreted by Counter-Defendants, is unconstitutionally vague.

vii. Whether Counter-Defendants' conduct violated § 11(b) of the Voting Rights Act of 1965.

**(d)** The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None

(2) Previously Adjudicated Related Cases: None

**2.** **This case is complex because it possesses one or more of the features**

**listed below (please check):**

Plaintiffs' Proposed Case Complexity:

| | (1) Unusually large number of parties
| _____ | (2) Unusually large number of claims or defenses
| _____ | (3) Factual issues are exceptionally complex
| _____ | (4) Greater than normal volume of evidence
| _____ | (5) Extended discovery period is needed
| _____ | (6) Problems locating or preserving evidence
| _____ | (7) Pending parallel investigations or action by government
| _____ | (8) Multiple use of experts
| _____ | (9) Need for discovery outside United States boundaries
| _____ | (10) Existence of highly technical issues and proof
| _____ | (11) Unusually complex discovery of electronically stored information

Defendants' Proposed Case Complexity:

- __X__ (1) Unusually large number of parties
- __X__ (2) Unusually large number of claims or defenses
- _____ (3) Factual issues are exceptionally complex
- _____ (4) Greater than normal volume of evidence
- __X__ (5) Extended discovery period is needed
- _____ (6) Problems locating or preserving evidence
- _____ (7) Pending parallel investigations or action by government
- _____ (8) Multiple use of experts
- _____ (9) Need for discovery outside United States boundaries
- _____ (10) Existence of highly technical issues and proof
- _____ (11) Unusually complex discovery of electronically stored information

3. **Counsel**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs and Counter-Defendants: Marc Elias, Uzoma Nkwonta, Aria

Branch, Allegra Lawrence, and Dara Lindenbaum are lead counsel for Plaintiffs.

<u>Defendants:</u> James Bopp, Jr.

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

<u> X </u>Yes          <u>    </u>No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

**(a)** The following persons are necessary parties who have not been joined:

None known at this time.

**(b)** The following persons are improperly joined as parties:

Fair Fight Action, Inc.

**(c)** The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

**(d)** The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)** List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

In accordance with Instructions for Cases Assigned to the Honorable Judge Jones, prior to filing a motion to compel discovery and only after conferring with opposing counsel in a good-faith effort to resolve the discovery dispute by agreement, Parties will contact the Court and notify the Court of a discovery

7

dispute. The Court will then schedule a conference call in which the Court will attempt to resolve the matter, without the necessity of a formal motion.

      **(b)** *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

      **(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

      **(d)** *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.**    **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

    The Parties will timely file initial disclosures.

**9.**    **Request for Scheduling Conference:**

    Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

    [Plaintiffs/Counter-Defendants' Position]

Counter-Defendants do not believe that discovery should proceed against them until the Court decides Counter-Defendants' Motion to Dismiss Defendants' counterclaims. *See* ECF No. 48.

Plaintiffs do believe, however, that discovery should commence on the claim asserted in the Complaint now that Defendants have filed an Answer to the Complaint. *See* L.R. 26.2.

[Defendants/Counter-Plaintiffs' Position]

Defendants and Counter-Plaintiffs believe discovery against all parties should be held in abeyance if the Court determines that discovery against Counter-Defendants will be held in abeyance until the Motion to Dismiss is decided.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

This case is on a four-month track.

<u>Plaintiffs anticipate that discovery may be needed on at least the following topics:</u>

1. The processes used for compiling the list of challenged voters (including any agreements that were entered into to create the lists, as well as the

    actual methodology used to match voters from the voter file to the NCOA data)

2. The relationship between True the Vote, Inc. and individual challengers who submitted challenge lists to Georgia counties.

3. The relationship between True the Vote, Inc. and certain actors who threatened to publish the list of challenged voters

4. True the Vote, Inc.'s plans or efforts to encourage supporters to watch voters or report instances of instances of illegal voting

5. True the Vote, Inc.'s plans or efforts to establish a reward fund for evidence of illegal voting.

<u>Defendants anticipate that discovery may be needed on at least the following topics:</u>

1. Plaintiffs' evidence of Defendants' alleged voter intimidation.

2. Counter-Defendants' non-privileged statements, whether public or private, regarding Counter-Plaintiffs' Section 230 challenges or this lawsuit.

3. Counter-Defendants' non-privileged communications to or about any Counter-Plaintiff.

If the parties anticipate that additional time beyond that allowed by the

assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties believe that the four-month discovery track will be adequate.

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b) Is any party seeking discovery of electronically stored information?

   X    Yes                     No If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties agree to discuss the sources, scope, and any limitations on ESI on a good-faith basis as discovery proceeds.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties have agreed to make every effort to produce ESI in TIFF format and in a searchable format. The Parties agree to continue to discuss in

good faith the production of ESI, methods of production, and the inclusion or exclusion of metadata as discovery proceeds.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference as described in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiffs' Proposed Orders:

The Plaintiffs request that the Court enter a Scheduling Order containing the following proposed deadlines:

| Event | Deadline |
|---|---|
| Discovery Period | February 8, 2021 - June 8, 2021 |
| Plaintiffs' Expert Disclosures | April 8, 2021 |
| Defendants' Expert Disclosures (if any) | May 7, 2021 |
| Plaintiffs' Rebuttal Expert Disclosures (if any) | May 21, 2021 |
| Dispositive Motions (filed) | July 8, 2021 |
| Dispositive Motions (response) | July 29, 2021 |

| | |
|---|---|
| Dispositive Motions (reply) | August 12, 2021 |
| Last day for Daubert motions | On last day to submit pretrial order |
| Last day to submit pretrial Order | 30 days after entry of the Court's ruling on summary judgment |
| Trial | TBA |

Defendants' Proposed Orders

The Defendants request that this schedule be held in abeyance against all parties if the Court determines that discovery should be held in abeyance until the Court rules on Counter-Defendants' Motion to Dismiss Counterclaims.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 25, 2021, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): */s/ Allegra J. Lawrence*; */s/ Uzoma N. Nkwonta*;  */s/ Dara Lindenbaum*

   Other participants:    Leslie Bryan; Christina A. Ford; Thomas Tobin

For defendant: Lead counsel (signature): /s/ James Bopp, Jr.

   Other participants:  Melena S. Siebert, Ray Smith, III

(b)    All parties were promptly informed of all offers of settlement and following  discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
( X ) No possibility of settlement.

(c) Counsel (_____) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

Defendants have expressed that they intend to advance similar Section 230 challenges to voter residency in future elections, and Plaintiffs seek to enjoin these actions among others.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____, of 20____.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 8th day of February 2021,

*/s/ Uzoma N. Nkwonta*

Marc E. Elias*
Uzoma Nkwonta*
Aria C. Branch*
Christina A. Ford*
Joel Ramirez*
**PERKINS COIE LLP**
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
unkwonta@perkinscoie.com
abranch@perkinscoie.com
christinaford@perkinscoie.com
jramirez@perkinscoie.com

Thomas J. Tobin*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
ttobin@perkinscoie.com

Molly E. Mitchell*
**PERKINS COIE LLP**
1111 West Jefferson Street, Suite 500
Boise, ID  83702-5391
Phone: (208) 343-3434
Fax: (208) 343-3232
mmitchell@perkinscoie.com

*/s/Ray Smith, III*
Ray Smith, III, GA # 662555
rsmith@smithliss.com
Five Councourse Parkway
Suite 2600
**SMITH & LISS, LLC**
Atlanta, GA 30328
Telephone: (404) 760-6000
Facsimile: (404) 760-0225
*Local Counsel for Defendants*

James Bopp, Jr.,* IN # 2838-84
jboppjr@aol.com
Jeffrey P. Gallant,* VA # 46876
jgallant@bopplaw.com
Courtney Turner Milbank,* IN# 32178-29
cmilbank@bopplaw.com
Melena Siebert,* IN # 35061-15
msiebert@bopplaw.com
Rob Citak,* KY # 98023
rcitak@bopplaw.com
**THE BOPP LAW FIRM, LLC**
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
*Admitted *Pro hac vice*

15

Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Maia Cogen (GA Bar No. 832438)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
maia.cogen@lawrencebundy.com

Dara Lindenbaum (GA Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW, Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: 202-479-1115
lindenbaum@sandlerreiff.com

*Counsel for Plaintiffs*

\*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in this case.

/s/ Uzoma N. Nkwonta