Rule 26(f) Jurisdictional Statement

While Plaintiffs believe the Court has jurisdiction over their original claim under § 11(b) of the VRA, this Court does not have jurisdiction to consider some of Defendants' counterclaims for the reasons explained in the Motion to Dismiss Defendants' Counterclaims, ECF No. 48. In particular, the Court does not have jurisdiction over Defendants' first four counterclaims (Counts 1-4) because those claims are contingent on this Court's future interpretation of the NVRA and § 11(b) of the VRA, and thus do not allege any ripe controversy or present injury to the Counter-Plaintiffs. A claim "must be 'ripe,' not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all'" in order to invoke this Court's jurisdiction. *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quotation omitted); *cf. Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1291–92 (11th Cir. 2010) ("[I]f a plaintiff's claimed injury depends on the resolution of other judicial proceedings, there may well be fitness concerns that render the plaintiff's claim presumptively unripe."). Separately, as it pertains to Count 3, Counter-Plaintiffs lack standing because their claim rests on a speculative and generalized vote-dilution injury that has been rejected by courts nationwide. *See, e.g., Wood v. Raffensperger*, 981 F.3d 1307, 1314–15 (11th Cir. 2020); *Bognet v. Sec'y of Commonwealth of Pa.*, 980 F.3d 336, 356 (3d Cir. 2020).