UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., JOHN DOE, and JANE DOE,<br><br>        Plaintiffs,<br><br>  v.<br><br>TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>        Defendants,<br><br>FAIR FIGHT ACTION, INC.,<br><br>        Counter-Defendant. | **Case No. 2:20-CV-00302-SCJ** |

## PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs submit their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) and Local Rule 26, as follows:

*(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case.*

**(a)   The Cause of Action:**

This is an action to enjoin Defendants from engaging in conduct that intimidates Georgia voters and jeopardizes their right to vote. Plaintiffs allege that Defendants' conduct—including coordinating and submitting over 360,000 challenges to the eligibility of Georgia voters, recruiting "citizen watchdogs"[1] to intimidate voters at the polls, and offering a $1 million reward to incentivize the reporting of "election malfeasance"[2]—violates § 11(b) of the Voting Rights Act, which outlaws any acts that are objectively likely to intimidate voters. 52 U.S.C. § 10307(b).

**(b)   Brief Factual Outline**

Following the November election, several organizations and individuals fomented false claims that the election was plagued by widespread voter fraud and illegal voting. Defendant True the Vote contributed to this increasing fever pitch of unfounded voter-fraud accusations by filing litigation in the Southern District of Georgia on November 11, in which it alleged that tens of thousands of voters cast illegal ballots for then-President-elect Joe Biden in Georgia's general election. *See Brooks v. Mahoney*, No. 4:20-cv-00281, Compl., ECF No. 1 (S.D. Ga. Nov. 11,

---

[1] Compl., Ex. 3, ECF No. 1-3, at 3.
[2] Compl., Ex. 4, ECF No. 1-4, at 2.

2020). But rather than make its case in court and prove its claims, True the Vote voluntarily dismissed its case just four days later. *See Brooks v. Mahoney*, No. 4:20-cv-00281, Notice of Voluntary Dismissal, ECF No. 20 (S.D. Ga. Nov. 16, 2020). Others that made similar claims of voter fraud in court were unsuccessful: *none* of the suits that claimed that Georgia's election results were anything but legitimate were able to withstand even the slightest bit of scrutiny.[3]

Despite the utter lack of evidence of widespread voter fraud, claims to the contrary have had real consequences. Election workers in several Georgia counties have been doxed, harassed, and received death threats. Some went into hiding. It is within this climate that Defendants launched mass (frivolous) challenges to the eligibility of Georgia voters under O.C.G.A. § 21-2-230. Partnering with individual electors such as Defendants Somerville, Davis, Williams, Johnson, Cooper, and others, True the Vote mounted a "landmark coordinated"[4] effort to challenge over

---

[3] *See, e.g.*, *Wood v. Raffensperger*, No. 2020-CV-342959 (Ga. Super. Ct., Fulton Cnty. Dec. 8, 2020) (dismissing case alleging tens of thousands of out-of-state residents illegally voted in Georgia's General Election); Order at 5, *Boland v. Raffensperger*, No. 2020-CV-343018 (Ga. Super. Ct., Fulton Cnty. Dec. 8, 2020) (dismissing case and finding plaintiffs' claim that tens of thousands of people illegally voted in Georgia based on the National Change of Address registry was based on "speculation rather than duly pled facts"); *Pearson v. Kemp*, No. 1:20-cv-04809-TCB, ECF No. 74 (N.D. Ga. Dec. 7, 2020) (dismissing case alleging the National Change of Address registry showed over 20,000 ineligible voters cast ballots in Georgia's general election).

[4] Compl., Ex. 1, ECF No. 1-1, at 3.

360,000 individuals across Georgia's 159 counties. These challenges were based on entries Defendants purportedly found in the National Change of Address registry, a notoriously unreliable source for determining voter eligibility.

Beyond these mass challenges, True the Vote also recruited volunteers to watch and photograph voters as they returned their ballots; established a voter integrity "hotline" available to "citizen watchdogs" "24 hours a day, seven days a week" to respond and "take action" as necessary[5]; and announced a $1 million reward fund to "incentivize"[6] individuals to report alleged illegal voting.

Plaintiffs filed this action to protect Georgians and the hundreds of thousands of targeted voters from these brazen tactics to suppress the vote. 52 U.S.C. § 10307(b). Defendants, in turn, filed a counterclaim against Plaintiff Fair Fight, Inc., and a new party, Fair Fight Action, alleging that Fair Fight, Inc. violated § 11(b) of the Voting Rights Act simply by filing this lawsuit and by accusing True the Vote of engaging in voter suppression.[7]

---

[5] Compl., Ex. 3, ECF No. 1-3, at 3.
[6] Compl., Ex. 4, ECF No. 1-4, at 2.
[7] While Defendants also assert their voter intimidation counterclaim against Fair Fight Action—a wholly separate organization that is not a party to the Complaint—Defendants do not allege any facts identifying any conduct whatsoever by Fair Fight Action. Plaintiffs and Fair Fight Action have moved to dismiss Defendants' counterclaims, and that motion is currently pending.

**(c)   Statement of Legal Issues:**

The relevant legal issues include: (1) whether Defendants' conduct—the filing of mass, frivolous voter challenges under O.C.G.A. § 21-2-230; recruiting volunteers to observe and photograph voters at the polls; offering a $1 million reward to incentivize the reporting of election malfeasance; etc., *see* Compl. ¶¶ 2–6—is objectively likely to intimidate voters under § 11(b) of the VRA.

*(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usage, and illustrative case law which plaintiffs contend are applicable to this action.*

Plaintiffs allege a single claim that Defendants have engaged in activities that are objectively likely to intimidate voters in violation of § 11(b) of the Voting Rights Act. 52 U.S.C. § 10307(b).[8] Section 11(b) makes it unlawful for a "person, whether acting under color of law or otherwise," to "intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote." *Id.* The statute's protections are not limited to overt acts of violence and physical force; they extend to intimidating conduct, even if it does not necessarily involve physical threats of bodily harm. *See Nat'l Coal. on Black Civic Participation v. Wohl*, No. 20 CIV. 8668 (VM), 2020 WL 6305325, at *16–19 (S.D.N.Y. Oct. 28, 2020),

---

[8] Defendants True the Vote, Inc., Mark Williams, and Ron Johnson acknowledge they intend to engage in these challenged activities in future elections. Answer & Countercl., ECF No. 40 ¶ 122.

*reconsideration denied*, No. 20 CIV. 8668 (VM), 2020 WL 6365336 (S.D.N.Y. Oct. 29, 2020) (recognizing courts have found § 11(b) violations where individuals harassed voters by implying they would be prosecuted for voting fraud, following voters out of polling places, recording voters' license plate numbers, warning voters that their personal information would be disseminated with consequences, etc. (collecting cases)); *League of United Latin Am. Citizens - Richmond Region Council 4614 v. Pub. Interest Legal Found.* ("*LULAC*"), No. 1:18-CV-00423, 2018 WL 3848404, at *4 (E.D. Va. Aug. 13, 2018) (holding plaintiffs stated a valid § 11(b) claim where defendants published names of allegedly ineligible voters, thus subjecting those voters to "fear of harassment").

Importantly, the context of the intimidating actions must be considered, and a defendant's conduct cannot be viewed in isolation from the surrounding circumstances. *Nat'l Coal. on Black Civic Participation*, 2020 WL 6305325, at *18 (citing *United States v. McLeod*, 385 F.2d 734, 740 (5th Cir. 1967)). Further, as this Court has stated, a plaintiff need not show that a defendants' challenged conduct was motivated by animus or an intent to harass or intimidate in order to succeed on a § 11(b) claim. *See* Order at 23 (citing *Pinares v. United Techs. Corp.*, 973 F.3d 1254, 1260 (11th Cir. 2020)). Nor must Plaintiffs show that Defendants' conduct actually deterred voters from going to the polls *en masse*; "[t]he success or failure of

intimidation, threats or coercion, is immaterial, since 'attempts' are equally proscribed." *See United States v. Clark*, 249 F. Supp. 720, 728 (S.D. Ala. 1965).[9]

> *(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)*

*See* Attachment A.

> *(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)*

Plaintiffs have not yet identified expert witnesses under Federal Rule of Civil Procedure 26(a)(2). Plaintiffs will amend this response at the appropriate time and in compliance with the Federal Rules of Civil Procedure or other Orders of the Court.

> *(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

*See* Attachment C.

---

[9] Plaintiffs note that the case law cited above is illustrative and not intended to be exhaustive. Plaintiffs anticipate they may rely upon additional legal authorities as this litigation proceeds.

*(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

Plaintiffs seek declaratory relief; injunctive relief; an award of costs, disbursements, and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988 and other applicable laws; and any other relief the Court deems just and proper.

*(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

Plaintiffs are unaware of any insurance policy under which an insurance business may be liable to satisfy all or part of a possible judgment that may be entered in the action.

*(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.*

This is not applicable to Plaintiffs.

Dated this 8th day of February 2021.

Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Maia Cogen (GA Bar No. 832438)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
maia.cogen@lawrencebundy.com

Dara Lindenbaum (GA Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW, Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: 202-479-1115
lindenbaum@sandlerreiff.com

Respectfully Submitted,

/s/ Uzoma N. Nkwonta
Marc E. Elias*
Uzoma N. Nkwonta*
Aria C. Branch*
Christina A. Ford*
Joel J. Ramirez*
**PERKINS COIE LLP**
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
unkwonta@perkinscoie.com
abranch@perkinscoie.com
christinaford@perkinscoie.com
joelramirez@perkinscoie.com

Thomas J. Tobin*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
ttobin@perkinscoie.com

Molly E. Mitchell*
**PERKINS COIE LLP**
1111 West Jefferson Street, Suite 500
Boise, ID  83702-5391
Phone: (208) 343-3434
Fax: (208) 343-3232
mmitchell@perkinscoie.com

*Counsel for Plaintiffs*
*Admitted *pro hac vice*

## Attachment A

1. It is expected that **Plaintiffs** may have discoverable information about the allegations and claims set forth in the Complaint, including but not limited to information about the intimidation and harassment of voters in connection with the January 2021 Georgia Senate runoff and November 2020 general election. All Plaintiffs should be contacted only through undersigned counsel.

2. Plaintiffs anticipate that **current and former members, employees, or representatives of True the Vote, Inc.** will have discoverable information about the allegations and claims set forth in the Complaint, including but not limited to information about True the Vote's mass voter challenges, participation in any poll-watching, poll-monitoring, or election-observing activities; recruitment and training of individuals for these activities; advertising these activities; contacting Georgia voters; and general operations in the State of Georgia.

3. Plaintiffs anticipate that **individuals who have partnered or collaborated with True the Vote to submit voter eligibility challenges in Georgia in connection with the 2021 January Georgia Senate runoff** will have discoverable information about the allegations and claims set forth in the Complaint, including but not limited to information concerning the basis for the challenges, the

source and reliability of data or information for the challenges, and any description or analysis of such data or information.

4. Plaintiffs anticipate that **members, directors, and supervisors of county elections and registration boards in Georgia** will have discoverable information about the allegations and claims set forth in the Complaint, including but not limited to information concerning the basis for challenges to elector eligibility with respect to the January 2021 Georgia Senate runoff; the data and information offered in support of these challenges; and any analysis, description, assessment, or consideration of these challenges and their supporting data and information.

5. Plaintiffs anticipate that **Georgia voters who were improperly targeted by True the Vote's mass challenges** will have discoverable information about the allegations and claims set forth in the Complaint, including but not limited to the false accusations underlying the challenges and the burdens they imposed on voters.

Plaintiffs note that many other individuals may have information that is relevant to this case. Plaintiffs expect the identities of these individuals to come to light during the discovery period. Plaintiffs reserve the right to alter, add to, or amend this list of individuals as discovery progresses, either by amendment to these or other

disclosures or through the identification of said individuals in depositions or responses to written discovery requests.

## Attachment C

Plaintiffs have in their possession, custody, or control the following documents, electronically stored information and tangible things that they may use to support their claims:

- News articles, press releases, and other documents describing True the Vote's coordination with partisan entities and the Republican party in connection with election-related activities, including the following:
    - https://www.thenation.com/article/archive/racial-politics-behind-right-wings-poll-watching/;
    - https://truethevote.org/true-the-vote-partners-with-georgia-gop-to-ensure-transparent-secure-ballot-effort-for-senate-runoff-elections/;
    - https://www.thenation.com/article/archive/true-vote-shaking-down-states-nuisance-lawsuits/;
- Press releases, news articles, emails, social media posts, and other documents and videos relating to True the Vote's involvement in elector eligibility challenges; recruiting and training poll watchers and other election volunteers; establishing a fund to incentivize the reporting of election malfeasance; establishing a voter integrity hotline; and other actions in connection with the January 2021 Georgia Senate runoff, the November 2020 general election, and other elections, including the following:
    - https://truethevote.org/continuetoserve/;

- https://www.dispatch.com/article/20120925/NEWS/309259711;
- https://www.latimes.com/la-xpm-2012-sep-26-la-na-ohio-voting-fight-20120927-story.html;
- https://truethevote.org/true-the-vote-laser-focused-on-georgia-ballot-count-calls-on-army-of-volunteers-to-assist-the-effort/;
- https://truethevote.org/true-the-vote-partners-with-georgians-in-every-county-to-preemptively-challenge-364541-potentially-ineligible-voters/;
- https://truethevote.org/true-the-vote-launches-validate-the-vote-initiative-and-whistleblower-compensation-fund-to-ensure-election-validity-process-integrity/;
- https://www.youtube.com/watch?app=desktop&v=T5eQvp0Y3BA;
- https://www.washingtonpost.com/politics/trumps-suggestion-of-deploying-law-enforcement-officials-to-monitor-polls-raises-specter-of-intimidation/2020/08/21/4ff6407a-e3bb-11ea-8dd2-d07812bf00f7_story.html;
- https://www.reuters.com/article/us-usa-election-voter-fraud-special-repo/special-report-how-a-small-group-of-u-s-lawyers-pushed-voter-fraud-fears-into-the-mainstream-idUSKBN2601GZ;
- https://slate.com/news-and-politics/2020/11/true-the-vote-poll-observer-training.html;
- https://www.youtube.com/watch?app=desktop&v=ze4A4TV-YYk;
- https://www.causes.com/articles/31193-conservative-group-fought-irs-years-court-s-given-victory;
- https://www.washingtonpost.com/news/post-politics/wp/2012/11/06/ohio-county-rejects-poll-watchers-application/;
- https://www.detroitnews.com/story/news/politics/2020/11/26/pro-trump-group-donor-sues-over-failure-expose-election-fraud/6435019002/;
- https://virginia-organizing.org/election-protection-coalition-uncovers-documents-showing-voters-being-misled-by-true-the-vote/;

- News articles, videos, social media posts, and other documents relating to the harassment and intimidation of election workers, officials, and others, including the following:
    - http://transcripts.cnn.com/TRANSCRIPTS/1211/03/sitroom.01.html;
    - https://www.prnewswire.com/news-releases/strong-enforcement-of-voter-protections-needed-to-stop-bullies-at-the-ballot-box-169179316.html;
    - https://justfacts.votesmart.org/public-statement/746437/letter-to-hon-thomas-e-perez-assistant-attorney-general-civil-rights-division-department-of-justice#.Xx7_bChKiMo;
    - https://prospect.org/power/truth-true-vote/;
    - https://www.today.com/id/wbna39777295;
    - https://talkingpointsmemo.com/muckraker/doj-probes-tx-voter-intimidation-complaints-during-tea-party-anti-voter-fraud-drive;
    - https://www.thenation.com/article/archive/racial-politics-behind-right-wings-poll-watching/;
    - http://www.ipsnews.net/2012/11/voter-suppression-tactics-likely-to-affect-u-s-election/;
    - https://www.mediamatters.org/voter-fraud-and-suppression/fox-friends-inspires-trump-lie-about-voting;
    - https://truethevote.org/red-white-true-news-episode-17-the-marxist-dumpster-fire-voting-in-the-2020-election/;
    - https://www.breitbart.com/radio/2020/11/11/catherine-engelbrecht-many-states-have-their-votes-counted-in-spain/;
    - https://theintercept.com/2020/04/11/republican-poll-watchers-vote-by-mail-voter-fraud/;
    - https://www.rollcall.com/2011/11/28/parties-contest-election-monitoring-techniques/;
    - https://www.politico.com/story/2010/11/voter-fraud-hysteria-044478;

- o https://www.thenation.com/article/archive/are-true-votes-poll-watching-activities-illegal/;
- o http://edition.cnn.com/TRANSCRIPTS/1210/05/sp.01.html;
- o https://www.realclearpolitics.com/video/2014/02/06/true_the_vote_fo under_to_congress_i_will_not_retreat_i_will_not_surrender_i_refuse _to_be_intimidated.html;
- o https://www.thenation.com/article/archive/why-you-should-be-very-afraid-years-ballot-bullies/;

- News articles, press releases, and other documents discussing the basis for and data underlying Defendants' voter eligibility challenges in the January 2021 Georgia Senate runoff and other elections, including the following:

  - o https://thefederalist.com/2020/11/25/the-fraud-has-been-institutionalized-inside-the-partisan-gotv-efforts-in-indian-country/;
  - o https://www.breitbart.com/radio/2020/11/18/catherine-engelbrecht-on-conversation-with-trump-resolute-confident-never-quit/;
  - o https://www.nytimes.com/2012/09/22/opinion/voter-harassment-circa-2012.html;
  - o https://www.nytimes.com/2012/09/17/us/politics/groups-like-true-the-vote-are-looking-very-closely-for-voter-fraud.html;
  - o https://www.huffpost.com/entry/true-the-vote-fudges-numb_b_2785093;
  - o https://kdvr.com/news/politics/former-gop-election-law-attorney-says-widespread-voter-fraud-doesnt-exist/;

- Internet website created or maintained by True the Vote; and

- Exhibits attached to Plaintiffs' Complaint, ECF No. 1, and Memorandum in Support of Temporary Restraining Order, ECF No. 11, respectively.

Plaintiffs note that other documents may be relevant and discoverable in this case. Plaintiffs expect these additional documents to come to light during the discovery period, and Plaintiffs reserve the right to alter, supplement, or amend this list of documents, either by amendment to these or other disclosures, or through the identification of said documents in depositions or discovery responses.

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

Dated: February 8, 2021        /s/ Uzoma N. Nkwonta
                               Uzoma N. Nkwonta