# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>　　　　　Defendants,<br><br>FAIR FIGHT ACTION, INC.,<br><br>　　　　　Counter-Defendant. | Case No. 2:20-CV-00302-SCJ |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs Fair Fight, Inc., Scott Berson, Jocelyn Heredia, and Jane Doe hereby file this Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). In support, Plaintiffs state as follows:

1.　　Plaintiffs seek a protective order from this Court specifying that certain information produced by either party will remain confidential.

2. In particular, Plaintiffs seek to protect as confidential (1) individuals' personal contact information and (2) non-public information about Fair Fight Inc., Fair Fight Action, Inc. and True the Vote, Inc.'s operations that could impede their operations if publicly disclosed. Plaintiffs further to seek to designate certain information for "Attorney's Eyes Only," including individuals' social security numbers, driver's license numbers, birth dates, government-issued unique identifiers, and information that would compromise the secrecy of a voter's ballot if disclosed. *See* Ex. A, Proposed Protective Order at 2-5.

3. Plaintiffs seek to designate individuals' personal contact information and private identifiers as confidential to protect these individuals from harassment and oppression should such information be made public. *See, e.g., Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547-48 (11th Cir. 1985) (affirming entry of protective order over individuals' personal identities and contact information where disclosure could result in adverse consequences for those individuals).

4. In particular, this case concerns Defendants' filing of challenges against 364,000 Georgia voters. The challenge lists themselves, as well as information related to how Defendants created such challenge lists, will reveal hundreds of thousands of Georgians' personal and private information. Plaintiffs' suit was intended in part to protect these voters from further harassment, which public

disclosure of their personal and private information would directly threaten. This risk is particularly acute given that True the Vote, Inc. has stood by these challenges as legitimate.

5. For similar reasons, Plaintiffs seek to designate individuals' personal contact information (including the personal contact information of employees of Fair Fight, Inc. and Fight Fight Action, Inc.) from public disclosure. The majority of such employees are women and individuals of color, some of whom have already been subject to harassment from those who oppose Fair Fight's mission, particularly given the current political climate in Georgia.

6. Plaintiffs finally seek to designate as confidential certain organizational documents that would reveal non-public information that could impede the organizations' operations. Certain information about each organizations' strategic partners and identities of third-party vendors, for example, could subject such organizations and vendors to retaliation for their work with either party.

7. The protective order Plaintiffs propose is even more narrow in scope than the protective order this Court entered in *Fair Fight Action v. Raffensperger*, No. 1:18-cv-05391-SCJ, ECF No. 81 (Stipulated Protective Order). That protective order has proved workable; Plaintiffs have no reason to believe this protective order would be any different.

8. The parties first discussed the desirability of a protective order on March 9, 2021. At the time, Defendants also asked Plaintiffs whether they would agree not to sue any of the individuals who worked with Defendants to file challenges. Plaintiffs responded that they would not agree not to sue such individuals, but Plaintiffs offered to draft a proposed protective order to address Defendants' other concerns. While Defendants did not respond to Plaintiffs' offer, Plaintiffs ultimately drafted and sent a proposed stipulated protective order on March 19, 2021—the same proposed order that is now before the Court. On March 26 (earlier today), Defendants informed Plaintiffs they would not agree to the stipulation unless Plaintiffs agreed not to sue any individuals who worked with Defendants to file challenges against Georgia voters. Defendants did not otherwise take issue with the proposed protective order's terms or scope.

9. Defendants have not identified any source of law that permits a party to refuse to disclose discoverable information on the condition of an agreement not to sue. Where a party "has cited no relevant statutory or decisional law in support of its extraordinary position" to condition the disclosure of germane materials subject to a protective order, courts require the withholding party to produce. *Muniz v. Meese*, 115 F.R.D. 63, 64 (D.D.C. 1987).

10. In *Muniz*, the government refused to disclose personnel data on Drug Enforcement Agency special agents unless plaintiffs' counsel submitted to an array of background checks. *Id.* The court held that the government could not impose this condition on discovery, particularly without legal precedent. *Id.* at 66. The court also held that the condition was improper because it was "appropriately regarded as a means to disable opposing counsel." *Id.* at 66. Defendants' request here to immunize its challengers from the civil legal system is similarly without precedent, and similarly would disable opposing counsel from fully litigating their case.

11. Nor have Defendants identified a logical nexus between the condition they demand—civil immunity for all individuals who affiliated with their scheme—and their refusal to agree to protect the confidentiality of personal information disclosed *by Plaintiffs*. It is entirely improper to hold the discovery process hostage in service of extrinsic interests that have no basis in law.

12. Because Defendants refuse without justification to agree to preserve the confidentiality of information they have not disputed is entitled to such protection, Plaintiffs respectfully request this Court enter the proposed protective order attached as Exhibit A.

Dated this 26th day of March, 2021.

Respectfully Submitted,

/s/ *Uzoma N. Nkwonta*

| | |
|---|---|
| Allegra J. Lawrence (GA Bar No. 439797) | Marc E. Elias* |
| Leslie J. Bryan (GA Bar No. 091175) | Uzoma N. Nkwonta* |
| Maia Cogen (GA Bar No. 832438) | Aria C. Branch* |
| **LAWRENCE & BUNDY LLC** | Christina A. Ford* |
| 1180 West Peachtree Street, Suite 1650 | Joel J. Ramirez* |
| Atlanta, GA 30309 | Jacob Shelly** |
| Telephone: (404) 400-3350 | **PERKINS COIE LLP** |
| Fax: (404) 609-2504 | 700 Thirteenth St., N.W., Suite 800 |
| allegra.lawrence-hardy@lawrencebundy.com | Washington, D.C. 20005-3960 |
| leslie.bryan@lawrencebundy.com | Telephone: (202) 654-6200 |
| maia.cogen@lawrencebundy.com | Facsimile: (202) 654-9959 |
| | melias@perkinscoie.com |
| | unkwonta@perkinscoie.com |
| | abranch@perkinscoie.com |
| Dara Lindenbaum (GA Bar No. 980780) | christinaford@perkinscoie.com |
| **SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.** | jramirez@perkinscoie.com |
| 1090 Vermont Avenue, NW, Suite 750 | *Counsel for Plaintiffs* |
| Washington, DC 20005 | *Admitted pro hac vice |
| Telephone: (202) 479-1111 | ** *Pro hac vice* forthcoming |
| Fax: 202-479-1115 | |
| lindenbaum@sandlerreiff.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021, I electronically filed this Motion to Dismiss through this Court's CM/ECF system.

| Dated: March 26, 2021 | /s/ Uzoma N. Nkwonta |
|---|---|
| | Uzoma N. Nkwonta |

## CERTIFICATE OF CONFERRAL

Pursuant to Fed. R. Civ. P. 26(c)(1), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but have been unable to resolve the issues.

| Dated: March 26, 2021 | /s/ Uzoma N. Nkwonta |
|---|---|
| | Uzoma N. Nkwonta |