UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>Defendants,<br><br>FAIR FIGHT ACTION, INC.,<br><br>Counter-Defendant. | Case No. 2:20-CV-00302-SCJ |

**PLAINTIFFS FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, JANE DOE, AND COUNTER-DEFENDANT FAIR FIGHT ACTION, INC.'S RESPONSE TO DEFENDANTS' SUGGESTION OF MOOTNESS**

Nearly two weeks after Plaintiffs and Fair Fight Action's (collectively, "Fair Fight") Motion to Dismiss Defendants' counterclaims became ripe for review—and after Defendants sought and received a 21-day extension to respond to the motion, *see* ECF Nos. 56, 57—Defendants claim that the fully-briefed motion to dismiss is now moot simply because they filed a new answer and counterclaim, all without ever

seeking the Court's leave.[1] *See* Fed. R. Civ. P. 15(a)(2). In any event, their suggestion of mootness is incorrect for several reasons.

*First*, True the Vote's untimely amendment of their counterclaim cannot moot Plaintiffs' motion to dismiss because Defendants failed to seek leave prior to filing the amendment. Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within a narrow window that has long since closed; "*In all other cases*, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* (emphasis added). An amended complaint does not give defendants license to amend their counterclaims however they choose. Rather, district courts in the Eleventh Circuit require defendants to seek the opposing party's written consent or the court's leave before amending their counterclaims—even when responding to an amended pleading. *See Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 1519299, at *4 (M.D. Ga. Apr. 8, 2019); *Cieutat v. HPCSP Invs., LLC*, No. CV 20-0012-WS-B, 2020 WL 4004806, at *3 (S.D. Ala. July 15, 2020); *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-CIV, 2017 WL 4868638, at *1 (S.D. Fla. June 1, 2017). Defendants here did not seek leave, so their amended counterclaim "has no legal effect" and cannot "*be considered unless* [it] *is resubmitted for the*

---

[1] Defendants are also referred to collectively as "True the Vote."

court's approval." *Bibb Cnty. Sch. Dist.*, 2019 WL 151299, at *5 (quoting *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988)).

Defendants attempt to escape the requirements of Rule 15(a)(2) by insisting that their Second Answer and Counterclaim is an original, not an amended pleading, ECF No. 81 at 3, but another court in this circuit recently rejected this exact argument as "absurd[]." *Cieutat*, 2020 WL 4004806, at *3 (reasoning that "there could never be such a thing as an amended complaint" if "the very act of filing an amended complaint would render the amended complaint an original complaint, free from the restrictions on amendments imposed by Rules 15(a) and 16(b)"). Semantics aside, as the court in *Bibb County School District* made clear, "the Rule 15 standard [applies] equally to amended complaints and amended (or new) counterclaims." 2019 WL 1519299, at *4 (quotation omitted). When "a new or different counterclaim [is] asserted after an amended complaint," the party asserting the new counterclaim must seek the court's leave or the opposing party's consent before filing. *Id*. This approach, which courts in the Eleventh Circuit have labeled the "uniform" approach, "provides for a simple and consistent application of the Rule 15 standard," "require[s] the least contortion of the language of Rule 15(a), and is the most consistent with its purpose." *Id*. (quotation omitted).

By contrast, True the Vote appears to suggest that *any* amendment revives the ability to file an amended counterclaim as of right. But in expressly rejecting this

permissive approach, the court in *Bibb County School District* observed that it would "allow[] defendants to assert counterclaims or defenses as of right" for "every amendment, no matter how minor or substantive," including "claims that would otherwise be barred or precluded," and "would deprive the Court of its ability to effectively manage the litigation." 2019 WL 1519299, at *4. Unsurprisingly, "the practical weaknesses of the permissive approach have been laid bare" in numerous judicial opinions; it "find[s] no textual support in Rule 15"; and it has been overwhelmingly rejected by courts across the country. *Cieutat*, 2020 WL 4004806, at *4. As courts in the Eleventh Circuit have made clear, True the Vote was required to seek leave to amend before amending its counterclaim, and because it failed to do so, the Second Answer and Counterclaim cannot moot Fair Fight's motion to dismiss. *Id*. at *3; *Bibb Cnty. Sch. Dist.*, 2019 WL 1519299, at *5; *Setai Hotel Acquisition,* 2017 WL 4868638, at *1.[2]

*Second*, an amended pleading—even when properly filed—does not necessarily moot a pending motion to dismiss the original pleading. Defendants rely on cases that cite Wright & Miller for the general proposition that "[o]nce an amendment is interposed . . . any *subsequent* motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright & Arthur R.

---

[2] If Defendants had sought leave to amend their counterclaims, Fair Fight would have objected to the attempted amendment's untimeliness, futility, and prejudice.

Miller, Federal Practice and Procedure § 1476 (3d ed. 2020) ("Wright & Miller") (emphasis added); ECF No. 81 at 2.[3] But Wright & Miller's discussion of the effect of amended pleadings does not end there; it goes on to address specific instances, like here, where the general rule should not apply: Parties

> should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

Wright & Miller, § 1476 (footnote collecting cases omitted).

Although courts in the Northern District of Georgia have stated that an amended pleading normally supersedes an original pleading, *Konair US, LLC v. DGI II, LLC*, No. 1:19-CV-05728-SDG, 2021 WL 135308, at *3 (N.D. Ga. Jan. 14, 2021), they have also recognized that this *general* rule—derived from a case where an original "pleading was wholly superceded [sic] by the amended complaint which

---

[3] True the Vote also cites *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), a case that is even further afield from this one. In *Lowery*, the Eleventh Circuit was tasked with deciding whether plaintiffs' claims were potentially valued at $5 million or more, which would satisfy the Class Action Fairness Act's jurisdictional requirement for a mass action. Defendants argued the claims were in excess of this amount—and thus removal to federal court was appropriate—because the prayer for relief in plaintiffs' original complaint requested $1.25 million for each of nine plaintiffs. The court disagreed: Because the operative third amended complaint removed any specific calculation of damages, the court determined "it would be improper to bind plaintiffs by the prayer for relief in the initial pleading." *Id.* at 1219. Unlike this case, *Lowery* did not address whether amendment mooted a pending motion.

proceeded under a different theory," *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)—does not necessarily apply in instances, like here, where an amendment "has no effect" on the arguments in a pending motion to dismiss. *Konair US*, 2021 WL 135308, at *3 (finding that motion to dismiss was not mooted by amended complaint where amendment had no effect on arguments raised by the parties).

The changes in True the Vote's amended counterclaim have no effect on the arguments in Fair Fight's pending motion to dismiss. First, True the Vote attempts to remove the first four counterclaims previously pled, but this necessary correction reflects, rather than undermines, the appropriateness of dismissal. *See* ECF No. 48-1 at 8–18 (explaining in Fair Fight's motion to dismiss the necessity of dismissing the first four counterclaims). Second, True the Vote attempts to add Defendant James Cooper as a Counter-Plaintiff and add Stacey Abrams as a Counter-Defendant. Though one of the fatal deficiencies of True the Vote's fifth counterclaim is that it fails to identify actions by Plaintiffs that intimidated Defendants "for voting or attempting to vote," 52 U.S.C. § 10307(b), another is that it rests entirely on a fundamental misunderstanding of the scope and protections of section 11(b) of the Voting Rights Act. The attempted addition of Mr. Cooper and Ms. Abrams to this counterclaim does nothing to cure that defect. Third, True the Vote makes minor factual revisions: reversing course on their assertion that Mr. Cooper has no

connection to True the Vote and adding that alleged emails received by non-party Tommy Roberts and alleged statements made by Ms. Abrams occurred one day apart. *Compare* ECF No. 40 ¶¶ 87–90, *with* ECF No. 82 ¶¶ 88–90; *compare* ECF No. 40 ¶ 167, *with* ECF No. 82 ¶ 139. These changes also fail to rebut any of Fair Fight's arguments for dismissal.

Nevertheless, True the Vote seeks to use these minor changes to moot Fair Fight's motion to dismiss and circumvent Rule 15's safeguarding function.

> The reason that leave is required to amend a [counterclaim] is so that the court will have an opportunity to deny amendments that might cause undue delay, result in undue prejudice, result in the assertion of new claims that are futile or are asserted in bad faith, or otherwise involve abuses of the legal process.

*Setai Hotel Acquisition*, 2017 WL 4868638, at *1. Here, the parties' dispute over True the Vote's remaining attempted counterclaim turns on issues that both sides have fully aired in the briefing on Fair Fight's motion to dismiss. *See* ECF Nos. 48-1 at 18–25; ECF No. 64 at 9–17; ECF 71 at 2–11. Namely, the VRA does not protect individuals who attempt to disqualify others from voting; the Eleventh Circuit soundly rejected Defendants' theory of vote dilution in *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020); and alleged public statements criticizing Defendants' voter challenges and True the Vote's "long history of voter intimidation and voter suppression," ECF No. 40, ¶ 164, cannot possibly amount to voter intimidation as proscribed by the VRA. Dragging Ms. Abrams into this litigation

would do nothing to fix these fundamental doctrinal errors, and any slights suffered by Mr. Cooper simply recycle Defendants' grievances that are not actionable against Fair Fight or under section 11(b).

Because Defendants' attempted amended counterclaim is improper under the Federal Rules, and because it fails to present a legal theory different from that targeted by Fair Fight's pending motion to dismiss, Fair Fight's motion is not moot.

Dated this 5th day of April, 2021.

Respectfully Submitted,

/s/ Uzoma N. Nkwonta

| | |
|---|---|
| Allegra J. Lawrence (GA Bar No. 439797)<br>Leslie J. Bryan (GA Bar No. 091175)<br>Maia Cogen (GA Bar No. 832438)<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com<br><br>Dara Lindenbaum (GA Bar No. 980780)<br>**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**<br>1090 Vermont Avenue, NW, Suite 750<br>Washington, DC 20005<br>Telephone: (202) 479-1111<br>Fax: 202-479-1115<br>lindenbaum@sandlerreiff.com | Marc E. Elias*<br>Uzoma N. Nkwonta*<br>Aria C. Branch*<br>Christina A. Ford*<br>Joel J. Ramirez*<br>Jacob Shelly*<br>**PERKINS COIE LLP**<br>700 Thirteenth St., N.W., Suite 800<br>Washington, D.C. 20005-3960<br>Telephone: (202) 654-6200<br>Facsimile: (202) 654-9959<br>melias@perkinscoie.com<br>unkwonta@perkinscoie.com<br>abranch@perkinscoie.com<br>christinaford@perkinscoie.com<br>jramirez@perkinscoie.com<br>jshelly@perkinscoie.com<br><br>*Counsel for Plaintiffs*<br>*Admitted *pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, I electronically filed this Opposition to Defendants' Motion for Leave to Amend Their Counterclaim through this Court's CM/ECF system.

Dated: April 5, 2021                         /s/ Uzoma N. Nkwonta
                                             Uzoma N. Nkwonta

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), NDGa, I hereby certify that the foregoing Response to Defendants' Suggestion Of Mootness has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using a font type of Times New Roman and a point size of 14.

Dated: April 5, 2021                    /s/ Uzoma N. Nkwonta
                                        Uzoma N. Nkwonta