**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

|  |  |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**,<br><br>*Plaintiffs* and *Counter-Defendants*,<br><br>*v.*<br><br>**True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**,<br><br>*Defendants* and *Counter-Plaintiffs*,<br><br>**Fair Fight Action, Inc.,**<br>*Counter-Defendant.* | **Civ. No. 2:20-cv-00302-SCJ**<br><br>**Hon: Steve C. Jones** |

**Defendants' Response to Plaintiffs' Motion for Protective Order**

Defendants True the Vote, Inc., Catherine Engelbrecht, Derek Somerville,

Mark Davis, Mark Williams, Ron Johnson, and James Cooper file this Response to

Plaintiffs' Motion for Protective Order. ECF No. 75. In support of this Response,

Defendants state as follows:

**Defs.' Resp. to Pls.'**
**Mot. for Prot. Order**              1

1.      Defendants have asserted First Amendment privileges, including the rights of association and petition, over some of Plaintiffs' discovery requests. Plaintiffs disagree the disclosures they seek are privileged, and instead seek a protective order. Generally speaking, Defendants are not opposed to a protective order, and certainly recognize that such an order is perfectly appropriate to protect the personal information contained in both Plaintiffs' and Defendants' non-privileged production. However, Defendants disagree that a protective order is *sufficient* as it relates to the names and other personally identifying information of the people who agreed to partner with True the Vote, Inc. to submit challenges in various Georgia counties.

2.      "The trial court . . . is given wide discretion in setting the limits of discovery . . . ." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Although this discretion under the federal rules "does not depend upon a legal privilege," *id.* at 1548, such a privilege weighs in favor of limiting discovery.

3.      On February 8, 2021, Plaintiffs served their first set of interrogatories and their first requests for production upon defendants. Both of these documents

sought information on each of the electors who filed elector challenges in Georgia's January 5, 2021 Senate run-off election. This included "their name, their contact information," and other information (Pls.' 1st Set of Interrogs. to Def. TTV, Inc., Interrog. No. 4).

4.     These elector challengers were exercising their quintessential First Amendment right to petition the government. *See Defendants' Answer to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, Affirmative Defenses, and Verified Counterclaims Against Plaintiffs and Defendants Fair Fight Action, Inc. and Ms. Stacey Abrams* ("Answer to Am. Compl.), ECF No. 80, ¶ 86.[1] They did so in association with True the Vote, Inc., an organization dedicated to protecting voters' rights and the integrity of elections in this country.

5.     The Supreme Court has held that courts could not compel disclosure of membership and affiliation with organizations engaged in political and social

---

[1] Defendants acknowledge that Plaintiffs assert Defendants Answer to Am. Compl. is improper under the federal rules. *See* ECF No. 84 at 8. While Defendants disagree with this assertion, Defendants' Answer to Plaintiffs' original Complaint contained the same legal arguments regarding First Amendment petition. *See* Answer, ECF No. 40, ¶ 85.

**Defs.' Resp. to Pls.'**
**Mot. for Prot. Order**                    3

advocacy. *See NAACP v. Alabama ex rel Patterson*, 357 U.S. 449, 462-63 (1958);

*see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d

1538, 1541 (11th Cir. 1985). In *NAACP*, the Court recognized two competing

interests in discovery: (1) the likelihood that compelled disclosure would lead to

substantial restraint on the freedom of association; and (2) the state's interest in

the information it sought. *See NAACP*, 357 U.S. at 460.

6.    Orders to divulge membership information can impermissibly chill through

being an "indirect . . . infringement on the members' associational rights." *Healy v.

James*, 408 U.S. 169, 183 (1972). The party asserting the privilege must

demonstrate at least an "arguable First Amendment infringement." *U.S. v. Grayson

County State Bank*, 656 F.2d 1070, 1074 (5th Cir. Unit A 1981), *cert. denied sub

nom.*, *First Pentecostal Church v. United States*, 455 U.S. 920, 102 S.Ct. 1276, 71

L.Ed.2d 460 (1982). Defendants' verified counterclaim shows that Defendants

have been subjected to threats and harassment by virtue of exercising their right

under Georgia law to submit elector challenges, *see* Answer Am. Compl., ¶¶ 133-

146, and this intimidation-through-litigation establishes an impermissible chill.

7.    When discovery requests that implicate *NAACP* concerns are made,

**Defs.' Resp. to Pls.'
Mot. for Prot. Order**                4

discovery orders should be narrowly tailored to prevent constitutional violations, and a court may consider whether a party has cooperated with those narrowly tailored orders. *See Adolph Coors Co.*, 777 F.2d at 1543 (finding narrowly tailored discovery order directing appellants to disclose broad information about general locations, general content, and general attendance numbers for movie in question, without compelling names of those attending the movie, did not violate the appellants' *NAACP*-related concerns and noting appellant's lack of cooperation with even this narrowly tailored order).

8.     Here, Defendants have asserted First Amendment privilege only over the identities of the challengers. Defendants have responded and produced documents within their care, custody, and control (not subject to attorney-client privilege) for virtually all of Plaintiffs' other discovery requests. But as Defendants' counterclaim asserts, suing others for exercising their right to vote (via protecting that right from vote dilution) is itself a violation of Section 11(b) of the VRA, and Defendants should not be compelled to disclose the identities of challengers, lest those voters be subject to this same type of intimidation-through-litigation.

9.     The Fed. R. Civ. P. 26(c) standard "balances the asserted right of access

**Defs.' Resp. to Pls.'**
**Mot. for Prot. Order**                5

against the other party's interest in keeping the information confidential." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Although the First Amendment does not summarily dispose of the need for balancing the competing rights, neither do its protections disappear at the initiation of discovery. While a court in this district has noted that "such constitutional protection is not absolute," *Doe v. Dominique*, No. 1:13-CV-04270-HLM, 2014 WL 12061534, at *6 (N.D. Ga. Apr. 9, 2014), it has nonetheless concluded that even defendants whose "role in promoting free speech [was] more attenuated" and "the considerations relevant to protecting [their] anonymity" therefore "less weighty" could not be forced from anonymity simply by the plaintiff "pay[ing] a filing fee to strip them of it," *id.* at *7–8 (finding identity of the registered owners of the forum on which the speech in question occurred was protected).

10.     Whether a party seeks anonymity by quashing a subpoena as in *Dominique* or seeking a protective order, as in *Chicago Trib. Co.,* the relevant considerations are the same, as the core question is the same: in what circumstances may a party be barred by the court from obtaining discovery?

**Defs.' Resp. to Pls.'**
**Mot. for Prot. Order**              6

11.     The balancing test weighs in favor of non-disclosure of the individual

challengers' identities. First, these challengers did not have an "attenuated" role in

promoting free speech. *See Dominique,* 2014 WL 12061534, at *8. The speech in

question was their own.

12.     Second, the speech in question was not comparable to posting in an online

forum designed for people to "report" their "exes," *id.* at *3. Rather, the individual

challengers were exercising the type of speech the Supreme Court described as

"the essence of First Amendment expression," explaining, "[u]rgent, important,

and effective speech can be no less protected than impotent speech, lest the right

to speak be relegated to those instances when it is least needed." *McIntyre v. Ohio*

*Elections Comm'n*, 514 U.S. 334, 347 (1995) (internal citations omitted). The

individual challengers' speech is core political speech, of which the Supreme

Court said, "No form of speech is entitled to greater constitutional protection . . . ."

*Id.* Speech of this sort weighs heavy on the balancing scale.[2]

---

[2] The fact that the challengers' names might be publicly available does not
change the balance of competing interests. When the harm threatened from
exposing personal information is, as here, exposure to suit and the accompanying
constitutionally cognizable harm, the standard should be, as it is in other contexts,
that confidentiality is mooted only when the information is "generally known,"
and not merely "publicly available." *See* Standing Committee on Ethics and

**Defs.' Resp. to Pls.'**
**Mot. for Prot. Order**          7

13.    Third, the individual challengers' speech is not only protected by First
Amendment privilege, and it is not only "urgent, important" "advocacy [that]
occurred in the heat of a controversial [runoff election]." *Id.* Beyond all this, it is
speech that the Georgia legislature has deemed so important as to have designed a
formal process for it, enshrined it in Georgia law.  O.C.G.A. § 21-2-230. In this
case, in which the parties in question were speakers of constitutionally and
statutorily enshrined political speech—the possibility of chilling free speech by
disclosure and the threat of litigation is greatest.

14.    Defendants do not object to a protective order as to other information, but
maintain that they should not be compelled to disclose individual challengers'
identities and information *at all*, because the First Amendment privilege
outweighs the Plaintiffs' interest in that information. Defendants respectfully
request that this Court uphold Defendants' First Amendment privilege as it relates
to the challengers' identities by not compelling such disclosure, even under a
protective order otherwise applicable to this case.

Professional Responsibility, *Formal Opinion 479*, American Bar Association,
(Dec. 15, 2017),
https://www.americanbar.org/content/dam/aba/administrative/professional_respon
sibility/aba_formal_opinion_479.authcheckdam.pdf

**Defs.' Resp. to Pls.'**
**Mot. for Prot. Order**                8

Dated: April 8, 2021

/s/ Ray Smith, III
Ray Smith, III, GA # 662555
rsmith@smithliss.com

SMITH & LISS, LLC
Five Concourse Parkway
Suite 2600
Atlanta, GA 30328
Telephone: (404) 760-6000
Facsimile: (404) 760-0225
*Local Counsel for Defendants*

Respectfully Submitted,

James Bopp, Jr.,* IN # 2838-84
 jboppjr@aol.com
Jeffrey P. Gallant,* VA # 46876
 jgallant@bopplaw.com
Courtney Turner Milbank,* IN#
32178-29
 cmilbank@bopplaw.com
Melena Siebert,* IN # 35061-15
 msiebert@bopplaw.com
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
*Admitted Pro hac vice*

# Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on April 8, 2021

> **SMITH & LISS, LLC**
> <u>*/s/ Ray S. Smith, III*</u>
> Ray S. Smith, III
> Georgia Bar No. 662555
> *Local Counsel for Defendants*

## Certificate of Service

I hereby certify that the foregoing document was served electronically on April 8, 2021, upon all counsel of record via the United States District Court for the Northern District of Georgia, electronic filing system.

> */s/ Ray S. Smith, III*
> Ray S. Smith, III
> Georgia Bar No. 662555
> *Local Counsel for Defendants*