**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA GAINESVILLE DIVISION**

FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,

Plaintiffs,

v.

TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,

Defendants,

FAIR FIGHT ACTION, INC.,

Counter-Defendant.

**Case No. 2:20-CV-00302-SCJ**

**PLAINTIFFS FAIR FIGHT, INC., SCOTT BENSON, JOCELYN HEREDIA, JANE DOE, AND COUNTER-DEFENDANT FAIR FIGHT ACTION, INC.'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM**

Three weeks after Plaintiffs and Fair Fight Action's (collectively, "Fair Fight") motion to dismiss Defendants' counterclaims became ripe for review—and after Defendants sought and received a 21-day extension to respond to that motion, *see* ECF Nos. 56, 57—Defendants seek leave to amend their counterclaims and moot Fair Fight's pending motion to dismiss without addressing any of the legal defects

identified in the motion.[1] Because Defendants' proposed amendment is untimely, futile, and would only further delay the Court's resolution of Fair Fight's motion to dismiss, the Court should deny Defendants leave to amend. In any event, even if the Court is inclined to grant leave, Fair Fight's pending motion to dismiss should not be rendered moot because Defendants' amendments do not impact any of the grounds for dismissal, and the Court may resolve Fair Fight's motion by dismissing the amended counterclaim.

## BACKGROUND

Having suffered the effects of True the Vote's campaign of harassment and intimidation, Plaintiffs filed this action last December and alleged that True the Vote's mass voter challenges, aggressive voter monitoring program, and million-dollar bounty violated Section 11(b) of the Voting Rights Act. ECF No. 1. Defendants responded on January 8, 2021 with five counterclaims that merely confused the issues: the first four counterclaims stated affirmative defenses, and the fifth counterclaim alleged that Defendants had somehow been the *victims* of voter intimidation because of Fair Fight's lawsuit and statements made during a television interview that were critical of True the Vote. ECF No. 40, ¶¶ 124–174.

Fair Fight timely filed a motion to dismiss on January 29, explaining that the first four counterclaims were not counterclaims at all, and the fifth counterclaim's

[1] Defendants are also referred to collectively as "True the Vote."

attempted repurposing of the VRA to protect efforts aimed at *preventing* voting were irreconcilable with the statute's text, purpose, and precedent. ECF No. 48-1 at 8–10, 18–25. After receiving a 21-day extension to respond to Fair Fight's motion, ECF No. 57, Defendants conceded to the dismissal of the first four counterclaims, ECF No. 64 at 7, but doubled down on the fifth counterclaim's theory of reverse intimidation, *id.* at 9–17. The motion to dismiss became fully ripe for this Court's resolution when Fair Fight filed its reply on March 18. ECF No. 71.

Over a week later, Defendants' counsel emailed counsel for Fair Fight, requesting consent to amend their counterclaims under Federal Rule of Civil Procedure 15 and indicating that they would "file the appropriate motion for leave to amend." *See* Exhibit A. Defendants stated that they intended to remove their first four counterclaims and replead them as defenses; add Defendant James Cooper as a Counter-Plaintiff; and add non-party Stacey Abrams as a Counter-Defendant. *See id*. Fair Fight's counsel responded that Fair Fight did not consent to Defendants' proposed changes in light of the pending, fully-briefed motion to dismiss, but offered to continue the conversation. *See id*. The next day, Defendants filed a new answer and counterclaim, *see* ECF No. 80, followed two days later by a filing titled "Suggestion of Mootness," informing the Court that Fair Fight's motion to dismiss was moot, *see* ECF No. 81. Fair Fight responded that Defendants' attempted

amendment was improper and that the motion to dismiss remained live. *See* ECF No. 84.

On April 9, the Court held a discovery conference where, in relevant part, it agreed with Fair Fight that Defendants' attempted amendment was procedurally improper. The Court ordered Defendants to seek leave to amend their counterclaims; Defendants did so later that day, and Fair Fight now responds.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within a narrow window that has long since closed; "*In all other cases*, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Though district courts grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), "a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014).

## ARGUMENT

At bottom, True the Vote seeks to use minor changes to their answer and counterclaim to moot Fair Fight's motion to dismiss. Because True the Vote's proposed amendment is untimely, futile, and prejudicial—not only to Plaintiffs but also to non-party Stacey Abrams—Fair Fight requests that the Court deny Defendants' motion for leave to amend. Alternatively, if the Court allows amendment, then Fair Fight requests that the Court nonetheless issue its ruling on the pending motion to dismiss. The motion is fully briefed, and Defendants' proposed amendments do not affect the issues or arguments presented in the motion. Accordingly, Fair Fight's motion to dismiss is still ripe for review and should not be rendered moot by a superficial amendment.

### I. The Court should deny Defendants' request for leave to amend.

#### A. Defendants' proposed amendment is untimely.

Defendants' attempt to amend their counterclaims comes weeks after Fair Fight's motion to dismiss became ripe for review. Courts around the country frequently recognize that once a motion to dismiss a pleading is fully briefed, a request for leave to amend the challenged pleading is untimely. *See, e.g.*, *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019) (holding that "[t]he district court did not abuse its discretion in denying [plaintiff] leave to

amend" where the plaintiff filed his motion to amend four months after discovery of "new" evidence and "well after [the defendant's] motion to dismiss had been filed and fully briefed"); *White Knight Diner, LLC v. Arb. Fs., Inc.*, No. 4:17-CV-02406 JAR, 2019 WL 1327051, at *3 (E.D. Mo. Mar. 25, 2019), *appeal dismissed*, No. 19-1934, 2019 WL 5704235 (8th Cir. May 13, 2019) (holding motion to amend complaint untimely where the "Defendants' motions to dismiss were fully briefed and awaiting disposition"); *Weckhorst v. Kansas State Univ.*, 241 F. Supp. 3d 1154, 1182 (D. Kan. 2017), *aff'd sub nom. Farmer v. Kansas State Univ.*, 918 F.3d 1094 (10th Cir. 2019) (same); *Meide v. Pulse Evolution Corp.*, No. 3:18-CV-1037-J-34MCR, 2020 WL 5350325, at *4 (M.D. Fla. Sept. 4, 2020) (same).

"[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Wekhorst*, 241 F. Supp. 3d at 1182 n.144 (quotation omitted). Here, there is no good reason for Defendants' decision to wait until after briefing had closed on Fair Fight's motion to dismiss before seeking to amend their counterclaims. Defendants do not—and cannot—"assert that the information supporting their additional allegations were unavailable to them at the time they filed" their original counterclaims. *Id*. at 1182 (cleaned up). The only changes Defendants seek to make to their allegations are (1) removing the allegation that James Cooper has no connection to True the Vote, and (2) newly alleging that non-party Tommy Roberts received harassing emails "one day after Defendant

Stacey Abrams's interview on CNN in which she accused True the Vote of voter suppression." *Compare* ECF No. 40 ¶¶ 89, 167, *with* ECF No. 82 ¶¶ 89–90, 139. It is implausible that Defendants did not know on the day they filed their original counterclaims what relationship Defendant James Cooper had with Defendant True the Vote, or the temporal distance between already-alleged statements by Ms. Abrams and emails to Mr. Roberts. Defendants have "simply waited too long" to amend their counterclaims. *Glazer*, 704 F.3d at 459.

**B. Defendants' proposed amendment is futile.**

Defendants' proposed changes are not only too late; they are also too little. Leave to amend should be denied for futility where the complaint or counterclaim, as amended, would still be subject to dismissal. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). That is the case here: none of the proposed amendments would save the counterclaims from dismissal for failure to state a claim upon which relief can be granted.

True the Vote's first attempted revision merely removes the first four counterclaims previously pled, but this necessary correction reflects, rather than undermines, the appropriateness of dismissal. *See* ECF No. 48-1 at 8–18 (explaining in Fair Fight's motion to dismiss the necessity of dismissing the first four counterclaims). Next, True the Vote attempts to add Defendant James Cooper as a Counter-Plaintiff and add Stacey Abrams as a Counter-Defendant. Though one of

the fatal deficiencies of True the Vote's fifth counterclaim is that it fails to identify actions by Plaintiffs that intimidated Defendants "for voting or attempting to vote," 52 U.S.C. § 10307(b), another is that it rests entirely on a fundamental misunderstanding of the scope and protections of section 11(b) of the Voting Rights Act. The attempted addition of Mr. Cooper and Ms. Abrams to this counterclaim does nothing to cure that defect. True the Vote also makes minor factual revisions, reversing course on their assertion that Mr. Cooper has no connection to True the Vote and adding that the alleged emails received by non-party Tommy Roberts and the alleged statements made by Ms. Abrams occurred one day apart. *Compare* ECF No. 40 ¶¶ 87–90, *with* ECF No. 82 ¶¶ 88–90; *compare* ECF No. 40 ¶ 167, *with* ECF No. 82 ¶ 139. But these negligible changes also fail to rebut any of Fair Fight's arguments for dismissal.

Both sides have fully aired the issues of law surrounding Defendants' fifth counterclaim. *See* ECF Nos. 48-1 at 18–25; ECF No. 64 at 9–17; ECF 71 at 2–11. As Fair Fight has thoroughly explained, Defendants' counterclaim must be dismissed because the VRA does not protect individuals who attempt to disqualify others from voting; the Eleventh Circuit soundly rejected Defendants' theory of vote dilution in *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020); and alleged public statements criticizing Defendants' voter challenges and True the Vote's "long history of voter intimidation and voter suppression," ECF No. 40 ¶ 164, cannot

possibly amount to voter intimidation as proscribed by the VRA. Dragging Ms. Abrams into this litigation would do nothing to fix these fundamental doctrinal errors, and any slights suffered by Mr. Cooper simply recycle Defendants' grievances that are not actionable against Fair Fight or under section 11(b).

Rather than shuffling party labels or seeking a second bite at Rule 12(b)(6) briefing, Defendants should wait for this Court's ruling on Fair Fight's motion to dismiss. Because Defendants' superficial revisions would not meaningfully alter any of the relevant legal analysis, the proposed amendment is futile. Defendants' counterclaim continues to fail to state a plausible claim for relief.

### C. Granting Defendants leave to amend would prejudice Plaintiffs and non-party Stacey Abrams.

Defendants have suggested to the Court that their amendment moots Fair Fight's fully-briefed motion to dismiss. ECF No. 81 at 3. If true, Fair Fight would be forced to seek dismissal once again and re-start the briefing schedule, further delaying the resolution of a motion to dismiss that Fair Fight filed on January 29. ECF No. 48. All the while, Fair Fight—and now Ms. Abrams—must prepare to defend against True the Vote's questionable remaining counterclaim and incur costs while awaiting a final resolution. Defendants have already obtained a three-week extension of time to respond to Fair Fight's motion to dismiss—an extension they sought instead of moving to amend their counterclaim. *See* ECF No. 56 at 1–2 (requesting a 30-day extension); ECF No. 57 (granting a 21-day extension). They

acknowledge none of this. *See* ECF No. 89 at 3. Because Defendants have failed to show any good cause for even further delay, their "untimely [attempt] to amend [their] pleadings is due to be denied." *Meide*, 2020 WL 5350325, at *4.

## II. In the alternative, the Court should rule on the merits of Fair Fight's motion to dismiss even if it grants Defendants leave to amend.

Even if the Court is inclined to grant Defendants leave to amend, the Court may still consider Fair Fight's motion to dismiss and issue a ruling on the merits. An amended pleading does not necessarily moot a pending motion to dismiss as Defendants suggest. Though Defendants rely on cases that cite Wright & Miller for the general proposition that "[o]nce an amended pleading is interposed . . . any *subsequent* motion made by an opposing party should be directed at the amended pleading," Wright & Miller's discussion of the effect of amendments does not end there; it goes on to address specific instances, like here, where the general rule should not apply:

> [Parties] should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2020) ("Wright & Miller") (emphasis added) (footnote collecting cases omitted); ECF No. 81 at 2.[2]

Although courts in the Northern District of Georgia have stated that an amended pleading normally supersedes an original pleading, *Konair US, LLC v. DGI II, LLC*, No. 1:19-CV-05728-SDG, 2021 WL 135308, at *3 (N.D. Ga. Jan. 14, 2021), they have also recognized that this *general* rule—derived from a case where an original "pleading was wholly superceded [sic] by the amended complaint which proceeded under a different theory," *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)—does not necessarily apply in instances, like here, where an amendment "has no effect" on the arguments in a pending motion to dismiss. *Konair US*, 2021 WL 135308, at *3 (finding that motion to dismiss was not mooted by amended complaint where amendment had no effect on arguments raised by the parties).

As explained above, the changes in True the Vote's amended counterclaim have no effect on the arguments in Fair Fight's motion to dismiss, and the parties have fully briefed all the issues presented in the motion. *See* ECF Nos. 48-1 at 18–

---

[2] True the Vote also cites *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), but that case simply recognized that a court calculating the amount in controversy for purposes of determining federal jurisdiction should look to the prayer for relief in the amended complaint rather than in the original complaint. *Id.* at 1219–20. It did not address whether amendment mooted a pending motion. *Id.*

25; ECF No. 64 at 9–17; ECF 71 at 2–11. Because Defendants' proposed amendment is futile and fails to present a legal theory different from that asserted in their original counterclaim, Fair Fight's motion to dismiss is still ripe for review and should not be rendered moot.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Leave to File Counterclaim, ECF No. 89, should be denied. But even if the Court grants Defendants leave to amend, it should proceed to resolve Fair Fight's motion to dismiss because Defendants' minor revisions to their counterclaim do not address the legal defects raised in Fair Fight's motion.

Dated this 13th day of April, 2021.

Respectfully Submitted,

*/s/ Uzoma N. Nkwonta*

Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Maia Cogen (GA Bar No. 832438)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
maia.cogen@lawrencebundy.com

Dara Lindenbaum (GA Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW, Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: 202-479-1115
lindenbaum@sandlerreiff.com

Marc E. Elias*
Uzoma N. Nkwonta*
Aria C. Branch*
Christina A. Ford*
Joel J. Ramirez*
Jacob Shelly*
**PERKINS COIE LLP**
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
unkwonta@perkinscoie.com
abranch@perkinscoie.com
christinaford@perkinscoie.com
jramirez@perkinscoie.com
jshelly@perkinscoie.com

Torryn Taylor Rodgers**
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050
trodgers@perkinscoie.com

*Counsel for Plaintiffs*
*Admitted *pro hac vice*
***Pro hac vice* pending

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2021, I electronically filed this Opposition to Defendants' Motion for Leave to Amend Their Counterclaim through this Court's CM/ECF system.

Dated: April 13, 2021

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), NDGa, I hereby certify that the foregoing Response to Defendants' Motion for Leave to File Counterclaim has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using a font type of Times New Roman and a point size of 14.

Dated: April 13, 2021

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta