**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, <br> *Defendants* | Civ. No. 2:20-cv-00302-SCJ <br><br> Hon: Steve C. Jones |

**Defendants' Amended Answer in Compliance with Court Order to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, and Affirmative Defenses**

Defendants True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, and James Cooper (collectively, "Defendants") through undersigned counsel, respond as follows to the First Amended Complaint for Declaratory and Injunctive Relief. Everything not responded to in a specific response is denied.

    1.    Defendants deny the averments and allegations in paragraph 1.

    2.    Defendants deny the averments and allegations in paragraph 2.

3.     Defendants deny the averments and allegations in paragraph 3.

4.     Defendants deny the averments and allegations in paragraph 4.

5.     Defendants deny the averments and allegations in paragraph 5.

6.     Defendants deny the averments and allegations in paragraph 6.

7.     Defendants deny the averments and allegations in paragraph 7.

8.     Defendants deny the averments and allegations in paragraph 8.

9.     Defendants deny the averments and allegations in paragraph 9.

10.    Defendants deny the averments and allegations in paragraph 10.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in the first sentence of paragraph 11. Defendants deny the remaining averments and allegations in paragraph 11.

12.    Defendants deny the averments and allegations in paragraph 12.

13.    Defendants deny the averments and allegations in paragraph 13.

14.    Defendants deny the averments and allegations in paragraph 14.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 15.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 16.

**Defs.' Am. Answer, Defenses**          2

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 17.

18.     Defendants admit that Defendant True the Vote, Inc. is a 501(c)(3) organization and is incorporated in Texas. Defendants deny the remaining averments and allegations in paragraph 18.

19.     Defendants admit that Catherine Engelbrecht is a resident of Texas. Defendants deny the remaining averments and allegations in paragraph 19.

20.     Defendants admit that Derek Somerville is a resident of Forsyth County, Georgia. Defendants deny the remaining averments and allegations in paragraph 20.

21.     Defendants admit that Mark Davis is a resident of Gwinnett County, Georgia.  Defendants deny the remaining averments and allegations in paragraph 21.

22.     Defendants admit that Mark Williams is a resident of Gwinnett County, Georgia. Defendants deny the remaining averments and allegations in paragraph 22.

23.     Defendants admit that Ron Johnson is a resident of Jackson County, Georgia. Defendants deny the remaining averments and allegations in paragraph 23.

**Defs.' Am. Answer, Defenses**              3

24.     Defendants admit that Defendant James Cooper is a resident of Walton County, Georgia. Defendants deny the remaining averments and allegations in paragraph 24.

25.     Defendants deny the averments and allegations in paragraph 25.

26.     Defendants admit that the Court has subject matter jurisdiction over this action.

27.     Defendants admit that this court has personal jurisdiction over Defendants in this matter, but deny that Defendants have caused tortious injury in this state. Defendants deny the remaining averments and allegations in paragraph 27.

28.     Defendants admit that venue is proper in the Northern District of Georgia.

29.     Defendants deny the averments and allegations in paragraph 29.

30.     Defendants deny the averments and allegations in paragraph 30.

31.     Defendants deny the averments and allegations in paragraph 31.

32.     Defendants deny the averments and allegations in paragraph 32.

33.     Defendants deny the averments and allegations in paragraph 33.

34.     Defendants deny the averments and allegations in paragraph 34.

35.     Defendants deny the averments and allegations in paragraph 35.

**Defs.' Am. Answer, Defenses**          4

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 36.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 37.

38.     Defendants deny the averments and allegations in paragraph 38.

39.     Defendants deny the averments and allegations in paragraph 39.

40.     Defendants deny the averments and allegations in paragraph 40.

41.     Defendants deny the averments and allegations in paragraph 41.

42.     Defendants admit that Defendants Ron Johnson and Mark Williams brought challenges under Georgia's Elector Challenge provision in the county in which they reside. Defendants deny the remaining averments and allegations in paragraph 42.

43.     Defendants admit that, in Defendant True the Vote, Inc.'s press release that Defendant True the Vote, Inc. described the Elector Challenges brought throughout Georgia as a "landmark" effort, and said that 364,000 Georgians were "potentially ineligible" to vote in the runoff election by, in part, comparing Georgia's voter registration database to United States Postal Service's National Change of Address (NCOA) registry.

44.     Defendants deny the averments and allegations in the first sentence of

**Defs.' Am. Answer, Defenses**          5

paragraph 44. The remaining allegations state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining averments and allegations in paragraph 44.

45.     Paragraph 45 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 45.

46.     Paragraph 46 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 46.

47.     Paragraph 47 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 47.

48.     Paragraph 48 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 48.

49.     Defendants deny the averments and allegations in paragraph 49.

50.     Defendants deny the averments and allegations in paragraph 50.

51.     Defendants deny the averments and allegations in paragraph 51.

52.     The first sentence of Paragraph 52 states a legal conclusion to which

no response is required. To the extent that a response is required, Defendants deny the averments and allegations in the first sentence of paragraph 52. Defendants deny the remaining averments and allegations in paragraph 52.

53.     Defendants deny the averments and allegations in paragraph 53.

54.     Paragraph 54 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 54.

55.     Paragraph 55 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 55.

56.     Defendants deny the averments and allegations in paragraph 56.

57.     Defendants deny the averments and allegations in paragraph 57.

58.     Defendants deny the averments and allegations in paragraph 58.

59.     Defendants deny the averments and allegations in paragraph 59.

60.     Defendants deny the averments and allegations in paragraph 60.

61.     Defendants deny the averments and allegations in paragraph 61.

62.     Defendants deny the averments and allegations in paragraph 62.

63.     Defendants deny the averments and allegations in paragraph 63.

64.     Defendants deny the averments and allegations in paragraph 64.

65.     Defendants deny the averments and allegations in paragraph 65.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 66.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 67.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations in paragraph 68.

69.     Defendants deny the averments and allegations in paragraph 69.

70.     Defendants deny the averments and allegations in paragraph 70.

71.     Defendants deny the averments and allegations in paragraph 71.

72.     Paragraph 72 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 72.

73.     Paragraph 73 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 73.

74.     Defendants deny the averments and allegations in paragraph 74.

75.     Paragraph 75 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments

and allegations in paragraph 75.

76.     Paragraph 76 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 76.

77.     Paragraph 77 realleges and reincorporates Plaintiffs allegations in paragraphs 1-76, to which Defendants maintain all previous responses thereto.

78.     Paragraph 78 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the averments and allegations in paragraph 78.

79.     Defendants deny the averments and allegations in paragraph 79.

80.     Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 80.

81.     Defendants deny that Plaintiffs are entitled to the relief requested in the Prayer for Relief on pages 29-30.

**Defendants' Affirmative Defenses to Plaintiffs' First Amended Complaint**

82.     Plaintiffs fail to state a claim upon which relief can be granted.

83.     Plaintiffs lack Article III standing to bring their claims against Defendants.

84.     Defendants' conduct lawfully employed a lawful procedure without

**Defs.' Am. Answer, Defenses**          9

any racial animus, intent to intimidate, or wrongful conduct, and thus, did not violate Section 11(b) of the Voting Rights Act.

85.     Defendants did not engage in, nor directed any person to engage in, voter intimidation as under Section 11(b) of the Voting Rights Act.

86.     Defendants' activities are constitutionally protected under the First Amendment's right of free speech, to petition the government and to vote.

87.     Defendant Catherine Engelbrecht is an individual and is therefore not personally liable for the corporate actions of True the Vote, Inc., and is therefore improperly named as a Defendant.

88.     Defendant Derek Somerville is not connected in any way with Defendant True the Vote, Inc. or its activities or any other parties or actions alleged by Plaintiffs, and is improperly named as a Defendant.

89.     Defendant Mark Davis is not connected in any way with Defendant True the Vote, Inc. or its activities or any other parties or actions alleged by Plaintiffs, and is improperly named as a Defendant.

90.     Plaintiff Scott Berson is a registered voter in Muscogee County, Georgia. Mr. Berson's name appeared on a challenge list submitted in Muscogee County. Neither Defendant True the Vote, Inc., nor any Georgia voter who submitted voter challenges based upon True the Vote's challenge lists, submitted

challenges in Muscogee County. Therefore, Scott Berson is improperly named as a Plaintiff in this action.

91.    Defendants' lawful Section 230 challenges do not violate the National Voter Registration Act.

92.    Judicial enforcement of Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), as sought to be applied by Plaintiffs, is unconstitutional under the First Amendment.

93.    Judicial enforcement of Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), as sought to be applied by Plaintiffs, unconstitutionally violates Defendants' right to vote via vote dilution.

94.    Judicial enforcement of Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), as sought to be applied by Plaintiffs, is unconstitutionally vague.

95.    Defendants do not waive any of the affirmative defenses delineated in the court rules and expressly reserve their right to assert any of these defenses to the extent further factual investigation discloses their applicability.

96.    Defendants reserve the right to add any additional affirmative defenses that may become known to them during the course of discovery or otherwise.

**Defs.' Am. Answer, Defenses**          11

Dated: August 23, 2021                     Respectfully Submitted,

s/ Courtney Kramer                          James Bopp, Jr.,* IN # 2838-84
Courtney Kramer, GA No. 483608               jboppjr@aol.com
ckramer@bopplaw.com                         Jeffrey P. Gallant,* VA # 46876
                                             jgallant@bopplaw.com
Courtney Kramer, Of Counsel                 Courtney Turner Milbank,* IN# 32178-29
THE BOPP LAW FIRM, PC                        cmilbank@bopplaw.com
821 Atlanta St.                             Melena Siebert,* IN # 35061-15
Roswell, GA 30075                            msiebert@bopplaw.com
Telephone: (770) 715-2646                   Rob Citak,* KY # 98023
Facsimile: (812) 235-3685                    rcitak@bopplaw.com
*Local Counsel for Defendants*              THE BOPP LAW FIRM, PC
                                            1 South 6th Street
                                            Terre Haute, Indiana 47807
                                            Telephone: (812) 232-2434
                                            Facsimile: (812) 235-3685
                                            *Lead Counsel for Defendants*
                                            *Admitted Pro hac vice*

**Defs.' Am. Answer, Defenses**        12

# Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted August 23, 2021.

THE BOPP LAW FIRM, PC
/s/ Courtney Kramer
Courtney Kramer, GA No. 483608
ckramer@bopplaw.com
*Local Counsel for Defendants*

**Defs.' Am. Answer, Defenses**          13

# Certificate of Service

I hereby certify that the foregoing document was served electronically on August 23, 2021, upon all counsel of record via the United States District Court for the Northern District of Georgia, electronic filing system.

/s/ Courtney Kramer
Courtney Kramer, GA No. 483608
ckramer@bopplaw.com
*Local Counsel for Defendants*

**Defs.' Am. Answer, Defenses**          14