**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br>    *Plaintiffs,*<br><br>v.<br><br>TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br>    *Defendants.* | Civ. Act. No. 2:20-CV-00302-SCJ |

**PLAINTIFFS' EMERGENCY MOTION FOR ORDER THAT THE DEPOSITION OF DEFENDANT RON JOHNSON BE TAKEN BY REMOTE MEANS
<u>AND MEMORANDUM IN SUPPORT</u>**

Plaintiffs wish to depose Defendant Ron Johnson on Wednesday, September 29, 2021, and have asked Mr. Johnson to conduct the deposition remotely. As demonstrated by the remote hearings conducted before this Court, and the two depositions occurring this week via videoconference, adequate options and technology are available to ensure a fair, accurate, and secure deposition. But when Plaintiffs signaled their intention to conduct the deposition remotely, Mr. Johnson insisted that everyone appear in person, citing technological limitations. Plaintiffs'

counsel has even offered to make accomodations that would address Mr. Johnson's technology issues—by arranging for Mr. Johnson to appear in-person at a designated location with a videoconference or Zoom set-up that would allow counsel to depose him remotely—yet Mr. Johnson continues to insist on an in-person deposition and has offered no other explanation for his position. Thus, unable to reach agreement, Plaintiffs are before the Court for entry of an Order allowing a remote deposition.

Plaintiffs' counsel are extremely reluctant to risk their health and that of their families by attending an in-person deposition, particularly in light of rising cases of the Covid-19 Delta variant, even among people who have received the Covid-19 vaccine, and the continued vulnerability of children too young to receive the vaccine. The widespread practice of conducting virtual depositions and judicial proceedings indicates that a virtual deposition of Defendant Johnson is manageable and will not prejudice either party. Therefore, Plaintiffs Fair Fight, Inc., Scott Berson, Jocelyn Heredia, and Jane Doe ("Plaintiffs") respectfully move this Court, pursuant to Fed. R. Civ. P. 30 (b)(4) and Local Rule 7.2(B), to order that Defendant Ron Johnson ("Defendant Johnson") submit to deposition taken by remote means.

I. **RELEVANT FACTS**

Covid-19, including the Delta variant, is rampaging uncontrolled through the State of Georgia. On September 20, 2021, the State had 11,512 new diagnoses of Covid and an increase of 180 deaths from the disease.[1] To date, one out of every 445 Georgians has died of Covid.[2] While it is correct that the state-wide data are showing a downward trend in cases, hospitalizations, and deaths, the numbers remain alarming. And in Jackson County, where Mr. Johnson lives, infections are on the rise with an increase of nine percent over the past two weeks.[3] Meanwhile, only forty-four percent of the population of Georgia is fully vaccinated.[4]

Consistent with their efforts to keep their family members safe, Plaintiffs' counsel requested that Defendant Johnson agree to proceed with his deposition remotely by virtual means. After Defendant Johnson, through his counsel, raised concerns related to "technology limitations" (*see* Email from Courtney Kramer, Counsel for Defendants, to Uzoma Nkwonta, Counsel for Plaintiffs (September 10, 2021) (attached as Exhibit A)), Plaintiffs' counsel offered to arrange for Defendant Johnson to "appear in-person at a designated location with a videoconferencing (or

---

[1] https://www.nytimes.com/interactive/2021/us/covid-cases-deaths-tracker.html
[2] *Id.*
[3] *Id.*
[4] *Id.*

Zoom) set-up that will allow [Plaintiffs] to depose him remotely." (*See* Email from Uzoma Nkwonta, Counsel for Plaintiffs, to Courtney Kramer, Counsel for Defendants (September 20, 2021) (attached as Exhibit B).)  Despite counsels' efforts to accommodate Mr. Johnson in a manner that maintains all participants' safety, Defendant Johnson refuses to consent to a remote deposition.  (*See* Email from Courtney Kramer, Counsel for Defendants, to Uzoma Nkwonta, Counsel for Plaintiffs (September 20, 2021) (attached as Exhibit C).)

## II.  ARGUMENT & CITATION TO AUTHORITY

This Court has addressed the issue of remote depositions due to health concerns arising from the ongoing Covid-19 pandemic, at least twice and declined to order in-person depositions.  *See Rivera v. Parker*, No. 1:20-CV-3210-SCJ, 2021 WL 3076412, at *3 (N.D. Ga. May 18, 2021) ("[T]he Federal Rules give the Court authority to order that depositions be taken remotely, should circumstances require it."); *Williams v. City of Cartersville*, No. 4:19-CV-0045-SCJ (N.D. Ga Sept. 3, 2020). Indeed, this Court recognized "there is authority that holds that there is no reason for a party moving for a remote-means deposition to show necessity (only a legitimate reason) and that 'the party opposing the [virtual] deposition must come forward with a particularized showing as to why a [virtual] deposition would prejudice it.'" *Rivera*, 2021 WL 3076412, at *3 (citing *Jahr v. IU*

4

*Int'l Corp.*, 109 F.R.D. 429, 432 (M.D. N.C. 1986)). Concern for the health and safety of those involved in this litigation, and their families, is a legitimate reason to conduct Defendant Johnson's deposition by remote means. *Id.* ("[T]he Court's foremost concern is the safety of all involved in this litigation"). And Defendant Johnson has not offered a single reason—let alone a "particularized showing"—for his refusal to sit for a deposition conducted remotely.

Conducting Defendant Johnson's deposition by virtual means is manageable and will not prejudice any party, as confirmed by the parties' agreement to conduct other depositions remotely. And Defendant Johnson will not be prejudiced by submitting to a remote deposition, particularly given Plaintiffs' offer to arrange for Defendant Johnson to appear in-person with a video-conferencing setup prepared for him. (*See* Exhibit C.) Additionally, as a by-product of circumstances created by the Covid-19 pandemic, "videoconferencing software has become quite advanced," and "there are many resources available from vendors and through the legal community to assist . . . in preparing for remote depositions." *Rivera*, 2021 WL 3076412, at *3 (internal citations and quotations omitted). Here, Plaintiffs have identified resources and a vendor to overcome Defendant Johnson's personal "technology limitations" while ensuring the safety of the other participants in this litigation. (*See* Exhibit B.)

Courts across the country have ordered remote depositions[5] to protect the deponent and counsel. As one court noted in ordering depositions to be conducted remotely, "[D]epositions by remote means have been a feature of federal practice for many years. Their increased usage given the current pandemic should come as no surprise." *Berkeley\*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2021 WL 3566596, at *3 (N.D. Ill. Aug. 12, 2021). *See also Orkin v. Albert*, No. 4:20-cv-401116-TSH, 2021 WL 3709834, at *5 (D. Mass. Aug. 30, 2021) ("[T]he Court urges the parties to conduct remote depositions in order to protect public health."); *H & T Fair Hills, Ltd. V. Alliance Pipeline L.P.*, No. 19-1095 (JNE/BRT), 2020 WL 5512517, at *1 (D. Minn. Sept. 14, 2020) ("In the deposition setting, counsel taking the deposition are orally asking questions. The witness is testifying orally. Attorneys defending the deposition are orally making objections. 'Even with the protection of masks and social distancing, an in-person deposition generally requires the participants to sit in a shared enclosed space for prolonged periods of

---

[5] Even as the federal trial and appellate courts struggle to resume in-person proceedings, it remains necessary for courts to provide alternatives so cases can move forward while protecting litigants and counsel. *See e.g. Lenovo Holding Co., Inc. v. Dodots Licensing Solutions LLC*, No. 21-1247 (Fed. Cir. Sept. 21, 2021) (allowing counsel to present remote oral argument). *See also Plasmacam, Inc. v. CNCelectronics LLC*, No. 21-1689 (Fed. Cir. Sept. 21, 2021) (allowing counsel for one party to appear remotely for oral argument while counsel for the other party appears in-person).

time.'") (citation omitted); *Las Vegas Skydiving Adventures LLC v. Groupon, Inc.*, 2:18-cv-02342-APG-VCF, 2020 WL 8619790, at *3 (D. Nev. Sept. 10, 2020) ("Courts around the country have found that the Covid-19 pandemic establishes good cause for taking remote testimony.").

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court grant this Motion and order Defendant Johnson to submit to deposition by remote means in accordance with Fed. R. Civ. P. 30(b)(4) and Local Rule 7.2(B).

### CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned counsel hereby certifies that the foregoing **PLAINTIFFS' EMERGENCY MOTION FOR ORDER THAT THE DEPOSITION OF DEFENDANT RON JOHNSON BE TAKEN BY REMOTE MEANS AND MEMORANDUM IN SUPPORT** complies with the font and point selections approved by the Court in Local Rule 5.1C. These documents were prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this, the 22nd day of September, 2021.

SIGNATURES NEXT PAGE

Marc E. Elias*
Uzoma Nkwonta*
Aria C. Branch*
Christina A. Ford*
Joel J. Ramirez*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
10 G St. NE, Suite 600
Washington, D.C. 2002
Telephone: (202) 968-4490
melias@elias.law
unkwonta@elias.law
abranch@elias.law
christinaford@elias.law
jramirez@elias.law
jshelly@elias.law

Torryn Taylor*
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: (415) 334-7000
Fax: (415) 334-7050
trodgers@perkinscoie.com

*Admitted *pro hac vice*

/s Allegra J. Lawrence
Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Michelle L. McClafferty (GA Bar No. 161970)
Maia Cogen (GA Bar No. 832438)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com
maia.cogen@lawrencebundy.com

Dara Lindenbaum (GA Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW, Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: 202-479-1115
lindenbaum@sandlerreiff.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically will send email notification and access to an electronic copy of such filing to all counsel of record.

This the 22nd day of September, 2021.

/s Allegra J. Lawrence
Allegra J. Lawrence
Georgia Bar No. 439797
Attorney for Plaintiffs


LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone:  (404) 400-3350