IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT, INC. ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TRUE THE VOTE, INC. ET AL., )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br><br>NO. 2:20-CV-00302-SCJ |

**OBJECTIONS OF NON-PARTY ALICE O'LENICK, IN HER CAPACITY AS CHAIR TO THE GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS TO PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED.R.CIV. P.45**

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, Alice O'Lenick ("O'Lenick"), in her capacity as the Chair of the Gwinnett County Board of Registration and Elections and as a non-party in the above-styled action hereby states her objections to Plaintiffs' Subpoena for Production of Documents ("the Document Request"). O'Lenick states these objections without waiving any further objections to any specific documents when such documents are identified.

**I. GENERAL OBJECTIONS**

1. O'Lenick objects to any portion of the Document Requests, and any implied or expressed instruction or direction in the Document Requests, and any

1

implied or expressed instruction or direction in the Document Requests that imposes or seeks to impose upon her greater burden than those imposed by the Federal Rules for Civil Procedure.

2. O'Lenick objects to the Document Requests to the extent they seek disclosure of any information that is prohibited from such disclosure by federal and/or state law.

3. O'Lenick objects to the Document Requests to the extent they seek records that are not in her possession, custody, or control and to the extent the Document Requests seek those items from O'Lenick, they improperly exceed the scope of Rule 45 of the Federal Rules of Civil Procedure.

4. O'Lenick objects to the Document Requests to the extent they seek the disclosure of all communications, irrespective of the existence of a physical or electronically stored item related to or concerning such communication. To the extent the Document Requests attempt to impose upon O'Lenick an obligation to provide information about "all communications" when no such physical or electronically stored item exists, they exceed the scope of Rule 45 of the Federal Rules of Civil Procedure and are unduly burdensome as

they obligate O'Lenick to provide information that is practically impossible to determine.

5. O'Lenick objects to the Document Requests as being burdensome and overly broad because they seek disclosure of records that Plaintiffs can obtain from a party to the instant litigation, specifically, the Plaintiffs. The Document Requests attempt to impose upon a non-party, O'Lenick, the burden and expense of providing records when the Plaintiffs are a more convenient and appropriate source from which to obtain those records.

## II. SPECIFIC OBJECTIONS

**Request No. 1:** *Any and all documents reflecting challenges to voters' eligibility in your county during the November 2020 general election and submitted by the by True the Vote or from email address gaelectorchallenge@truethevote.org.*

**Response:**

O'Lenick objects to this request to the extent that it seeks records that are not in her control. To the extent the request seeks those items from O'Lenick, it exceeds the scope of Rule 45 of the Federal Rules of Civil Procedure. The request seeks records that are in the custody of a party to the action or originate from another

3

third party. O'Lenick also objects to this request as being vague insofar as the reference to "the November 2020 general election" is not plainly defined to include the January 2021 run off which extended the November 2020 general election cycle pursuant to O.C.G.A. § 21-5-501(a)(10) or whether Plaintiff intended to limit the request only to challenges made prior to the election in November 2020 general election. Subject to that objection, and without waiving the same, there are no records responsive to this request. More specifically, pursuant to O.C.G.A. Section 21-2-229 and 21-2-230 challenges can only be made by electors in the County and the True the Vote, Inc., as a corporate entity could not be an elector in Gwinnett County.

**Request No. 2:** *Any and all documents, including communications, reflecting your county's response to any voter challenges referenced in Request No. 1*

**Response:**

Pursuant to O.C.G.A. Section 21-2-229 and 21-2-230 challenges can only be made by electors in the County and the True the Vote, Inc., as a corporate entity could not be an elector in Gwinnett County. Accordingly, there no records responsive to your request.

**Request No. 3:**

*All meeting minutes discussing any of the voter challenges referenced in Request No. 1.*

**Response:**

Pursuant to O.C.G.A. Section 21-2-229 and 21-2-230 challenges can only be made by electors in the County and the True the Vote, Inc., as a corporate entity could not be an elector in Gwinnett County. Accordingly, there no records responsive to your request.

    Respectfully submitted this 11th day of October, 2021.

                        s/ Melanie F. Wilson
                        MELANIE F. WILSON
                        Senior Assistant County Attorney
                        Georgia Bar No. 768870
                        melanie.wilson@gwinnettcounty.com

                        Attorney for Non-Party, Alice O'Lenick,
                        Chair, Gwinnett County Board of
                        Registration and Elections

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT, INC. ET AL., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 2:20-CV-00302-SCJ |
| TRUE THE VOTE, INC. ET AL., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing **RESPONSES AND OBJECTIONS OF NON-PARTY ALICE O'LENICK, IN HER CAPACITY AS CHAIR OF THE GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS TO PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED.R.CIV.P.45** with the Clerk's Office via the Court's CM/ECF System and by depositing it in the United States Mail, in a properly addressed envelope with adequate postage thereon to reach its destination as follows:

Allegra Lawrence
Lawrence & Bundy. LLC.,
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309

6

This is to further certify that the foregoing document was prepared using 14-point Times New Roman Font.

This 11th day of October, 2021.

                                                s/ Melanie F. Wilson
MELANIE F. WILSON
Senior Assistant County Attorney
Georgia Bar No. 768870
melanie.wilson@gwinnettcounty.com

Attorney for Non-Party, Alice O'Lenick
Chair, Gwinnett County Board of
Registrations and Elections

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700