United States District Court
Northern District of Georgia
Gainesville Division

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, <br><br> *Defendants.* | Civ. No. 2:20-cv-00302-SCJ <br><br> Hon: Steve C. Jones |

# Defendant True the Vote, Inc.'s Memorandum of Law in Support of its Motion for Permission to Amend its Response to Plaintiffs' First Set of Requests for Admissions

Justice will be served by granting Defendant True the Vote, Inc.'s Motion because it will allow this Court to adequately consider TTV's consistent defenses to Plaintiffs' claims. At the same time, Plaintiffs are not unduly prejudiced by TTV's Motion because discovery is still ongoing, TTV would not oppose additional discovery or extensions to discovery deadlines if needed, dispositive

motion deadlines have not occurred, and a trial date has not been set.

## Background

On May 7, 2021, Plaintiffs purported the following thirteen discovery requests upon Defendants, all of whom are represented by the same counsel:

1. First Request for Admission to Defendant True the Vote, Inc. ("**First RFAs**")

2. Second Request for Interrogatories to Defendant True the Vote, Inc.

3. Second Request for Interrogatories to Defendant James Cooper

4. Second Request for Interrogatories to Defendant Ron Johnson

5. Second Request for Interrogatories to Defendant Mark Williams

6. Second Request for Interrogatories to Defendant Derek Somerville

7. Second Request for Interrogatories to Defendant Mark Davis

8. Second Request for Production to Defendant True the Vote, Inc.

9. Second Request for Production to Defendant James Cooper

10. Second Request for Production to Defendant Ron Johnson

11. Second Request for Production to Defendant Mark Williams

12. Second Request for Production to Defendant Derek Somerville

13. Second Request for Production to Defendant Mark Davis

*See* Certificate of Service of Discovery Materials, ECF No. 100.[1]

Melena S. Siebert serves as the lead associate attorney in this case for The Bopp Law Firm, PC. Siebert Decl., Ex. A at ¶2. Ms. Siebert had the primary responsibility of consulting with Defendants for their responses to these requests. *Id.* at ¶4. As part of her responsibilities, Ms. Siebert drafted and reviewed responses to interrogatories, as well as massive quantities of production to determine responsiveness. *Id.* at ¶¶4-5. In early June, Ms. Siebert also drafted and reviewed amended responses to several subpoenas served upon several Georgia voters and consulted with these Georgia voters regarding the same.[2] *Id.* at ¶6. After reviewing her billing records for the relevant time period, Ms. Siebert calculated that she spent approximately 33 hours related to the responses to Requests to Defendants 2 - 13 listed above and the responses to the eight

---

[1] The certificate incorrectly listed a Second Request for Production to Defendant Mark Williams twice. One of those requests was instead made to Defendant Mark Davis.

[2] Plaintiffs served subpoenas on the following Georgia voters: BJ Van Gundy, Caroline Jeffords, Cindy Morley, David Clark, Jason Shepherd, Joe Martin, Larry Reynolds, and Seanie Zappendorf. BLF represented all of these voters for the purposes of responding to the subpoenas.

**Def. TTV Memo. ISO**
**for Am. Resp. to RFAs**                    3

subpoenas served on Georgia voters. *Id.* at ¶7. Ms. Siebert also serves as lead associate in several other cases and had responsibilities related to those cases as well during the relevant time period. *Id.* at ¶8. Through no fault of TTV, Ms. Siebert neglected to respond to Plaintiffs' First Set of Requests for Admissions purported upon it. *Id.* at ¶9. Ms. Siebert offers this recitation of her responsibilities and work not as an excuse to this Court but as a simple explanation of her unintentional neglect in failing to timely respond to the First RFAs.

The current deadline to complete discovery in this matter is set for October 31, 2021, with any motions for summary judgment or the proposed consolidated pretrial order to be filed by December 1, 2021. Order, ECF No. 118. Per parties' agreement, Plaintiffs will be conducting its 30(b)(6) deposition of TTV on October 26, 2021. Siebert Decl. ¶10. In light of these approaching deadlines, Plaintiffs' counsel contacted Defendants' counsel via email on October 6, 2021, asking whether we agreed with the position that since TTV did not timely respond to the First RFAs, they were deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). *Id.* at ¶11.  Upon receipt of this email, Ms. Siebert reviewed the records and discovered that she had neglected to respond to the First RFAs and

under the federal rules, they were deemed admitted. *Id.* at ¶12. Ms. Siebert responded via email to Plaintiffs' counsel, explaining her oversight on the First RFAs and asking if Plaintiffs would be willing to accept as timely TTV's Amended Responses to the First RFAs. *Id.* at ¶13. Ms. Siebert indicated that if Plaintiffs' counsel would not accept the amended responses as timely, TTV would file a motion to extend the time due to excusable neglect, pursuant to Federal Rule of Procedure 6(b)(1)(B).[3] On October 9, 2021, Ms. Siebert sent the proposed amended response to the First RFAs to Plaintiffs' counsel in advance of filing this Motion. *Id.* at ¶ 14; *see also* TTV's Proposed Am. Resp., Ex. B.  Plaintiffs' counsel responded, via email:

> In light of the factual and legal issues raised by True the Vote's proposed withdrawal of admissions, Plaintiffs request a 30-day extension of the discovery deadline for the ***limited purpose*** of allowing Plaintiffs to issue supplemental discovery requests, conduct the depositions of True the Vote, Inc., Amy Holsworth, Catherine Engelbrecht, Gregg Phillips, and OpSec Group, and re-open prior depositions of individual defendants if necessary; all other discovery shall be subject to the previously-ordered deadlines. Plaintiffs also request a corresponding extension until January 10, 2022, for summary judgment motions. Provided the Court grants Plaintiffs' request, Plaintiffs do not oppose True the Vote's motion to withdraw

---

[3] Upon further consultation with Plaintiffs' counsel and research, TTV's counsel now files this Motion pursuant to 36(b), instead of a 6(b)(1)(B).

**Def. TTV Memo. ISO**
**for Am. Resp. to RFAs**                     5

their admissions.

## Argument

In the Eleventh Circuit, courts are required to apply a two-part test in deciding whether to grant or deny a motion to withdraw or amend admissions. *In re Fancher*, 802 F. App'x 538, 543 (11th Cir. 2020). First, the court considers whether the withdrawal will subserve or promote the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. *Id*. Both parts of the test favor granting TTV's motion in this case.

**I. Granting TTV's Motion Promotes the Presentation of the Merits.**

If the matters deemed admitted would be dispositive or "conclusively establish" liability, then the presentation of the merits is subserved and the first prong of the test favors granting the motion to withdraw or amend the responses. *Id.* (internal citations omitted). In this case, denying the amendment of TTV's admissions will harm the presentation of the case. Only three of TTV's amended responses remain admitted without qualification, and many of the issues in the RFAs go to the heart of the case. For instance, Request No. 8 asked TTV to

"[a]dmit that you did not take steps to remove from the Challenge Lists the names of individuals who moved to engage in government service." TTV did in fact take steps to remove individuals from Challenge Lists who moved because of government service, particularly emphasizing analysis that would eliminate those serving in the military from its Challenge Lists. If deemed admitted, this "admission" will be in direct contradiction to evidence and responses TTV has provided. *See, e.g.,* TTV Resp. to Int. No. 1.

Because the responses deemed admitted are relevant to critical issues of fact in this matter, granting TTV permission to amend its responses to the First RFAs would promote, not subserve, the presentation of the merits of this case.

**II. Granting TTV's Motion Does Not Overly Prejudice Plaintiffs.**

The Eleventh Circuit has stated that the prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admissions will now have to convince the factfinder of its truth." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1266 (11th Cir. 2002) "Rather it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered

by the admissions." *Id.* (quoting *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988)). Specifically, "[a] court is more likely to find prejudice when a party seeks to withdraw admissions once trial has begun." *Perez,* 297 F.3d at 1267.

      Here, Plaintiffs will not be overly prejudiced by allowing TTV's amended responses to the First RFAs. Per parties' agreement, Plaintiffs' are conducting TTV's 30(b)(6) deposition on October 26, 2021, Siebert Decl. ¶10, so unavailability of key witnesses is not at issue here. Granting this motion will not delay this deposition as the amendment is consistent with TTV's other discovery responses. *See supra* at Part I. Plaintiffs' counsel will have nearly two weeks to prepare for the deposition in light of the amended responses. The deadline for summary judgment motions is December 1, 2021, and no trial date has been set. TTV is not opposed to an extension to either the discovery or summary judgment motion deadlines if the amended responses necessitate such.

      Therefore, granting TTV's Motion is consistent with circuit precedent because it does not overly prejudice Plaintiffs.

## Conclusion

This Court is required to determine whether: (1) granting TTV permission to amend its responses to the First RFAs will subserve or promote the presentation of the merits; and (2) whether the amendment will prejudice Plaintiffs in their presentation of the case. The issues contained in the deemed admissions are relevant to critical issues of fact in this matter. The amended responses are consistent with TTV's other responses and production. Therefore, granting TTV permission to amend its responses to the First RFAs would promote, not subserve, the presentation of the merits of this case. Since there is no danger in the unavailability in key witnesses, as TTV's 30(b)(6) deposition has yet to occur, dispositive briefing is not yet due, and a trial date has not been set, granting TTV's Motion is consistent with circuit precedent because it does not overly prejudice Plaintiffs.

Dated: October 12, 2021

/s/ Courtney Kramer
Courtney Kramer, GA No. 483608
ckramer@bopplaw.com

Courtney Kramer, Of Counsel
THE BOPP LAW FIRM, PC
821 Atlanta St.
Roswell, GA 30075
Telephone: (770) 715-2646
Facsimile: (812) 235-3685
*Local Counsel for Defendants*

Respectfully Submitted,

James Bopp, Jr.,* IN # 2838-84
 jboppjr@aol.com
Jeffrey P. Gallant,* VA # 46876
 jgallant@bopplaw.com
Courtney Turner Milbank,* IN# 32178-29
 cmilbank@bopplaw.com
Melena Siebert,* IN # 35061-15
 msiebert@bopplaw.com
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
**Admitted Pro hac vice*

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 12, 2021

/s/ Courtney Kramer
Courtney Kramer
Georgia Bar No. 483608
*Local Counsel for Defendants*

## Certificate of Service

I hereby certify that the foregoing document was served electronically on October 12, 2021, upon all counsel of record via the United States District Court for the Northern District of Georgia, electronic filing system.

/s/ Courtney Kramer
Courtney Kramer
Georgia Bar No. 483608
*Local Counsel for Defendants*
