**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**, *Plaintiffs,* | |
| *v.* | **Civ. No. 2:20-cv-00302-SCJ** |
| **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, *Defendants.* | **Hon: Steve C. Jones** |

# Declaration of Melena S. Siebert

Pursuant to 28 U.S.C. § 1746, I, Melena S. Siebert, declare as follows:

1. My name is Melena S. Siebert. I am over eighteen years of age, have personal knowledge of the facts stated in this Declaration, and can competently testify to the matters contained herein.

2. I serve as the lead associate attorney in this case for The Bopp Law Firm, PC.

3. On May 7, 2021, Plaintiffs' purported their First Requests for Admissions to Defendant True the Vote, Inc. ("**First RFAs**") as well as twelve other discovery requests on all named Defendants. ("**Twelve Requests**").

4. As the lead associate attorney assigned to this case, I had the primary responsibility of consulting with Defendants for their responses to the Twelve Requests and then drafting and reviewing Defendants' responses based upon those consultations.

5. I also had the primary responsibility to review massive quantities of production to determine responsiveness to Plaintiffs' Twelve Requests.

6. In early June, I also had the primary responsibility of consulting with clients who had been served subpoenas[1] and then drafting and reviewing their amended responses to those subpoenas based upon those consultations.

7. I reviewed my billing records for the relevant time period. I calculated that I spent approximately 33 hours related to the responses to Plaintiffs' Twelve Requests and the responses to the eight subpoenas served on Georgia voters.

---

[1]Plaintiffs served subpoenas on the following Georgia voters: BJ Van Gundy, Caroline Jeffords, Cindy Morley, David Clark, Jason Shepherd, Joe Martin, Larry Reynolds, and Seanie Zappendorf. BLF represented all of these voters for the purposes of responding to the subpoenas.

8. I also serve as lead associate in several other cases and had responsibilities related to those cases as well during the relevant time period.

9. Through no fault of TTV, I neglected to respond to Plaintiffs' First Set of Requests for Admissions purported upon it.

10. Per parties' agreement, Plaintiffs will be conducting its 30(b)(6) deposition of TTV on October 26, 2021.

11. In light of these approaching deadlines, Plaintiffs' counsel contacted Defendants' counsel via email on October 6, 2021, asking whether we agreed with the position that since TTV did not timely respond to the First RFAs, they were deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

12. Upon receipt of this email, I reviewed the records and discovered that I had neglected to respond to the First RFAs and under the federal rules, they were deemed admitted.

13. That same day, I responded via email to Plaintiffs' counsel, explaining my oversight on the First RFAs and asking if Plaintiffs would be willing to accept as timely TTV's Amended Responses to the First RFAs. I indicated that if Plaintiffs' counsel would not accept the amended responses as timely, TTV would file a motion to extend the time due to excusable neglect, pursuant to Federal Rule of

Procedure 6(b)(1)(B).

14. On October 9, 2021, I sent the proposed amended response to the First RFAs to Plaintiffs' counsel in advance of filing this Motion. TTV's Proposed Am. Resp., Ex. B. Plaintiffs' counsel responded, via email:

> In light of the factual and legal issues raised by True the Vote's proposed withdrawal of admissions, Plaintiffs request a 30-day extension of the discovery deadline for the ***limited purpose*** of allowing Plaintiffs to issue supplemental discovery requests, conduct the depositions of True the Vote, Inc., Amy Holsworth, Catherine Engelbrecht, Gregg Phillips, and OpSec Group, and re-open prior depositions of individual defendants if necessary; all other discovery shall be subject to the previously-ordered deadlines. Plaintiffs also request a corresponding extension until January 10, 2022, for summary judgment motions. Provided the Court grants Plaintiffs' request, Plaintiffs do not oppose True the Vote's motion to withdraw their admissions.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12, 2021.

Melena S. Siebert

Dated: October 12, 2021

/s/ Courtney Kramer
Courtney Kramer, GA No. 483608
ckramer@bopplaw.com

Courtney Kramer, Of Counsel
THE BOPP LAW FIRM, PC
821 Atlanta St.
Roswell, GA 30075
Telephone: (770) 715-2646
Facsimile: (812) 235-3685
*Local Counsel for Defendants*

Respectfully Submitted,

James Bopp, Jr.,* IN # 2838-84
jboppjr@aol.com
Jeffrey P. Gallant,* VA # 46876
jgallant@bopplaw.com
Courtney Turner Milbank,* IN# 32178-29
cmilbank@bopplaw.com
Melena Siebert,* IN # 35061-15
msiebert@bopplaw.com
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
**Admitted Pro hac vice*

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 12, 2021

/s/ Courtney Kramer
Courtney Kramer
Georgia Bar No. 483608
*Local Counsel for Defendants*

# Certificate of Service

I hereby certify that the foregoing document was served electronically on October 12, 2021, upon all counsel of record via the United States District Court for the Northern District of Georgia, electronic filing system.

/s/ Courtney Kramer
Courtney Kramer
Georgia Bar No. 483608
*Local Counsel for Defendants*