IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>  Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>  Defendants. | CIVIL ACTION FILE<br><br>No. 2:20-CV-0302-SCJ |

## ORDER

This matter appears before the Court on the parties' discovery disputes, for which the Court held an informal discovery dispute resolution conference call on November 17, 2021.[1]

---

[1] Post-hearing, the Court requested that the parties forward the discovery requests and answers at issue to its Courtroom Deputy Clerk. Said discovery documents have been received and reviewed by the Court.

The two issues for the Court are: (1) whether Defendants Mark Davis and Derek Somerville should be ordered to respond to discovery requests regarding their efforts to identify ineligible voters and solicit challengers for the January 5, 2021 runoff and (2) whether the Court should strike Defendants' discovery requests as untimely.

**A.     Issue No. 1**

As stated by Plaintiffs in their letter to the Court, in February 2021, Plaintiffs issued discovery requests to Defendants Davis and Somerville which sought, among other things, documents related to their "'efforts to highlight issues in Georgia's voter rolls," as referenced in True the Vote's December 18, 2020 press release."[2] In their arguments, Plaintiffs focus on the language of the press release that states that True the Vote was "working alongside" Davis and Somerville "who have been leading citizen efforts to highlight issues in Georgia's voter rolls . . . ." Doc. No. [73-1], 3. Plaintiffs state that in their October 2021 depositions, Defendants Davis and Somerville revealed that they prepared lists of purportedly ineligible voters and solicited volunteers

---

[2] The press release is attached as an exhibit to the Amended Complaint. Doc. No. [73-1].

2

to challenge them during the January 5, 2021 runoff; however, Defendants have not produced any documents or provided a substantive response to Plaintiffs' discovery requests concerning "efforts to highlight issues in Georgia's voter rolls."

In opposition, Defendants assert that the discovery requests are beyond the scope of permissible discovery as they are not relevant to any party's claim or defense and are not proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendants' argument focuses on the language of the Amended Complaint, which contains allegations of Davis and Somerville "act[ing] in concert with True the Vote in its effort to challenge the eligibility of hundreds of thousands of Georgians to vote." Doc. No. [73], ¶¶ 20–21. Defendants also focus on the language of the discovery requests at issue and the definitions (provided by Plaintiffs) and state that by Plaintiffs' own definitions, the scope of the requests at issue are limited to work that Defendants Davis and Somerville did in conjunction with True the Vote—for which Davis and Somerville have provided evidence and deposition testimony that they did no

such work.³ Defendants further state that "[a]ny discovery requests regarding challenge efforts they may have been involved with that were separate and independent from [True the Vote] are simply of no consequence in determining the action before this Court."

After review, the Court concludes that there is merit to both sides' arguments; however, in reviewing the arguments, the Court deems it proper to

---

³ More specifically, Defendants focus on the use of the word "and" in the discovery requests and in support of their argument, they cite the Eleventh Circuit's opinion in American Bankers Insurance Group v. United States, 408 F.3d 1328, 1332 (11th Cir. 2005) in which the Eleventh Circuit stated:

> Here, there is nothing in the statutory context to suggest that "and" is used in the provision as meaning "or." The phrase is unambiguous. The plain meaning is clear: "and" is used conjunctively.

However, the American Bankers case is a statutory interpretation case and there is some authority that looks to practical experience in ruling upon discovery issues and cautions against overly technical readings of discovery requests. See e.g., Rovai v. Select Portfolio Servicing, Inc., No. 14CV1738-BAS (MSB), 2019 WL 1330922, at *2 (S.D. Cal. Mar. 22, 2019) ("Nevertheless, parties should focus on the 'full and efficient discovery' goal of the Federal Rules of Civil Procedure, and not engage in 'evasion and word play.'") (citations omitted); Downey v. Trenary, No. C17-1024-JCC-MAT, 2018 WL 1014557, at *3 (W.D. Wash. Feb. 22, 2018) ("A party may not avoid responding to requests for production based on technicalities. 'When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request.'") (citations omitted); and Burton v. R.J. Reynolds Tobacco Co., 175 F.R.D. 321, 326 (D. Kan. 1997) ("While [another judge] used the conjunctive term rather than the disjunctive term, the court interpreted the order in the context of discovery based upon the court's practical experience.").

exercise its discretion to order the responses to the discovery requests at issue as the Court cannot definitively conclude that they are not relevant to the claims of the Complaint.[4] The press release at issue is attached as an exhibit to the Complaint[5] and it appears to the Court that Plaintiffs should be able to probe the statements in that press release without merely having to take Defendants' word for it through their statements denying working in conjunction with True the Vote. See Clayton v. All. Outdoor Grp. Inc., No. 3:20-CV-117 (CDL), 2021 WL 1947886, at *2 (M.D. Ga. Mar. 30, 2021) ("To simply require [plaintiff] to take [d]efendants' word for it would be inconsistent with the purpose of all judicial inquiry—ascertainment of the truth."). This ruling is also consistent with the Federal Rules of Civil Procedure, which "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

---

[4] "The trial court, however, is given wide discretion in setting the limits of discovery." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

[5] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

While the Court recognizes Defendants' slippery slope argument, the policy in the federal rules in favor of full discovery, the goal of truth ascertainment, and the jurisprudence concerning overly technical interpretations of discovery requests provide guidance toward the exercise of the Court's discretion to require production.[6]

### B.     Issue No. 2

Plaintiffs assert that Defendants issued untimely discovery requests on November 1, 2021—more than thirty days after the October 1, 2021 discovery deadline. Plaintiffs recognize that there had been a discovery extension until October 31, 2021 (a Sunday);[7] however, said extension was for completing depositions only. Doc. No. [118]. Plaintiffs state that under the plain language and Advisory Committee notes of Federal Rule of Civil Procedure 6(a), the fixed time of October 31, 2021 could not be extended to Monday, November 1, 2021.

In opposition, Defendants assert that the November 1, 2021 date is consistent with the intent and overall scope of Federal Rule of Civil Procedure 6.

---

[6] This Order is limited to the facts and circumstances of this case.

[7] The Court notes that the October 31, 2021/Sunday date was stated by Defendants in their motion for extension and proposed order, which the Court adopted and entered. Doc. Nos. [116]; [116-1].

Plaintiffs are correct that the Advisory Committee notes to Rule 6 indicate that when there are dates certain, the computation of time rules language extending weekend deadlines to the next business day do not apply; however, even in setting aside the deadline/computation of time argument, the plain language of Defendants' discovery extension motion (Doc. No. [116], 3) shows that the extension was for depositions only (which is what the parties had agreed to). Here, the Court must hold the parties to their agreement and concludes that the November 1, 2021 discovery requests are not proper. Plaintiffs are not required to respond to the November 1, 2021 discovery requests.

## CONCLUSION

In sum, the Court **ORDERS** that Defendants Davis and Somerville shall fully respond to the discovery requests at issue.[8] The Court further **ORDERS** that the November 1, 2021 discovery requests are not proper and no response to said requests is required.

---

[8] Plaintiffs have described the requests at issue as: Request for Production Nos. 1–4; 6–11; 13–14 and Interrogatories Nos. 1–4; 6–8.

7

**IT IS SO ORDERED** this 19th day of November, 2021.

_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**