IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>   Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>   Defendants. | CIVIL ACTION FILE<br><br>No. 2:20-CV-0302-SCJ |

## ORDER

This matter appears before the Court on the parties' discovery disputes concerning the scope of the upcoming depositions, for which the Court held an informal discovery dispute resolution conference on December 17, 2021.[1]

---

[1] Post-hearing and pursuant to the Court's instruction, Plaintiffs' Counsel forwarded a list of jurisdictions that would serve as the focus of Plaintiffs' depositions questions.

After consideration, the Court issues the following order in the exercise of its discretion.

Defense Counsel shall not instruct individual and Rule 30(b)(6) witnesses to not answer questions absent compliance with applicable discovery rules and law. See Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

It is further **ORDERED** that True the Vote, Inc. and OpSec Group, LLC shall present a witness that is adequately prepared to answer questions (at a properly noticed deposition) relating to the topics listed in Plaintiffs' respective Rule 30(b)(6) deposition notices with the following limitation: Plaintiffs shall limit their questions regarding True the Vote, Inc.'s and OpSec Group, LLC's pre- and post-election activities to **2012** onward and the following states:

**Georgia**
**Texas**
**Ohio**
**Pennsylvania**
**Michigan**
**Wisconsin**[2]

---

[2] The Court recognizes that at the discovery conference, it offered Defense Counsel an

No additional limitations on discovery are warranted at this time. The Court also declines to limit questioning on King Street Patriots, as inquiry into said organization is an appropriate ground for discovery based upon Plaintiffs' Counsel's proffer that True the Vote, Inc. is a "spinoff" of King Street Patriots.

In conclusion, the parties' discovery disputes are resolved in accordance with the above-stated rulings.

**IT IS SO ORDERED** this 22nd day of December, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

opportunity to object to the jurisdiction limitations. If there is any objection, Defense Counsel shall file said objection on CM/ECF by **WEDNESDAY, JANUARY 5, 2022.** The Court will rule thereafter. Absent timely objection, the parties shall proceed in accordance with the above-stated jurisdictional limitations.