**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

| | |
|---|---|
| **Fair Fight, Inc., John Doe,** and **Jane Doe**, | |
| *Plaintiffs* and *Counter-Defendants*, | |
| *v.* | |
| **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, True the Vote, Inc.,** and **John Does 1-10**, | Civ. No. 2:20-cv-00302-SCJ  Hon: Steve C. Jones |
| *Defendants* and *Counter-Plaintiffs*, | |
| **Fair Fight Action, Inc.,** *Counter-Defendants.* | |

**Defendant True the Vote, Inc.'s Amended Responses to Plaintiffs' First Requests for Production**

Pursuant to Federal Rule of Civil Procedure 34, Defendant True the Vote, Inc. ("TTV") responds to Plaintiffs' First Requests for Production.

# General Objections

1.     Defendant TTV objects to these requests to the extent that they purport to

**Def. TTV**
**Am. Resp. to RFP.**                    1

call for the production of documents/information that: (a) contain privileged

attorney-client communications; (b) constitute attorney work product; (c) disclose

the mental impressions, conclusions, opinions, or legal theories of any attorneys or

other representatives of the Plaintiffs; (d) were prepared in anticipation of

litigation; or (e) are otherwise protected from disclosure under applicable

privileges, immunities, laws, or rules.

2.     Defendant TTV objects to these requests to the extent that they are vague,

not limited in scope, unreasonably broad and burdensome, or beyond the scope of

either category of permissible discovery under Fed. R. Civ. P. 26(b)(1).

3.     Defendant TTV objects to the instructions accompanying the requests to the

extent that they purport to impose obligations beyond those imposed by the

Federal Rules of Civil Procedure, or any order promulgated by this Court.

4.     Defendant TTV objects to discovery requests that are not proportional to the

needs of the case and that are not "relevant to any party's claim or defense." Fed.

R. Civ. P. 26(b)(1).

5.     Defendant TTV objects to requests for information the benefit of which is

outweighed by its lack of importance in resolving the issues at stake in this case,

**Def. TTV**
**Am. Resp. to RFP.**                    2

the amount in controversy, the parties' relative access to relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Consistent with this rule, Defendant TTV does not produce multiple copies of a communication, e.g., where one email chain has multiple communications, earlier included ones are not produced as separate documents.

6.     By responding to these requests, Defendant TTV does not concede that any of the documents requested are relevant to a claim or defense or the subject matter of this action, or are admissible at the trial thereof, or that any person identified in the responses has documents relevant to this action. Defendant TTV reserves any and all objections as to competency, relevance, materiality, privilege, admissibility, or any other grounds on which an objection may be made. Defendant TTV expressly reserves the right to object to further discovery into the subject of these requests. Any response to a request that inadvertently discloses privileged documents/information is not intended to and shall not be deemed or construed to constitute a waiver of any privilege or right of Defendant TTV. Insofar as a response to a request may be deemed to be a waiver of any privilege

**Def. TTV**
**Am. Resp. to RFP.**                   3

or right, such waiver shall be deemed to be a waiver limited to that particular response only.

7.    Defendant TTV objects to Plaintiffs' discovery requests to the extent that they seek to require him to produce documents or information not in its care, custody, or control or to answer on behalf of other parties.

8.    Defendant TTV  states that trial preparation and factual investigation are ongoing. Defendant TTV's responses to Plaintiffs' discovery requests are based on information known to Defendant TTV  at this time, and Defendant TTV will supplement its responses appropriately if more documents are deemed responsive. Defendant TTV  reserves the right to make reference at trial or any proceeding in this or any other action to facts or documents not identified in these responses, the existence or relevance of which is later discovered by Defendant TTV or its counsel.

6.    Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each specific response, Defendant TTV (a) makes further objections in response to individual requests and (b) makes the required good-faith attempt to fulfill the duty to provide all responsive information

**Def. TTV**
**Am. Resp. to RFP.**                    4

readily available without undue labor and expense.

7.     Defendant TTV objects to producing individuals' personal information, including emails and phone numbers, based upon privacy and relevancy.

### Requests for Production

**Request for Production No. 1:** All documents you consulted or referred to, or that otherwise relate to, your Answers to Plaintiffs' First Set of Interrogatories to Defendant True the Vote, Inc..

**Response:** Produced to the extent not subject to the following objections.

TTV objects to further production to the extent it seeks documents and materials protected by the First Amendment to the United States Constitution, namely the right of association and the right to petition the government, which are both protected from undue disclosure or investigation.

TTV's counsel contacted Plaintiffs' counsel to seek agreement that the parties would seek a protective order, which would preclude publication of confidential information and would require the parties to seek a motion for leave to file under seal if any documents containing personal information were to be filed with the Court. In addition, TTV's counsel asked Plaintiffs' counsel if they

**Def. TTV**
**Am. Resp. to RFP.**                    5

would agree not to sue any person identified as an individual challenger. While Plaintiffs' counsel was willing to discuss a protective order and filing under seal, as allowed, they were not willing to agree not to sue individual challengers. Therefore, TTV objects to Request Number 1 to the extent it seeks documents and materials protected by the First Amendment to the United States Constitution, namely the right of association and the right to petition the government for a redress of grievances, both of which are protected from undue disclosure and investigation.

Further, TTV objects to Request Number 1 to the extent it seeks documents and materials that would likely lead to intimidation or harassment of individual challengers in violation of Section 11(b) of the Voting Rights Act. *See* Defendants' Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, Affirmative Defenses, and Counterclaims Against Plaintiffs and Defendant Fair Fight Action, Inc., ECF No. 40.

**Request for Production No. 2:** All documents or communications discussing, analyzing, referring to, or otherwise relating to or regarding the Georgia Elector Challenges, including but not limited to all communications with

**Def. TTV**
**Am. Resp. to RFP.**                              6

or involving the email address gaelectorchallenge@truethevote.org, copies of the

challenge, including the list of Targeted Voters submitted to each County, and the

basis for any conclusion that any of the Targeted Voters are not eligible to vote

under Georgia law.

**Response:** Produced to the extent not subject to the following objections.

The lists of challenged voters for the following counties have been produced:

| | | | |
|---|---|---|---|
| 1. Fulton | 17. Columbia | 33. Thomas | 49. Wilcox |
| 2. Butts | 18. DeKalb | 34. Tift | 50. Franklin |
| 3. Barrow | 19. Fayette | 35. Wheeler | 51. Coffee |
| 4. Clayton | 20. Hall | 36. Wilkes | 52. Lee |
| 5. Dodge | 21. Hancock | 37. Jones | 53. Ben Hill |
| 6. Douglas | 22. Hart | 38. Clarke | 54. Bibb |
| 7. Oconee | 23. Henry | 39. Bleckley | 55. McDuffie |
| 8. Oglethorpe | 24. Houston | 40. Dougherty | 56. McIntosh |
| 9. Cobb | 25. Jasper | 41. Crawford | 57. Gwinnett |
| 10. Banks | 26. Jefferson | 42. Lamar | 58. Toombs |
| 11. Appling | 27. Johnson | 43. Dawson | 59. Habersham |
| 12. Bacon | 28. Madison | 44. Jackson | 60. Dooly |
| 13. Brooks | 29. Rockdale | 45. Union | 61. Coweta |
| 14. Charlton | 30. Sumter | 46. Webster | 62. Calhoun |
| 15. Cherokee | 31. Taliaferro | 47. Walton | 63. Crisp |
| 16. Baldwin | 32. Tattnall | 48. Terrell | 64. Towns |
| | | | 65. White |

**Def. TTV**
**Am. Resp. to RFP.**                7

The challenge lists for the Georgia counties noted above were the only challenges TTV submitted via gaelectorchallenge@truethevote.org in accordance with the process described in TTV's Response to Interrogatory No. 4. Otherwise, TTV submitted no other challenges.

Defendant TTV incorporates its objections set forth in Response No. 1. TTV described its basis for its conclusion that the challenged voters might not be eligible to vote under Georgia law in it Responses to Plaintiffs' Interrogatories. Otherwise, Defendant TTV has no responsive documents in its care, custody, or control.

**Request for Production No. 3:** All communications with each of the "Georgia voters" whom you worked with in connection with the Georgia Elector Challenges as referred to in your December 18, 2020 Press Release. This includes but is not limited to the "Georgia voters" referred to in the Press Release as "representing all 159 counties," as well as Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, and James Cooper.

Ex. C to Defs.' Statement of Facts

**Response:** Produced to the extent not subject to the following objections. Defendant TTV incorporates its objections set forth in Response No. 1. Otherwise, Defendant TTV has no responsive documents in its care, custody, or control.

**Request for Production No. 4:** All communications regarding the Voter Challenge Lawsuit, including but not limited to the temporary restraining order issued in that lawsuit and the Secretary of State's December 28, 2020 press release regarding the case and/or the order.

**Response:** Defendant TTV objects to this Request to the extent it seeks information beyond the scope of relevant material under Federal Rule of Civil Procedure 26. Otherwise, Defendant TTV has no responsive documents in its care, custody, or control.

**Request for Production No. 5:** All communications regarding your offer to provide "legal support" to Counties in your December 22, 2020 Press Release.

**Response:** Produced.

**Request for Production No. 6**: All documents and communications related to your "partnership" with the Georgia Republican Party "to assist with the Senate runoff election process," as announced in your December 14, 2020 Press Release.

**Def. TTV**
**Am. Resp. to RFP.**                   9

**Response:** TTV has no responsive documents in its care, custody, or control.

**Request for Production No. 7:** All communications related to your "offer" to the Georgia Democratic Party referenced in your December 14, 2020 Press Release.

**Response:** Produced.

**Request for Production No. 8:** All documents supporting your claim that voter fraud occurred in the November Election, that Georgia law was not upheld in that election, or that—to use the terminology on your Website—"law-abiding voters [did not] have their voices heard" in the November Election or in any prior election in Georgia over the last ten years.

**Response:** Defendant TTV objects to this Request to the extent it seeks information beyond the scope of relevant material under Federal Rule of Civil Procedure 26. Otherwise, TTV has no documents or communications in its care, custody, or control.

**Request for Production No. 9:** All documents supporting the statement on your Website that "Election law experts have long held that the margin of election fraud is 3 – 5%."

**Def. TTV**
**Am. Resp. to RFP.**                    10

**Response:** Defendant TTV objects to this Request to the extent it seeks information beyond the scope of relevant material under Federal Rule of Civil Procedure 26. Otherwise, many election experts have expressed concern about voter fraud, widespread mail-in voting, ballot harvesting, maintenance of voter lists, and many other election integrity concerns. In 2005, the bipartisan Commission on Federal Election Reform, led by President Jimmy Carter and Secretary of State James Baker, addressed and warned about many of these concerns. The report can be found at:

https://www.fec.gov/resources/cms-content/documents/ar05.pdf

**Request for Production No. 10:** All documents supporting the statement on your Website that Georgia elections have been or that the Run-off Election will be, "targeted for subversion," that "ineligible voters will be more likely to vote," or that "invalid votes will more likely be counted."

**Response:** TTV asserts that the Georgia Elector Challenges themselves support these statements. TTV also maintains that the Compromise Settlement Agreement and Release entered into between the Democratic Party of Georgia, Inc., the DSCC, and the DCCC on one side and Brad Raffensperger, Rebecca N.

Sullivan, David J. Worley, Seth Harp, and Anh Le on the other side, made it more

likely that ineligible voters would vote and that invalid votes would more likely be

counted. In addition, investigations of The New Georgia Project also support

TTV's assertions. *See*

https://townhall.com/tipsheet/reaganmccarthy/2020/12/01/abramswarnock-voter-g

roup-fraud-n2580878

**Request for Production No. 11:** All documents or communications

discussing, analyzing, referring to, or otherwise relating to your "Validate the

Vote" Program, including but not limited to any and all information about where

you have publicized the program, any documents or communications using the

word "bounty," any communications with anyone in purported response to the

program, and any "credible evidence of criminal malfeasance" that you have

identified in connection with elections in response to your Validate the Vote

Program, including but not limited to any documents or communications related

thereto.

**Response:** TTV promoted Validate the Vote generally on our website, social

media, YouTube, radio, online news publications, and Fox News. A spreadsheet of

**Def. TTV**
**Am. Resp. to RFP.**                    12

the articles and references to Validate the Vote has been produced. TTV has searched its records and cannot find any reference to the word "bounty" relative to Validate the Vote. Ms. Engelbrecht may have used the word "bounty" on a podcast but cannot find specific reference to it for production.

As part of Validate the Vote program, an election integrity hotline was created. When people would call in with reports of concerns, the concerns were vetted (as the hotline was used by people to make many vile threats against TTV). Any vetted reports were turned over to the proper authorities for investigation.

Otherwise, TTV has no documents under its care, custody, or control.

**Request for Production No. 12:** All documents or communications involving or relating to the Twitter account of "@Crusade4Freedom," including but not limited to any information regarding the identity or identities of the person or people who maintain, operate, or use that account and their association with or communications with True the Vote.

**Response:** TTV has no association with or knowledge relating to the Twitter account of "@Crusade4Freedom." Therefore, TTV has no documents or communications in its care, custody, or control.

**Def. TTV**
**Am. Resp. to RFP.**                    13

**Request for Production No. 13:** All communications regarding your "voter registry research" as referenced in your December 18, 2020 press release, including but not limited to communications with persons involved in preparing lists of Targeted Voters or identifying registered voters whom you allege do not reside in their county of record or in the state of Georgia based on "filings with the United States Postal Service National Change of Address and other supporting commercial databases."

**Response:** Produced to the extent not subject to objection. Otherwise, TTV has no documents in its care, custody, or control.

**Request for Production No. 14:** All documents and communications regarding the methodology used to conduct "voter registry research" as referenced in your December 18, 2020 press release, including but not limited to attempts to identify voters registered in Georgia whom you claim, based on "filings with the United States Postal Service National Change of Address and other supporting commercial databases," no longer reside in the county of record or the state of Georgia.

**Response:** Produced to the extent not subject to objection. Defendant TTV incorporates its objections set forth in Response No. 1. Otherwise, Defendant TTV has no responsive documents in its care, custody, or control.

**Request for Production No. 15:** All communications with individuals or entities involved in identifying voters registered in Georgia whose names, as you claim, appear in "filings with the United States Postal Service National Change of Address and other supporting commercial databases."

**Response:** Produced to the extent not subject to objection. Defendant TTV incorporates its objections set forth in Response No. 1. Otherwise, Defendant TTV has no responsive documents in its care, custody, or control.

Ex. C to Defs.' Statement of Facts

Dated: May 16, 2022

/s/ Ray Smith, III
Ray Smith, III, GA # 662555
rsmith@smithliss.com

Smith & Liss, LLC
Five Concourse Parkway
Suite 2600
Atlanta, GA 30328
Telephone: (404) 760-6000
Facsimile: (404) 760-0225
*Local Counsel for Defendants*

Respectfully Submitted,

James Bopp, Jr.,* IN # 2838-84
 jboppjr@aol.com
Jeffrey P. Gallant,* VA # 46876
 jgallant@bopplaw.com
Courtney Turner Milbank,* IN#
32178-29
 cmilbank@bopplaw.com
Melena Siebert,* IN # 35061-15
 msiebert@bopplaw.com
The Bopp Law Firm, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
*Admitted Pro hac vice*

**Def. TTV**
**Am. Resp. to RFP.**          16

## Certificate of Service

I hereby certify that the foregoing document was served electronically on

May 16, 2022, upon all counsel of record via email.

_/s/ Ray S. Smith, III_
Ray S. Smith, III
Georgia Bar No. 662555
_Local Counsel for Defendants_

**Def. TTV**
**Am. Resp. to RFP.**          17

Ex. C to Defs.' Statement of Facts