**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

| | |
|---|---|
| **Fair Fight, Inc., John Doe,** and **Jane Doe**, | |
| *Plaintiffs,* | |
| *v.* | |
| **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, | Civ. No. 2:20-cv-00302-SCJ <br><br> Hon: Steve C. Jones |
| *Defendants.* | |

### Defendant Derek Somerville's Amended Responses and Objections to Plaintiffs' Second Interrogatories

Pursuant to Federal Rule of Civil Procedure 33, Defendant Derek Somerville responds to Plaintiffs' Second Interrogatories.

## General Objections

1.      Defendant Somerville objects to these requests to the extent that they purport to call for the production of documents/information that: (a) contain

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                     1

privileged attorney-client communications; (b) constitute attorney work product;

(c) disclose the mental impressions, conclusions, opinions, or legal theories of any

attorneys or other representatives of the Plaintiffs; (d) were prepared in

anticipation of litigation; or (e) are otherwise protected from disclosure under

applicable privileges, immunities, laws, or rules.

2.    Defendant Somerville objects to these requests to the extent that they are

vague, not limited in scope, unreasonably broad and burdensome, or beyond the

scope of either category of permissible discovery under Fed. R. Civ. P. 26(b)(1).

3.    Defendant Somerville objects to the instructions accompanying the requests

to the extent that they purport to impose obligations beyond those imposed by the

Federal Rules of Civil Procedure, or any order promulgated by this Court.

4.    Defendant Somerville objects to discovery requests that are not proportional

to the needs of the case and that are not "relevant to any party's claim or defense."

Fed. R. Civ. P. 26(b)(1).

5.    Defendant Somerville objects to requests for information the benefit of

which is outweighed by its lack of importance in resolving the issues at stake in

this case, the amount in controversy, the parties' relative access to relevant

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                              2

information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Consistent with this rule, Defendant Somerville does not produce multiple copies of a communication, e.g., where one email chain has multiple communications, earlier included ones are not produced as separate documents.

6.      Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each specific response, Defendant Somerville (a) makes further objections in response to individual requests and (b) makes the required good-faith attempt to fulfill the duty to provide all responsive information readily available without undue labor and expense.

7.      Defendant Somerville objects to producing individuals' personal information, including emails and phone numbers, based upon privacy and relevancy.

## DEFINITIONS

Except as specifically defined below, the terms used in these requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                    3

1.     "Communication" means any transfer of information, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means. It includes communications entirely internal to True the Vote, as well as communications that include or are with entities and individuals outside of that organization.

2.     "County" means any county in Georgia, as well as all employees, staff, agents, and representatives of the county, including the county boards of registrar's offices, county registrars, or any other person with a responsibility for conducting or supervising elections in the county.

3.     "Date" means the exact day, month, and year, if ascertainable, or, if not, the est available approximation (including relationship to other events).

4.     "Describe" means explain with particularity.

5.     "Georgia Elector Challenges" means the challenges to voter eligibility of registered Georgia voters in advance of the Run-off Election in which you and True the Vote have been and are involved and which are described, among other places, in True the Vote's December 18, 2020 Press Release.

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                                    4

6.    "December 18, 2020 Press Release" means the press release posted on the True the Vote Website on that date, attached hereto as Exhibit A.

7.    "Identify," when used in reference to a communication, means to state when and where the communication was made; each of the makers and recipients thereof, in addition to all others present; the medium of communication; and its substance.

8.    "Identify," when used in reference to a government agency, firm, partnership, corporation, proprietorship, association, other entity, or person, means to state its, his, or her full name and present or last-known address.

9.    "Identify," when used in reference to processes or steps taken by you or others with whom you have worked on the matters at issue in this litigation, means to chronologically detail each and every action taken by any and all entities or persons, to identify the actor, and to detail how and when that action was or will be aken and for how long.

10.    "Including" means "including but not limited to."

11.    "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures,

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                              5

proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

12.   "Relating to," "regarding," and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

13.   "Run-off Election" means the January 5, 2021 Senate Run-off election held in Georgia.

14.   "Targeted Voter" or "Targeted Voters" means the registered Georgia voters who are the subject of the Georgia Elector Challenges.

15.   "True the Vote" means the organization that goes by the name of True the Vote, its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

16.   "Voter" means any registered voter in Georgia and all persons who may

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                              6

properly register to vote in the state by the close of discovery in this case.

17.   "You" and "your" means Defendant Derek Somerville and any of his

representatives, agents, or anyone acting on his behalf.

## INTERROGATORIES

**Interrogatory No. 6:** Identify and describe in detail all communications you

had regarding the accuracy of the Georgia Elector Challenges.

**Response:** I have never seen the Georgia Elector Challenges prepared by

True the Vote, nor have I participated in any review of their accuracy.

I object to the requested supplementation of this interrogatory on four bases:

(1) I already answered this Plaintiffs'-defined interrogatory fully and truthfully;

(2) the requested supplementation is beyond the scope of permissible discovery as

it is not "relevant to any party's claim or defense" and is not proportional to the

needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1); (3) the

requested supplementation seeks information protected by the First Amendment to

the United States Constitution, namely the right to petition the government for the

redress of grievances, which is protected from undue disclosure and investigation;

and (4) the requested supplementation seeks information that would violate §

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                               7

11(b) of the Voting Rights Act, which protects the right to be free from intimidation.

First, this interrogatory requests information related to all communications I had regarding the accuracy of the "Georgia Elector Challenges." Plaintiffs have defined "Georgia Elector Challenges" as "the challenges to voter eligibility of registered Georgia voters in advance of the Run-off Election in which you ***and*** True the Vote have been and are involved and which are described, among other places, in True the Vote's December 18, 2020 Press Release."[1] (emphasis added). Plaintiffs have incorporated the defined term of  "Georgia Elector Challenges" into its other defined term of "Targeted Voter" or "Targeted Voters." Using that Plaintiffs'-defined incorporation, this term means "the registered Georgia voters who are the subject of the [the challenges to voter eligibility of registered Georgia voters in advance of the Run-off Election in which you ***and*** True the Vote have

---

[1] Plaintiffs have also requested I supplement this interrogatory "to accurately account for [my] challenge efforts in advance of the 2020 General Election." Nkwonta Email to Defendants' Counsel, October 14, 2021. I object to any supplementation of information related to the 2020 General Election to any interrogatory as beyond the scope of permissible discovery as it is irrelevant to any parties' claim or defense. Fed. R. Civ. P. 26(b)(1).

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                              8

been and are involved and which are described...].

Plaintiffs did not define these terms using the disjunctive "or," but rather the conjunctive "and." By Plaintiffs' own definition, the scope of this interrogatory is limited to communications regarding the accuracy of the Georgia Elector Challenges that occurred in conjunction with True the Vote. I had no role and involvement regarding the accuracy of the Georgia Elector Challenges in conjunction with True the Vote. I object to further supplementation of this interrogatory on the basis that I have already answered this Plaintiffs'-defined interrogatory fully and truthfully and have supported the answer to this interrogatory in my deposition testimony.

Second, the First Amended Complaint states, "[u]pon information and belief, Defendant Somerville has assisted and **acted in concert with True the Vote** in its effort to challenge the eligibility of hundreds of thousands of Georgians to vote." ¶ 20. (emphasis added). Plaintiffs have alleged True the Vote "challenge[d] over 364,000 Georgians' eligibility to vote and recruit[ed] Georgians to engage in its "ballot security" operation in Georgia in advance of the state's January Senate Runoff." ¶ 18.

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                                    9

Plaintiffs allege, in their single claim, that "Defendants, by engaging in an unprecedented effort to challenge the eligibility of hundreds of thousands of Georgians to vote, by recruiting "citizen watchdogs" to watch voters return their ballots, and by offering a $1 million reward to incentivize its supporters to find evidence of "illegal voting," have engaged in activities which are objectively likely to intimidate voters in violation of § 11(b) of the Voting Rights Act. First Am. Compl., ECF No. 73, ¶ 79.

The scope of Plaintiffs' First Amended Complaint defines me as a Defendant by my alleged "act[ing] in concert with True the Vote" and the Plaintiffs' claim relates to the alleged "challenge to hundreds of thousands of voters." Therefore, Plaintiffs' claim, as it relates to my alleged involvement, concerns the allegations that I acted in concert with True the Vote to challenge hundreds of thousands of voters, recruited citizen watchdogs, and offered a reward to find evidence of illegal voting.

As I have fully and truthfully testified to in both my responses to interrogatories and in deposition testimony, I did not act in concert with True the Vote. I object to the supplementation of this interrogatory to include any work I

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                    10

Ex. L to Defs.' Statement of Facts

may have done separately and independently from True the Vote as beyond the

scope of permissible discovery because it is not relevant to Plaintiffs' claim that I

acted in concert with True the Vote to challenge hundreds of thousands of voters,

recruited citizen watchdogs, or offered a reward to find evidence of illegal voting.

Further, I never recruited citizen watchdogs or offered a reward to anyone to find

evidence of illegal voting, either independently or in concert with True the Vote.

The "Federal Rules of Civil Procedure strongly favor full discovery

whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545,

1547–48 (11th Cir. 1985). However, the proper scope of discovery is not without

limits. The Eleventh Circuit has instructed that "[e]vidence is relevant if it has any

tendency to make a fact more or less probable than it would be without the

evidence, and the fact is of consequence in determining the action." *Aycock v. R.J.*

*Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014).

This action, by virtue of Plaintiffs' own pleadings, concerns actions of True

the Vote and those who worked in concert with True the Vote. Plaintiffs have not

included claims relevant to challenges submitted by anyone who did not act in

concert with True the Vote. Any response to this interrogatory that would concern

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                    11

challenge efforts I may have been involved with that were separate and independent from True the Vote is simply of no consequence in determining the action before this Court.

Third, any work I may have done separately from True the Vote related to challenges is directly related to my First Amendment right to petition the government for the redress of grievances.

Fourth, any work I may have done separately from True the Vote related to challenges was done to protect my vote from voter dilution. The right to protect my vote from voter dilution is essential to my right to vote and is subject to § 11(b) of the Voting Rights Act, which includes the right to be free from intimidation from those who seek to prevent me from protecting my right to vote.

Therefore, I object to the requested supplementation to this interrogatory as beyond the scope of permissible discovery as it is not "relevant to any party's claim or defense" and is not proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1).

**Interrogatory No. 7:** Identify and describe in detail all communications you had regarding Targeted Voters who were ultimately determined to be residents of

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                             12

the counties in which they were registered.

**Response:** I have had no communications with any Targeted Voter determined to be a resident of the county in which they were registered.

I incorporate and adopt my objections to the Request for Supplementation to Interrogatory No. 6 hereto.

**Interrogatory No. 8:** Identify and describe in detail all communications you had with challengers who withdrew or attempted to withdraw Georgia Elector Challenges submitted in their names, and describe in detail the reasons why those individuals sought to withdraw the challenges.

**Response:** I had absolutely no involvement with the identification of challengers or submission of Georgia Elector Challenges and am completely unaware of any challengers who withdrew or attempted to withdraw Georgia Elector Challenges Submitted in their names.

I incorporate and adopt my objections to the Request for Supplementation to Interrogatory No. 6 hereto.

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                                13

I, the undersigned, affirm under the penalties for perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct.

Date: _10/28/21_

Derek Somerville

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**                    14

Ex. L to Defs.' Statement of Facts

Dated: October 28, 2021

Respectfully Submitted,

/s/ Courtney Kramer
Courtney Kramer, GA No. 483608
ckramer@bopplaw.com

Courtney Kramer, of Counsel
THE BOPP LAW FIRM, PC
821 Atlanta St.
Roswell, GA
Telephone: (770) 715-2646
Facsimile: (812) 235-3685
*Local Counsel for Defendants*

James Bopp, Jr.,* IN No. 2838-84
 jboppjr@aol.com
Jeffrey P. Gallant,* VA No. 46876
 jgallant@bopplaw.com
Courtney Turner Milbank,* IN No. 32178-29
 cmilbank@bopplaw.com
Melena Siebert,* IN No. 35061-15
 msiebert@bopplaw.com
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
*\*Admitted Pro hac vice*

**Def. Somerville**
**Am. Resp. and Obj.**
**to 2d Interrog.**          15

Ex. L to Defs.' Statement of Facts

# Certificate of Service

I hereby certify that the foregoing document was served electronically on

October 28, 2021, upon all counsel of record via email.

> */s/ Courtney Kramer*
> Courtney Kramer
> Georgia Bar No. 483608
> *Local Counsel for Defendants*

**Def. Somerville
Am. Resp. and Obj.
to 2d Interrog.**                    16

Ex. L to Defs.' Statement of Facts