United States District Court
Northern District of Georgia
Gainesville Division

| | |
|---|---|
| **Fair Fight, Inc., John Doe,** and **Jane Doe**,<br><br>*Plaintiffs* and *Counter-Defendants*,<br><br>v.<br><br>**True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**,<br><br>*Defendants* and *Counter-Plaintiffs*,<br><br>**Fair Fight Action, Inc.**,<br>*Counter-Defendants*. | Civ. No. 2:20-cv-00302-SCJ<br><br>Hon: Steve C. Jones |

**Defendant James Cooper's Responses to Plaintiffs' First Interrogatories**

Pursuant to Federal Rule of Civil Procedure 33, Defendant James Cooper responds to Plaintiffs' First Interrogatories.

# General Objections

1.   Defendant Cooper objects to these requests to the extent that they purport to call for the production of documents/information that: (a) contain privileged

**Def. Cooper
Resp. to Interrog.**                           1

attorney-client communications; (b) constitute attorney work product; (c) disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys or other representatives of the Plaintiffs; (d) were prepared in anticipation of litigation; or (e) are otherwise protected from disclosure under applicable privileges, immunities, laws, or rules.

2.     Defendant Cooper objects to these requests to the extent that they are vague, not limited in scope, unreasonably broad and burdensome, or beyond the scope of either category of permissible discovery under Fed. R. Civ. P. 26(b)(1).

3.     Defendant Cooper objects to the instructions accompanying the requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, or any order promulgated by this Court.

4.     Defendant Cooper objects to discovery requests that are not proportional to the needs of the case and that are not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

5.     Defendant Cooper objects to requests for information the benefit of which is outweighed by its lack of importance in resolving the issues at stake in this case, the amount in controversy, the parties' relative access to relevant information, the

**Def. Cooper
Resp. to Interrog.**                            2

parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Consistent with this rule, Defendant Cooper does not produce multiple copies of a communication, e.g., where one email chain has multiple communications, earlier included ones are not produced as separate documents.

6. Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each specific response, Defendant Cooper (a) makes further objections in response to individual requests and (b) makes the required good-faith attempt to fulfill the duty to provide all responsive information readily available without undue labor and expense.

7. Defendant Cooper objects to producing individuals' personal information, including emails and phone numbers, based upon privacy and relevancy.

## DEFINITIONS

Except as specifically defined below, the terms used in these requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Communication" means any transfer of information, whether written, oral,

electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means. It includes communications entirely internal to True the Vote, as well as communications that include or are with entities and individuals outside of that organization.

2.  "County" means any county in Georgia, as well as all employees, staff, agents, and representatives of the county, including the county boards of registrar's offices, county registrars, or any other person with a responsibility for conducting or supervising elections in the county.

3.  "Date" means the exact day, month, and year, if ascertainable, or, if not, the est available approximation (including relationship to other events).

4.  "Describe" means explain with particularity.

5.  "Georgia Elector Challenges" means the challenges to voter eligibility of registered Georgia voters in advance of the Run-off Election in which you and True the Vote have been and are involved and which are described, among other places, in True the Vote's December 18, 2020 Press Release.

6.  "December 18, 2020 Press Release" means the press release posted on the

**Def. Cooper
Resp. to Interrog.**                    4

True the Vote Website on that date, attached hereto as <u>Exhibit A</u>.

7.  "Identify," when used in reference to a communication, means to state when and where the communication was made; each of the makers and recipients thereof, in addition to all others present; the medium of communication; and its substance.

8.  "Identify," when used in reference to a government agency, firm, partnership, corporation, proprietorship, association, other entity, or person, means to state its, his, or her full name and present or last-known address.

9.  "Identify," when used in reference to processes or steps taken by you or others with whom you have worked on the matters at issue in this litigation, means to chronologically detail each and every action taken by any and all entities or persons, to identify the actor, and to detail how and when that action was or will be aken and for how long.

10. "Including" means "including but not limited to."

11. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local

**Def. Cooper**
**Resp. to Interrog.**                                    5

governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

12. "Relating to," "regarding," and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

13. "Run-off Election" means the January 5, 2021 Senate Run-off election held in Georgia.

14. "Targeted Voter" or "Targeted Voters" means the registered Georgia voters who are the subject of the Georgia Elector Challenges.

15. "True the Vote" means the organization that goes by the name of True the Vote, its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

16. "Voter" means any registered voter in Georgia and all persons who may properly register to vote in the state by the close of discovery in this case.

**Def. Cooper**
**Resp. to Interrog.**                            6

17. "You" and "your" means Defendant James Cooper and any of his representatives, agents, or anyone acting on his behalf.

## INTERROGATORIES

**Interrogatory No. 1:** Describe in detail your role or involvement in compiling any list of Targeted Voters for purposes of the Georgia Elector Challenges.

**Response:** I had no role or involvement in compiling any list of Targeted Voters for purposes of the Georgia Elector Challenges.

**Interrogatory No. 2:** Describe in detail what research, if any, you conducted for purposes of identifying voters to include in the Georgia Elector Challenges.

**Response:** I conducted no research for the purpose of identifying voters to include in the Georgia Elector Challenges.

**Interrogatory No. 3:** For any list of Targeted Voters that you had any involvement in compiling, describe the efforts, if any, you made to assess the accuracy of the list.

**Response:** I was not involved in either compiling or assessing the accuracy of Targeted Voter lists.

**Def. Cooper**
**Resp. to Interrog.**                                7

Ex. S to Defs.' Statement of Facts

**Interrogatory No. 4:** Describe in detail any and all assistance provided to you by True the Vote in preparing the Georgia Elector Challenges.

**Response:** I did not prepare the Georgia Elector Challenges, so True the Vote provided no assistance to me in preparing such Challenges.

**Interrogatory No. 5:** Identify all individuals affiliated with True the Vote—including its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf—with whom you have communicated regarding the Georgia Elector Challenges.

**Response:** I contacted eligible Georgia voters I knew to ask if they would be interested in bringing a Georgia Elector Challenge in the county in which they live. I prepared a "form" email for me to send to potential challengers, which described the potential challenges. I gave True the Vote, Inc. the contact information for any Georgia voter who expressed an interest in participating in such challenges. I also communicated with these potential challengers regarding getting their signed permission for TTV to submit the challenges in their name.

I forwarded the contact information of people who expressed interest in being a Challenger to the following people who are affiliated with True the Vote:

Amy Holsworth, Catherine Engelbrecht, Ron Johnson, Gregg Phillips, John David Phillips, Mark Williams.

I, the undersigned, affirm under the penalties for perjury that the foregoing answers to Plaintiff's Interrogatories are true and correct.

Date: 3-15-21                                           _____
                                                        James Cooper

**Def. Cooper**
**Resp. to Interrog.**                     9

| | |
|---|---|
| Dated: March 15, 2021 | Respectfully Submitted, |
| /s/ Ray Smith, III<br>Ray Smith, III, GA # 662555<br>rsmith@smithliss.com<br><br>SMITH & LISS, LLC<br>Five Concourse Parkway<br>Suite 2600<br>Atlanta, GA 30328<br>Telephone: (404) 760-6000<br>Facsimile: (404) 760-0225<br>*Local Counsel for Defendants* | James Bopp, Jr.,* IN # 2838-84<br> jboppjr@aol.com<br>Jeffrey P. Gallant,* VA # 46876<br> jgallant@bopplaw.com<br>Courtney Turner Milbank,* IN# 32178-29<br> cmilbank@bopplaw.com<br>/s/ Melena Siebert<br>Melena Siebert,* IN # 35061-15<br> msiebert@bopplaw.com<br>THE BOPP LAW FIRM, PC<br>1 South 6th Street<br>Terre Haute, Indiana 47807<br>Telephone: (812) 232-2434<br>Facsimile: (812) 235-3685<br>*Lead Counsel for Defendants*<br>**Admitted Pro hac vice* |

**Def. Cooper**
**Resp. to Interrog.**         10

## Certificate of Service

I hereby certify that the foregoing document was served electronically on March 15, 2021, upon all counsel of record via email.

>*/s/ Melena S. Siebert*
>Melena S. Siebert
>Indiana Bar No. 35061-15
>*Counsel for Defendants*
>**Admitted Pro hac vice*