**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, <br> *Defendants* | **Civ. No. 2:20-cv-00302-SCJ** <br><br> **Hon: Steve C. Jones** |

## Defendant True the Vote, Inc.'s Amended Responses to Plaintiffs' First Requests for Admissions

Pursuant to Federal Rule of Civil Procedure 36, Defendant True the Vote, Inc. ("TTV") responds to Plaintiffs' First Requests for Admission.

## Requests for Admission

**Request for Admission No. 1:** Admit that registered Georgia Voters do not automatically become ineligible to vote in Georgia simply because they changed their mailing address to an out-of-county or out-of-state address.

**Response:** Admitted.

TTV Am. Ans.
First RFA                              1

**Request for Admission No. 2:** Admit that an individual's appearance on the U.S. Postal Service's National Change of Address registry is not sufficient by itself to render the individual ineligible to vote in Georgia.

**Response:** Admitted to the extent that TTV maintains that a person's appearance on the NCOA due to submitting a permanent change of address notice to the USPS can provide probable cause and legal support under Georgia law for a Section 230 Challenge.

**Request for Admission No. 3:** Admit that prior to submitting the Elector Challenges, you were aware that other voter challenges were submitted to Georgia Counties during the November Election based on data from the U.S. Postal Service's National Change of Address registry, and those challenges were denied.

**Response:** Denied.

**Request for Admission No. 4:** Admit that the Voter Challenge Lists were constructed, at least in part, by matching Georgia's voter file with the U.S. Postal Service's National Change of Address registry.

**Response:** Admitted.

**Request for Admission No. 5:** Admit that you and your partners did not submit Elector Challenges in all 159 Counties.

**Response:** Admitted.

**Request for Admission No. 6:** Admit that you and your partners selected the specific counties in which you submitted Elector Challenges.

**Response:** Admitted, to the extent that TTV submitted Elector Challenges in the Georgia Counties in which a Georgia Voter agreed to submit that Challenge. The availability of a qualified Challenger was the only criteria TTV used to determine whether an Elector Challenge would be submitted in any particular Georgia County.

**Request for Admission No. 7:** Admit that you did not take steps to remove from the Challenge Lists the names of individuals who temporarily changed their mailing address while enrolled at a college, university, or other institution of learning.

**Response:** Denied.

**Request for Admission No. 8:** Admit that you did not take steps to remove from the Challenge Lists the names of individuals who moved to engage in government service.

**Response:** Denied.

**Request for Admission No. 9:** Admit that you did not take steps to remove

from the Challenge Lists the names of individuals who changed their address for temporary purposes only, with the intention of returning.

**Response:** Denied.

**Request for Admission No. 10:** Admit that prior to submitting the Elector Challenges from the gaelectorchallenge@truethevote.org email account, you did not provide the Challenge Lists to the Georgia citizens who signed the challenges.

**Response:** Denied. The Challenge Lists were available for review to any Elector Challenger who requested such. Not all Elector Challenges requested such review. Regardless, all Elector Challenges were informed of the process TTV used to arrive at the Challenge Lists, and acknowledged their acceptance of that process by virtue of their signature.

**Request for Admission No. 11:** Admit that the Georgia citizens who signed the Elector Challenges issued from the gaelectorchallenge@truethevote.org email account did not review the Challenge Lists before the challenges were submitted to Georgia Counties.

**Response:** Denied. *See* Response to Request for Admission No. 10.

**Request for Admission No. 12:** Admit that prior to submitting the Elector Challenges, you were aware that some of the individuals on the Challenge Lists

**TTV Am. Ans.**
**First RFA**                    4

were in fact residents of the Georgia Counties in which they were registered and were eligible to vote in their respective counties.

**Response:** Denied. In all cases, TTV started with a data set from the NCOA, which only contained names of people *who had themselves reported a* ***permanent*** *change of address* to the USPS. TTV then performed more sophisticated analysis on that data set, using the methodology described by both TTV and by OpSec Group, LLC. If, after running that analysis, TTV had been made aware, before an Elector Challenge for a county was submitted, of proof that any particular Challenged Voter was in fact eligible to vote in his or her county, TTV would have removed that person from the Challenge List.

**Request for Admission No. 13:** Admit that your Challenge Lists include Voters who live on military installations.

**Response:** Denied. In all cases, TTV started with a data set from the NCOA, which only contained names of people *who had themselves reported a* ***permanent*** *change of address* to the USPS. TTV then performed more sophisticated analysis on that data set, using the methodology described by both TTV and by OpSec Group, LLC. If, after running that analysis, TTV had been made aware, before an Elector Challenge for a county was submitted, of proof that

any particular Challenged Voter lived on a military installation, but was otherwise eligible to cast a legal ballot in Georgia, TTV would have removed that person from the Challenge List.

**Request for Admission No. 14:** Admit that your Challenge Lists include Voters who are enrolled in universities in other states.

**Response:** Denied. In all cases, TTV started with a data set from the NCOA, which only contained names of people *who had themselves reported a* ***permanent*** *change of address* to the USPS. TTV then performed more sophisticated analysis on that data set, using the methodology described by both TTV and by OpSec Group, LLC. If, after running that analysis, TTV had been made aware, before an Elector Challenge for a county was submitted, of proof that any particular Challenged Voter was in fact enrolled in another state's university, but who was otherwise eligible to cast a legal ballot in Georgia, TTV would have removed that person from the Challenge List.

**Request for Admission No. 15 :** Admit that your Challenge Lists include Voters who are in fact residents of the Georgia Counties in which they are registered.

**Response:** Denied. In all cases, TTV started with a data set from the

NCOA, which only contained names of people *who had themselves reported a permanent change of address* to the USPS. TTV then performed more sophisticated analysis on that data set, using the methodology described by both TTV and by OpSec Group, LLC. If, after running that analysis, TTV had been made aware, before an Elector Challenge for a county was submitted, of proof that any particular Challenged Voter was in fact a resident of that county, and otherwise eligible to cast a legal ballot in Georgia, TTV would have removed that person from the Challenge List.

**Request for Admission No. 16:** Admit that you were aware of the public statements made by Georgia officials regarding violence, intimidation, or harassment directed toward election officials or Georgia citizens relating to the January 5 Run-off Election before submitting Elector Challenges in Georgia.

**Response:** Denied.

**Request for Admission No. 17:** Admit that, in December 2020, you reached out to and announced a partnership with the Georgia Republican Party before reaching out to the Democratic Party of Georgia.

**Response:** Denied. *See* TTV Resp. to Int. No. 8.

**Request for Admission No. 18:** Admit that you communicated with

**TTV Am. Ans.**
**First RFA**                                  7

Republican Party officials regarding the selection of Counties in which you submitted Elector Challenges.

**Response:** Denied.

**Request for Admission No. 19:** Admit that you did not communicate with Democratic Party officials regarding the selection of Counties in which you submitted Elector Challenges.

**Response:** Admitted, to the extent that TTV never communicated with any party officials, of any political party, regarding the "selection" of Counties in which TTV submitted Elector Challenges. Although some people who helped recruit Challengers or who served as Challengers also happened to serve in various capacities in their respective political party, the Challenges were made in any County in which a Challenger volunteered to serve, without consideration of partisanship. The only "selection" criteria TTV used to decide whether to submit a Challenge List in any particular County was whether a Georgia Voter volunteered to serve as a Challenger in that County.

**Request for Admission No. 20:** Admit that you have no written communication, plan, or other document explaining the methodology employed in constructing the Challenge Lists.

**Response:** Denied, to the extent consistent with TTV's Responses to Interrogatories and Requests for Production and OpSec Group, LLC's Responses to Plaintiffs' Subpoena.

**Request for Admission No. 21:** Admit that you filed a lawsuit on November 11, 2020, on behalf of four Georgia Voters, seeking to exclude the Election results in certain Counties for the purposes of certifying presidential electors.

**Response:** Denied.

I, the undersigned, affirm under the penalties for perjury that the foregoing answers to Plaintiffs' Requests for Admission are true and correct.

Date: _____          _____

Catherine Engelbrecht,
True the Vote
Founder and President

Dated: October 9, 2021

/s/ Courtney Kramer
Courtney Kramer, GA No. 483608
ckramer@bopplaw.com

Courtney Kramer, Of Counsel
THE BOPP LAW FIRM, PC
821 Atlanta St.
Roswell, GA 30075
Telephone: (770) 715-2646
Facsimile: (812) 235-3685
*Local Counsel for Defendants*

Respectfully Submitted,

James Bopp, Jr.,* IN # 2838-84
 jboppjr@aol.com
Jeffrey P. Gallant,* VA # 46876
 jgallant@bopplaw.com
Courtney Turner Milbank,* IN# 32178-29
 cmilbank@bopplaw.com
Melena Siebert,* IN # 35061-15
 msiebert@bopplaw.com
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
*Admitted Pro hac vice

**TTV Am. Ans.**
**First RFA**                    10

# Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).


Respectfully submitted October 9, 2021.

THE BOPP LAW FIRM, PC
/s/ Courtney Kramer
Courtney Kramer, GA No. 483608
ckramer@bopplaw.com
*Local Counsel for Defendants*

**TTV Am. Ans.**
**First RFA**                        11