IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE IMPROPER EXPERT TESTIMONY
FROM GREGG PHILLIPS, MARK DAVIS, AND DEREK SOMERVILLE**

This action concerns Defendants' election-related activities, including their scheme to publicize and submit hundreds of thousands of frivolous voter challenges, which intimidated Georgia voters in the final weeks before the state's January 2021 runoff election. *See* TRO Order at 28, ECF 29. As Dr. Kenneth Mayer, an expert in election administration and quantitative methods, detailed in his report, the NCOA matching process that comprised the basis of Defendants' challenge lists exhibited

1

serious methodological errors. *See* ECF 156-16. Rather than seek to rebut Dr. Mayer's opinions with an expert of their own, Defendants rely exclusively on the testimony of lay witnesses. Specifically, Gregg Phillips, who generated the challenge lists for Defendant True the Vote, and Defendants Mark Davis and Derek Somerville, who used similar methodologies to generate parallel challenge lists, purport to justify their approaches by vague references to scientific, technical, and other specialized analysis. Because this testimony is prohibited by Federal Rules of Evidence 701 and 702, the Court should exclude it.

## LEGAL STANDARD

Where a witness is not testifying as an expert, that witness's opinion testimony must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. A witness may testify as an expert only if, among other requirements, the witness "is qualified as an expert by knowledge, skill, experience, training, or education"; the witness's "testimony is the product of reliable principles and methods"; and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Subsection (c) was added to Rule 701 in 2000 "to eliminate the risk" that Rule 702's reliability requirements "will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness'[s] testimony must be scrutinized under the rules regulating expert opinion to the extent the witness is providing testimony based on scientific, technical, or other specialized knowledge[.]" Fed. R. Evid. 701, Advisory Committee Note. "By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." *Id.*

## ARGUMENT

**I.      Defendants have not disclosed any expert witnesses.**

Federal Rule of Civil Procedure 26 requires each party to disclose the identity of any witnesses who will present expert testimony. Fed. R. Civ. P. 26(a)(2)(A). This disclosure must be accompanied by a written report, or, in certain circumstances, "a summary of the facts and opinions to which the witness is expected to testify." *Id.* 26(a)(2)(B), (C). Where a party fails to provide information or identify an expert witness, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial[.]" Fed. R. Civ. P. 37(c)(1).

On May 14, 2021, Plaintiffs served the expert report of Dr. Ken Mayer, who reviewed the processes Defendants purported to use to compare Georgia counties' voter registration lists to the United States Postal Service's NCOA database and other files. Despite having noticed in their February 8, 2021, initial disclosures that Gregg Phillips would be Defendants' expert on these issues, *see* ECF 53-1 at 2, Defendants did not serve a written expert report or a summary of any expert's facts and opinions by the June 14, 2021 deadline set by this Court for doing so—nor have they ever, at any time since, made any such productions or disclosures. *See* Scheduling Order, ECF 86. On October 5, 2021, counsel for Defendants confirmed via email that "Defendants are not presenting any expert witness or testimony in this case." Email from M. Siebert to U. Nkwonta, Ex. 1. Defendants are thus precluded from providing expert testimony.

**II.   Defendants seek to introduce expert testimony through lay witnesses.**

In support of their motion for summary judgment, Defendants rely extensively on testimony from lay witnesses that is improperly "based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). For example, Defendants cite the deposition testimony of Gregg Phillips to support its argument that OPSEC created True the Vote's challenge list by using "proprietary algorithms" that "compared the addresses in the registration file to government and commercially

4

available information." Defs.' Statement of Undisputed Material Facts ("Defs.' SUMF") ¶¶ 43-44. Further, Phillips testified that the algorithm could "infer, from consulting other sources of data, the purpose for which the person has submitted an NCOA request." *Id.* ¶ 47; *see also id.* ¶¶ 48-62, 66-67. Whether an algorithm reliably compared information across databases—let alone whether an algorithm can draw *inferences* from this comparison—is far outside the realm of lay knowledge. *See Kipperman v. Onex Corporation*, No. 1:05-cv-012420JOF, 2010 WL 11505688, at *21 (N.D. Ga. Sept. 29, 2010) ("[A] business owner is not permitted to give lay testimony on matters that go beyond 'straightforward common sense calculations.'"); *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 70 (D.D.C. 2014) (finding plaintiff's doctor's testimony regarding diagnosis and treatment of plaintiff was "beyond the ability of the average lay witness' competency" and was "properly classified as 'expert testimony'").

In the same way, Defendants ask this Court to credit Somerville's and Davis's testimony that Davis's approach to developing their challenge list "yielded a file of voters with a change of address to another state, as well as in state voters who, based on the month of their 'Move Effective Dates,' appeared to have residency issues[.]" Defs.' SUMF ¶¶ 78(h), 114(h). But these very paragraphs reveal the highly specialized knowledge required to analyze the reliability of Somerville and Davis's

5

matching process, and to form the inferences embedded in their conclusions, which are also repeated in Defendants' Motion for Summary Judgment. *See*, *e.g.*, Br. in Support of Defs.' Mot. for Summ. J., ECF 155-1, at 19-23 (arguing Defendants' challenge lists were "not frivolous" on the basis of Phillips', Davis's, and Somerville's testimony about technical features of the matching process). Among other steps, for example, Davis purports to have "Imported [voter] data into 3 dbase structures with processing fields appended"; "Copied the residence addresses into the 'COA' (Change of address) fields created for CASS (Coding Accuracy Support System) and NCOA (National Change of Address) processing"; "Set a relation on the voter registration number into the vote history trailer data and flagged the voters in the 'Moved' table who voted in the general election"; and "Geocoded (assigned latitude and longitude) & digitally mapped the 'Moved' table to assign the county of the new address." Defs.' SUMF ¶¶ 114(b), (c), (f), (g). Lay witnesses are not qualified to testify regarding the expected or actual outcome of this technical process, or the accuracy of any challenge lists produced. *See Daniels*, 15 F. Supp. 3d at 71 ("[A] witness is not testifying as an expert if the testimony is confined to that which is not based on scientific, technical, or other specialized knowledge[.]") (cleaned up); *id*. at 72-73 (finding medical witnesses can be called as fact witnesses

only "to offer testimony about their observations that are not based upon 'scientific, technical, or specialized knowledge'").

After this litigation arose, Davis purports to have "continued to analyze data related to Georgia voters." Defs.' SUMF ¶ 115. Without even describing how this analysis was conducted, Defendants offer Davis's opinion about what that data "indicates" and "showed." *Id.* ¶¶ 115-18. Again, this testimony requires technical or specialized knowledge that can be offered only by a qualified expert witness. Fed. R. Evid. 701, 702.

Any testimony offered by Defendants purporting to explain processes performed with the use of algorithms, regressions, and other computer codes—and any testimony offered by Defendants purporting to evaluate the reliability of these processes—should be excluded as inappropriate opinion testimony in violation of Federal Rules of Evidence 701 and 702.

## CONCLUSION

For the foregoing reasons, this Court should exclude testimony of Phillips, Davis, and Somerville that is based on scientific, technical, or other specialized knowledge and is inadmissible under Rules 701 and 702.

Respectfully submitted, this 6th day of June, 2022.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com<br><br>Dara Lindenbaum<br>Georgia Bar No. 980780<br>**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**<br>1090 Vermont Avenue, NW, Suite 750<br>Washington, DC 20005<br>Telephone: (202) 479-1111<br>Fax: 202-479-1115<br>lindenbaum@sandlerreiff.com | */s/ Uzoma N. Nkwonta*<br>Marc E. Elias\*<br>Uzoma N. Nkwonta\*<br>Christina A. Ford\*<br>Tina Meng\*<br>Marcos Mocine-McQueen\*<br>Joel J. Ramirez\*<br>Jacob Shelly\*<br>**ELIAS LAW GROUP LLP**<br>10 G Street NE, Suite 600<br>Washington, D.C. 20002<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmeng@elias.law<br>mmcqueen@elias.law<br>jramirez@elias.law<br>jshelly@elias.law<br><br>*Counsel for Plaintiffs*<br>\*Admitted *pro hac vice* |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing *Plaintiffs' Memorandum of Law in Support of Motion in Limine* has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 6th day of June, 2022        */s/ Uzoma N. Nkwonta*
                                  Uzoma N. Nkwonta

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Plaintiffs' Memorandum of Law in Support of Motion in Limine* with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 6th day of June, 2022

                                  */s/ Uzoma Nkwonta*
                                  Uzoma Nkwonta
                                  *Counsel for Plaintiffs*