# Exhibit 46

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 2 of 18

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

_____

FAIR FIGHT, INC.,                       )
SCOTT BERSON, JOCELYN HEREDIA,          )
and JANE DOE,                           )
    Plaintiffs,                         )
                                        )
v.                                      )     Case No.
                                        ) 2:20-cv-00302
TRUE THE VOTE, CATHERINE                )        SCJ
ENGELBRECHT, DEREK SOMERVILLE,          )
MARK DAVIS, MARK WILLIAMS,              )
RON JOHNSON, JAMES COOPER,              )
and JOHN DOES 1-10,                     )
    Defendants.                         )
_____)


Videotaped Deposition of DEREK SOMERVILLE
Conducted Remotely via Zoom
Thursday, January 20, 2022
8:02 a.m. CST


Reported by Lisa A. Knight, RDR, CRR, RSA

_____

DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 3 of 18

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

Page 2

1          Pursuant to Notice, the videotaped

2   deposition of DEREK SOMERVILLE was conducted

3   remotely via Zoom on behalf of the

4   Plaintiffs, at 8:02 a.m. CST, on Thursday,

5   January 20, 2022, reported stenographically

6   by Lisa A. Knight, Realtime Diplomate

7   Reporter, Certified Realtime Reporter, and

8   Realtime Systems Administrator.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

www.DigitalEvidenceGroup.com  Digital Evidence Group C'rt 2022          202-232-0646

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 4 of 18

2/20/2022                Fair Fight, Inc. et al. v. True the Vote, et al.                Derek Somerville

Page 3

```
 1              A P P E A R A N C E S
 2               (All appearing remotely)
 3
 4    COUNSEL FOR THE PLAINTIFFS
          ELIAS LAW GROUP LLP
 5          BY:   CHRISTINA A. FORD, ESQUIRE
                  cford@elias.law
 6                JACOB SHELLY, ESQUIRE
                  jshelly@elias.law
 7                TINA MENG, ESQUIRE
                  tmeng@elias.law
 8          10 G Street NE
            Suite 600
 9          Washington, District of Columbia 20002
            202.968.4490
10    -and-
11          LAWRENCE & BUNDY LLC
            BY:   MAIA COGEN, ESQUIRE
12                maia.cogen@lawrencebundy.com
            1180 West Peachtree Street NW
13          Suite 1650
            Atlanta, Georgia 30309
14          404.400.3350
15
16    COUNSEL FOR THE DEFENDANTS
          THE BOPP LAW FIRM
17          BY:   MELENA S. SIEBERT, ESQUIRE
                  msiebert@bopplaw.com
18          1 South 6th Street
            Terre Haute, Indiana 47807
19          812.232.2434
20
21    ALSO PRESENT:
22          MITCHELL MAHON, Videographer
```

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 5 of 18

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

Page 4

```
 1                       I N D E X
 2                    DEREK SOMERVILLE
 3                    JANUARY 20, 2022
 4   EXAMINATION OF DEREK SOMERVILLE:
 5        BY MS. FORD                                   8
 6        BY MS. SIEBERT                              183
 7
 8                  DEPOSITION EXHIBITS
 9                    DEREK SOMERVILLE
10                    JANUARY 20, 2022
11   NUMBER           DESCRIPTION              MARKED
12   Somerville 1    Plaintiffs' Notice to       12
                    Take the Deposition of
13                  Derek Somerville
14   Somerville 2    E-mail string               18
15   Somerville 3    E-mail string               24
16   Somerville 4    E-mail string               29
17   Somerville 5    Text string, Bates Def      38
                    Somerville 000714 to
18                  -719
19   Somerville 6    E-mail string               42
20   Somerville 7    E-mail string               43
21   Somerville 8    Text string, Bates Def      45
                    Somerville 000182
22                  to -442
```

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 6 of 18

2/20/2022            Fair Fight, Inc. et al. v. True the Vote, et al.            Derek Somerville

Page 5

| | DEPOSITION EXHIBITS, CON'T | |
|---|---|---|
| NUMBER | DESCRIPTION | MARKED |
| Somerville 9 | E-mail string | 51 |
| Somerville 10 | Facebook post | 75 |
| Somerville 11 | Facebook post | 78 |
| Somerville 12 | E-mail string | 96 |
| Somerville 13 | E-mail string | 98 |
| Somerville 14 | E-mail | 120 |
| Somerville 15 | E-mail string | 125 |
| Somerville 16 | Facebook Messenger printout, Bates Def Somerville 000162 to -163 | 141 |
| Somerville 17 | Facebook Messenger printout, Bates Def Somerville 000160 to -161 | 145 |
| Somerville 18 | Text string, Bates Def Somerville 000720 to -727 | 148 |
| Somerville 19 | Text string, Bates Def Somerville 000731 to -733 | 166 |
| Somerville 20 | Text string, Bates Def Somerville 000172 to -175 | 176 |
| Somerville 21 | E-mail string | 179 |

**REPORTER'S NOTE: All quotations from exhibits are reflected in the manner in which they were read into the record and do not necessarily indicate an exact quote from the document.

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 7 of 18

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

Page 6

1              PROCEEDINGS
2              THE VIDEOGRAPHER:  We are going
3       on the record.  This is Tape No. 1 of
4       the videotaped deposition of Derek
5       Somerville taken by plaintiffs in the
6       matter of Fair Fight, Inc., et al.,
7       versus True the Vote, et al., in the
8       United States District Court for the
9       Northern District of Georgia,
10      Gainesville Division, Case No.
11      2:20-cv-00302-SCJ.
12              This deposition is being held
13      remotely over Zoom videoconference on
14      January 20, 2022.  The time is 8:02
15      Central.
16              My name is Mitchell Mahon; I'm
17      the legal videographer from Digital
18      Evidence Group.  The court reporter is
19      Lisa Knight, in association with
20      Digital Evidence Group.
21              Will counsel please introduce
22      themselves for the record.

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 8 of 18

2/20/2022        Fair Fight, Inc. et al. v. True the Vote, et al.        Derek Somerville

Page 7

1      MS. FORD:  This is Christina
2    Ford from Elias Law Group for the
3    plaintiffs.  And with me today, I have
4    Tina Meng and Jacob Shelly, and then
5    also Maia Cogen from Lawrence & Bundy.
6      MS. SIEBERT:  Melena Siebert
7    for defendants.
8      THE VIDEOGRAPHER:  And will the
9    court reporter please ask for
10   stipulations.
11     THE STENOGRAPHER:  The
12   attorneys participating in this
13   deposition acknowledge that I am not
14   physically present in the deposition
15   room, and that I will be reporting
16   this deposition remotely.
17     They further acknowledge that
18   in lieu of an oath administered in
19   person, I will administer the oath
20   remotely.  The parties also agree that
21   the witness has verified that he is,
22   in fact, Derek Somerville.

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 9 of 18

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

Page 8

1          The parties and their counsel
2     further agree that the witness may be
3     in a state where I am not a notary and
4     stipulate to the witness being sworn
5     in by an out-of-state notary.
6          If any party has an objection
7     to this manner of proceeding, please
8     state so now.
9          MS. FORD:  We have no
10    objection.
11         MS. SIEBERT:  None.  No
12    objection.
13         THE STENOGRAPHER:  Thank you.
14         DEREK SOMERVILLE,
15 having been first duly sworn to state the
16 whole truth, testified as follows:
17                EXAMINATION
18 BY MS. FORD:
19    Q.   Mr. Somerville, thank you again
20 for being here today.  I know it took a great
21 deal of effort.  We'll endeavor to do this as
22 quickly as possible.

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 10 of 18

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

Page 20

 1              Do you agree with that?
 2        A.    I do.
 3        Q.    Okay.  At the bottom of this
 4   first page --
 5              MS. FORD:  So, Mitch, if you
 6        can scroll down.
 7   BY MS. FORD:
 8        Q.    -- Mr. Davis writes, "Our
 9   purpose here is to identify voters who moved
10   across county lines more than 30 days before
11   the election but voted unlawfully in their
12   county.  The investigation has also revealed
13   many out-of-state voters, presumably mostly
14   students, military, et cetera, but some of
15   those are probably also illegitimate."
16              Did I read that correctly?
17        A.    You did.
18        Q.    Okay.  And, Mr. Somerville, why
19   do you believe Mr. Davis singled out military
20   voters here?
21        A.    Well, I don't interpret him as
22   singling out military voters.  I think what

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 11 of 18

2/20/2022        Fair Fight, Inc. et al. v. True the Vote, et al.        Derek Somerville

Page 21

1   Mark was providing was examples of legitimate

2   reasons why an individual may be registered

3   in a county that they do not reside in.

4   Military being one example of it.

5          Q.    Okay.  And students being

6   another example?

7          A.    And "et cetera," as he

8   indicates there.  There are several scenarios

9   under which that might be legitimate.  Yes.

10         Q.    Okay.  And under that

11  "et cetera" category, who would fall in that

12  category, in your opinion?

13         A.    Well, in my opinion, I guess

14  anybody that our state law and our federal

15  laws permit to live in an area other than

16  where they're registered to vote.

17               So I think the predominance of

18  those, of course, would be, as Mark has

19  indicated here -- which I think is also

20  Mark's -- Mark very clearly stating his

21  intent, which is to not ensnare individuals

22  that are legitimately voting into his

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 12 of 18

2/20/2022         Fair Fight, Inc. et al. v. True the Vote, et al.         Derek Somerville

Page 22

1   effort -- but students, military, individuals
2   that have temporarily moved, for temporary
3   purposes.  For example, those that would
4   spend the winter down in Florida might be a
5   good example.
6         Q.    Okay.  And I know we talked
7   about military voters last time, so I won't
8   retread that territory.
9               But for student voters -- in
10  the list of voter challenges that you and
11  Mr. Davis pulled together, were student
12  voters excluded?
13        A.    To the extent that we were able
14  to identify that they were likely student
15  voters, yes.
16              So obviously there's no record
17  in the voter file that indicates somebody's a
18  student, but where we saw a large number of
19  files from the NCOA that came back to common
20  addresses, you could identify those addresses
21  as being on or near campuses.  And so those
22  were excluded, to my recollection.

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 13 of 18

2/20/2022        Fair Fight, Inc. et al. v. True the Vote, et al.        Derek Somerville

Page 23

1      Q.    Okay.  So just to put that in
2   maybe, like, concrete terms:  If you saw an
3   address that looked like a dorm, are you
4   saying that you would have removed that from
5   the challenge list?
6      A.    That's my recollection.  Yes.
7      Q.    Okay.  And who was removing
8   that?  You or Mr. Davis?
9      A.    Well, I'm not aware of all of
10  Mark's activities, but anytime I came across
11  records that appeared to fall within those
12  categories, I removed them as well.
13     Q.    Okay.  And what about
14  individuals, as you mentioned, who
15  temporarily moved?  How did you remove those
16  individuals from the list?
17     A.    Well, I'm not sure we would
18  have clarity into those.  And, again, that's
19  the importance of this process, is our lists
20  were not aimed at removing anybody's ability
21  to vote.  They were aimed at encouraging
22  local boards of elections to confirm that

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 14 of 18

2/20/2022     Fair Fight, Inc. et al. v. True the Vote, et al.     Derek Somerville

Page 24

 1   those individuals still resided in the county
 2   in which they were registered.
 3              So this process wasn't a
 4   function of trying to remove people, it was a
 5   function of trying to engage a process that's
 6   already used by the State.
 7        Q.    Okay.
 8              MS. FORD:  We can take this
 9        down, Mitch.  Thank you.
10              And could we please put up
11        Exhibit 5 -- I'm sorry, Exhibit [sic]
12        E.  And I guess that's going to be
13        marked as Exhibit 3.
14              (Somerville Exhibit 3,
15        E-mail string, was marked for
16        identification, as of this
17        date.)
18   BY MS. FORD:
19        Q.    Mr. Somerville, can you read
20   this document?
21        A.    It would help if it got
22   enlarged.  Okay.

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 15 of 18

2/20/2022         Fair Fight, Inc. et al. v. True the Vote, et al.         Derek Somerville

Page 25

```
 1        Q.    And this is the only part
 2   that's relevant.
 3              Are you familiar with this
 4   e-mail communication?
 5        A.    Again, not committed to memory,
 6   but it looks familiar.
 7        Q.    Sure.
 8              This, to me, appears to be a
 9   similar e-mail about analysis that you were
10   engaging in on the lists.
11        A.    Um-hum.
12        Q.    And here, Mr. Davis asked you
13   to do another military scrub.  And in
14   response, you write, at the very top, "Done.
15   No way to catch them all..."
16              Do you see that?
17        A.    I do.
18        Q.    And what did you mean by that?
19        A.    Well, I'm acknowledging the
20   imperfect nature of data files, meaning
21   that -- and by "catch them all" would mean
22   identifying the records that we were looking
```

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 16 of 18

2/20/2022           Fair Fight, Inc. et al. v. True the Vote, et al.           Derek Somerville

Page 26

1   for.

2              For military purposes, for

3   example, and I know that we covered this in

4   the last deposition, we did our best to

5   identify geographies that were associated

6   with military bases.  But there's no way to

7   know if somebody lives -- there's a military

8   person that is assigned to a location that's

9   not associated with a military base.

10             So this is acknowledging that

11  we put forth our best effort.  As we said

12  countless times in public forums, we erred on

13  the side of the voter.  If it looked even

14  remotely close, in this case, to a military

15  record, we excluded them.

16             But certainly there's a

17  military individual that's living somewhere

18  not near a base, assigned to, you know, a

19  military function that we would not have been

20  able to associate with a base.  It's

21  imperfect.  It's data.

22        Q.   And at the end -- by the time

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 17 of 18

2/20/2022         Fair Fight, Inc. et al. v. True the Vote, et al.         Derek Somerville

Page 100

1           So I'm not entirely certain
2   that we knew what those next steps were.
3        Q.    Okay.  That makes sense.
4   That's a fair point.
5        A.    And, I'm sorry, that sounds
6   like an -- evasive, but it's not.  I don't
7   know.  I think that's probably why we wanted
8   to be on that call.
9               And if my memory serves me
10  correct, I don't know that we were on the
11  original -- again, we may have learned about
12  the call late.  I just don't recall.  I do
13  recall the call, but I don't recall this
14  specifically.
15       Q.    And here, you say, the call
16  will be attended -- "Will be largely attended
17  as they invited all of their volunteers (many
18  of which were also our volunteers)."
19              I understand that to mean, at
20  the point of going into the call, you already
21  had some visibility into the fact that the
22  two groups shared at least some volunteer

Case 2:20-cv-00302-SCJ   Document 174-5   Filed 06/06/22   Page 18 of 18

2/20/2022          Fair Fight, Inc. et al. v. True the Vote, et al.          Derek Somerville

Page 101

1   challengers.  Is that accurate?

2        A.    That is accurate.  We would not

3   have known what those numbers were, nor did

4   we know the extent of True the Vote's reach,

5   in terms of the number of volunteers.  We

6   just knew that there was some degree of

7   overlap.

8        Q.    Okay.  And when Mark responded,

9   "I'll be ready" to this e-mail, what was

10  he -- I mean, I realize you can't read into

11  Mark's mind, but what did you understand him

12  to be saying he would be ready for?

13       A.    Have you deposed Mark Davis?

14       Q.    I personally have not, but

15  someone else has.

16       A.    Okay.  I'm sorry.  You would

17  understand why I asked that question.

18             Mark Davis is the most ready

19  person I know.  Mark is extremely into data.

20  He's extremely into facts and figures.  And

21  so there's no way for me to scope or frame

22  what he meant by "I'll be ready," other than