**United States District Court**
**Northern District of Georgia**
**Gainesville Division**

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**, | |
| *Plaintiffs,* | |
| *v.* | **Civ. No. 2:20-cv-00302-SCJ** |
| **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, | **Hon: Steve C. Jones** |
| *Defendants.* | |

**Defendants' Response to Plaintiffs' Motion in Limine to Exclude Testimony from Gregg Phillips, Mark Davis, and Derek Somerville**

**Introduction**

When deposed by Plaintiffs, Defendants Gregg Phillips, Mark Davis, and Derek Somerville provided lay testimony. They testified, pursuant to Rule 701(a), from their first-hand knowledge of how the challenge lists were generated. Defendants did not base their testimony on scientific, technical, or other specialized knowledge that would require being disclosed as experts. Plaintiffs

**Defs.' Resp. to Pls.' Mtn. in Limine**

seem to argue that because they retained experts to attack the basis and process of matching voter records to the NCOA, Defendants would need to hire their own experts. Mem. Supp. Mot. Exclude (ECF 172-1) at 2 ("rather than seek to rebut Dr. Mayer's opinions with an expert of their own . . . ."). Now, they complain, "lay witnesses" Phillips, Davis, and Somerville made "vague references to scientific, technical, and other specialized analysis," *id.*, that qualify as expert testimony, *id.* at 4-7. Plaintiffs' choice to retain experts to analyze the challenge lists does not mean that an expert is needed to answer questions about how the challenge lists were prepared. Defendants have personal knowledge of how the challenged lists were prepared, and their rational perception of events, not based on specialized knowledge, is permissible lay testimony.

## Argument

### I. The testimony offered by Defendants is lay testimony.

Rule 701 allows a lay witness to offer opinions or inferences if they are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

**Defs.' Resp. to Pls.' Mtn. in Limine      2**

**A.      Defendants' testimony is based on first-hand knowledge or observation and is rationally based on the perception of the witness.**

Rule of Evidence 701 subsection "(a) is the familiar requirement of first-hand knowledge or observation." Notes of Advisory Committee on Proposed Rules. A major difference between expert and lay witnesses is that lay testimony proceeds from personal knowledge of the event or fact—Rule 602 specifically exempts expert testimony from the personal knowledge requirement. In short, a lay witness testifies from personal knowledge of the fact in question, as did Messrs. Phillips, Davis, and Somerville. Thus their testimony was "rationally based on the perception of the witness." Fed. R. Evid. 701(a).

"[T]estifying about the meaning of [something] that the [factfinder] could have [concluded] easily based on inferences based on facts already in evidence" is not rationally based on the perception of the witness. *States v. Cano*, 289 F.3d 1354, 1363 (11th Cir. 2002). That Messrs. Phillips, Davis, and Somerville testified beyond what may have easily inferred based on the evidence does not make their testimony to be expert testimony, it only suggests that it is permissible testimony under Rule 701(a). On the other hand, testimony "base[d] . . . on . . . examination of documents even when the witness was not involved in the activity about which

**Defs.' Resp. to Pls.' Mtn. in Limine      3**

he testified" is also rationally based on a witness's perception. *United States v. Jayyousi,* 657 F.3d 1085, 1102 (11th. Cir. 2011). That is, testimony based on the review of documents describing the activity is still rationally based on the witness's perception. In *Jayyousi*, the court ruled it proper to admit lay testimony by an FBI agent as to the meaning of code words when it was based on learning from examination of voluminous documents during an investigation. *Id.* at 1103. Here, the witnesses participated in the creation of the challenged lists and their testimony was based on experience working with and review of the NCOA, voter lists, and related data, which means that their testimony is rationally based on their perception. It squarely fits under Rule 701(a).

**B.  Extensive experience in the subject of the testimony does not make it expert testimony.**

In *United States v. Hamaker*, the Eleventh Circuit ruled as admissible lay testimony under Rule 701 an FBI financial analyst's review and summary of over seven thousand financial documents. 455 F.3d 1316, 1331-32 (11th Cir. 2006). There, an FBI financial analyst with twenty-three years of experience matched records, time sheets, invoices and check stubs to payroll, accounting and invoice records. *Id.* at 1330-1331. The court emphasized that the fact that the financial

**Defs.' Resp. to Pls.' Mtn. in Limine     4**

analyst was a financial expert "does not in and of itself require that his testimony about financial records be treated as expert testimony." *Id.* at 1332. Likewise, the extensive experience of Messrs. Phillips, Davis, and Somerville working with the NCOA and related data does not mean that their testimony was outside "the capacity of any reasonable lay person." *Id.*

## C. Testimony based on experience in a position or employment does not rely on specialized or particular knowledge.

The Eleventh Circuit also recognizes that by virtue of experience a party officer or employee, a witness can speak to an issue without relying on the specialized or particular knowledge of an expert under the Rules. *See Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (plaintiff's employees and officers were allowed to testify as lay witnesses "based upon their particularized knowledge garnered from years of experience within the field"). Other circuits agree that a director, officer, or supervisor can give lay testimony based on their personal experience pursuant to Rule 701 without relying on specialized knowledge. *See e.g. Texas A&M Research Found. v. Magna Transportation, Inc.,* 338 F.3d 394, 403 (5th Cir. 2003) (affirming admissibility of testimony of plaintiff's vice president because it was based on

particularized knowledge from his position as vice-president of the research foundation); *Medforms, Inc. v. Healthcare Management Solutions, Inc.,* 290 F.3d 98, 110-11 (2d Cir. 2002) (computer programmer's supervisor was permitted to testify about the meaning of term "program" and such testimony did not involve scientific, technical or specialized knowledge). As the Eleventh Circuit and other Circuits have held, persons such as Messrs. Phillips, Davis, and Somerville—persons with experience in a certain field—provide lay testimony if it is based on their rational perception and personal knowledge, and courts readily recognize that a position as a director, officer, or supervisor provides particularized knowledge that is not scientific, technical or specialized.

**D.     Plaintiffs are mistaken in their explanation of the scope of lay testimony.**

Plaintiffs rely on only two cases in their attempt to exclude the entire testimony of Defendants answering the questions that they themselves asked about their own activities. Plaintiffs cite a case from a district court in Georgia for the proposition that a business owner cannot provide lay testimony on any matter beyond "straightforward common sense calculations." *Kipperman v. Onex Corporation,* No. 1:05-cv-012420JOF, 2010 WL 11505688, at *21 (N.D. Ga.

**Defs.' Resp. to Pls.' Mtn. in Limine     6**

Sept. 29, 2010). However, the court in *Kipperman* observed that owners with "sufficient personal knowledge of their respective business and of the factors on which they relied to estimate lost profits" can provide lay testimony. *Id.* at *22. Plaintiffs ignore that the court in *Kipperman* did not admit the witness's testimony because "his attempt at valuation was not based on any knowledge obtained through his special relationship with the items in question," as is required by Rule 701(a). *Id.* at *21. Put another way, it was the lack of personal knowledge of the components of the calculation—not the ability to do the calculation—that disqualified the business owner's testimony as a lay witness.

Plaintiffs also rely on *Daniels v. District of Columbia*, in which the court held that a certain doctor's testimony regarding diagnosis and treatment "and the reasons therefore, is beyond the ability of the average lay witness's competency." 15 F.Supp. 3d 62, 70 (D.D.C. 2014). The court in *Daniels* ruled that such testimony by a doctor "is necessarily based on the expert's scientific, technical, or other specialized knowledge." *Id.* But the court in *Daniels* was reluctant to excuse four doctors from Rule 26's expert disclosure requirement because, while they had treated the plaintiff, they were testifying as to causation. *Id.* at 61 (distinguishing testimony extending beyond the care of a patient as "'classic expert opinion

**Defs.' Resp. to Pls.' Mtn. in Limine**    7

regarding causation and prognosis.'" (citation omitted)). The Eleventh Circuit recognizes that when a treating physician testifies regarding causation, prognosis, or standard of care, the testimony crosses into the expert realm. *See e.g. U.S. v. Henderson,* 409 F.3d 1293, 1300 (11th Cir. 2005) (holding that a doctor's testimony of the injury itself was permissible lay testimony but her statement about the *cause* of the injury was a hypothesis and an essential difference between expert and lay witnesses is the ability to offer hypotheses). But none of the Defendants are doctors with advanced medical training, nor do they provide hypotheses as to causation of any event, let alone a medical condition, and the special treatment of testimony in such situations does not apply here.

## II. The testimony of Defendants Phillips, Davis, and Somerville was not expert testimony.

Plaintiffs incorrectly assert the Defendants' testimony was "based on scientific, technical, or other specialized knowledge" according to Rule 701(c). Pls.' Mtn. Lim. at 4. Plaintiffs assert that Phillips' testimony is expert testimony when he testifies of comparing information supplied in a NCOA request to government and commercially available information and how an algorithm may be used to choose and apply that information in trying to determine why a person has

**Defs.' Resp. to Pls.' Mtn. in Limine**     8

submitted an NCOA request. *Id.* at 4-5. Plaintiffs' reliance on *Kipperman*'s prohibition on matters that go beyond "straightforward common sense calculations," *Kipperman*, 2010 WL 11505688, at *21, is misplaced. As noted *supra*, the court in *Kipperman* was concerned that the witness lacked *personal knowledge*, and advised that owners with sufficient personal knowledge of their business can provide lay testimony under Rule 701(a). *Id.* at **21-22. Similarly, as other Eleventh Circuit cases recognize, Phillips' and Davis' particularized, experience-based knowledge equips them to speak to an issue without relying on specialized or particular knowledge. *See Tampa Bay,* 320 F.3d at 1233 (plaintiff's employees and officers were allowed to testify as lay witnesses "based upon their particularized knowledge garnered from years of experience within the field"); *see also Texas A&M Research,* 338 F.3d at 403 (affirming admissibility of testimony of plaintiff's vice president because it was based on particularized knowledge from his position as vice-president of the research foundation); and *Medforms Inc.,* 289 F.3d at 110-11 (computer programmer's supervisor was permitted to testify about the meaning of term "program" as his opinions were rationally based on his perceptions as a supervisor). In short, persons such as Defendants Phillips, Davis, and Somerville, holding positions in which they gained particularized knowledge,

**Defs.' Resp. to Pls.' Mtn. in Limine**     9

testified as lay witnesses when they testified on the basis of that particularized knowledge.

## A.   Defendants' testimony is not based on scientific, technical, or other specialized knowledge.

Even though Defendants have specialized knowledge from their respective positions and experience, they can provide lay testimony based on their personal knowledge of the issue. The lay witness in *Hamaker,* for example, had twenty-three years of experience as a financial analyst and testified "at length" as the party's primary witness. *Hamaker,* 409 F.3d at 1330. A vice president of a research foundation and computer programmer supervisor can also provide lay testimony. *See Texas A&M Research,* 338 F.3d at 403 and *Medforms, Inc.*, 290 F.3d at 110-11. Again, even a doctor can provide lay testimony if it is based on their treatment and not on their hypothesis as to the cause of the injury. *Henderson*, 409 F.3d at 1300.

Phillips was not brought in as an outside expert with no personal knowledge of the events or to provide hypotheses akin to the doctor's hypothesis as to the cause of an injury in *Henderson.* 409 F.3d at 1300. As an officer at OPSEC, he has sufficient personal knowledge of OPSEC's activities which allowed him to

rationally base his testimony on his own perception pursuant to Rule 701(a). As the principal of OPSEC, he described his actions using the particularized knowledge garnered from years of experience, making his testimony competent lay testimony—just as the Eleventh Circuit in *Tampa Bay*, the Fifth Circuit in *Texas A&M,* and the Second Circuit in *Medforms* held persons with sufficient experience in their business were competent lay witnesses. As noted *supra*, courts in this Circuit allow lay witnesses to base their opinions on other documents when the witness was not involved in the activity about which he testified, *Jayyousi* at 1102. Phillips was unequivocally himself involved in applying the process that he himself has developed, and his review of reports and data that were used is the same as the review found to be part of the lay testimony described in *Jayyousi*. Phillips' testimony is squarely within the bounds of what the Eleventh Circuit deems competent lay testimony.

Phillips' mention of algorithms is insufficient to claim his testimony crossed over into expert testimony. In response to Plaintiffs' questions, Phillips provided an easily-understood synopsis of what his proprietary process did. *See* Def's Statement of Undisputed Material Facts ("Defs.' SUMF") ¶¶ 43-69. It is not necessary to know how OpSec's algorithm works in order to sufficiently

understand how the process worked to determine the question at issue

here—whether the challenges were frivolous. Similarly, Plaintiffs exaggerate the

complexity of the concepts addressed in the testimony of Davis and Somerville

discussing their process for determining voters who moved for the challenge list.

Defs.' SUMF ¶¶ 114(b), (c), (f), (g). Identifying people who have moved is a

commercially available service,[1] and the wide array of available providers testifies

that it is not highly technical. In *Hamaker*, the court allowed the financial analyst

to perform a thorough analysis of financial records without needing to declare

himself an expert or explaining his entire methodology, even though he admitted

his experience made him better at understanding the process. *Hamaker,* 455 F.3d

at 1331. He performed a series of comparisons, matching over seven thousand

documents such as Quickbooks, invoices, check stubs, time sheets, and other

records—an in-depth review that was deemed "within the capacity of any

reasonable lay person." *Id.* at 1331-32. Testimony as to the processes employed to

produce the challenge lists is no more scientific, technical, or specialized

complicated than was that provided by the financial analyst in *Hamaker*.

---

[1]*See*, *e.g.*, https://www.castlepress.com/page/mail-list-hygiene; https://www.spectrumdata.org/direct-mail-data-hygiene/

**Defs.' Resp. to Pls.' Mtn. in Limine**     12

**Conclusion**

Plaintiffs allege that Named Defendants' challenges were "frivolous" and sought information as to how the challenge lists were created through interrogatories, document requests, and in deposition. Having learned that Defendants started with unequivocally valid data and employed universally accepted, and in the case of OpSec, proprietary steps to improve the accuracy of the matches, Plaintiffs now claim that the testimony of Defendants in deposition as to their own actions could only have been provided by an expert. Defendants' position is not supported by the Rules of Evidence or precedent applying them. Defendants answered Plaintiffs' questions according to their rational perception of events pursuant to Rule 701(a) and did not testify based on scientific, technical, or other specialized knowledge pursuant to Rule 701(c). Under these circumstances, excluding all testimony from three defendants who simply answered Plaintiffs' questions is an attempt to prevent the factfinder from considering relevant, probative evidence. Plaintiffs overreach and this Court should deny Plaintiffs' Motion in Limine and admit the testimony of Defendants Phillips, Davis, and Somerville.

**Defs.' Resp. to Pls.' Mtn. in Limine**    13

Dated: June 21, 2022                          Respectfully Submitted,

*/s/ David F. Guldenschuh*                    */s/ James Bopp, Jr.*
David F. Guldenschuh                          James Bopp, Jr.,* IN # 2838-84
GA Bar No. 315175                               jboppjr@aol.com
David F. Guldenschuh P.C.                     Jeffrey P. Gallant,* VA # 46876
P.O. Box 3                                      jgallant@bopplaw.com
Rome, Georgia 30162-0333                      Courtney Turner Milbank,* IN#
Telephone: 706-295-0333                       32178-29
Email: dfg@guldenschuhlaw.com                   cmilbank@bopplaw.com
*Local Counsel for Defendants*                Melena Siebert,* IN # 35061-15
                                                msiebert@bopplaw.com
                                              THE BOPP LAW FIRM, PC
                                              1 South 6th Street
                                              Terre Haute, Indiana 47807
                                              Telephone: (812) 232-2434
                                              Facsimile: (812) 235-3685
                                              *Lead Counsel for Defendants*
                                              *Admitted Pro hac vice*

**Defs.' Resp. to Pls.' Mtn. in Limine    14**

# Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on June 21, 2022.


*/s/ David F. Guldenschuh*
David F. Guldenschuh
*Local Counsel for Defendants*