United States District Court
Northern District of Georgia
Gainesville Division

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**,<br><br>*Plaintiffs,*<br><br>v.<br><br>**True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**,<br><br>*Defendants.* | Civ. No. 2:20-cv-00302-SCJ<br><br>Hon: Steve C. Jones |

### Defendants' Notice of Constitutional Challenge of Statute

Pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, Defendants, by and through counsel, respectfully file this Notice of Constitutional Challenge of Statute with the Court and notice provided to the Attorney General of the United States, the Honorable Merrick Garland ("**Attorney General**"). In support thereof, Defendants show as follows:

1.  This action was instituted by Plaintiffs on December 23, 2020, and the Defendants thereafter accepted service via a Waiver of the Service of Summons, which was filed by Plaintiffs on January 25, 2021. ECF No. 45.

2.  Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief on March 22, 2021. ECF No. 73.

3.  Defendants filed their Amended Answer in Compliance with Court Order to Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief, and Affirmative Defenses on August 23, 2021.[1] ECF No. 112.

4.  Several of Defendants' affirmative defenses raised constitutional questions, on an as applied basis, regarding Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b) ("**Section 11(b)**") and are summarized below for the Court's convenience:

    a.  Defendants' activities are constitutionally protected under the First Amendment's right of free speech, to petition the government, and to vote. Am. Answer, ¶ 86.

    b.  Judicial enforcement of Section 11(b), as sought to be applied by

---

[1] Defendants first filed their answer, along with several counterclaims, on March 31, 2021. ECF No. 80. This Court dismissed Defendants' counterclaim. ECF No. 111.

        Plaintiffs, is unconstitutional under the First Amendment. Am. Answer, ¶ 92.

    c.    Judicial enforcement of Section 11(b), as sought to be applied by Plaintiffs, unconstitutionally violates Defendants' right to vote via vote dilution. Am. Answer, ¶ 93.

    d.    Judicial enforcement of Section 11(b), as sought to be applied by Plaintiffs, is unconstitutionally vague. Am. Answer, ¶ 94.

5.    Defendants argued the affirmative defenses as summarized in 4.a-d in their Motion for Summary Judgment and in their Brief in Support of that motion. ECF Nos. 155, 155-1.

6.    By certified letter dated October 21, 2022, and pursuant to Rule 5.1(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants provided the Attorney General with a copy of: (1) Plaintiffs' Summons served on Defendants; (2) First Amended Complaint for Declaratory and Injunctive Relief; (3) Defendants' Amended Answer in Compliance with Court Order to Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief, and Affirmative Defenses; (4) Defendants' Motion for Summary Judgment; and (5) Brief in Support of Defendants' Motion for Summary Judgment. A true and accurate copy of that notice is attached hereto as Exhibit A.

7.    In their letter, Defendants communicated that they were serving a copy of

the these materials on the Attorney General pursuant to Rule 5.1(a), and that the affirmative defenses challenged the constitutionality of a federal statute, as sought to be applied in this case. The affirmative defenses in question challenged the constitutionality of the judicial enforcement of Section 11(b), as sought to be applied by Plaintiffs, but did not name the United States, one of its agencies, nor one of its officers or employees as a party to this suit in any of their pleadings, motions, or in any other paper filed with the court. In this manner, Defendants complied with Rule 5.1(a)(1)(A) and (a)(2)'s requirements that the Attorney General be notified that a federal statute was being challenged through this actions, and that neither the United States, one of its agencies, nor one of its officers or employees had been named as a party to the suit.

8.      Defendants believe the October 21, 2022, letter satisfies their substantive obligation under Rule 5.1(a)(1)(A) and (a)(2). This Court filed a Certification Order on October 20, 2022, whereby it directed the court clerk to mail a copy of the Certification Order to the Attorney General. The Certification Order requested the Attorney General submit his position as to intervention in reference to this issue no later than 60 days following the date of the Certification Order. ECF No.

**Defs.' Not. of**
**Const. Challenge of**
**Statute**                                              4

182.

9. In further compliance with Rule 5.1(a)(2), Defendants will serve the

Attorney General with a copy of this Notice via certified mail.

| Dated: October 21, 2022 | Respectfully Submitted, |
|---|---|
| */s/ David F. Guldenschuh* | */s/ James Bopp, Jr.* |
| David F. Guldenschuh | James Bopp, Jr.,* IN # 2838-84 |
| GA Bar No. 315175 | jboppjr@aol.com |
| David F. Guldenschuh P.C. | Jeffrey P. Gallant,* VA # 46876 |
| P.O. Box 3 | jgallant@bopplaw.com |
| Rome, Georgia 30162-0333 | Courtney Turner Milbank,* IN# |
| Telephone: 706-295-0333 | 32178-29 |
| Email: dfg@guldenschuhlaw.com | cmilbank@bopplaw.com |
| *Local Counsel for Defendants* | Melena Siebert,* IN # 35061-15 |
| | msiebert@bopplaw.com |
| | THE BOPP LAW FIRM, PC |
| | The National Building |
| | 1 South 6th Street |
| | Terre Haute, Indiana 47807 |
| | Telephone: (812) 232-2434 |
| | Facsimile: (812) 235-3685 |
| | *Lead Counsel for Defendants* |
| | *Admitted Pro hac vice |

**Defs.' Not. of Const. Challenge of Statute**               5

### Certificate of Service

I hereby certify that on October 21, 2022, I electronically filed the foregoing and all attachments thereto with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel for all parties of record.

I further certify that the foregoing was served upon the Attorney General of the United States, via certified mail, to the address indicated below:

>The Honorable Merrick Garland
>United States Attorney General
>950 Pennsylvania Ave., NW
>Washington, D.C. 20530-0001

>*/s/ James Bopp, Jr.*
>James Bopp, Jr.,* IN # 2838-84
>Lead Counsel for Defendants
>*Admitted Pro hac vice*