IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FAIR FIGHT, INC., SCOTT BERSON,
JOCELYN HEREDIA, and JANE DOE,

    Plaintiffs,

v.

TRUE THE VOTE, CATHERINE
ENGELBRECHT, DEREK
SOMERVILLE, MARK DAVIS, MARK
WILLIAMS, RON JOHNSON, JAMES
COOPER, and JOHN DOES 1-10,

    Defendants.

CIVIL ACTION FILE

No. 2:20-CV-0302-SCJ

## ORDER

The Court has reviewed the parties' summary judgment briefing and has determined that additional information is needed to decide the issues. Therefore, the Court **ORDERS** that a hearing is needed to address issues raised by the parties' briefing, including but not limited to the questions specified below. The Court also invites the parties to provide supplemental briefing, which should be

submitted no later than **7 days** prior to the hearing.  The Court asks that the parties prepare to address these specific issues at the hearing:[1]

    I.    Using the ordinary rules of statutory interpretation (*i.e.*, ordinary-meaning, statutory context, legislative history, interpretations of similar Civil Rights statutory provisions, etc.), how should Section 11(b) of the Voting Rights Act be interpreted?

    II.    Does the Supreme Court's decision in <u>Virginia v. Black</u>, 538 U.S. 343, 359 (2003)—narrowing true threats to "statements where the speaker means to communicate a serious *expression of intent to commit an act of unlawful violence*" and clarifies that the "prohibition on true threats protect[s] individuals from the fear of *violence*" (emphasis added) (quotations and citations omitted)—preclude application of the true threat exception when the alleged threatening behavior is non-violent but aimed at inhibiting a fundamental right?

---

[1] Although the Court intends to focus on the enumerated issues at the hearing, the Court notes that it is not limited to asking questions about these discrete issues.

2

III.   Assuming without deciding that Defendants' section 230 challenges are First Amendment protected petitions, what legal standard should be used to determine the petitions were baseless or frivolous?

IV.   Please elaborate on the use of vote dilution as a defense to a Section 11(b) claim.

V.   Are the aforementioned constitutional defenses asserted as facial or as-applied challenges to Section 11(b)?

Accordingly, the Court **ORDERS** a hearing be held on the parties' motions for summary judgment (Doc. Nos. [155]; [156]) in this case—with an emphasis on the issues specified above—**on December 6, 2022, at 10 a.m.** at the Sidney O. Smith Federal Building & United States Courthouse (121 Spring Street SE Gainesville, GA 30501, Courtroom 303).[2] Each side will have **45 minutes** to present its position. If the parties submit supplemental briefing on the Court's questions, such briefing shall be submitted no later than **7 days** before the hearing

---

[2] For purposes of perfecting the record, the Court notes that this Order renders Defendants' request for oral argument (Doc. No. [155], 3) moot.

3

and shall be no more than **45 pages**. The Court does not require response briefing at this time.

  **IT IS SO ORDERED** this _26th_ day of October, 2022.

             _____

             **HONORABLE STEVE C. JONES**
             **UNITED STATES DISTRICT JUDGE**