# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:20-cv-00302-SCJ |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY PROTECT DEMOCRACY PROJECT IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this Court's order for supplemental briefing in connection with the parties' summary judgment motions in the above-captioned action (Order, Dkt. 184), the Court inquired into several discrete issues, including the proper interpretation of Section 11(b) of the 1965 Voting Rights Act, 52 U.S.C. § 10307(b) and the categorical "true threats" exception to the First Amendment. Proposed Amicus Curiae Protect Democracy Project requests leave to file the

1

attached brief, which seeks to provide interpretation and authority for the Court regarding Section 11(b) and its interaction with the First Amendment. Plaintiffs consent to Amicus filing its brief, Defendants object, and the United States takes no position.

The attached brief makes two points regarding these topics:

- Under the ordinary rules of statutory interpretation, Section 11(b) should be interpreted to have no *mens rea* requirement and to cover non-violent conduct that deters or seeks to deter electoral participation.
- True threats are not limited to threats of physical violence, but encompass a broader range of threats that cause emotional disturbance. Further, the true threats exception is merely one among several categorical exceptions to the First Amendment; it alone does not encompass all types of conduct that Section 11(b) may constitutionally regulate. Thus, even if this Court concludes that certain of Defendants' acts do not amount to true threats, other constitutional paths remain available to impose liability under Section 11(b).

Amicus takes no position on the underlying factual allegations in the case, except to note that the allegations—if proven—would establish a violation of Section 11(b) that would be unprotected by the First Amendment.

This Court possesses the "inherent authority" to grant leave to file an amicus brief. *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015) (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)). As the Court has recognized, leave to file an amicus brief is appropriate when an *amicus curiae* has "demonstrated sufficient interest in [the] litigation," *DeJulio v. Georgia*, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001), *aff'd*, 290 F.3d 1291 (11th Cir. 2002), and "where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information," *Pritzker*, 135 F. Supp. 3d at 1288 (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 2603276, at *1 (M.D. Fla. Sept. 9, 2010)).

That is the case here. Amicus has "sufficient interest in [this] litigation," *DeJulio*, 127 F. Supp. 2d at 1284. The Protect Democracy Project is a nonpartisan, nonprofit organization dedicated to preventing our democracy from declining into a more authoritarian form of government. It engages in litigation and other nationwide advocacy to protect free and fair elections and to ensure that all Americans are able to exercise their constitutional right to vote. Protect Democracy has litigated extensively on voting rights, election administration, and voter intimidation, emphasizing the particular threat that voter intimidation poses to a

functioning democracy. Protect Democracy has brought several actions with claims under Section 11(b) of the Voting Rights Act, and is interested in assisting courts in correctly interpreting the statutory provision and the legal issues concerning it. *See, e.g.*, *League of United Latin American Citizens - Richmond Region Council 4614 v. Public Interest Legal Foundation* ("*LULAC*"), No. 1:18-CV-00423, 2018 WL 3848404, at *1 (E.D. Va. Aug. 13, 2018) (counsel for plaintiffs); *Arizona Alliance for Retired Am. v. Clean Elections USA*, No. 22-1823, 2022 WL 17088041, at *2 (D. Az. Nov. 1, 2022) (counsel for plaintiff League of Women Voters Arizona). And Protect Democracy has a strong interest in this Court's interpretation of Section 11(b) because it represents plaintiffs in a Section 11(b) claim against some of the Defendants in this case in another matter in this District, *Andrews v. D'Souza*, No. 1:22-CV-4259-SDG (N.D. Ga.).

*Second*, the proposed amicus brief would "contribute to the [C]ourt's understanding of the matter in question by proffering timely and useful information," *Pritzker*, 135 F. Supp. 3d at 1288 (cleaned up). The brief delves into the legislative history and broader historical context behind the passing of Section 11(b) to shed light on its correct interpretation and, as relevant to the Court's First Amendment analysis, the compelling government interests in fighting voter intimidation and securing free and fair elections that the narrowly tailored statute

was enacted to address. The brief also situates application of the statute in the broader context of First Amendment analysis, showing that the "true threats" exception to protected speech is just one among several doctrinal paths to applying Section 11(b) in keeping with the First Amendment.

Finally, Defendants oppose leave to file this brief only because, as it is being filed the same day the parties' supplemental briefs are due, Defendants purportedly will not have an opportunity to respond. Defendants' objection lacks merit. The Court determined to invite the parties to submit supplemental briefing simultaneously, *see* Order, Dkt. 184 at 3-4, and stated specifically that it "does not require response briefing at this time," *id.* at 4. Further, Defendants will have the opportunity to respond to any points made in the proposed amicus brief at the scheduled hearing. And of course, the Court may exercise its discretion to allow responsive briefing as it deems appropriate.

## CONCLUSION

For the foregoing reasons, *Amicus Curiae* Protect Democracy Project respectfully requests the Court's leave to file the attached brief. A proposed order granting this motion is attached for the Court's convenience.

Dated: January 17, 2023                    Respectfully submitted,

**KREVOLIN & HORST, LLC**

**/s/ Adam M. Sparks**
Adam M. Sparks
Georgia Bar No. 341578
One Atlantic Center
1201 West Peachtree Street, NW, Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
Email: sparks@khlawfirm.com

John Paredes* (NY Bar No. 5225412)
Protect Democracy Project
82 Nassau Street, #601
New York, NY 10038
P: (202) 579-4582
F: 929-777-8428
john.paredes@protectdemocracy.org

Cameron Kistler* (DC Bar No. 1008922)
Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite # 163 Washington, D.C. 20006
T: (202) 579-4582
F: (929) 777-8428
cameron.kistler@protectdemocracy.org

Benjamin L. Berwick* (MA Bar No. 679207)
Protect Democracy Project
15 Main Street, Suite 312
Watertown, MA 02472
T: (202) 579-4582
F: (929) 777-8428

ben.berwick@protectdemocracy.org

*Counsel for Amicus Curiae Protect Democracy Project*

\* Motion for admission *pro hac vice* forthcoming.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using font type of Times New Roman and a point size of 14.

Dated: January 17, 2023                **/s/ Adam M. Sparks**
　　　　　　　　　　　　　　　　　　　Adam M. Sparks
　　　　　　　　　　　　　　　　　　　*Counsel for Amicus Curiae Protect*
　　　　　　　　　　　　　　　　　　　*Democracy Project*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated: January 17, 2023    **/s/ Adam M. Sparks**
Adam M. Sparks
*Counsel for Amicus Curiae Protect Democracy Project*