United States District Court
Northern District of Georgia
Gainesville Division

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**,<br><br>*Plaintiffs,*<br><br>v.<br><br>**True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**,<br><br>*Defendants.* | Civ. No. 2:20-cv-00302-SCJ<br><br>Hon: Steve C. Jones |

**Named Defendants' Response in Opposition to Project Democracy's Motion for Leave to File Amicus Curiae Brief In Support of Plaintiffs' Motion for Summary Judgment and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment**

This Court should deny Project Democracy's Motion for Leave to File an *Amicus Curiae* brief for two reasons: (1) the motion is not timely; and (2) it will not contribute to the court's understanding of the matter in question. *Georgia Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015).

**Defs.' Resp. to Mot. for Amicus Curiae**              1

Defendants True the Vote, Inc. ("**TTV**"), Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, and James Cooper (collectively, "**Named Defendants**") offer the following in support of their objection to Project Democracy's motion:

### I. Project Democracy's motion is not timely.

Project Democracy's motion was filed after principal briefing on the cross-motions for summary judgments were filed by the parties. This differs from *Pritzker*, in which the court granted the motion to file an amicus curiae brief when it was filed approximately one week after the cross motions for summary judgment were filed. *See* Dkt. Rpt, Case No. 1:13-cv-03241-AT. Following the motion in *Pritzker*, all parties briefed not only their support or opposition to the motion for amici curiae, but also had the opportunity to file responses and replies related to their cross motions for summary judgment, according to normal court schedules. *See id.*

Not so here. Project Democracy filed its motion for amici curiae approximately *two months after* the cross motions for summary judgment had been concluded by the parties and *on the same day* this Court had ordered supplemental

briefing to be filed. *See* Mot. for Leave to File Amici, ECF No. 194. Project Democracy argues because this Court stated it did not need response briefing from the parties on the supplemental briefing, Named Defendants do not need to have an opportunity to respond to its amici curiae briefing. *Id.* at 5. Project Democracy ignores that this Court's order related to supplemental briefing pertained to the *parties* to this litigation, not potential amici. Placing parties and amici on equal footing as to when a response is permissible or advisable violates fundamental principles of fairness to the parties.

## II. Project Democracy's brief does not contribute to this Court's understanding of the issues.

Fundamentally, Project Democracy's brief mirrors the arguments made by Plaintiffs. It argues that Section 11(b) does not require intent or proof of causation. Br. of Amicus Curiae at 3-10. Plaintiffs argued (and thoroughly briefed) the same. *See, e.g.*, Pls.' Suppl. Br. on Cross-Mot. for Summ. J. at 2-18. The cases Project Democracy cites to support its arguments are virtually the same as Plaintiffs'. *Id.*

Additionally, Project Democracy briefs the issue of whether Named Defendants' actions could constitute true threats. Br. of Amicus Curiae at 11-22. Again, this is an issue the parties have fully briefed and Project Democracy's

**Defs.' Resp. to
Mot. for Amicus Curiae**                             3

arguments largely mirror Plaintiffs'. See, e.g. Pls.' Suppl. Br. on Cross-Mot. for Summ. J. at 20-28.

Project Democracy's motion comes months after principal briefing on the cross-motions for summary judgment had concluded and on the same day parties filed the court-ordered supplemental briefing. It is not timely. Project Democracy's arguments mirror that of Plaintiffs', as does their cited authority for such arguments. Such briefing will not contribute to this Court's understanding of the issues. In fact, if granted, the amici brief will give Plaintiffs' positions another bite of the briefing apple. Project Democracy's motion should be denied because it violates the standards *Pritzker* defined as well as fundamental notions of fairness to the parties.

**Defs.' Resp. to
Mot. for Amicus Curiae**              5

| | |
|---|---|
| Dated: January 31, 2023 | Respectfully Submitted, |
| */s/ David F. Guldenschuh* | */s/ James Bopp, Jr.* |
| David F. Guldenschuh | James Bopp, Jr.,* IN # 2838-84 |
| GA Bar No. 315175 | jboppjr@aol.com |
| David F. Guldenschuh P.C. | Jeffrey P. Gallant,* VA # 46876 |
| P.O. Box 3 | jgallant@bopplaw.com |
| Rome, Georgia 30162-0333 | Courtney Turner Milbank,* IN# 32178-29 |
| Telephone: 706-295-0333 | |
| Email: dfg@guldenschuhlaw.com | cmilbank@bopplaw.com |
| *Local Counsel for Defendants* | Melena Siebert,* IN # 35061-15 |
| | msiebert@bopplaw.com |
| | THE BOPP LAW FIRM, PC |
| | 1 South 6th Street |
| | Terre Haute, Indiana 47807 |
| | Telephone: (812) 232-2434 |
| | Facsimile: (812) 235-3685 |
| | *Lead Counsel for Defendants* |
| | *Admitted Pro hac vice |

**Defs.' Resp. to Mot. for Amicus Curiae**     6

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on January 31, 2023

>*/s/ David F. Guldenschuh*
>David F. Guldenschuh
>*Local Counsel for Defendants*