IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FAIR FIGHT, INC., SCOTT BERSON,
JOCELYN HEREDIA, and JANE DOE,

    Plaintiffs,

v.

TRUE THE VOTE, CATHERINE
ENGELBRECHT, DEREK
SOMERVILLE, MARK DAVIS, MARK
WILLIAMS, RON JOHNSON, JAMES
COOPER, and JOHN DOES 1-10,

    Defendants.

CIVIL ACTION FILE

No. 2:20-CV-302-SCJ

## ORDER

This matter appears before the Court on Protect Democracy Project's
Motion for Leave to File an Amicus Curiae Brief. Doc. No. [194].[1] The Motion
indicated that Plaintiffs consented to the Amicus Brief, the Government took no

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers
are those imprinted by the Court's docketing software.

position, and Defendants objected. Doc. No. [194], 2. On January 31, 2023, Defendants filed their response in opposition to the Motion. Doc. No. [204].

An amicus is a "friend of the court." In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1249 n.34 (11th Cir.2006). Although there is no formal rule governing the filing of amicus curiae briefs, district courts possess the inherent authority to grant or refuse leave to amicus parties. Id. "The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court." Dejulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (citing Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991); Ellsworth Assocs., Inc. v. United States, 917 F. Supp. 841, 846 (D.D.C. 1996); see also Concerned Area Residents for Environ. v. Southview Farm, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) ("District Courts have broad discretion in deciding whether to accept amicus briefs.").

Having read Protect Democracy Project's proposed amicus brief, the Court finds that it will assist the Court in deciding the pending issues. The Parties' Summary Judgment Motions have presented the Court with novel issues of statutory interpretation and constitutional law. Thus, the Court finds that the Amicus Brief will aid the Court in wading through these nuanced issues. Courts

2

typically grant amicus status where the parties "contribute to the court's understanding of the matter in question" by proffering timely and useful information. Conservancy of Southwest Florida v. U.S. Fish and Wildlife Serv., No. 2:10–cv–106, 2010 WL 3603276 at *1 (M.D. Fla. Sept. 9, 2010) (citing Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir. 1987)).

For the foregoing reasons, Protect Democracy Project's Motion for Leave to File an Amicus Brief (Doc. No. [194]) is **GRANTED. The Clerk is DIRECTED to refile Doc. No. [194-1] as a new docket entry on CM/ECF.**

Because the Amicus Brief was filed after the Plaintiffs and Defendants fully briefed their motions for summary judgment, and at the close of the period for supplemental briefing, the Court **GRANTS** Defendants leave to respond to the amicus brief. Defendants may file a brief responding to the amicus brief within **TEN (10) DAYS** of the entry of this Order. The response brief **SHALL NOT EXCEED FIFTEEN PAGES** in length.

IT IS SO ORDERED this ___1st___ day of February, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

3