IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1–10, <br><br> Defendants. | CIVIL ACTION FILE <br><br> No. 2:20-CV-00302-SCJ |

## ORDER

This matter appears before the Court on Plaintiffs' Motion in Limine to exclude improper expert testimony from Gregg Phillips and Defendants Mark Davis and Derek Somerville.[1] Doc. No. [172]. Plaintiffs assert that the parts of Phillips, Davis, and Somerville's testimony regarding the accuracy and reliability

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

of their data analysis that generated the voter challenge lists cannot be presented as lay testimony because it involves technical matters that require expert designation.[2]   Doc. No. [172], 2. Plaintiffs argue that any expert opinions made by Phillips, Davis, or Somerville should be excluded because (a) Defendants did not properly designate any expert testimony under Rule 26(a), and (b) Phillips, Davis, or Somerville's testimony does not meet Rule 702's requirements of reliable expert testimony. Id. at 3–7.

## I.   LEGAL STANDARD

The Federal Rules of Evidence specify the permissible extent of lay witness testimony and when a designated expert is required. Where a witness is not testifying as an expert, his or her opinion testimony must be "(a) rationally based on the witnesses' perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. To serve as an expert witness, a witness must be "qualified as an expert

---

[2] A more detailed factual account is given in the forthcoming summary judgment order. In short, Plaintiffs attribute two voter challenge lists to Defendants—one created by True the Vote created with the help of Gregg Phillips at Opsec, and another made by Davis and Somerville. Testimony about how these lists were made is the substance of Plaintiffs' motion in limine and this Order.

by knowledge, skill experience, training, or education." Fed. R. Evid. 702. Expert witnesses may provide opinion testimony if, among other things, "the testimony is the product of reliable principles and methods" and "the expert has reliably applied the principles and methods to the facts of the case." Id.

The Advisory Committee amended Rule 701 to prohibit lay witnesses from making opinions based on "scientific, technical, or other specialized knowledge" in order "to eliminate the risk" that Rule 702's reliability requirements "will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee Note. District courts must be vigilant in ensuring Rule 702's reliability requirements are not evaded by parties seeking to introduce expert testimony through lay witnesses. Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317 (11th Cir. 2011); see also Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").

"Lay opinion testimony cannot 'provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'" Great Lakes Ins. Se. v. Wave Cruiser LLC, 36 F.4th 1346, 1358

(11th Cir. 2022) (citing United States v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001)). When opinion "blurs into supposition and extrapolation," that testimony "crosses the line into expertise." Lebron v. Sec'y of Fla. Dep't of Child. and Fams., 772 F.3d 1352, 1372 (11th Cir. 2014). However, lay witnesses may base testimony on "'firsthand knowledge' and observations," Great Lakes Ins., 36 F.4th at 1358, and may "draw on their professional experiences to guide their opinions without necessarily being treated as expert witnesses." United States v. Jeri, 869 F.3d 1247, 1265 (11th Cir. 2017).

## II. ANALYSIS

Plaintiffs contend that the testimony offered by Phillips, Davis, and Somerville about the reliability of the algorithms used to make the voter challenge lists is impermissible lay witness testimony because it is based on specialized or technical knowledge. Doc. No. [172], 4–7. Plaintiffs further argue that Defendants cannot offer this testimony as expert testimony because Defendants did not make any Rule 26 expert designation. Id. at 3–4.

Defendants do not dispute that they failed to designate any experts on the data analytics and programs used in this case. Doc. No. [175], 2. Defendants conversely argue that Phillips, Davis, and Somerville can assert their opinions as

4

lay witness testimony because they formed their opinions that their respective challenge lists based on: (1) their firsthand knowledge of how they themselves put the lists together and (2) their prior experience working with data. Doc. No. [175], 3–6.

The Court does not question that Phillips, Davis, and Somerville created the voter challenge lists, nor that they, as lay witnesses, may testify about how they made the lists. Professional experience with the data programs used, however, does not cure Phillips, Davis, and Somerville's lack of expert designation in this case. Lay witnesses may provide opinion testimony "based upon their particularized knowledge garnered from years of experience within the field" but cannot make conclusions on matters that would be specialized or require technical expertise. Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd., 320 F.3d 1213, 1223 (11th Cir. 2003); cf. also id. (allowing "business owners or officers" to testify as non-experts "because of the particularized knowledge that the witness has by virtue of his or her position in the business." (quoting Fed. R. Evid. 701, Advisory Committee Note) (altered from original)); Eberhart v. Novartis Pharms. Corp., 867 F. Supp. 2d 1241, 1252–53 (N.D. Ga. 2011) (permitting treating physicians to testify as lay witnesses on

matters that may resemble expert testimony but is only "offered for the purpose of explaining the physician's decision-making process or the treatment provided.").

As lay witnesses, therefore—if the proper foundation is laid—Phillips, Davis, and Somerville can testify about their use of the algorithms and data programs (*i.e.*, the data used, and the results obtained). But they cannot testify about the accuracy or reliability of the data processes performed or the accuracy or reliability of the results obtained. Fed. R. Evid. 701(c) ("[A] witness . . . not testifying as an expert . . . is limited to [testimony] not based on scientific, technical, or other specialized knowledge . . . .").

## III. CONCLUSION

To reiterate, Phillips, Davis, and Somerville may offer lay testimony about their personal observations in making the voter challenge lists and the general results obtained from their data sets and algorithms. Phillips, Davis, and Somerville, however, cannot offer lay witness testimony about the *accuracy* and *reliability* of their results or methods. Thus, the Court will not consider any testimony from Phillips, Davis, or Somerville about the accuracy or reliability of the analytical methods used or results obtained in its ruling on the cross-motions

for summary judgment (Doc. Nos. [155-1]; [156-1]). See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial[.]").

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion in Limine. Doc. No. [172].

IT IS SO ORDERED this \_\_\_6th\_\_\_ day of March, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE