IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>    Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>    Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING
PARTIAL SUMMARY JUDGMENT TO DEFENDANTS**

In its March 9th Order on the Parties' Cross Motions for Summary Judgment, the Court granted Defendants' Motion as it related to Section 230 challenges in Muscogee County after the Court concluded that "no evidence connects the Muscogee County voters' intimidation based on voter challenges with the Defendants." ECF No. 222 at 31. While Plaintiffs do not seek reconsideration as it relates to Defendants Mark Davis and Derek Somerville, Plaintiffs believe they

1

submitted evidence that would allow a reasonable factfinder to conclude that the Muscogee County challenger, Alton Russell, acted as an agent of (or in concert with) True the Vote, Inc. and the remaining Defendants (collectively, the "True the Vote challengers").[1] *See* ECF No. 156-34 at 5 (Plaintiffs' Exhibit 31 to Motion for Summary Judgment showing True the Vote planned for Alton Russell to submit challenges in Muscogee); ECF No. 155-2 ¶ 138 (Defendants admitting Russell submitted challenges in Muscogee); *see also* ECF No. 177 at 6 (arguing that TTV recruited Russell to challenge Muscogee County voters). This evidence was not referenced in the order on summary judgment. Plaintiffs respectfully submit that the existence of this evidence precludes the proper entry of partial summary judgment to the True the Vote challengers on this issue. As a result, Plaintiffs request that the Court reconsider its ruling on this specific, narrow issue, as to these specific defendants and witnesses, so that any factual disputes about the Section 230 Muscogee County challenges can be resolved at trial, after the Court has made any necessary credibility determinations with all evidence before it.

---

[1] By True the Vote challengers, Plaintiffs refer to Defendants True the Vote, Inc., Catherine Engelbrecht, James Cooper, Ron Johnson, and Mark Williams.

## LEGAL STANDARD

Reconsideration is appropriate to correct an error of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Kelley v. C.R. Bard, Inc.*, No. 2:20-CV-000045-SCJ, 2023 WL 2370109, *6 (N.D. Ga. Jan. 24, 2023) (partially granting motion for reconsideration and amending portion of summary judgment order to allow additional expert testimony). The decision to grant a motion for reconsideration, which may be filed within 28 days after the entry of the order or judgment, N.D. Ga. LR 7.2(E), is committed to the sound discretion of the district court and will not be overturned absent an abuse of discretion. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

Summary judgment is appropriate only when "a movant shows that there is 'no genuine dispute as to any material fact,' such that 'the movant is entitled to judgment as a matter of law.'" *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1251 (11th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). The nonmoving party need only "show that specific facts exist that raise a genuine issue for trial" to defeat summary judgment. *Id*. A genuine dispute of material fact exists "when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

3

## ARGUMENT

In support of Plaintiffs' motion for summary judgment and in opposition to Defendants' motion for summary judgment, Plaintiffs provided numerous pieces of evidence from which a reasonable factfinder could find that Alton Russell acted as an agent of True the Vote when he submitted challenges to Muscogee County. Plaintiffs believe this evidence, discussed further below, provides grounds for reconsideration of the entry of partial summary judgment in favor of the True the Vote challengers on this narrow issue.

Three important facts regarding the source of the Muscogee challenges are not in dispute. First, the parties agree that Muscogee County Republican Chair Alton Russell submitted the challenges against Plaintiff Berson, along with other Muscogee voters. *See* Defs.' SUMF ¶ 138, ECF No. 155-2. Second, the parties do not dispute that True the Vote **named** Russell as its Muscogee challenger on its master challenger volunteer list. *See* Pls. Mot. for Summ. J. Ex. 31 at 5, ECF No. 156-34. Third, the parties do not dispute that True the Vote specifically recruited county GOP chairs, like Russell, to submit challenges in their respective counties. *See* ECF No. 171-3 ¶ 42. What appears unresolved is whether True the Vote directed or attempted to direct Alton Russell to submit challenges in Muscogee County, or otherwise encouraged or provided assistance to Russell such that True the Vote is

liable for the challenges. *See* March 9 Order at 16, ECF No. 222 (recognizing that Defendants could be liable for "third-party actions that have been directed by the Defendants").

Plaintiffs provided sufficient evidence for a reasonable factfinder to conclude that Alton Russell was acting at the direction of—or in concert with—True the Vote when he submitted challenges to Muscogee County. First, Plaintiffs presented a spreadsheet prepared by True the Vote listing its volunteer challengers in each county; the spreadsheet identified Alton Russell as True the Vote's Muscogee County challenger. *See* Pls.' Mot. for Summ. J. Ex. 31 at 5, ECF 156-34. True the Vote has separately admitted that other individuals listed on this spreadsheet were acting on its behalf: Jerry Boling, for example, is identified on the spreadsheet as the Banks County challenger and True the Vote has confirmed that it worked with Boling to submit challenges in Banks County. *See* Defs.' Resp. to Pls.' Corrected SUMF at 20, ECF No. 173-1.) Second, as noted above, Mr. Russell was a county GOP Chair, and True the Vote admitted that it specifically recruited county GOP Chairs as challengers. *See* Pls.' Reply in Supp. of Mot. for Summ. J. at 6, ECF No. 177 (discussing this evidence).[2]

---

[2] Documents like the internal challenger spreadsheet, produced in response to discovery requests, are admissible in a motion for summary judgment since they are

On the other side, Defendants submitted no evidence to refute what their own records indicate: that Alton Russell was acting at True the Vote's direction. At best, Defendants' **counsel** represented that "TTV submitted no other challenges" separate from the 65 counties already identified. *See* March 9 Order at 30, ECF No. 222 (citing Defs.' RFP Response at 7-8, ECF No. 155-6). This statement is not evidence, *see United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) (recognizing statements of counsel are not evidence), nor is it material because True the Vote does not need to have submitted the challenge **itself** to be liable for consequences of actions it otherwise directed (or attempted to direct) a third-party to take, as the Court recognized in its March 9 Order. *See* ECF No. 222 at 16.

It is also undisputed that True the Vote at least *attempted* to challenge individuals registered in Muscogee County who appeared in the National Change of Address database. Section 11(b) liability extends to any "attempt to intimidate, threaten, or coerce any person for voting or attempting to vote." 52 U.S.C.

---

self-authenticating, *Chadwick v. Bank of Am., N.A.*, No. 1:12-CV-3532-TWT, 2014 WL 4449833, *4 (N.D. Ga. Sept. 9, 2014), *aff'd,* 616 F. App'x 944 (11th Cir. 2015) and are admissions of a party opponent. *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 (11th Cir. 2012) (holding that the failure to consider an admission of a party opponent for purposes of summary judgment was an error of law and an abuse of discretion). Such admissions are sufficient to establish a dispute of material fact and defeat summary judgment. *See, e.g.*, *Ewulonu v. Fulton Cnty.*, No. 1:10-CV-0945-WSD, 2011 WL 1335170, *7 (N.D. Ga. Aug. 17, 2011) (denying summary judgment based on admissions of a party opponent).

§ 10307(b). Under federal law, individuals are liable for attempts where they (1) have a "specific intent" to engage in the proscribed conduct, and 2) take a "substantial step toward commission of the offense." *United States v. Jockisch*, 857 F.3d 1122, 1129 (11th Cir. 2017). In the very first paragraph of its Statement of Undisputed Material Facts, True the Vote admits that it "intended to submit challenges on behalf of challengers in all" 159 counties (an explicit admission of specific intent) and that it "compiled a challenge list encompassing all 159 counties in Georgia" (a substantial step towards filing the challenges). ECF No. 174-1 ¶ 1.[3] Thus, in addition to evidence that True the Vote directed the Muscogee County challenges, its frank admission that it attempted to file challenges in Muscogee County is independently sufficient to defeat Defendants' motion for summary judgment as to challenges against Muscogee County registrants.

Plaintiffs therefore respectfully submit it was error to conclude that Defendants' "evidence is uncontroverted" and that "Defendant True the Vote did not make voter challenges through its agents in Muscogee County." March 9 Order at 30, ECF No. 222; *see also Richards v. City of Atlanta*, No. 1:10-CV-3928-CC, 2014

---

[3] Even under an attempt theory of liability, the testimony of challenged Muscogee County voters will be relevant to prove the actions that Defendants attempted and would have been intimidating—and thus in violation of Section 11(b)—if successful.

WL 11517842 (N.D. Ga. Mar. 31, 2014) (granting motion to reconsider because failure to recognize facts presented in briefing was error). Even if True the Vote had responded with evidence of its own, a court does not "weigh conflicting evidence or make credibility determinations" at the summary judgment stage; "the non-movant's evidence is to be accepted for purposes of summary judgment." *Wate v. Kubler*, 839 F.3d 1012, 1018 (11th Cir. 2016).

## CONCLUSION

Presented with documentary evidence and other supporting party admissions, a reasonable factfinder could find that True the Vote acted through its agents to challenge Muscogee County voters, or attempted to challenge Muscogee County voters. In light of the existing record, Plaintiffs respectfully ask the Court to reconsider its grant of partial summary judgment to the True the Vote challengers.

Respectfully submitted, this 6th day of April, 2023.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>Michelle L. McClafferty<br>Georgia Bar No. 161970<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com<br>michelle.mcclafferty@lawrencebundy.com | <u>/s/ Uzoma N. Nkwonta</u><br>Marc E. Elias*<br>Uzoma N. Nkwonta*<br>Christina A. Ford*<br>Tina Meng Morrison*<br>Marcos Mocine-McQueen*<br>Joel J. Ramirez*<br>Jacob D. Shelly*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>jramirez@elias.law<br>jshelly@elias.law<br><br>*Counsel for Plaintiffs*<br>*Admitted *pro hac vice* |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing ***Plaintiffs' Motion to Reconsider Order Granting Partial Summary Judgment*** has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 6th day of April, 2023          */s/ Uzoma N. Nkwonta*

                                                    Uzoma N. Nkwonta
                                                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Plaintiffs' Motion to Reconsider Order Granting Partial Summary Judgment*** with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 6th day of April, 2023.

                                                    */s/ Uzoma N. Nkwonta*

                                                    Uzoma N. Nkwonta
                                                    *Counsel for Plaintiffs*