IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>Defendants, | CIVIL ACTION FILE<br><br>No. 2:20-CV-00302-SCJ |

### ORDER

This matter appears before the Court on Plaintiffs' Motion to Reconsider the Partial Grant of Summary Judgment to Defendants.[1] Doc. No. [232]. Defendants did not file a response to Plaintiffs' motion within allowed period. Thus, the motion is ripe for the Court's review and, for the following reasons, the

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Court **GRANTS** Plaintiffs' motion to reconsider and accordingly **AMENDS** its summary judgment order as described *infra*.

Plaintiffs ask the Court to reconsider its partial grant of summary judgment to Defendants True the Vote, Catherine Engelbrecht, James Cooper, Ron Johnson, and Mark Williams (the True the Vote Defendants) for intimidation of Muscogee County voters by means of Section 230 challenges.[2] Doc. No. [232], 2. In the summary judgment order, the Court narrowly determined that there was no evidence any Defendant had made Section 230 challenges in Muscogee County and thus the Section 230 challenges could not be used to show voter intimidation for these voters. Doc. No. [222], 29–31. Importantly, the Court did not dismiss the Section 11(b) claim for the Muscogee County voters because the Section 230 challenges were "only one basis of intimidation alleged by Plaintiffs against Defendants." Id. at 31.

Nevertheless, the Plaintiffs ask the Court to reconsider its narrow ruling in favor of the True the Vote Defendants. They contend that there is evidence the True the Vote Defendants directed Section 230 voter challenges in

---

[2] Plaintiffs do not ask for reconsideration of the Court's ruling as to Defendants Mark Davis and Derek Somerville on the Muscogee County voters. Doc. No. [232], 1.

Muscogee County and thus the Court's ruling was erroneous. Doc. No. [232], 4–8. Plaintiffs point to record evidence showing Alton Russell as the county challenger for Muscogee County, which is further corroborated by Plaintiff Berson's interrogatory response that a newspaper had reported "Muscogee County Republican Chair Alton Russell had filed challenges to thousands of voters." Doc. Nos. [156-34], 5; [155-23], 3. They also cite to *Defendants'* statement of material facts admitting that "Alton Russell submitted a § 230 Challenge in Muscogee County." Doc. No. [155-2], 38 at ¶ 138. Indeed, Plaintiffs had argued in their reply brief on summary judgment that Section 230 challenges had been submitted in Muscogee County and cited the aforementioned evidence. Doc. No. [177], 9–10.

The Court acknowledges that, in the light of this evidence, the narrow partial grant of summary judgment to the True the Vote Defendants on the Section 230 challenges of Muscogee County voters was erroneous. There is an issue of fact to be resolved at trial as to whether the True the Vote Defendants submitted Section 230 challenges in Muscogee County and if these challenges support Plaintiffs' Section 11(b) claim. Thus, to correct its error, the Court **GRANTS** Plaintiffs motion to reconsider. See In re Wright Med. Tech. Inc.,

Conserve Hip Implant Prod. Liab. Litig., 178 F. Supp. 3d 1321, 1335 (N.D. Ga. 2016), aff'd in part sub nom. Chistiansen v. Wright Med. Tech., Inc., 851 F.3d 1203 (11th Cir. 2017) (quoting United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003)) (allowing a motion to reconsider be granted "to correct clear error").

For the foregoing reasons, the Court **VACATES IN PART** pages 29–31 of its summary judgment order, specifically Section (III)(A)(2)(b)(3)(b), as it relates to partially granting summary judgment for the True the Vote Defendants on the Section 230 voter challenges in Muscogee County. The Court hereby **AMENDS** this portion of the summary judgment order to **GRANT IN PART** summary judgment for Defendants Mark Davis and Derek Somerville on the Section 230 challenges to the Muscogee County voters to support voter intimidation (as articulated in the March 9, 2023 summary judgment order, Doc. No. [222]) but otherwise **DENIES** summary judgment for the True the Vote Defendants.

IT IS SO ORDERED this ___3rd___ day of May, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE