United States District Court
Northern District of Georgia
Gainesville Division

| | |
|---|---|
| **Fair Fight, Inc., Scott Berson, Jocelyn Heredia,** and **Jane Doe**,<br><br>*Plaintiffs,*<br><br>v.<br><br>**True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper, and John Does 1-10**,<br><br>*Defendants.* | Civ. No. 2:20-cv-00302-SCJ<br><br>Hon. Steve C. Jones |

## DEFENDANTS' MOTION FOR JURY TRIAL

Defendants True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, and James Cooper (collectively, "Defendants") file this request for a jury trial under Rule 39(b) of the Federal Rules of Civil Procedure.

### I.

### PRELIMINARY STATEMENT

This case consists primarily of a claim Plaintiffs brought against Defendants for an alleged violation of Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), claiming Defendants personally intimidated them. Though their cause

of action is unmistakably the kind for which juries were designed, one requiring judgments about both subjective and objective intent, Plaintiffs did not demand a jury trial in their Complaint or Amended Complaint. We presume that to be the case because the Court had at the time suspended jury trials, consistent with COVID-related restrictions. Prior counsel for Defendants likewise did not file a jury demand at the time, perhaps for the same reason.

But prior counsel did not act once those restrictions were lifted. Nor did prior counsel explain to Defendants, their clients at the time, the implications. Defendants have now changed counsel. The file is extensive. A lot of discovery had been completed by the time new counsel got possession of all the records in May 2023, including deposition transcripts. New counsel has over the past several weeks now studied the record, deposition transcripts, and discovery exchanged and determined that a request for jury trial was warranted and is still warranted.

Complicating the matter may be the fact that prior counsel has now filed suit against Defendant True the Vote. That should not, however, make a difference in how this motion is treated.

The Eleventh Circuit has made clear that motions such as this should be granted "in the absence of strong and compelling reasons to the contrary," *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983). There are in this case no strong and compelling reasons to the contrary.

Plaintiffs' claims of intimidation, sounding in tort and alleged civil rights violations, are the sort traditionally assigned to juries of one's peers. Plaintiffs can be neither surprised nor prejudiced by a request for a jury trial, even if that would entail a continuance (something for which Defendants are not at this time asking in any event).[1] And last but not least, there is the simple fact that it is a constitutional right: "[t]he right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature in our system." *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964).

Prior counsel for Defendants, who might have filed a demand for jury trial shortly after COVID-related restrictions were lifted, has now sued the lead Defendant True the Vote. Defendants ask the Court not to punish the persons really at risk here for prior counsel's error or oversight. Such restraint is particularly compelling while there is still an avenue for relief – granting a jury trial request now. And granting the request would at the same time serve the interests of judicial economy.

---

[1] Defendants also note that on July 22, 2023, one of the individual defendants experienced a pulmonary embolism, resulting in the need for immediate surgical intervention. Counsel for Defendants have been informed that he is "not out of the woods yet".

## II.

## ARGUMENTS AND AUTHORITIES

A late request for jury trial is governed by Rule 39(b), which provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The Eleventh Circuit, in *Parrott v. Wilson*, 707 F.2d 1262 (11th Cir. 1983), set forth guidance on these matters. The *Parrott* court stated, "in this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *Parrott*, 707 F.2d at 1267 (quoting *Swofford*, 336 F.2d at 408; *see also Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990) ("the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary").

Courts in the Eleventh Circuit have considered several factors to flesh out the rights granted by the Seventh Amendment and the general rule favoring a jury trial when requested by a party, even if late in the proceedings:

(1) whether the case involves issues that are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Parrott*, 707 F.2d at 1267.

Courts also recognize that "policy considerations may warrant exercising Rule 39(b) discretion in favor of a party who failed to file a timely jury demand where that party, like Defendants here, '"has been hailed into federal court against his will."' *Barron v. Bankers Life & Cas. Co.*, 288 F.R.D. 187, 192 (W.D. Tenn. 2012) (quoting *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 n. 8 (6th Cir.1986)).

1. **This case involves issues that are best tried to a jury.**

The first *Parrott* factor, and arguably the most important, is whether the case involves issues that are best tried to a jury. *Parrott*, 707 F.2d at 1267. This case, which alleges that individual defendants intimidated individual plaintiffs, involves factual issues obviously best tried to a jury comprised of those plaintiffs' and defendants' peers. *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (acknowledging that cases with operative facts well within the comprehension of a jury are best tried to a jury). Cases less suitable for juries include issues such as "the interpretation of a complex 32-page commercial lease, and fact issues that will be addressed by expert witnesses concerning how and why the roof collapsed." *Devs. Diversified of Tennessee, Inc. v. Tokio Marine & Fire Ins. Co.*, No. 3:04-0015, 2015 WL 13528477, at *6 (M.D. Tenn. Mar. 17, 2015). This is not such

a case. It is to a degree about who is telling the truth and who is not, who was reasonable in feeling intimidation and whether anyone was reckless in causing it. At the end of the day, assessments of the credibility of each side's witnesses are likely to determine the outcome. If there exists an exclusive province of a jury, this is it.

One cause of action in this case — alleged voter intimidation in violation of Section 11(b) of the Voting Rights Act of 1965 ("VRA") — expressly asks finders of fact to put themselves in the shoes of both the voter-Plaintiffs and Defendants to answer the following questions: (1) were voter-Plaintiffs reasonable in feeling intimidated by actions of Defendants, and if so, (2) were Defendants aware of or reckless in connection with that intimidation? *See Counterman v. Colorado*, 143 S. Ct. 2106, 2109 (2023) (requiring scienter of recklessness in claimed exceptions to First Amendment protections). In short, the questions of intimidation and the parties' states of mind are no different from other tort, criminal, and civil rights cases traditionally and rightly tried to a jury.

Indeed, a sample size of twelve jurors, all peers to the allegedly intimidated voter-Plaintiffs, is better placed to make an objective determination based on such objective standards than any single finder of fact. The plain text of the VRA asserts that its purpose is to protect the voting rights of United States citizens, stating that "[a]ll citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township,

school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections…" 52 U.S.C. § 10101(a)(1). There can be no better arbiter in determining whether a violation of these rights occurred than a jury of the same citizens the Act was written to protect.

2. **Granting a jury trial will not disrupt the Court's schedule or the adverse party's schedule.**

The second *Parrott* factor considers whether granting the motion would result in a disruption of the court's schedule or that of the adverse party. *Parrott*, 707 F.2d at 1267. There has been no suggestion of which Defendants are aware that granting a jury trial will unduly disrupt the Court's schedule or Plaintiffs' schedules. *See Milliken & Co. v. Shaw Indus., Inc.*, 978 F. Supp. 1155, 1160 (N.D. Ga. 1997) (acknowledging that, absent compelling evidence by the adverse party that its schedule is more inconvenienced by a jury trial than a bench trial, the court weighs this factor in favor of the movant); *see Daniel Int'l Corp.*, 916 F.2d at 1064 (determining that there was no disruption to the court's schedule since the case had already been placed on the jury calendar).

The trial in this case is set to begin on October 30, 2023. (Dkt. 234). At the time of this filing, this date is still two and a half months away. Granting this motion should have little adverse impact on scheduling. *See Sebastian v. Liberty Mut. Fire Ins. Companies*, 2012 WL 13027319 (N.D. Fla. Nov. 9, 2012) (acknowledging that a trial set almost three months from the date of the movant's granted motion should

7

have little adverse impact on scheduling). However, even if the trial date were to be re-set, any resulting inconvenience, were a party able to articulate one, could not outweigh the more serious rights at stake here.

### 3. **This belated jury request is not a delay tactic, and granting a jury trial will not prejudice Plaintiffs.**

Subject to the adequate recovery of one of the Defendants from a serious medical condition, Defendants are willing and able to proceed to trial as scheduled. That alone shows their jury request is not a delay tactic. *Cf. United States v. Unum, Inc.*, 658 F.2d 300, 302 (5th Cir. 1981) (noting defendants did not seek a jury trial until seven days before the final docket call, which could be construed as a transparent delay tactic). Defendants are not seeking a delay. They are trying to correct an error made by their prior counsel.

The third *Parrott* factor considers the degree of prejudice to the adverse party. *Parrott*, 707 F.2d at 1267. The granting of a jury trial will not prejudice Plaintiffs, who will have had nearly three years to prepare their case by the time of trial. *See TG Plastics Trading Co.*, 775 F.3d at 36–37 (agreeing that the plaintiff has not suffered prejudice in its ability to prepare for trial because it had over two and a half years since filing its amended complaint to ready its case). Furthermore, any argument premised on the additional cost and time-consuming nature of a jury trial is generally insufficient. *See McKnuckles v. Centerstone of Am.*, No. 3:16-CV-02916, 2018 WL 6696992, *3 (M.D. Tenn. Dec. 20, 2018) ("Although it is likely true ... that

a jury trial would be costlier and more time-consuming than a bench trial, that alone is not sufficient prejudice to defeat [the movant's] motion. If it were, no Rule 39(b) motion would succeed.") (internal citations omitted).

**Plaintiffs will not be unfairly surprised.**

In a case between individuals that Plaintiffs brought themselves, Plaintiffs cannot be unfairly surprised by the request for a jury trial. In *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194 (1st Cir. 1987), *overruled on other grounds*, *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999), the Court of Appeals affirmed the district court's granting a Rule 39(b) motion after finding there was no "unfair surprise" because, in a case alleging a civil rights violation, the adverse party "cannot seriously have expected that [the adverse party] preferred a bench trial"). In our case, Plaintiffs have similarly accused the Defendants of violating the Voting Rights Act. Just as in *Rowlett*, where the court acknowledged that "Anheuser–Busch cannot seriously have expected that Rowlett preferred a bench trial on the § 1981 claims," *Rowlett*, 832 F.2d at 200, Plaintiffs cannot reasonably have expected Defendants to prefer a bench trial in a case where they have been accused of violating the civil rights of their fellow citizens. This is a proto-typical case for a jury. New counsel had to completely review the file to confirm this change was the right course, in large part because the decision to change course necessarily meant surmising prior counsel either erred in

the decision they made or committed a damaging oversight. That was a troubling conclusion, not quickly but rather reluctantly accepted.

   4. **Defendants' delay in having requested a jury trial is justifiable.**

The fourth *Parrott* factor considers the delay in having requested a jury trial. *Parrott*, 707 F.2d at 1267. The delay here is certainly not Defendants' fault: it results initially from the Court's COVID orders suspending trials and from a wholesale change of counsel. Both the initial and amended pleadings of this case were filed during this Court's COVID-19 orders, which suspended jury trials.

Defendants themselves, as parties, were not aware that the Court had resumed jury trials. They changed counsel and then found themselves on opposite sides of a contentious suit by former counsel against Defendant True the Vote. Prior counsel did not even, it appears at this point, communicate to Defendants the option of requesting a jury trial once COVID-related restrictions were lifted. When new counsel saw Plaintiffs' proposed pretrial order, they understandably but mistakenly believed it indicated that the parties had, before counsel's arrival, purposely selected a bench trial. It appeared not much could be done other than blame prior counsel. Then they noticed that the docket reflected a setting labeled "Jury Trial", *see* Dkt. 234:

**2:20-cv-00302-SCJ** Fair Fight, Inc. et al v. Engelbrecht et al
Steve C. Jones, presiding
Date filed: 12/23/2020
Date of last filing: 05/25/2023

## Deadlines/Hearings

| Doc. No. | Deadline/Hearing | Event Filed | Due/Set | Satisfied | Terminated |
|---|---|---|---|---|---|
| 7 | Evidentiary Hearing | 12/29/2020 | 12/31/2020 at 10:00 AM | | |
| 46 | Redaction Request Deadline | 01/26/2021 | 02/16/2021 | | |
| 46 | Redacted Transcript Deadline | 01/26/2021 | 02/26/2021 | | |
| 40 | Answer due | 01/08/2021 | 03/09/2021 | | |
| 46 | Release of Transcript Restrict | 01/26/2021 | 04/26/2021 | | |
| 105 | Motions Deadline | 06/03/2021 | 10/01/2021 | | |
| 118 | Discovery Deadline | 09/20/2021 | 10/31/2021 | | |
| 127 | Discovery Deadline | 10/14/2021 | 11/30/2021 | | |
| 127 | Motions Deadline | 10/14/2021 | 01/10/2022 | | |
| 1 | Motions Deadline | 12/23/2020 | 05/16/2022 | | |
| 210 | Redaction Request Deadline | 02/08/2023 | 03/01/2023 | | |
| 210 | Redacted Transcript Deadline | 02/08/2023 | 03/13/2023 | | |
| 222 | Pretrial Order Deadline | 03/09/2023 | 04/10/2023 | | |
| 210 | Release of Transcript Restrict | 02/08/2023 | 05/09/2023 | | |
| 1 | Pretrial Order Deadline | 12/23/2020 | 05/25/2023 | | |
| | Final Pretrial Conference | 04/14/2023 | 09/19/2023 at 10:30 AM | | |
| 234 | Jury Trial | 04/11/2023 | 10/30/2023 at 09:00 AM | | |

Sometime thereafter, new counsel clarified with the Clerk of the Court that the Jury Trial docketing was itself an error. When new counsel for Defendants informed Defendants a bench trial was scheduled in this case, Defendants expressed surprise and dismay. Defendants' new counsel then prepared this motion. In addition, Defendants' new counsel only began to receive discovery documents from prior counsel in May 2023, and reviewed that discovery through July and to the

11

present, so that new counsel has only recently begun to apprehend the full nature of this case — and the need for a jury to decide the fact issues.

However, so long as delay is not rooted in bad faith, it should not prevent granting a jury trial. *See Vallo v. Prator*, No. CV 18-1341, 2021 WL 11421514, *2 (W.D. La. Aug. 16, 2021) ("As to the timing element, Vallo made his first jury demand two and a half years after filing his original complaint and over two years after the Defendants filed their answer. However, the Court does not find a dilatory motive or bad faith to be involved."). Indeed, Defendants*, including in particular the individual Defendants,* should not be penalized for errors of counsel – or hampered communications with prior counsel in the wake of prior counsel's suing organizational Defendant True the Vote.

But even where a court might find the reasons for the defendants' delay in requesting a jury trial to be *unpersuasive*, "neither the length of the delay nor the reason for the delay, separately or together, outweighs the other factors and the Eleventh Circuit's presumption in favor of granting Rule 39(b) motions." *Owners Ins. Co. v. Keeble*, No. 1:20-CV-967-ECM, 2021 WL 4765487, *2 (M.D. Ala. Oct. 12, 2021). This allowance is extended in various Eleventh Circuit district courts. For example, in *DS Waters*, the court reasoned, "Here, Defendants have failed to provide any better reason than inadvertence for their failure to timely demand a jury trial. However, this determination is not dispositive as the normal practice in the district

court is to balance all the factors." *DS Waters of Am., Inc. v. Fontis Water, Inc.*, No. 1:10-CV-0335-SCJ, 2012 WL 12873771, *11 (N.D. Ga. Sept. 13, 2012) (cleaned up). The court considered all the *Parrott* factors and concluded that "the balance favors Defendants' request for a jury trial." *Id.*

5. **<u>Defendants should not forfeit the fundamental right to a jury trial as a result of their counsel's mistake and several external factors.</u>**

The fifth *Parrott* factor considers the reason for the movant's tardiness in requesting a jury trial. *Parrott*, 707 F.2d at 1267. "[T]he purpose behind Rule 39(b) appears to have been to allow a trial court to use its discretion to grant jury trials in unique situations which call for them where, nevertheless, the requisites of Rule 38 have not been met." *Pinemont Bank v. Belk*, 722 F.2d 232, 237 (5th Cir. 1984). In *Pawlak v. Metro. Life Ins. Co.*, where a jury demand was omitted "either by inadvertence or mistake" by an attorney no longer with the firm representing the moving party, the court expressed "reluctan[ce] to permit the inadvertence of an attorney to cause the forfeiture of the client's important procedural right to jury trial in such a case as this one, unless some prejudice to the defendant or to the administration of justice generally is likely to result." *Pawlak v. Metro. Life Ins. Co.*, 87 F.R.D. 717, 718–19 (D. Mass. 1980).

Similarly, in *Cascone v. Ortho Pharm. Corp.*, where the moving party's counsel had "'inadvertently' failed to file a jury trial notice because he was under the impression that he could do so at any stage of the proceeding, as is the practice in

13

the New York state courts," *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 390 (2d Cir. 1983), the Court of Appeals affirmed the district court's granting a jury trial where there was no prejudice to the non-moving party. "There is no hard-and-fast rule or dictate," *Barron v. Bankers Life & Cas. Co.*, 288 F.R.D. 187, 192 (W.D. Tenn. 2012), one district court reasoned, "commanding the court to refuse the plaintiffs a jury trial solely on the basis of inexcusable delay..." *Id.* "[T]echnical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules." *Id.* (citing *Orlowski v. TRW, Inc.*, 765 F. Supp. 1277, 1279 (E.D. Mich. 1991)). Here, Defendants themselves – the parties, not the lawyers --were not aware that a bench trial, rather than a jury trial, had been automatically docketed, and they ought not to be penalized.

### III.

### CONCLUSION AND PRAYER

This Court has broad discretion in granting requests for a jury trial. Other circuits have recognized that "a 'failure to convincingly show discernable [sic] prejudice' alone is sufficient when granting a late demand for a jury trial given the broad discretion under Fed. R. Civ. P. 39(b) . . . and the Seventh Amendment right to a jury trial." *Pro2Serve Pro. Project Servs., Inc. v. BWXT Y-12, LLC*, No. 3:07-CV-336, 2009 WL 1636256, at *7 (E.D. Tenn. June 11, 2009) (citing *Moody*, 915 F.2d at 207 and *Kitchen*, 825 F.2d at 1013); *see also United States v. One Parcel of*

*Prop. Located at 867 Cnty. Rd. 227, Clanton, Chilton Cnty.*, No. 2:07-CV-1104-MEF, 2009 WL 5184401, at *2 (M.D. Ala. Dec. 23, 2009) (granting jury trial at request of new counsel in spite of prior counsel's failure "to make a jury demand during the entire time he represented [the moving party]"); *United States v. Sharfi*, No. 21-CV-14205, 2022 WL 18542497, at *3 (S.D. Fla. Jan. 31, 2022) (utilizing discretion to "allow the Defendants' belated jury trial demand" even though "there is no good cause proffered for the delay" because "this one factor does not outweigh the other Parrott factors and the Eleventh Circuit's presumption in favor of granting Rule 39(b) motions").

"The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature in our system." *Swofford*, 336 F.2d at 409. Defendants urge this court to consider the confusion caused by the COVID-19 pandemic, the necessarily incomplete communication between Defendants and their former counsel, who sued True the Vote upon exiting this case, and the error arising from the docket that led Defendants to believe that a jury trial had been set. In satisfying the *Parrott* factors, and in the absence of strong and compelling reasons to the contrary, Defendants ask the Court to grant this motion for jury trial.

15

Respectfully submitted,

By: */s/ Jake Evans*
Jake Evans, Esq.
GA Bar No. 797018
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com
*Local Counsel for Defendants*

By: */s/ Michael J. Wynne*
Michael J. Wynne*
TX Bar No. 785289
mwynne@gwafirm.com
Cameron Powell*
DC Bar No. 459020
cpowell@gwafirm.com
GREGOR WYNNE ARNEY, PLLC
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
*Counsel for Defendants*

**Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE

I certify the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGA, using font type of Times New Roman and point size of 14.

Dated: August 14, 2023

                                      By: /s/ *Michael J. Wynne**
                                          Michael J. Wynne
                                          *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for Plaintiffs and Intervenor the United States and that all are opposed to this motion.

                                      By: /s/ *Michael J. Wynne**
                                        Michael J. Wynne
                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that today I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of filing to all counsel of record.

Dated: August 14, 2023

                                      By: /s/ *Michael J. Wynne*
                                        Michael J. Wynne
                                        *Counsel for Defendants*