IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>  Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,<br><br>**Defendants,** | CIVIL ACTION FILE<br><br>No. 2:20-CV-00302-SCJ |

## ORDER

This matter appears before the Court on Defendants' Motion for a Jury Trial.[1] Doc. No. [237]. For the following reasons, the Court **DENIES** Defendants' Motion.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.   **BACKGROUND**

Plaintiffs filed this case against Defendants in December 2020, alleging a violation of Section 11(b) of the Voting Rights Act (VRA).[2] Doc. No. [73], 28. Broadly speaking, Section 11(b) prohibits voter intimidation against both state and private actors. Plaintiffs seek injunctive and declaratory relief, as well as attorney's fees. Id. at 29–30. Further factual background regarding Plaintiffs' claim can be found in the Court's order on the cross-motions for summary judgment. See generally Doc. Nos. [222].

The Court specially set this case for trial to begin on October 30, 2023 (Doc. No. [234]), later amending the start date to be October 26, 2023. The Court scheduled a pretrial conference for September 19, 2023. The Parties submitted their proposed pretrial order on May 25, 2023. Doc. No. [236].

On August 14, 2023, Defendants filed the instant Motion for a Jury Trial. Doc. No. [237]. Until this Motion, the Court and the Parties' understanding was that this matter would proceed by bench trial. See, e.g., Doc. No. [236], 4. Plaintiffs

---

[2] Per consent motion, Plaintiffs amended their complaint in March 2021. Doc. No. [73]. As the amended complaint is the operative complaint in this matter, the Court cites to it in reference to Plaintiffs' allegations.

and the United States (as an Intervenor) filed opposition responses to Defendants' Motion. Doc. Nos. [238]; [239]. The Motion is ripe for review.

## II. LEGAL STANDARD

The Seventh Amendment provides that for "[s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. The Federal Rules of Civil Procedure further preserve the right to a jury trial in civil proceedings, "as declared by the Seventh Amendment to the Constitution." Fed. R. Civ. P. 38(a). Rule 38 allows a demand be made on "any issue triable of right by jury" pursuant to stated procedures and that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(b), (d); see also Thomas v. Home Depot USA, Inc., 661 F. App'x 575, 577 (11th Cir. 2016) ("A party's failure to serve and file a jury demand in compliance with Rule 38(b) constitutes a waiver of the right to a jury trial."). The Rules then further delineate when cases are to be tried by a jury or by the court, and specifically that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court." Fed. R. Civ. P. 39(b). The Court may also "on motion, order a jury trial on any issue for which a jury might have been demanded." Id.

3

The court has "broad discretion" in considering if a jury trial should be permitted without a prior timely demand. Herrera v. 7R Charter Ltd., No. 21-11766, 2022 WL 42751, at *4 (11th Cir. Jan. 5, 2022) (quoting Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983)). Though, generally, the court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." Parrott, 707 F.2d at 1267 (quoting Swofford v. B&W, Inc., 336 F.2d 406, 408 (5th Cir. 1964)). In exercising its discretion, the Eleventh Circuit has indicated the following factors are to be considered:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

Id. Of these considerations, "considerable weight" is to be given to the excuse for the delay in demanding a jury and whether the delay is "is due to mere inadvertence on the movant's part". Id.

### III.  ANALYSIS

Over two and half years from the date Plaintiffs filed their initial complaint—and only two months before trial—Defendants filed the instant

4

Motion for a Jury Trial. Doc. No. [237]. No question Defendants' request for a jury trial is untimely under the Federal Rules. <u>Id</u>. at 2 (admitting neither Party previously demanded a jury trial). Defendants urge the Court, however, to overlook their untimeliness and allow this case to proceed by jury trial.

Plaintiffs and the United States largely make the same arguments in opposition. They contend that Defendants are not entitled to a jury trial in this civil case as a legal right. Alternatively, they argue that Defendants waived any right they did have to a jury trial by failing to timely demand a jury and have not made an adequate showing that that untimeliness should be excused. <u>See generally</u> Doc. Nos. [238]; [239].

The Court agrees with Plaintiffs and the United States: Defendants are not legally entitled to a jury trial in this matter and, even if they were, their request is untimely.

    **A.**    **<u>Defendants Do Not Have a Statutory or Constitutional Right to a Jury Trial</u>**

The Seventh Amendment guarantees a right to a jury trial in civil cases, but specifically "[s]uits at common law." U.S. Const. amend. VII. The phrase "[s]uits at common law" has been interpreted to mean "suits in which legal rights were

5

to be ascertained and determined" and not suits "where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 40–42 (1989) (citing Parsons v. Bedford, 7 L.Ed. 732 (1830)). A right to a jury trial may also arise as a matter of statutory right. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

This case presents Defendants with neither a statutory nor a constitutional right to a jury trial. Statutorily, Section 11(b) prohibits intimidation and attempted intimidation of voters. 52 U.S.C. § 10307(b). Nothing in the VRA's text indicates that Section 11(b) entitles potential private plaintiffs to relief that would be properly considered by a jury. The Supreme Court has rejected reading an implicit statutory right to a jury trial when the statute's language explicitly permitted legal (i.e., monetary) relief, but omitted further authorization for the jury trial right. City of Monterey, 526 U.S. at 707 (rejecting that Section 1983 provided a statutory right to a jury trial even when the statute allowed for "an action at law"). As discussed in greater detail *infra*, Section 11's remedial provisions conversely only allow monetary relief in the form of attorney's fees. Section 11(b) otherwise lacks clear language in support of an implicit jury trial right, and the Court finds that the statute does not so provide this right.

6

Nor does this case present a situation where any Seventh Amendment right could apply. "The overwhelming authority on this issue holds that there is no right to a jury trial in suits seeking only injunctive relief, regardless of the nature of the underlying cause of action." Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A., No. 20-24681-CIV, 2023 WL 3510374, at *4 (S.D. Fla. May 17, 2023). Unequivocally, "[t]here is no right to a jury trial, however, when the plaintiffs seek purely equitable relief," even if attorney's fees are requested. CBS Broad., Inc. v. EchoStar Commc'ns Corp., 450 F.3d 505, 517 n. 25 (11th Cir. 2006). The only monetary relief that may be obtained under Section 11(b) is attorney's fees. See 52 U.S.C. § 10310(e); see also id. § 10308(a), (c) (excluding Section 10307(b) from the monetary fines allowed). As Plaintiffs' Section 11(b) case only seek injunctive relief, declaratory relief, and attorney's fees, the constitutional protections for a trial by jury do not apply in this case.[3]

---

[3] Because only injunctive relief is requested, the Court declines to comment on the additional question presented by the Seventh Amendment as to whether the VRA or Section 11(b) constitute an analogous "[s]uit[]" at common law." Cf., e.g., City of Monterey, 526 U.S. at 708 (determining that the Seventh Amendment civil jury trial right applies to Section 1983 cases because they are "suits in which legal rights were to be ascertained and determined . . . ."). The Court is unaware of any binding authority that has answered this question, and the answer is not required to resolve the Motion presented.

Accordingly, Defendants are not entitled to a trial by jury under the relevant statutory and constitutional provisions, and their request—which is opposed by Plaintiffs and the United States—must be denied.

### B. Defendants Waived Any Right to Demand a Jury Trial

Alternatively, Defendants' Motion must also be denied because, even if Defendants were entitled to a jury trial, they waived any right by failing to demand it in the time period prescribed by Rule 38(b). There is no question that Defendants did not request a jury trial in their answer to Plaintiffs' complaint or amended complaint. See Doc. No. [237], 2. Defendants did not demand a trial by jury in any of their filings, even in their proposed pretrial order, until this very Motion. Thus, as their "demand [for a jury trial] [was not] properly served and filed," it has been waived. Fed. R. Civ. P. 38(d).

Certainly, the Court could excuse such untimeliness and should do so "in absence of strong and compelling reasons to the contrary." Parrott, 707 F.2d at 1267 (quoting Swofford, 336 F.2d at 408). Here, however, the factors for the Court to consider in excusing Defendants' untimeliness—if the issues are best tried to a jury, if a jury trial would disrupt the Court's schedule, the prejudice suffered

8

by the adverse party, the length of delay in making the request, and the reason for the untimely request—counsel strongly to deny their request. Id.

### 1. *The Issues to be Tried Do Not Require a Jury*

First, as indicated *supra*, this Section 11(b) case does not present issues appropriate for a jury given that the relief requested is injunctive and equitable in nature. Cases involving injunctive and equitable relief are less appropriate for jury resolution absent statutory authorization otherwise. Defendants claim conversely that the questions of intimidation presented in this case are inherently factual inquiries that juries are best situated to resolve. Doc. No. [237], 5–7. The question, however, is not whether the types of questions presented are factual or legal—to be sure, the Court is always the ultimate decision-maker on the law—but whether the relief requested is ordinary legal (i.e., monetary) relief, or if it is injunctive or equitable relief. Here, the Court has already answered that question and determines it is the latter. See Section (III)(A) *supra*. Thus, this factor counsels against granting Defendants' untimely request.

### 2. *Ordering a Jury Trial Would Disrupt the Trial Schedule*

Second, allowing a trial by jury at this phase of the case would have an enormous impact on the trial schedule. Trial has been scheduled to begin on

October 26, 2023. The Court rejects Defendants' suggestion that rescheduling the trial now would not pose any disruption. Doc. No. [237], 8. This case involves numerous lawyers and witnesses who have been preparing for an October trial date. To alter the date now, on account solely of Defendants' untimely jury trial request, would present disruptive effects on both the Court and the Parties.

### 3. *The Other Parties Would Suffer Prejudice*

Third, Plaintiffs and the United States would be prejudiced by a last-minute change of a jury trial. The Court agrees with Plaintiffs' assertion that going forward with a jury would require an unanticipated redirection of trial strategy and energies. Doc. No. [238], 15. Requiring an alteration to Plaintiffs' strategy in presenting evidence at this late juncture would result in prejudice.

### 4. *Defendants' Motion Is Delayed*

Fourth, Defendants' Motion is extremely delayed. This case has been pending, as of the date of Plaintiffs' opposition response, around 31 months (2.6 years, or 900 days). Id. at 15. It has only been in the last couple weeks that Defendants even indicated they wished to proceed with a jury. This delay is significant and weighs in favor of denying the request.

### 5. *Defendants Do Not Offer a Sufficient Justification for the Delay*

Fifth, and finally, Defendants justification for their delay is tenuous. Defendants submit that they, as Parties, did not realize they were to proceed by bench trial and that their prior counsel's decision to proceed in such manner should not bind them now. Doc. No. [237], 10–14. Defendants appear to be in some conflict with their prior counsel, but that does not prohibit this counsel's actions from binding Defendants now.

Furthermore, Defendants new counsel has been part of Defendants' trial team now for over 6-months. Doc. Nos. [211]–[215]. Defendants' present counsel participated in the submission of the consolidated proposed pretrial order, which itself specified that this case was to be proceeding by bench trial. Doc. No. [236], 4. Thus, this Motion lacks promptness even as measured from the date of current counsel's entry of appearance.

Lastly, the Court does not find persuasive Defendants' pandemic-based argument. Even if it was reasonable for Defendants to not make a jury trial demand at the proper time because civil jury trials had been stopped for Covid-19

11

reasons,[4] these limitations on civil jury trials have been lifted for at least over a year now[5] and Defendants *still* waited to file this Motion until two-months before trial. Consequently, for all these reasons, the Court finds that the most persuasive factor—Defendants' justification for the delay—weighs against excusing their failure to make a timely jury trial demand and in favor of denying their motion. See Parrott, 707 F.2d at 1267.

Thus, the Court has determined that any right Defendants had to a jury trial has been waived under Rule 38(d) and that such waiver is not to be excused under the considerations required. Accordingly, Defendants' Motion is denied on this basis as well.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for a Jury Trial. Doc. No. [237].

---

[4] Which the Court does not accept as a justification. Plenty of civil cases filed during the pandemic made the proper jury trial demand and then waited for the Court's instructions and approval to proceed with a jury trial in a safe and healthy manner.

[5] Cf., e.g., Standing Order 22-01, Court Operations under the Exigent Circumstances Created by COVID-19, found at https://www.gand.uscourts.gov/content/general-order-22-01 (indicating that as of at least February 2022 jury trials had been reopened).

IT IS SO ORDERED this __13th__ day of September, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE