**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,

Plaintiffs,

v.

TRUE THE VOTE, INC et al.,

Defendants.

**Civil Action No. 2:20-cv-00302-SCJ**

# CONSOLIDATED PRETRIAL ORDER

**1.**

There are no motions or other matters pending for consideration by the court except as noted:

**By Plaintiffs:** Plaintiffs reserve the right to file motions in limine and motions for judicial notice as appropriate in advance of trial.

**By Defendants:** Defendants anticipate filing motions in limine and for judicial notice.

**The Parties MUST file motions in limine, according to the Court's instructions, at least 14-days pretrial. Responses are due 7-days after any motion is filed**.

**2.**

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. Provided there is no resulting

delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**3.**

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any party.

**Plaintiffs' Statements**: Defendants John Does 1-10 are due to be dismissed.

**Defendants' Statements:** Nothing to add.

**4.**

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.

**Plaintiffs' Statement:** There is no question about the Court's jurisdiction, which is based on the following statutes: 28 U.S.C. § 1331; 28 U.S.C. § 2201; 28 U.S.C. § 2202; 42 U.S.C. § 1983; 42 U.S.C. § 1988; 52 U.S.C. § 10307.

**Defendants' Statement:** Defendants do not dispute the Court's jurisdiction.

**5.**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs**:

Uzoma N. Nkwonta
ELIAS LAW GROUP LLP
250 Massachusetts Ave
Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490

Fax: (202) 968-4498
Email: unkwonta@elias.law

Allegra J. Lawrence
Georgia Bar No. 439797
LAWRENCE & BUNDY LLC
1180 West Peachtree Street
Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
Email: allegra.lawrence-hardy@lawrencebundy.com

**Defendants**:

MICHAEL J. WYNNE
CAMERON POWELL
Gregor Wynne Arney PLLC
909 Fannin Street, Suite 3800
Houston, Texas 77010
(281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com

**United States**:

Dana Paikowsky
Jennifer Yun
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Phone: (202) 353-5225
dana.paikowsky@usdoj.gov
jennifer.yun@usdoj.gov

Aileen Bell Hughes
Assistant U.S. Attorney
Office of the United States Attorney
600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Phone: (404) 581-6000

**6.**

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Plaintiffs' and Defendants' Statement**: This case will not be tried before a jury. Plaintiffs request the opportunity to present opening and closing arguments to the court. Defendants request the same.
**United States' Statement**: If the Court allows for opening and closing argument from the Parties, the United States respectfully reserves the right to present limited opening and closing arguments consistent with the nature and scope of its participation in this lawsuit.

**Plaintiffs and Defendants will each be allowed 30-minutes for opening statements and 60-minutes for closing argument. The United States will be allowed 30-minutes for closing argument.**

**7.**

The captioned case shall be tried (______) to a jury or (**_X__**) to the court without a jury, or (______) the right to trial by jury is disputed.

**8.**

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Plaintiffs' and Defendants' Statement**: This case will be tried to the court.

**9.**

Because this case will be tried to the court, the parties do not request any *voir dire* questions.

**10.**

Because this case will be tried to the court, the parties do not request any *voir dire* questions.

**11.**

Because this case will be tried to the court, the parties do not request any *voir dire* questions.

**12.**

Because this case will be tried to the court, the parties are not requesting any strikes.

**13.**

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**Plaintiffs' and Defendants' Statement**: This case is not related to any other pending matter.

**14.**

**By Plaintiffs:**

Attachment "C" **(Doc. No. [236-1])** is plaintiffs' outline of the case which includes a succinct factual summary of plaintiffs' cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiffs shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiffs shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar

amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**By the United States:**

**(a)** The United States does not take a position on the facts of the case at this time. However, the United States may rely on the factual evidence presented during trial in its defense of the constitutionality of Section 11(b) of the Voting Rights Act and to support its position that applying Section 11(b) here does not violate the First Amendment.

**(b)** A separate listing of all rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by the United States.

- Section 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b)
- National Voter Registration Act, 52 U.S.C. § 20507
- *Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011)
- *Burson v. Freeman*, 504 U.S. 191, 199 (1992)
- *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508 (1972)
- *Citizens for Police Accountability Pol. Comm. v. Browning*, 572 F.3d 1213 (11th Cir. 2009)
- *Daschle v. Thune*, No. 4:04-cv-4177, ECF No. 6 (D.S.D. Nov. 1, 2004)
- *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557 (1995)
- *League of United Latin Am. Citizens-Richmond Region Council 4614 v. Public Int. Legal Found.*, No. 1:18-CV-00423, 2018 WL 3848404 (E.D. Va. Aug. 13, 2018)
- *McDonald v. Smith*, 472 U.S. 479, 485 (1985)
- *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457 (S.D.N.Y. 2020) ("*Wohl I*")
- *Nat'l Coal. on Black Civic Participation v. Wohl*, 512 F. Supp. 3d 500 (S.D.N.Y. 2021) ("*Wohl II*")
- *NLRB v. Gissel Packing Co.*, 395 U.S. 575 (1969)

- *Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health*, 50 F.4th 1126 (11th Cir. 2022)
- *Paganucci v. City of New York*, 785 F. Supp. 467, 479 (S.D.N.Y. 1992), *aff'd*, 993 F.2d 310 (2d Cir. 1993)
- *Rumsfeld v. Forum for Acad. & Institutional Rts.*, 547 U.S. 47 (2006)
- *United States v. Alvarez*, 567 U.S. 709 (2012)
- *United States v. McLeod*, 385 F.2d 734 (5th Cir. 1967)
- *Wright v. DeArmond*, 977 F.2d 339 (7th Cir. 1992)

These citations are merely illustrative and the United States incorporates by reference all authorities cited in its Amended Brief on the Constitutionality and Interpretation of Section 11(b) of the Voting Rights Act, ECF 198-1.

**15.**

Attachment "D" **(Doc. No. [236-2])** is defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendants shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**16.**

Attachment "E" **(Doc. No. [236-3])** are (1) facts proposed by Defendants and stipulated by Plaintiffs and (2) facts proposed by Plaintiffs. Defendants have not fully responded to Plaintiffs' proposed facts. The United States takes no position on the facts in this case at this time. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the

noncooperating counsel. **The Court will accept stipulated facts as can be agreed upon by the Parties**.

**17.**

The legal issues to be tried are as follows:

**By Plaintiffs and the United States:**

The legal issues to be tried are as follows:

1. Whether Defendants violated Section 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b), by intimidating, threatening, or coercing, or attempting to intimidate, threaten, or coerce, any person for voting or attempting to vote.
   a. Whether Defendants "directed their actions at voters, or directed the actions of a third-party toward voters." (MSJ Order at 19.)
   b. Whether Defendants' conduct "generate[d] the possibility that voters would feel threatened, intimidated, or coerced." (MSJ Order at 25.)
   c. "Whether Defendants' actions reasonably could have intimidated or did actually intimidate voters." (MSJ Order at 31.)
   d. "Whether Defendants' actions reasonably could have [coerced] or did actually [coerce] voters." (MSJ Order at 31; *see also* MSJ Order at 4-5, n.5.)
2. If Defendants' conduct violated § 11(b) of the Voting Rights Act of 1965, whether applying Section 11(b) against Defendants would violate their First Amendment right to free speech.
   a. Whether "Defendants' conduct here constitutes expressive conduct protected by the First Amendment." (MSJ Order at 64.)
   b. Whether Defendants' conduct "constitutes a true threat or defamation" or false speech "excepted from First Amendment protection." (MSJ Order at 64.)
   c. Whether Section 11(b)'s application to Defendants' conduct falls within the First Amendment exception for speech integral to illegal conduct.

d. "[W]hether Section 11(b) regulation of the Defendants' conduct meets the level of scrutiny required to not be a First Amendment violation." (MSJ Order at 64, n.29.)

3. If Defendants' conduct violated § 11(b) of the Voting Rights Act of 1965, whether applying Section 11(b) against Defendants would violate their First Amendment right to petition. (MSJ Order at 76.)

   a. Whether "First Amendment petition defense applies to the out-of-state Defendants, . . . in the light of the fact that only Georgia residents may institute a Section 230 challenge." (MSJ Order at 77, n.33.)

   b. Whether Defendants' voter challenges are not protected by the First Amendment because they are "'objectively baseless' and 'interfere[] directly' with another person." (MSJ Order at 80.)

**By Defendants:**

The legal issues to be tried are as follows: Defendants will supplement this section before trial.

**18.**

"F-1" for the plaintiffs and Attachment "F-2" **(Doc. Nos. [236-4]; [236-5])** for the defendants is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment, and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

The United States does not plan to offer its own witnesses at trial. However, the United States reserves the right to question witnesses offered by the Parties as necessary for its defense of the constitutionality of Section 11(b) of the Voting Rights Act. **The Court will allow the United States to ask questions of witnesses from the point of cross examination, and Plaintiffs nor Defendants object to the United States being permitted to do so.**

All of the other parties may rely upon a representation by a designated party

that a witness will be present unless notice to the contrary is given fourteen (14) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.

Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**The two witnesses specified at the Pretrial Conference will be permitted to testify via video conferencing given one witness's illness and the other's residence outside the United States. The Court expects the Parties to confer with the Court with adequate time to ensure the proper technology is in place for this testimony. The Court also expects all other witness testimony to be in-person or by designation (if appropriate).**

**19.**

Attachment "G-1" for the plaintiffs and Attachment "G- 2" for the defendants **(Doc. Nos. [236-6]; [236-7])** are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.

When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate

page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**If the Parties can agree to the admission of exhibits without objection, the Court will allow preadmitting exhibits**.

**20.**

Attachments "I-1" and "I-2" **(Doc. Nos. [236-8]; [236-9])** are the designated portions of testimony that the Parties may introduce by deposition. The parties **MUST** continue to confer on a proposal to streamline their presentation to the Court concerning objections to designated portions of testimony to be introduced by deposition. The Parties **MUST** file their objections to the opposing Party's deposition designations no later than **14-days pretrial**. Responses are due **7-days** after the objection is filed.

**21.**

Any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.

**By Plaintiffs:** The briefs already submitted in this case—including briefing supporting motions for summary judgment, briefing opposing motions for summary judgment, briefing in advance of oral argument on summary judgment, and briefing in response to Protect Democracy's amicus brief—provide a comprehensive discussion of the relevant authorities and legal issues in this case. Therefore, Plaintiffs do not intend to submit additional merits briefing at this time.

**By Defendants:** Defendants intend to file a trial brief.

**22.**

Because this case will not be tried to a jury, the parties do not intend to submit requests for charge.

**23.**

Because this case will not be tried to a jury, the parties are not proposing a special verdict form.

**24.**

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.

**Plaintiffs' Statements**: Given the extensive factual record and complexity of the issues involved in this case—as demonstrated by the Court's 87-page summary judgment order—Plaintiffs request that opening and closing arguments be limited to one hour for each side.

**Defendants' Statements:** Because each Defendants' relevant facts differ, Defendants request 90 minutes for their own presentation.

**<u>Plaintiffs and Defendants will each be allowed 30-minutes for opening statements and 60-minutes for closing argument. The United States will be allowed 30-minutes for closing argument.</u>**

**25.**

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law no later than the opening of trial. **The Parties MUST submit their findings of fact and conclusions of law following the bench trial no later than 10-days after the close of trial.**

**26.**

The parties do not believe they will be able to resolve this dispute through settlement.

**27.**

**This case has been set for trial to begin October 26, 2023**.

**28.**

The plaintiffs estimate that they will require **3-5 days** to present their evidence. The defendants estimate that they will require **3-5 days** to present their evidence. It is estimated that the total trial time is **ten (10) days**. The United States will not present its own witnesses at trial and does not anticipate its limited participation will add to the trial time estimated by the parties.

**30.**

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments referenced herein, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.

Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this 19th day of September, 2023.

Steve C. Jones

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**