UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, and JANE DOE,<br><br>    Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>    Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' BRIEF IN SUPPORT OF RENEWED MOTION IN LIMINE TO EXCLUDE IMPROPER EXPERT TESTIMONY**

Earlier this year, this Court granted Plaintiffs' Motion in Limine to Exclude Improper Expert Testimony from Gregg Phillips, Mark Davis, and Derek Somerville in considering the Parties' respective motions for summary judgment. *See* Order, ECF No. 221. In advance of trial, Plaintiffs renew their motion to exclude Defendants from offering any improper expert testimony concerning the reliability or accuracy of Defendants' challenges. Plaintiffs similarly request the Court exclude any exhibits Defendants attempt to use at trial for the same purpose.

## BACKGROUND

This action concerns Defendants' election-related activities—including their

1

scheme to publicize and submit hundreds of thousands of frivolous voter challenges—through which Defendants attempted to and did intimidate Georgia voters in the final weeks before the state's January 2021 runoff election. As Dr. Ken Mayer, an expert in election administration and quantitative methods, detailed in his expert report and as he is expected to testify at trial, the NCOA matching process underlying Defendants' voter challenge lists exhibited serious and obvious methodological errors. *See* ECF No. 156-16. Rather than rebut Dr. Mayer's opinions with an expert of their own, Defendants have previously sought to rely on the testimony of lay witnesses, including Gregg Phillips, Mark Davis, and Derek Somerville, to justify their methodologies by vague references to scientific, technical, and other specialized analysis.

In advance of the Court's ruling on the Parties' cross-motions for summary judgment, Plaintiffs moved to exclude certain testimony from these three witnesses whom the Defendants had offered to establish the accuracy or reliability of their challenge lists. *See* ECF No. 172. Specifically, Plaintiffs sought to exclude "[a]ny testimony offered by Defendants purporting to explain processes performed with the use of algorithms, regressions, and other computer codes—and any testimony offered by Defendants purporting to evaluate the reliability of these processes," which Plaintiffs argued violated Federal Rules of Evidence 701 and 702. ECF No. 172-1 at 7.

In March 2023, before ruling on the Parties' cross-motions for summary judgment, the Court granted Plaintiffs' Motion to Exclude Improper Expert Testimony. *See* ECF No. 221. Specifically, this Court ordered that while "Phillips, Davis, and Somerville may offer lay testimony about their personal observations in making the voter challenge lists," the Court would not consider Defendants' "lay witness testimony about the *accuracy* and *reliability* of their results or methods." *Id.* at 6. Consistent with this order, the Court did not consider Defendants' lay witness testimony on these issues in ruling on the Parties' cross-motions for summary judgment. *See* ECF No. 222 at 9, 40-41.

In advance of trial, Defendants have disclosed that they intend to call Gregg Phillips, Mark Davis, and Derek Somerville, among other witnesses. *See* Defendants' Preliminary Witness List, ECF No. 236-5 at 2. Defendants' trial exhibit list also included several exhibits that Plaintiffs anticipate Defendants may attempt to introduce to defend the accuracy or reliability of Defendants' challenges. *See* ECF No. 236-7.[1]

---

[1] These exhibits include, but are not limited to, Defendants' Exhibits 84 and 99, which include analytics reports that OpSec ran on True the Vote's challenge file, Defendants' Exhibit 86, in which True the Vote's attorney characterizes the "detailed research" and results of the OpSec challenge list, and Defendants' Exhibit 118, in which Defendant Somerville characterizes his conclusions about the accuracy and reliability of the Georgia voter file, which he admits requires a "mountain of data to process" and to analyze. Because Plaintiffs do not know how

3

## LEGAL STANDARD

A witness may testify as an expert only if, among other requirements, the witness is qualified "by knowledge, skill, experience, training, or education"; the witness's "testimony is the product of reliable principles and methods"; and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Where a witness is not testifying as an expert, that witness's opinion testimony must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Subsection (c) was added to Rule 701 in 2000 "to eliminate the risk" that Rule 702's reliability requirements "will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness'[s] testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge[.]" Fed. R. Evid. 701, advisory committee's note to 2000 amendment.

---

Defendants intend to use their exhibits, Plaintiffs do not attempt at this time to identify all purported evidence that Defendants may use to opine on the accuracy or reliability of their challenges. Plaintiffs simply identify these exhibits as examples of the types of evidence Defendants may rely on to support improper opinion testimony.

## ARGUMENT

Just as the Court did at the summary judgment stage, this Court should again prevent Defendants from proffering lay witness testimony that is based on scientific, technical, or other specialized knowledge and is therefore inadmissible under Rules 701 and 702, and prevent Defendants from introducing any exhibit used for the same purpose.

**I.  Defendants did not disclose any expert witnesses.**

Federal Rule of Civil Procedure 26 requires each party to disclose the identity of any witnesses who will present expert testimony. Fed. R. Civ. P. 26(a)(2)(A). This disclosure must be accompanied by a written report, or, in certain circumstances, "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(B), (C). Where a party fails to provide information or identify an expert witness, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial[.]" Fed. R. Civ. P. 37(c)(1).

On May 14, 2021, Plaintiffs served the expert report of Dr. Ken Mayer, who reviewed the processes Defendants purported to use to compare Georgia counties' voter registration lists to the United States Postal Service's NCOA database and other files. Despite having noticed in their February 8, 2021, initial disclosures that Gregg Phillips would be Defendants' expert on these issues, *see* ECF No. 53-1 at 2, Defendants did not serve a written expert report or a summary of any expert's facts

and opinions by the June 14, 2021, deadline set by this Court for doing so—nor have they ever, at any time since, made any such productions or disclosures. *See* Scheduling Order, ECF No. 86. On October 5, 2021, counsel for Defendants confirmed via email that "Defendants are not presenting any expert witnesses or testimony in this case." ECF No. 172-2 at 1.

Defendants' failure to make expert disclosures is not simply a procedural misstep. Precisely because expert testimony is based on expertise that the judicial factfinder usually lacks, the Federal Rules governing civil litigation impose a series of rigorous checks to ensure that all inferences offered by experts in litigation are reliable. These include Federal Rule of Civil Procedure 26(a)(2), which promotes vigorous adversarial testing by requiring experts to disclose their opinions before questioning by opposing counsel. *See* Fed. R. Civ. P. 26(a)(2). They also include the "gatekeeping requirement" imposed on trial courts by Federal Rules of Evidence 701 and 702, which are intended "to ensure the reliability and relevancy of expert testimony" by "mak[ing] certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Had Defendants actually disclosed Gregg Phillips, Mark Davis, or Derek Somerville as an expert in this case, they would then have had to carry their "burden

of showing, by a preponderance of the evidence, that the testimony satisfies each prong" of a "rigorous three-part inquiry." *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010). Namely, Defendants would have had to show "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable . . . ; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise." *Id.* A party can support the reliability of its expert's methodology by showing that the technique "can be (and has been) tested"; that the technique "has been subjected to peer review and publication"; "the known or potential rate of error"; and that the "technique is generally accepted by the relevant scientific community." *Id.* (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-94 (1993)). Even if Defendants had provided timely disclosures, they could not have cleared this bar. At Gregg Phillips's deposition, for example, Phillips admitted that the accuracy of his methodology has never been independently verified. Phillips Tr. 109:1-3, ECF No. 167-1. He went to extraordinary lengths to avoid answering questions about his professional qualifications and experience with election data analysis. *See, e.g., id.* at 31:13-36:13; 41:6-44:19; 176:11-179:3. He refused to disclose his "proprietary" algorithm used to create the challenge list. *Id.* at 113:20-114:7. And so on.

7

Rather than disclose a full summary of their witnesses' opinions as required by Federal Rule of Civil Procedure 26(a)(2)(C)(ii) or defend their qualifications under Federal Rule of Evidence 702, Defendants made the strategic choice not to subject any of their witnesses to the scrutiny that accompanies expert testimony. That is their prerogative, but as this Court has already recognized, that choice comes at a price: the Rules require that Defendants now be foreclosed from using any of their lay witnesses to offer opinions based on scientific, technical, or other specialized knowledge.

II. **Testimony about the accuracy or reliability of the NCOA Matching Process would be based on scientific, technical, or other specialized knowledge.**

As this Court has already concluded, and Plaintiffs will recount only briefly here, testimony regarding the accuracy or reliability of Defendants' challenge lists would constitute expert testimony because it is based on specialized knowledge.

It is telling that Defendants initially identified Gregg Phillips as a person who may provide expert testimony, describing his potential testimony as addressing "the process used to compare various counties' voter registration lists to the NCOA and other data, and that the comparison produced accurate results." ECF No. 53-1 at 2. At that time, Defendants correctly perceived that testimony regarding the accuracy of the matching methodology would fall under the expert testimony rules. For whatever reason, Defendants later changed course, choosing not to make expert

disclosures and representing that they would not present expert testimony in this case. *See* ECF No. 172-2 at 2.

As this Court has already emphasized, "lay opinion testimony cannot provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." ECF No. 221 at 3-4 (citing *Great Lakes Ins. Se. v. Wave Cruiser LLC*, 36 F.4th 1346, 1358 (11th Cir. 2022)) (cleaned up). Indeed, the depositions of Phillips, Davis, and Somerville confirm that their inferences about the accuracy and reliability of their challenge methods fall far outside the realm of a layperson's knowledge. Phillips, for example, has claimed that OPSEC created True the Vote's challenge list by using an undisclosed and "proprietary" "4000-row algorithm" that involved "a complex series" of other algorithms. ECF No. 155-2 ¶¶ 43-44, 56. Phillips also testified that the algorithm could "infer, from consulting other sources of data, the purpose for which the person has submitted an NCOA request." *Id.* ¶ 47; *see also id.* ¶¶ 48-62, 66-67. Whether an algorithm reliably compared information across databases—let alone whether an algorithm can draw *inferences* from this comparison—is far outside the realm of lay knowledge. Davis and Somerville, meanwhile, used "3 dbase structures," "[r]an CASS and NCOA processing," "[s]et a relation on the voter registration number into the vote history trailer data," and "[g]eocoded" data outputs, among other highly technical procedures to develop their own challenge lists. *Id.* ¶ 78. The rules simply do not

permit these lay witnesses to offer testimony, or invite the Court to make inferences, about the expected outcome and reliability of their process, which would require scientific, technical, or other specialized knowledge. Fed. R. Evid. §§ 701, 702.

## CONCLUSION

Consistent with this Court's earlier ruling, Plaintiffs do not ask the Court to preclude Defendants' witnesses from offering lay testimony about their personal observations or general process of compiling the challenge lists. But any testimony offered by Defendants purporting to explain highly technical processes performed with the use of algorithms, regressions, and other computer codes—and any testimony offered by Defendants purporting to evaluate the reliability of these processes—should be excluded as inappropriate opinion testimony in violation of Federal Rules of Evidence 701 and 702. Plaintiffs similarly request the Court exclude Defendants from using any exhibit for the same purpose.

Respectfully submitted, this 12th day of October 2023.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>Michelle L. McClafferty<br>Georgia Bar No. 161970<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com<br>michelle.mcclafferty@lawrencebundy.com | */s/ Uzoma N. Nkwonta*<br>Marc E. Elias\*<br>Uzoma N. Nkwonta\*<br>Christina A. Ford\*<br>Tina Meng Morrison\*<br>Marcos Mocine-McQueen\*<br>Joel J. Ramirez\*<br>Jacob D. Shelly\*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>jramirez@elias.law<br>jshelly@elias.law<br><br>*Counsel for Plaintiffs*<br>\*Admitted *pro hac vice* |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing *Brief in Support of Plaintiffs' Motion in Limine to Exclude Expert Evidence* has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 12th day of October, 2023        */s/ Uzoma N. Nkwonta*
                                       Uzoma N. Nkwonta

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Brief in Support of Plaintiffs' Motion in Limine to Exclude Expert Evidence* with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 12th day of October, 2023        */s/ Uzoma N. Nkwonta*
                                       Uzoma N. Nkwonta