UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, and JANE DOE,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>    Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EVIDENCE CONCERNING DON GASAWAY'S 2018 ELECTION CONTEST**

This case involves a single claim that Defendants attempted to and did intimidate voters in the weeks leading up to Georgia's January 2021 U.S. Senate runoff elections. Trial will therefore explore the actions of Defendants and their affiliates in December 2020, and the actual or expected impact of these actions on Plaintiffs and other affected Georgia voters. Apparently, however, Defendants intend to present evidence concerning a different case, in a different election, about different conduct by different actors. Specifically, according to their proposed exhibit list, Defendants seek to introduce filings, correspondence, and other

1

associated documents from an unrelated 2018 state court election contest by Georgia House District 28 special election candidate Dan Gasaway ("the Gasaway Contest"). These proposed exhibits are shot through with inadmissible hearsay and are entirely irrelevant. The Court should therefore exclude these exhibits, as well as any forthcoming testimony, related to the Gasaway Contest.

## BACKGROUND

Plaintiffs seek to exclude four exhibits ("the Gasaway Exhibits"), each of which was produced to Plaintiffs for the first time in May 2023. The first exhibit, Defendants' Exhibit 93, is the original petition and accompanying attachments filed by candidate Dan Gasaway contesting the election results of the 2018 House District 28 special election ("the Gasaway Petition"). *See* Ex. A. While the petition was filed by one of Defendants' attorneys here, Jake Evans, it does not reference any party to this litigation. The second exhibit, Defendants' Exhibit 92, is dated April 9, 2019, and appears to be a list of voters at issue in the House District 28 special election ("the Gasaway Voter List"). *See* Ex. B. The third exhibit, Defendants' Exhibit 91, is the court's order granting Mr. Gasaway's petition for a new election ("the Gasaway Order"). *See* Ex. C. The fourth exhibit, Defendants' Exhibit 90 is an email conversation related to the court's amended order resolving Mr. Gasaway's election contest case ("the Gasaway Emails"). *See* Ex. D.

# ARGUMENT

**I.      The Gasaway Exhibits are inadmissible hearsay.**

The Gasaway Petition should be excluded at trial because, as the Eleventh Circuit concluded in *Steed v. EverHome Mortgage Co.*, 308 F. App'x 364 (11th Cir. 2009), pleadings from another case are inadmissible hearsay. In *Steed*, the plaintiff claimed defendants' predatory and unfair lending practices specifically targeted Black homeowners. *Id.* at 368–69. As evidence of the defendant's pattern of lending behavior toward Black homeowners, the plaintiff sought to introduce a complaint from another case. *See id.* at 369 n.2. But the Eleventh Circuit affirmed the exclusion of that pleading, concluding that although the complaint could provide some circumstantial evidence of the defendant's behavior, "it was hearsay because the existence of the complaint would not show targeting unless its allegations were taken as true." *Id*. Thus, the complaint was not evidence that the district court could consider. *Id.*

Similarly here, the Gasaway Petition is a pleading that contains allegations of irregular election results in the 2018 House District 28 special election. But the pleading could be evidence of voting irregularities only if the allegations were taken as true, which hearsay rules prohibit. *See* Fed. R. Evid. 801(c)(2) (defining hearsay as a statement that "the declarant does not make while testifying at the current trial" and "a party offers in evidence to prove the truth of the matter asserted in the

3

statement"); *see also Century '21' Shows v. Owens*, 400 F.2d 603, 610 (8th Cir. 1968) ("[A]ny statements made [in a pleading against the non-pleader] are clearly hearsay and without probative force."). And no hearsay exceptions would apply to save the admissibility of this exhibit. *See Steed*, 308 F. App'x at 369 n.2. The Gasaway Petition is thus clearly inadmissible and should be excluded from trial.

For similar reasons, Defendants' Exhibit 91, which is the Banks County Superior Court order containing findings of facts, conclusions of law, and the judgment of the court in the Gasaway Contest, is also inadmissible hearsay. Like the Gasaway Petition, Defendants presumably seek to offer the Gasaway Order as evidence of prior voting irregularities in Georgia. But as the Eleventh Circuit has explained, court opinions that contain "factual findings made in a separate case by [another] court" constitute hearsay. *U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001). Indeed, such evidence "[can]not be either judicially noticed or admitted under the public records exception to the hearsay rule." *Id.*; *see also United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) (concluding that "the findings of fact . . . in [another court's] order were not admissible evidence and should not have been considered by the district court"). Thus, the Gasaway Order is also inadmissible and should be excluded from trial.

For the same reasons, Defendants' Exhibit 92 (the Gasaway Voter List) and Exhibit 90 (the Gasaway Emails) constitute inadmissible hearsay. *See* Fed. R. Evid.

4

801, 802. And to the extent these exhibits are not being offered for the truth of the matters asserted, they should be precluded as irrelevant. *See infra* Section II.

Because Defendants Exhibits 90, 91, 92, and 93 are inadmissible hearsay, the Court should grant Plaintiffs' motion and exclude the Gasaway Exhibits, and any related testimony, from trial.

## II. The Gasaway Proceedings are irrelevant to this case.

Hearsay rules aside, the Gasaway Exhibits cannot even satisfy basic threshold requirements for admissibility because they are irrelevant to the claims and defenses in this case. Under the Federal Rules of Evidence, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. If evidence is found not to be relevant, it is inadmissible at trial. Fed. R. Evid. 402. The Court should also exclude evidence where its probative value is substantially outweighed by factors such as "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. And the party offering the evidence bears the burden of demonstrating its relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

Here, Defendants cannot meet their burden because the Gasaway Contest has nothing to do with Plaintiffs' claim that Defendants intimidated, threatened, coerced, or attempted to intimidate, threaten, or coerce, persons for voting or attempting to

vote during the 2021 Georgia Senate runoff elections in violation of the Voting Rights Act. As Plaintiffs alleged, this scheme involved mass voter challengers, polling place "watchdogs," bounties, and related poll-monitoring plans involving Defendants and their associates in December 2020. *See generally* Am. Compl., ECF No. 73. In response, Defendants have asserted that their challenged conduct falls outside the scope of the VRA and is protected by the First Amendment. The Gasaway Contest has nothing to do with any of these claims or defenses.

Allowing Defendants to introduce these exhibits and related testimony would also confuse the issues because this case is about Defendants' conduct leading up to the 2021 Georgia Senate runoff election, not about what occurred in a 2018 special election that took place years before. *Cf. Sec. & Exch. Comm'n v. Avent*, No. 1:16-CV-2459-SCJ, 2017 WL 6460243, at *3 (N.D. Ga. Dec. 15, 2017) (concluding issues with a promissory note signed in 2014 were irrelevant to whether insider trading occurred several years before). Dedicating any space to this evidence at trial would thus waste the Court's and the parties' time. Because the Gasaway Exhibits are entirely irrelevant to the issues in this case, the Court should exclude them from trial.

## CONCLUSION

For the foregoing reasons, the Court should exclude Defendants' Exhibits 90, 91, 92, and 93, as well as any related testimony concerning the Gasaway Contest.

Respectfully submitted, this 12th day of October, 2023.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com | */s/ Uzoma N. Nkwonta*<br>Marc E. Elias*<br>Uzoma N. Nkwonta*<br>Christina A. Ford*<br>Tina Meng Morrison*<br>Marcos Mocine-McQueen*<br>Joel J. Ramirez*<br>Jacob D. Shelly*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>jramirez@elias.law<br>jshelly@elias.law<br><br>*Counsel for Plaintiffs*<br>*Admitted *pro hac vice* |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing *Brief in Support of Motion in Limine to Exclude Defendants' Evidence Concerning Don Gasaway's 2018 Election Contest* has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 12th day of October, 2023        */s/ Uzoma N. Nkwonta*
                                      Uzoma N. Nkwonta

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing *Brief in Support of Motion in Limine to Exclude Defendants' Evidence Concerning Don Gasaway's 2018 Election Contest* with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 12th day of October, 2023        */s/ Uzoma N. Nkwonta*
                                      Uzoma N. Nkwonta