# Exhibit C

≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BANKS COUNTY, GEORGIA
**18CV358**
FEB 08, 2019 01:17 PM

Tim Harper, Clerk
Banks County, Georgia

IN THE SUPERIOR COURT OF BANKS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAN GASAWAY,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action File No.: 18CV358 |
| ) | |
| HABERSHAM COUNTY BOARD  ) | |
| OF ELECTIONS AND REGISTRATION,  ) | |
| BANKS COUNTY BOARD OF  ) | |
| ELECTIONS AND REGISTRATION,  ) | |
| STEPHENS COUNTY BOARD OF  ) | |
| ELECTIONS  AND REGISTRATION, and  ) | |
| CHRIS ERWIN, Republican Candidate  ) | |
| for Georgia House District 28 – December  ) | |
| 4, 2018,  ) | |
| ) | |
| Respondents,  ) | |
| ) | |
| and  ) | |
| ) | |
| BILLY C. SPEED,  ) | |
| ) | |
| Respondent-Intervenor  ) | |

### ORDER GRANTING PETITIONER DAN GASAWAY'S PETITION TO CONTEST ELECTION RESULTS & REQUEST FOR NEW ELECTION

### Preliminary Findings

After notice to the parties, on January 28, 30, 31 and February 1, 2019, the Court held a *rule nisi* hearing on Petitioner Dan Gasaway's ("Mr. Gasaway") First Amended Petition contesting the results of the December 4, 2018 House District 28 Special Election (the "Special Election") and all other matters pending before the Court.  Counsel for Mr. Gasaway, the Habersham County Board of Elections and Registration (the "Habersham County Board"), the Stephens County Board of Elections and Registration (the "Stephens County Board"), the Banks County Board of

1

Elections and Registration (the "Banks County Board"), Chris Erwin ("Mr. Erwin") and Billy C. Speed ("Mr. Speed") appeared at the hearing.

The Court first considered Mr. Speed's Motion to Intervene. After hearing and considering argument from counsel for Mr. Gasaway and Mr. Speed, the Court permitted Mr. Speed was to intervene for the limited purpose of presenting argument and evidence in defense of his right to vote in the Special Election. Mr. Speed voluntarily withdrew his counterclaim for declaratory judgment.

### Findings of Fact

The Court heard evidence on the merits of Mr. Gasaway's First Amended Petition. Based upon the evidence presented, the Court makes the following findings of fact:

1. The Court has proper venue and jurisdiction over the action;

2. The Special Election was decided by two votes;

3. In his Petition, Mr. Gasaway identified 68 votes that he believed to be illegally cast, illegally rejected, or irregular. At the hearing, Mr. Gasaway specifically addressed 21 individual voters, whose votes he believed were illegally cast, illegally rejected, or irregular. The Court's findings on those 21 individual voters are as follows:

4. Mr. Gasaway presented insufficient evidence to show that Ms. Sandra Denton voted illegally in the Special Election or that her vote was as a result of an irregularity because Ms. Denton's vote was accounted for in the final vote total;

5. Mr. Gasaway presented **sufficient** evidence to show that two votes were cast in the name of Mr. Michael Burrell. Mr. Burrell testified that when he went to the early voting center on November 30, 2018, election officials told him that he had already voted on November 28. Mr. Burrell objected and denied the signature on the application for early voting ballot on November

28 was his. Election officials allowed Mr. Burrell to cast a second ballot on November 30, 2018. Mr. Burrell cast his November 30 ballot on a voting machine rather than as a provisional ballot. Therefore, two votes were cast Mr. Burrell's name;

6. Mr. Gasaway presented insufficient evidence to show that Mr. David Scott Brand voted illegally in the Election because the evidence failed to show that Mr. Brand intended to change his residence more than 30 days before the election;

7. Mr. Gasaway presented insufficient evidence to show that Ms. Shirlene O'Neal Allen voted illegally in the Special Election because the evidence failed to show that Ms. Allen intended to change her residence more than 30 days before the election;

8. Mr. Gasaway presented insufficient evidence to show that Mr. James W. Allen voted illegally in the Special Election because the evidence failed to show that Mr. Allen intended to change his residence more than 30 days before the election;

9. Mr. Gasaway presented insufficient evidence to show that Mr. Benjamin Lifsey voted illegally in the Election because Mr. Gasaway failed to show that Mr. Lifsey intended to change his residence more than 30 days before the election;

10. Mr. Gasaway presented **sufficient** evidence to show that Ms. Carrie Akers voted illegally in the December 4 Special Election. The evidence showed that Ms. Akers changed her address to an unbuilt property at 360 Garrison Road in Habersham County. She testified that she hoped to reside there at some indefinite time in the future. The evidence showed that Ms. Akers had resided with her parents in Banks County and had resided there prior to the May 22, 2018 election. The evidence showed she cast a ballot in the December Special Election in Habersham County when ineligible to do so;

11. Mr. Gasaway presented insufficient evidence to show that Mr. Terrance Eyring voted illegally in the Special Election because the evidence failed to show that Mr. Eyring intended to change his residence more than 30 days before the election;

12. Mr. Gasaway presented **sufficient** evidence to show that Ms. Patricia G. Bower voted illegally in the Special Election. The evidence showed that Ms. Bower changed her residence to an address outside of HD 28 before the May 22, 2018 primary election. She gave the out of district address to Habersham County election officials when she voted on May 22, 2018. Ms. Bower was not eligible to cast a ballot in the Special Election;

13. Mr. Gasaway presented **sufficient** evidence to show that Ms. Constance Franklin voted illegally in the Special Election. The evidence showed that Ms. Franklin changed her residence to an address outside of HD 28 before May 22, 2018. She gave the out of district address to Habersham County election officials when she voted on May 22, 2018. Ms. Bower was not eligible to cast a ballot in the Special Election;

14. Mr. Gasaway presented insufficient evidence to show that Ms. Mahala M. Moody's vote in the Special Election was rejected because the evidence failed to show that Ms. Moody attempted to vote in the Special Election;

15. Mr. Gasaway presented insufficient evidence to show that Ms. Jenifer Nicole Vickery's vote in the Special Election was rejected because the evidence failed to show that Ms. Vickery attempted to vote in the Special Election;

16. Mr. Gasaway presented insufficient evidence to show that Mr. Richard Samuel Vickery's vote in the Special Election was rejected because the evidence failed to show that Mr. Vickery attempted to vote in the Special Election;

17. Mr. Gasaway presented insufficient evidence to show that Ms. Nancy B. Treadwell's vote in the Special Election was rejected because the evidence failed to show that Ms. Treadwell attempted to vote in the Special Election;

18. Mr. Gasaway presented insufficient evidence to show that Mr. David Alan Treadwell's vote in the Special Election was rejected because the evidence failed to show that Mr. Treadwell attempted to vote in the Special Election;

19. Mr. Gasaway presented insufficient evidence to show that Ms. Debra Wilbanks's vote in the Special Election was rejected because the evidence failed to show that Ms. Wilbanks attempted to vote in the Special Election;

20  Mr. Gasaway presented insufficient evidence to show that Mr. Jack Lee Stewart voted illegally in the Election. The Court finds that the General Assembly used the political boundary of Banks County in its description of HD 28 in 2011 H.B. 1EX and its subsequent amendments rather than the U.S. Census designation of the boundary of Banks County.[1]  The evidence showed that Mr. Stewart's residence was located in Banks County, although it was not located in a census block designated to Banks County;

21. Mr. Gasaway presented insufficient evidence to show that Ms. Peggy F. Stewart voted illegally in the Election. The Court finds that the General Assembly used the political boundary of Banks County in its description of HD 28 in 2011 H.B. 1EX and its subsequent amendments rather than the U.S. Census designation of the boundary of Banks County. The

---

[1] Plaintiff's evidence showed that the General Assembly's Legislative Reapportionment Office uses census tract boundaries in establishing House Districts. Plaintiff demonstrated variance between census tract boundaries and commonly understood political boundaries of Banks County. Because the Stewarts and the Speeds were enumerated by the Census Bureau in Census tracts assigned to Franklin County, they were not included in the cohort of citizens which the General Assembly intended to compose House District 28.

evidence showed that Ms. Stewart's residence was located in Banks County, although it was not located in a census block designated to Banks County;

22. Mr. Gasaway presented insufficient evidence to show that Mr. Billy Carlton Speed voted illegally in the Election. The Court finds that the General Assembly used the political boundary of Banks County in its description of HD 28 in 2011 H.B. 1EX and its subsequent amendments rather than the U.S. Census designation of the boundary of Banks County. The evidence showed that Mr. Speed's residence was located in Banks County, although it was not located in a census block designated to Banks County;

23. Mr. Gasaway presented insufficient evidence to show that Ms. Kristie E. Speed voted illegally in the Election. The Court finds that the General Assembly used the political boundary of Banks County in its description of HD 28 in 2011 H.B. 1EX and its subsequent amendments rather than the U.S. Census designation of the boundary of Banks County. The evidence showed that Ms. Speed's residence was located in Banks County, although it was not located in a census block designated to Banks County;

24. Mr. Gasaway presented insufficient evidence to show that Mr. Connor O. Speed voted illegally in the Election. The Court finds that the General Assembly used the political boundary of Banks County in its description of HD 28 in 2011 H.B. 1EX and its subsequent amendments rather than the U.S. Census designation of the boundary of Banks County. The evidence showed that Mr. Speed's residence was located in Banks County, although it was not located in a census block designated to Banks County;

25. At least four votes were illegal as a result of irregularities in the December 4, 2018 House District 28 Special Election.

**Conclusions of Law**

O.C.G.A. § 21-2-522 establishes that a result of a primary election may be contested if:

> (1) [m]isconduct, fraud, or irregularity by any primary or election official or officials sufficient to change or place in doubt the result;
> …
> (3) [w]hen illegal votes have been received or legal votes rejected at the polls sufficient to change or place in doubt the result.

To prevail under O.C.G.A. § 21-2-522, a party challenging an election result must show that a sufficient number of voters voted illegally or were irregularly recorded in the contest being challenged to make a difference or cast doubt on the outcome. *Taggart v. Phillips*, 242 Ga. 484, 487 (1978). If that party carries this burden, the election should be voided and another one held. *See generally Bush v. Johnson*, 111 Ga. App. 702, 706 (143 S.E.2d 21) (1965). A contestor does not have to show how the voters would have voted, only that they voted in the underlying election. *Howell v. Fears*, 275 Ga. 627, 628 (2002). O.C.G.A. § 21-2-503 also states:

> [u]pon the final judgment of the proper tribunal having jurisdiction of a contested election which orders a second election or declares that another person was legally elected to the office, the person sworn into such office shall cease to hold the office and shall cease to exercise the powers, duties, and privileges of the office immediately.

**Judgment of the Court**

Having heard and considered the evidence in the record and the arguments by counsel, the Court hereby **GRANTS** Mr. Gasaway's First Amended Petition to Contest Election Results & Request for New Election and **ORDERS** as follows:

(a) The evidence showed a sufficient numbers of illegal votes to change or cast in doubt the results of the December 4, 2018 Georgia House District 28 Special Election. Illegal votes were received and there was irregularity by primary election officials. Three ineligible voters voted and one eligible voter cast more than one ballot in the Special Election;

7

(b)     The Special Election in which Respondent Chris Erwin was certified the winner is **HEREBY** declared invalid;

(c)     Having been sworn into office as Representative of Georgia House District 28, under O.C.G.A. § 21-2-503, Mr. Erwin **HEREBY** ceases to hold this office and ceases to exercise the powers, duties, and privileges of the office immediately;

(d)     The third 2018 Georgia House District 28 Republican General Primary Election **SHALL** take place on April 9, 2019 with all absentee ballots, early voting ballots, and other ballots to be administered in accordance with Georgia's Election Code;

(e)     Pursuant to O.C.G.A. § 21-2-291, because there is no eligible Democratic candidate or eligible candidates of a party other than the Republican party in the 2018 Georgia House District 28 race, the winner of the third 2018 Georgia House District 28 Republican General Primary Election taking place on April 9, 2019 **SHALL** be declared the winner of the 2018 Georgia House District 28 General Election to take office upon certification of the April 9, 2019 Election results and the corresponding specially-scheduled swearing-in;

(f)     The individuals eligible to vote in the third 2018 House District 28 General Republican Primary Election taking place on April 9, 2019 **SHALL** be all voters identified on the Approved Eligible Electors List (Electors List) created as follows.  The Electors List shall comprise all voters that were or should have been eligible to vote in the May 22, 2018 House District 28 General Primary that (1) did not request a Democratic ballot in that May 22, 2018 General Primary Election, and (2) did not become ineligible to vote in House District 28 in the November 6, 2018 General Election.  The Boards of Election and Registration for Banks, Habersham and Stephens Counties shall create a proposed Electors List and submit to Candidates Erwin and Gasaway no later than 5:00 P.M. on March 1, 2019; the Candidates shall have until

5:00 P.M. on <u>March 6, 2019</u> to file any and all objections to the proposed Electors List. Each Board of Elections and Registration shall meet, consider and decide on each objection on or before <u>March 11, 2019</u>. The resulting list of voters shall be the Approved Eligible Electors List. Any voter for whom an objection is raised that is included in the Approved Eligible Electors List shall be permitted to submit a provisional ballot and their eligibility shall be examined in accordance with the Georgia Election Code.

    (g)    The Court announced these findings in a hearing on February 1, 2019.

**SO ORDERED**, this 8th day of February, 2019.

*David R. Sweat*

Judge David R. Sweat
Senior Judge of Superior Courts
State of Georgia