UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, and JANE DOE,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>　　Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE IRRELEVANT PERSONAL INFORMATION**

Ms. Jocelyn Heredia has been through a lot. Her right to vote in the January 2021 runoff was challenged both by agents of Defendant True the Vote and of Defendants Mark Davis and Derek Somerville. She had a difficult voting experience. She litigated this case as a plaintiff for nearly three years, including responding to discovery and sitting for a deposition. And as trial approached, Defendants made the decision to aim their brightest lights at Ms. Heredia's private affairs. They have dug up details on Ms. Heredia's partner, sending a clear warning that they intend to probe her romantic life in the upcoming trial. They have scoured social media profiles and found "evidence" that has nothing to do with the substance or timeframe of the

1

events at issue in this case. The prejudice and harassment that will necessarily accompany Defendants' proposed evidence is wholly outside the bounds of what the Federal Rules of Evidence permit. And if that were not enough, some of Defendants' proposed exhibits have not been authenticated.

The Court should preclude Defendants from offering exhibits or testimony regarding Ms. Heredia's romantic history or relationships and her partner's personal life. In particular, Plaintiffs seek to exclude three categories of documents. The first category of exhibits consists of posts and pictures from what Defendants claim to be Ms. Heredia's partner's Facebook page. *See* Defendants' Exhibits 60, 61, 62, 63. The second category includes two absentee voter files from Clarke County, where Ms. Heredia's partner resides, related to the November 2020 election, *see* Defendants' Exhibit 67, and the January runoff election in 2021, *see* Defendants' Exhibit 69. And the final category includes a screenshot taken on May 22, 2023 of what Defendants claim is Ms. Heredia's partner's LinkedIn profile. *See* Defendants' Exhibit 78.[1]

### A.   Evidence of Ms. Heredia's personal life is irrelevant to this case.

Defendants should be precluded from introducing any exhibits or testimony at trial about Ms. Heredia's romantic history or relationships and her partner's

---

[1] For ease of reading, Plaintiffs will refer to the website pages as Ms. Heredia's partner's pages. That reference, however, is simply shorthand and not an admission that there has been any authentication of the pages.

personal life because such information is wholly irrelevant to any claim or defense in this case. Under the Federal Rules of Evidence, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. As the party sponsoring the evidence, Defendants bear the burden of demonstrating relevance. *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990). Irrelevant evidence is inadmissible at trial. Fed. R. Evid. 402.

Details about Ms. Heredia's personal life, including her relationship, are not relevant to Plaintiffs' claim that Defendants attempted to and did threaten or intimidate voters in violation of Section 11(b) of the Voting Rights Act, nor are they relevant to Defendants' defenses to that claim. Ms. Heredia's romantic relationships simply have no bearing on whether Defendants' filing of hundreds of thousands of voter challenges and related activities were intended or likely to burden the voting efforts of qualified Georgians.

Defendants' Exhibits 60, 61, 62, and 63, which are screenshots of Facebook posts and photos suggesting personal information about Ms. Heredia's relationship with her partner, lack any connection to the factual and legal issues in this case. The same is true for Defendants' Exhibit 78, which is a snapshot of Ms. Heredia's partner's LinkedIn page—details about her partner's professional life are even further afield from Ms. Heredia's personal voting experience in 2021. Finally, Defendants' Exhibits 67 and 69, which consist of November 2020 and January 2021

special election absentee voter files from Clarke County and contain references to Ms. Heredia's partner, are irrelevant as he has never been a plaintiff or witness in this case, and so his voting history has no bearing on any disputed element.

Additionally, Defendants' exhibits describe activities and events far removed from the December 2020 and January 2021 period that is the focus of this case. For example, Defendants' Exhibit 63 is an ambiguously dated Facebook post that appears to predate the relevant events by at least a year.[2] Similarly, Defendants' Exhibit 78 is a screenshot of a LinkedIn profile with no relevant date or time stamp other than a date in the corner showing that the screenshot itself was taken on May 22, 2023. Information displayed on a LinkedIn page in 2023 does not illuminate events that occurred between December 2020 and January 2021. And Defendants' Exhibit 62, while displaying one post from Ms. Heredia's partner from December 2020, is another Facebook screenshot taken on May 22, 2023; but it is unclear how any of the other information on that page that Defendants may try to rely on relate to events between November 2020 and January 2021.

Defendants also seek to introduce Defendants' Exhibits 60 and 61, which are screenshots of Ms. Heredia's partner's Facebook photos dated April 6, 2020, and June 6, 2020, respectively. But both of these exhibits predate, by months, the events

---

[2] In several places the posts include reference to "4y," which Plaintiffs conjecture could mean "four years," thus dating these Facebook posts to 2019 or earlier.

that gave rise to Defendants' violations of Section 11(b).[3] Thus, all of these irrelevant exhibits should be excluded. *Cf. Cameau v. Metro. Atlanta Rapid Transit Auth.*, No. 1:11-CV-04036-SCJ, 2015 WL 11142458, at *4 (N.D. Ga. Jan. 12, 2015) (finding evidence and testimony about Plaintiff's personal life was irrelevant under Federal Rules of Evidence 401, 402, and 402).

### B. Defendants' attempt to intrude upon Ms. Heredia's personal life is harassing.

The Court should also exclude evidence where any probative value is substantially outweighed by factors such as "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403, or where the evidence is likely to subject a witness to "harassment or undue embarrassment," Fed. R. Evid. 611(a)(3); *see also* Fed. R. Evid. 611 advisory committee's note to 1972 proposed rules (recognizing "[p]ertinent circumstances include the importance of the testimony, the nature of the inquiry, its relevance to credibility, waste of time, and confusion"); *cf. United States v. Allen*, 772 F.2d 1555, 1557 (11th Cir. 1985) ("The extent of cross-examination with respect to an appropriate subject of inquiry is within the trial court's

---

[3] Defendants may argue that these two exhibits are relevant for demonstrating who Ms. Heredia may have been in a relationship with as a means to infer where she resided during the runoff election several months later. But who Ms. Heredia had a romantic relationship with, and her partner's personal life, have little—if any—bearing on Ms. Heredia's legal residency.

discretion."). Because testimony about Ms. Heredia and her partner's personal lives is wholly irrelevant to the claims and defenses in this case, it could *only* be used to intimidate, harass, and create unnecessary and inappropriate discomfort and embarrassment for both individuals. *See Priest v. Rotary*, 98 F.R.D. 755, 761–62 (N.D. Cal. 1983) (ruling that it would "annoy, harass, and oppress" a plaintiff to produce information about her romantic history because that information was not relevant and might instead be used to harass, intimidate, and discourage the plaintiff). It is well within the Court's power to prevent Defendants from needlessly crossing that line.

### C. Defendants' absentee voter file exhibits related to Ms. Heredia's partner have not been authenticated and should be excluded.

Defendants' Exhibits 67 and 69 should also be excluded because Defendants cannot authenticate any of the absentee voter files from Clarke County. Under Rule 901, the proponent must either produce evidence that the item is what the proponent claims it is, *see* Fed. R. Evid. 901(a); 901(b)(1), or provide evidence that the files are public records, Fed. R. Evid. 901(b)(7). Defendants have not done either. Nor have they demonstrated that these files are self-authenticating, as there is no signature or certification of the documents as public records of Clarke County or the state of Georgia. *See* Fed. R. Evid. 902(2), (4). Absent the appropriate authentication of Defendants' Exhibits 67 and 69, Defendants should not be permitted to introduce these purported absentee voter files at trial. *See Nightlight Sys., Inc. v. Nitelites*

*Franchise Sys., Inc.,* No. CIV.A.1:04CV2112CAP, 2007 WL 4563875, at *5 (N.D. Ga. May 11, 2007) (reiterating that authentication of evidence is "a condition precedent to admissibility" (quoting Fed. R. Evid. 901)).

## CONCLUSION

Plaintiffs respectfully request this Court to exclude Defendants' Exhibits 60, 61, 62, 63, 67, 69, and 78, and bar Defendants from presenting evidence or testimony about Ms. Heredia's partner or other aspects of her personal life that are irrelevant to this case.

Respectfully submitted, this 12th day of October, 2023.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com | */s/ Uzoma N. Nkwonta*<br>Marc E. Elias\*<br>Uzoma N. Nkwonta\*<br>Christina A. Ford\*<br>Tina Meng Morrison\*<br>Marcos Mocine-McQueen\*<br>Joel J. Ramirez\*<br>Jacob D. Shelly\*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>jramirez@elias.law<br>jshelly@elias.law<br><br>*Counsel for Plaintiffs*<br>\*Admitted *pro hac vice* |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing *Brief in Support of Motion in Limine to Exclude Irrelevant Personal Information* has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 12th day of October, 2023          */s/ Uzoma N. Nkwonta*
                                        Uzoma N. Nkwonta


## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Brief in Support of Motion in Limine to Exclude Irrelevant Personal Information* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

This 12th day of October, 2023          */s/ Uzoma N. Nkwonta*
                                        Uzoma N. Nkwonta