UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, and JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, <br><br> Defendants. | Civil Action No. <br> 2:20-cv-00302-SCJ |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE UNDISCLOSED EXHIBITS**

More than a year and a half after document discovery was completed in this case, and a mere two days before the parties' pretrial order was due to be filed with the Court, Defendants disclosed—for the first time—several exhibits that they now seek to introduce at trial. Incredibly, as of this filing, Defendants have *still* failed to produce two of these exhibits. The Federal Rules of Civil Procedure are clear: a party that fails to timely disclose evidence "***is not allowed***" to use that evidence at trial unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1) (emphasis added). Defendants cannot demonstrate either element here. They have not provided *any* justification for delaying their disclosure until two days before the

1

parties' proposed pretrial order was due, or for *continuing* to withhold, now more than four months after the parties filed the pretrial order, several documents listed on their exhibit list. And far from harmless, with trial just two weeks away, Defendants' delay forces Plaintiffs to forfeit their right to conduct discovery into these documents to contextualize their relevance to this case. Because Defendants, not Plaintiffs, should suffer the consequences of Defendants' delinquency and failure to comply with the Federal Rules, the Court should prohibit Defendants from introducing the untimely documents at trial.

## BACKGROUND

On February 8, 2021, Plaintiffs served upon Defendants requests for documents seeking, among other things, documents or communications discussing Defendants' voter challenge efforts in Georgia. *See, e.g.*, Ex. A at 13 (Pls.' First Requests for Production TTV No. 2); Ex. B at 12 (Pls.' First Requests for Production Somerville No. 2). A month later, Defendants responded to Plaintiffs' request and agreed to produce responsive documents within their possession. *See* Ex. C at 7–8 (TTV Responses to Pls.' First Requests for Production No. 2); Ex. D at 5–6 (Somerville Responses to Pls.' First Requests for Production No. 2). Document

discovery in this case closed on October 1, 2021. *See* Docket Order on Aug. 16, 2021.[1]

Several months later, in May 2022, Plaintiffs and Defendants filed cross-motions for summary judgment and engaged in supplemental briefing on issues related to those motions. In March 2023, the Court ruled on the Parties' summary judgment motions and directed the parties to prepare pretrial filings. The parties' proposed pretrial order was due May 25, 2023.

Over the following weeks, Plaintiffs coordinated with Defendants to prepare the parties' joint proposed pretrial order. On May 23, 2023—more than a year and a half after document discovery had concluded, and just two days before the proposed pretrial order was due—Defendants transmitted their proposed trial exhibit list, which included several exhibits that Defendants admitted were being shared with Plaintiffs for the first time. *See* Ex. E (email from Defendants acknowledging attached documents were not previously produced and likely responsive to prior requests for production); *see also* Defs.' Proposed Pretrial Order Attachment G-2 at 5–8 ("Defendants' Exhibit List"), ECF No. 236-7 (noting certain exhibits were "[p]rovided by email [to Plaintiffs on] 5/23/23").

---

[1] The close of discovery was extended several times in this case but for limited purposes—first to complete outstanding depositions and second to allow Plaintiffs to engage in limited supplementary document discovery. *See, e.g.*, Order, ECF No. 127; Order, ECF No. 136. All discovery closed in January 2022. *See* Order, ECF No. 136.

Plaintiffs now move to exclude eight of Defendants' untimely proposed exhibits (the "untimely exhibits") which should have been produced in response to Plaintiffs' February 2021 discovery requests.

The first contested exhibit—Defendants' Exhibit 87—is a letter dated May 20, 2021, from attorney Jim Bopp to the "True the Vote Elector Challengers," copying Catherine Engelbrecht and True the Vote, Inc. *See* Ex. F; *see also* Defendants' Exhibit List at 6. Bopp's letter warned the challengers about alleged "intimidation tactics" in the form of interview requests that the challengers might face. Ex. F at 1.

The second contested exhibit—Defendants' Exhibit 124—is a December 2020 email conversation between Defendant Derek Somerville and Rebeckah Bennett about voter challenges filed in Stephens County. *See* Ex. G; *see also* Defendants' Exhibit List at 8. Although Defendants previously produced an excerpt of this email chain during discovery, the produced document excluded the December 28, 2020 email contained in Defendants' Exhibit 124. *Compare* Ex. H (Def Somerville 000086), *with* Ex. G (copy of Defendants' Exhibit 124 sent to Plaintiffs).

The third and fourth contested exhibits consist of documents that, as of the filing of this motion, have yet to be provided to Plaintiffs. This includes Defendants' Exhibit 74, which Defendants describe as an undated list of Georgia Qualified

4

Electors, and Defendants' Exhibit 81, which Defendants describe as "Emails between Somerville and Davis." *See* Defendants' Exhibit List at 5–6.

Plaintiffs also object to four exhibits related to an election contest filed by candidate Dan Gasaway in contesting the results of the 2018 House District 28 special election ("the Gasaway Exhibits"). This includes the original petition and accompanying attachments filed to initiate the Gasaway election contest (Defendants' Exhibit 93); a list of voters at issue in the House District 28 special election (Defendants' Exhibit 92); the court's order granting Mr. Gasaway's petition for a new election (Defendants' Exhibit 91); and an email discussing the court's order resolving Mr. Gasaway's election contest case (Defendants' Exhibit 90). *See* MIL Exs A-D, ECF Nos. 260-2, 260-3, 260-4, 260-5.[2] Plaintiffs received these documents for the first time on May 23, 2023, just two days before filing the pretrial order and long after discovery had closed.

## LEGAL STANDARD

Under the Federal Rules, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was

---

[2] Plaintiffs have filed a separate motion in limine seeking to exclude the Gasaway Exhibits on the grounds that they consist of inadmissible hearsay and are entirely irrelevant to this case. *See* ECF No. 260.

5

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To assess whether late-disclosed evidence can be used, courts examine the following five factors:

(1) the surprise to the party against whom the evidence would be offered;
(2) the ability of that party to cure the surprise;
(3) the extent to which allowing the evidence would disrupt the trial;
(4) the importance of the evidence; and
(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Perdum v. Wells Fargo Bank, N.A.*, No. 1:17-CV-972-SCJ, 2020 WL 1467252, at *2 (N.D. Ga. Jan. 6, 2020). The application of these factors is "entrusted to the broad discretion of the district court." *Id.* (quotation omitted). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party"—here, Defendants. *Colardo-Keen v. CorrectHealth, LLC*, No. 1:14-CV-489-MHC, 2022 WL 18778990, at *1 (N.D. Ga. June 7, 2022) (quoting *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)).

## ARGUMENT

Defendants cannot—and have made no attempt to—meet their burden of demonstrating that their untimely disclosure was justified or harmless. Each of the five factors identified in *Perdum* weighs in favor of excluding the Exhibits.

*First*, the surprise to Plaintiffs resulting from Defendants' eleventh-hour submission of previously undisclosed exhibits is significant. "[T]he disclosure of

documents during discovery is fundamental and critical to civil litigation for purposes of putting a party on notice of the evidence that it must understand and contend at trial, as well as allowing a party to assess its case." *Perdum*, 2020 WL 1467252, at *3. But Defendants robbed Plaintiffs of that opportunity by waiting until the pretrial order was being finalized to disclose the untimely exhibits. Indeed, as of today's filing, two exhibits that Defendants intend to offer still have not been provided to Plaintiffs.

Plaintiffs also had no basis to know about the existence of these documents. For one, Defendants never identified Mr. Bopp as having any documents relevant to this litigation, yet Defendants' Exhibit 87 consists of a letter from Mr. Bopp to True the Vote elector challengers. *See* Ex. I at 26–27 (TTV Responses to Pls.' First Interrogatories, No. 9 Response). True the Vote failed to produce this document even though Ms. Engelbrecht was copied on it and, as Defendants appear to admit, it is responsive to Plaintiffs' Request for Productions.[3] *See* Ex. A at 13; Ex. E.

Similarly, Defendants produced a truncated version of the email chain reflected in Defendants' Exhibit 124 during discovery, but Plaintiffs had no reason to know that the document in their possession was missing an email from Defendant

---

[3] Moreover, the letter was dated nearly eight months before the close of discovery in this matter and was created before True the Vote completed its document productions in this case, and yet it was withheld and only disclosed for the first time to Plaintiffs shortly before the parties filed their exhibit lists.

Somerville. It was not until the parties prepared their proposed pretrial order—where Defendants finally disclosed Exhibit 124—that Plaintiffs realized the document previously produced to them was only a partial email conversation. And Defendants' Exhibits 74 and 81 *still* have not been produced to Plaintiffs for review—even after Plaintiffs have repeatedly raised this issue with Defendants. Plaintiffs therefore have insufficient information to verify the contents of those documents or their relevance to this case.

Plaintiffs, meanwhile, had no indication that Defendants sought to rely on any evidence related to the Gasaway election contest, much less the four documents Defendants disclosed just two days before the proposed pretrial order was due. *But see Perdum*, 2020 WL 1467252, at *2 (explaining that, even without a request for discovery, Rule 26(e) requires litigants to provide "a copy—or a description by category and location—of all documents . . . that the disclosing party has in [their] possession, custody, or control and may use to support [their] claims or defenses"). Because Plaintiffs were unaware of these previously withheld documents and deficient disclosures, the Court should reject Defendants' last-minute additions to the exhibit list. *See S.E.C. v. Big Apple Consulting USA, Inc.*, No. 6:09-CV-1963-ORL-28, 2011 WL 3878539, at *1, *3 (M.D. Fla. Sept. 2, 2011) (finding plaintiff was surprised by defendants' intent to use video exhibit where "[t]he first time the

videos were specifically identified as exhibits to be offered at trial was when Defendants listed them on Defendants' trial exhibit list").

*Second*, Defendants' last-minute disclosure is not curable. By waiting until almost two years after the close of discovery to identify previously undisclosed documents, Defendants deprived Plaintiffs the opportunity to contextualize the new documents through further discovery. *See Perdum*, 2020 WL 1467252, at *3 (finding "[t]he lack of opportunity to conduct discovery as to the documents at issue," which were first identified in party's exhibit list, was "prejudicial" to opposing party); *see also Williams v. United States*, No. 1:17-CV-04169-SDG, 2020 WL 13540304, at *5 (N.D. Ga. Nov. 6, 2020) (same). With trial (and the 2024 elections) now quickly approaching, additional discovery would invite further prejudice on Plaintiffs by disrupting their trial preparation and potentially delaying resolution of this ongoing dispute. *Perdum*, 2020 WL 1467252, at *4 ("Because this case is almost three-years old and the [] trial is scheduled to start in" [two weeks] from the filing of this motion, "there is no opportunity to cure [Defendants'] failure to produce (or otherwise avoid disruption to the trial)."). Rule 37 of the Federal Rules of Civil Procedure prescribes the appropriate recourse for such blatant failures to comply with discovery obligations: the parties should proceed based on the evidence that was timely produced and disclosed.

*Third*, admitting these exhibits at trial would allow Defendants to profit from their own discovery violations at Plaintiffs' expense. As noted above, Plaintiffs did not have an opportunity to question any of the defendants about these documents during their depositions, and re-opening discovery just weeks before trial (and two years after fact discovery closed in this matter) threatens to disrupt Plaintiffs' trial preparation. And Plaintiffs can only guess what additional discovery would have been required to contextualize Defendants' Exhibits 74 and 81, the contents of which have yet to be revealed. *See id.* (finding "[t]here is insufficient time for there to be any proper due diligence . . . as to the documents at issue prior to the start of the trial."). Allowing Defendants to use these documents at trial would be highly prejudicial to Plaintiffs.

*Fourth*, there is no indication that any of the newly disclosed exhibits contain relevant evidence. Plaintiffs sued Defendants under Section 11(b) of the VRA for intimidating, threatening, or coercing (or attempting to intimidate, threaten, or coerce) voters in the lead-up to the Georgia Senate runoff elections held on January 5, 2021. First Am. Compl. ¶¶ 77-80, ECF No. 73; *see also* 52 U.S.C. § 10307(b). Yet the letter contained in Defendants' Exhibit 87 discusses unsolicited requests to interview True the Vote's volunteers, which is wholly irrelevant to whether those volunteers participated in a scheme in the previous year that violated Section 11(b) of the Voting Rights Act, as Plaintiffs allege. Defendants' Exhibit 124 similarly

10

reflects an email conversation between Mr. Somerville and Rebeckah Bennett about an unsuccessful challenge in Stephens County, but is not probative of any disputed issues: all parties acknowledge that most counties rejected Defendants' mass voter challenges. *See* Pretrial Order Attachment E ("Plaintiffs' Proposed Stipulated Facts") at 16–17 ¶ 79, ECF No. 236-3. And Defendants' Exhibits 90, 91, 92, and 93, which consist of filings in Dan Gasaway's 2018 election contest, simply have nothing to do with this case. *See generally* ECF No. 260.[4]

*Finally*, Defendants' failure to disclose the untimely exhibits is neither justified nor harmless. Offering no explanation for ignoring their discovery obligations, Defendants simply submitted previously undisclosed documents with their exhibits list and openly acknowledged that the documents *should have been* produced close to two years ago but were not. Even worse, Defendants made no attempt to provide copies of Exhibits 74 and 81, which to date have not been disclosed to Plaintiffs. Whatever the reason for these discovery lapses, the overwhelming weight of the relevant factors demonstrates that Defendants' substantial delay in disclosing the Exhibits is unjustified. Defendants had every opportunity to produce these documents during the regular discovery period but inexplicably waited a year and a half after the close of discovery, almost a year after

---

[4] Finally, Plaintiffs of course have no way to evaluate the relevance, let alone importance, of the documents that still have not been produced. *See* Defs.' Exs. 74, 81.

summary judgment briefing, and just a few months before trial to do so. Because Defendants have not met their burden to demonstrate why their extremely late disclosure should be excused, the Court should prohibit Defendants from using the untimely exhibits at trial.

## CONCLUSION

Plaintiffs' Motion in Limine should be granted, and Defendants' Exhibits 74, 81, 87, 90, 91, 92, 93, and 124 should be excluded from use at trial.

Respectfully submitted, this 12th day of October, 2023.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com | */s/ Uzoma N. Nkwonta*<br>Marc E. Elias\*<br>Uzoma N. Nkwonta\*<br>Christina A. Ford\*<br>Tina Meng Morrison\*<br>Marcos Mocine-McQueen\*<br>Joel J. Ramirez\*<br>Jacob D. Shelly\*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>jramirez@elias.law<br>jshelly@elias.law<br><br>*Counsel for Plaintiffs*<br>\*Admitted *pro hac vice* |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing *Brief in Support of Motion in Limine to Exclude Undisclosed Exhibits* has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 12th day of October, 2023          */s/ Uzoma N. Nkwonta*
                                        Uzoma N. Nkwonta

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Brief in Support of Motion in Limine to Exclude Undisclosed Exhibits* with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 12th day of October, 2023          */s/ Uzoma N. Nkwonta*
                                        Uzoma N. Nkwonta