# Exhibit D

United States District Court
Northern District of Georgia
Gainesville Division

| | |
|---|---|
| **Fair Fight, Inc., John Doe,** and **Jane Doe**, *Plaintiffs* and *Counter-Defendants*, v. **True the Vote, Inc., Catherine Engelbrecht, Derek Somerville, Mark Davis, Mark Williams, Ron Johnson, James Cooper,** and **John Does 1-10**, *Defendants* and *Counter-Plaintiffs*, **Fair Fight Action, Inc.,** *Counter-Defendants*. | Civ. No. 2:20-cv-00302-SCJ  Hon: Steve C. Jones |

**Defendant Derek Somerville's Responses to Plaintiffs' First Requests for Production**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Derek Somerville responds to Plaintiffs' First Requests for Production.

# General Objections

1. Defendant Somerville objects to these requests to the extent that they

**Def. Somerville
Resp. to RFP.**                                              1

purport to call for the production of documents/information that: (a) contain privileged attorney-client communications; (b) constitute attorney work product; (c) disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys or other representatives of the Plaintiffs; (d) were prepared in anticipation of litigation; or (e) are otherwise protected from disclosure under applicable privileges, immunities, laws, or rules.

2.   Defendant Somerville objects to these requests to the extent that they are vague, not limited in scope, unreasonably broad and burdensome, or beyond the scope of either category of permissible discovery under Fed. R. Civ. P. 26(b)(1).

3.   Defendant Somerville objects to the instructions accompanying the requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, or any order promulgated by this Court.

4.   Defendant Somerville objects to discovery requests that are not proportional to the needs of the case and that are not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

5.   Defendant Somerville objects to requests for information the benefit of which is outweighed by its lack of importance in resolving the issues at stake in

this case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Consistent with this rule, Defendant Somerville does not produce multiple copies of a communication, e.g., where one email chain has multiple communications, earlier included ones are not produced as separate documents.

6.    By responding to these requests, Defendant Somerville does not concede that any of the documents requested are relevant to a claim or defense or the subject matter of this action, or are admissible at the trial thereof, or that any person identified in the responses has documents relevant to this action. Defendant Somerville reserves any and all objections as to competency, relevance, materiality, privilege, admissibility, or any other grounds on which an objection may be made. Defendant Somerville expressly reserves the right to object to further discovery into the subject of these requests. Any response to a request that inadvertently discloses privileged documents/information is not intended to and shall not be deemed or construed to constitute a waiver of any privilege or right of Defendant Somerville. Insofar as a response to a request may be deemed to be a

waiver of any privilege or right, such waiver shall be deemed to be a waiver limited to that particular response only.

7.     Defendant Somerville objects to Plaintiffs' discovery requests to the extent that they seek to require him to produce documents or information not in his care, custody, or control or to answer on behalf of other parties.

8.     Defendant Somerville states that trial preparation and factual investigation are ongoing. Defendant Somerville's responses to Plaintiffs' discovery requests are based on information known to Defendant Somerville at this time, and Defendant Somerville will supplement its responses appropriately if more documents are deemed responsive. Defendant Somerville reserves the right to make reference at trial or any proceeding in this or any other action to facts or documents not identified in these responses, the existence or relevance of which is later discovered by Defendant Somerville or his counsel.

6.     Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each specific response, Defendant Somerville (a) makes further objections in response to individual requests and (b) makes the required good-faith attempt to fulfill the duty to provide all responsive information

**Def. Somerville
Resp. to RFP.**                                          4

readily available without undue labor and expense.

7. Defendant Somerville objects to producing individuals' personal information, including emails and phone numbers, based upon privacy and relevancy.

## Requests for Production

**Request for Production No. 1:** All documents you consulted or referred to, or that otherwise relate to, your Answers to Plaintiffs' First Set of Interrogatories to Defendant Derek Somerville.

**Response:** Provided. *See* Somerville Prod. 0001-0004.

**Request for Production No. 2:** All documents or communications discussing, analyzing, referring to, or otherwise relating to or regarding the Georgia Elector Challenges, including but not limited to all communications with or involving the email address gaelectorchallenge@truethevote.org, copies of the challenge, including the list of Targeted Voters you submitted to Forsyth County, and the basis for any conclusion that any of the Targeted Voters are not eligible to vote under Georgia law.

**Response:** Produced. *See* Def. Somerville 0004.

**Def. Somerville Resp. to RFP.**                    5

Otherwise, Defendant Somerville has no responsive documents in his care, custody, or control. Defendant Somerville did not submit a list of Targeted Voters to Forsyth County; therefore, he has no responsive documents in his care, custody, or control.

**Request for Production No. 3:** All communications with any of the "Georgia voters" whom True the Vote partnered with in connection with the Georgia Elector Challenges as referred to in True the Vote's December 18, 2020 Press Release. This includes but is not limited to the "Georgia voters" referred to in the Press Release as "representing all 159 counties," as well as Mark Davis, Mark Williams, Ron Johnson, and James Cooper.

**Response:** Produced. *See* Somerville Prod. 0002-0003. Defendant Somerville notes that he did not send the email containing the talking points described in his Response to Interrogatory No. 5 directly to any TTV-affiliated Georgia Elector Challengers. *See* Somerville Prod. 0003. Otherwise, Defendant Somerville has no responsive documents in his care, custody, or control.

Defendant Somerville did not have any communication with Mark Davis, Mark Williams, Ron Johnson, or James Cooper about any of the Georgia Elector

**Def. Somerville
Resp. to RFP.**                                   6

Challenges referenced in the Press Release. Therefore, Defendant Somerville has no responsive documents in his care, custody, or control. Otherwise, Defendant Somerville objects to the this Request as beyond the scope of discovery as defined in Federal Rule of Civil Procedure 26(b)(1).

**Request for Production No. 4:** All communications regarding the Voter Challenge Lawsuit, including but not limited to the temporary restraining order issued in that lawsuit and the Secretary of State's December 28, 2020 press release(https://sos.ga.gov/index.php/elections/obama_appointed_judge_strikes_blow_to_rule_of_law_in_georgia_elections) regarding the case and/or the order.

**Response:** Defendant Somerville objects to this Request to the extent it seeks information beyond the scope of discovery as defined in Federal Rule of Civil Procedure 26(b)(1). Otherwise, Defendant Somerville has no responsive documents in his care, custody, or control.

**Request for Production No. 5:** All communications between you and True the Vote regarding the "voter registry research" as referenced in True the Vote's December 18, 2020 press release, including but not limited to communications with persons involved in preparing lists of Targeted Voters.

**Def. Somerville
Resp. to RFP.**                              7

**Response:** Defendant Somerville had no communication with True the Vote regarding the "voter registry research" as referenced in True the Vote's December 18, 2020, press release. Therefore, Defendant Somerville has no responsive documents in his care, custody, or control.

**Request for Production No. 6**: All documents and communications relating to your "efforts to highlight issues in Georgia's voter rolls," as referenced in True the Vote's December 18, 2020 press release.

**Response:** Defendant Somerville objects to this Request as overbroad in its scope and burdensome and objects to this Request to the extent it seeks information beyond the scope of discovery as defined in Federal Rule of Civil Procedure 26(b)(1). To the extent this Request seeks information related to information related to the Georgia Elector Challenges, Defendant Somerville has no responsive documents in his care, custody, or control.

**Request for Production No. 7:** All documents and communications relating to the sources you relied upon in verifying any list of Targeted Voters that you submitted, or solicited volunteers to submit, in connection with the Georgia Elector Challenges.

**Def. Somerville**
**Resp. to RFP.**                              8

**Response:** Defendant Somerville did not participate in the verification of any list of Targeted Voters, did not submit any list of Targeted Voters, and did not solicit volunteers to submit any list of Targeted Voters in connection with the Georgia Elector Challenges. Therefore, Defendant Somerville has no responsive documents in his care, custody, or control.

**Request for Production No. 8:** All documents and communications relating to the methodology for creating any list of Targeted Voters that you submitted, or solicited volunteers to submit, in connection with the Georgia Elector Challenges.

**Response:** Defendant Somerville did submit or solicit volunteers to submit any list of Targeted Voters in connection with the Georgia Elector Challenges. Therefore, Defendant Somerville has no responsive documents in his care, custody, or control.

**Request for Production No. 9:** All documents and communications that you reviewed to assess or determine the reliability or accuracy of the list of Targeted Voters that were submitted with Georgia Elector Challenges.

**Response:** Defendant Somerville did not review or assess any documents or communications to determine the reliability or accuracy of any list of Targeted

**Def. Somerville**
**Resp. to RFP.**                                          9

Voters that were submitted with Georgia Elector Challenges. Therefore, Defendant Somerville has no responsive documents in his care, custody, or control.

Dated: March 15, 2021

/s/ Ray Smith, III
Ray Smith, III, GA # 662555
rsmith@smithliss.com

SMITH & LISS, LLC
Five Concourse Parkway
Suite 2600
Atlanta, GA 30328
Telephone: (404) 760-6000
Facsimile: (404) 760-0225
*Local Counsel for Defendants*

Respectfully Submitted,

James Bopp, Jr.,* IN # 2838-84
 jboppjr@aol.com
Jeffrey P. Gallant,* VA # 46876
 jgallant@bopplaw.com
Courtney Turner Milbank,* IN# 32178-29
 cmilbank@bopplaw.com
Melena Siebert,* IN # 35061-15
 msiebert@bopplaw.com
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
*Lead Counsel for Defendants*
**Admitted Pro hac vice*

**Def. Somerville Resp. to RFP.**              10

## Certificate of Service

I hereby certify that the foregoing document was served electronically on March 15, 2021, upon all counsel of record via email.

*/s/ Ray S. Smith, III*
Ray S. Smith, III
Georgia Bar No. 662555
*Local Counsel for Defendants*

**Def. Somerville**
**Resp. to RFP.**                                     11