1   The following is the PDF of an official transcript.  Official

2   transcripts may be filed in CM/ECF only by the Official Court

3   Reporter and will be restricted in CM/ECF for a period of 90

4   days.  You may cite to a portion of the attached transcript by

5   the docket entry number, referencing page and line number,

6   only after the Court Reporter has filed the official

7   transcript; however, you are prohibited from attaching a full

8   or partial transcript to any document filed with the Court.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
CERTIFIED OFFICIAL TRANSCRIPT

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
 2                     GAINESVILLE DIVISION

 3  FAIR FIGHT, INC., ET AL.,     )
                                  )
 4            Plaintiffs,         )
           v.                     )  CIVIL ACTION
 5                                )  FILE NO. 2:20-CV-00302-SCJ
    TRUE THE VOTE, INC., ET AL.,  )
 6                                )
              Defendants.         )
 7  _____)

 8  ----------------------------------------------------------

 9           BEFORE THE HONORABLE STEVE C. JONES
              TRANSCRIPT OF PRETRIAL CONFERENCE
10                   SEPTEMBER 19, 2023

11  ----------------------------------------------------------
    APPEARANCES:
12
    For the Plaintiffs:       ALLEGRA LAWRENCE-HARDY
13                            UZOMA NKWONTA
                              JACOB SHELLY
14                            MICHELLE MCCLAFFERTY
                              TINA M. MORRISON
15
    For the Defendants:       MICHAEL J. WYNNE
16                            JAKE EVANS

17  For the Government:       AILEEN BELL HUGHES
                              DANA PAIKOWSKY
18                            TIMOTHY MELLETT

19

20

21        Proceedings recorded by mechanical stenography
            and computer-aided transcript produced by
22
             KEISHA M. CRUMP, RCR, RMR, RPR
23                Official Court Reporter
                  1759 U.S. Courthouse
24              75 Ted Turner Drive, SW
                Atlanta, Georgia  30303
25                  (404) 215-1354
```

```
 1                  Tuesday, September 19, 2023

 2                       10:30 a.m.

 3                        -  -  -

 4                P R O C E E D I N G S

 5          COURTROOM DEPUTY CLERK:  So the Court calls the

 6    matter of Fair Fight, Incorporated, and others versus

 7    Engelbrecht and others, Civil Action Number 2:20-CV-302.

 8          THE COURT:  If the plaintiffs will stand up and

 9    announce who you are.  Good morning to you.

10          MS. LAWRENCE-HARDY:  Good morning, Your Honor.  So

11    good to see you again.  Allegra --

12          THE COURT:  After the last few months, it's really

13    good to see you.

14          MS. LAWRENCE-HARDY:  Indeed.  Allegra Lawrence-Hardy

15    on behalf of the plaintiffs.  And I have with me at counsel's

16    table Mr. Nkwonta and Mr. Shelly, both of whom you've met

17    before.  I'm pleased to be here with them, as well as other

18    members of our teams who are here and not at counsel's table.

19          THE COURT:  Thank you.  Representing the United

20    States?

21          MS. HUGHES:  Good morning, Your Honor.  Aileen Bell

22    Hughes, Assistant U.S. Attorney, and I'm here with my --

23    representing the United States here with my counsel from D.C.,

24    and I'll let them introduce themselves.

25          MS. PAIKOWSKY:  Dana Paikowsky for the United States,
```

1  Your Honor.

2          MR. MELLETT:  And Tim Mellett for the United States,

3  Your Honor.

4          THE COURT:  Good to see you-all as well.

5          And representing the defense?

6          MR. WYNNE:  Good to see you, Your Honor.

7          THE COURT:  Good to see you this morning, sir.

8          MR. WYNNE:  Michael Wynne and Jake Evans.

9          THE COURT:  Okay.

10         MR. WYNNE:  For all of the defendants.

11         THE COURT:  All right.  Good to have both of y'all

12 here this morning.  We had this case set to start the trial on

13 October 26th, which is a Thursday.  I moved it up a little bit

14 because my -- the cases on my schedule kind of changed a

15 little bit.

16         But what I want to talk to y'all about this morning

17 is how we're going to try the case and answer the questions

18 you-all have.  There's one motion that really won't affect

19 this case, is the sanction, but affect the trial is a sanction

20 motion.  And the Court will get an order back to y'all way

21 before the trial, so let's just kind of go through the

22 procedure of what we're going to deal with.

23         The sanction motion here was filed on September the

24 13th.  The response was filed on September 13th, excuse me.

25 Again, the Court will get y'all an answer on that sanction

1   motion probably in the next ten to 12 days.

2            MR. NKWONTA:  Your Honor, I'm sorry to interrupt.

3   Uzoma Nkwonta for the plaintiffs.  I just want to --

4            THE COURT:  Stand up so I can see you, sir.

5            MR. NKWONTA:  Uzoma Nkwonta for the plaintiffs.  I

6   just want to clarify for the record that plaintiffs do intend

7   to file a reply.  I believe a reply will be due September

8   27th.

9            THE COURT:  Okay.

10           MR. NKWONTA:  I just want to make that clear since

11  Your Honor indicated your intent to get an order out quickly.

12           THE COURT:  All right.  Obviously, we'll wait on the

13  reply and we'll receive them.  I'm still pretty confident that

14  I'll have an order back to y'all before the trial.  It doesn't

15  have a direct effect on the trial, indirectly does, so I'll

16  have an order back to you.

17           Now, my understanding is the plaintiffs estimates

18  it's going to take three days to present its case.  Does that

19  sound about right?

20           MR. NKWONTA:  Around three to five days, Your Honor,

21  depending on where we land on some of the witnesses and some

22  of the evidentiary objections.

23           THE COURT:  Okay.  I'm not quite sure how we're going

24  to handle this.  I want to hear from the defense on this.  The

25  Government, the United States, is involved in this case

UNITED STATES DISTRICT COURT
CERTIFIED OFFICIAL TRANSCRIPT

1  directly and indirectly.  It's going to be -- are you-all

2  going to be asking to question any of the witnesses being

3  presented?

4          MS. PAIKOWSKY:  Your Honor, the United States will

5  not present its own witnesses and does not anticipate its

6  limited participation will add to the trial time.

7          THE COURT:  So mainly you-all are here to protect the

8  interest of the United States Government particular

9  subsection -- subsection, the Civil Rights Act?

10         MS. PAIKOWSKY:  Correct, Your Honor.  Although we do

11 anticipate that we may -- or we would like to reserve the

12 right that we may ask questions in furtherance of that goal.

13 But, again, we're not planning on presenting our own

14 witnesses, and we don't anticipate adding to the trial time.

15         THE COURT:  What is the plaintiffs' position if

16 there's a witness that they feel they want to ask questions

17 to?  What's you-all's position?

18         MR. NKWONTA:  Plaintiffs do not object to that.

19         THE COURT:  What is the defense's position on that?

20         MR. WYNNE:  I am sorry, Your Honor?

21         THE COURT:  The Government has indicated -- the

22 United States has indicated there may be some witnesses that

23 plaintiffs may call or you may call that they might want to

24 question -- they question maybe during -- from the point of

25 cross-examination.  Plaintiffs indicated they don't have any

1 problems with that.

2    MR. WYNNE:  Oh, that's perfectly fine, Your Honor.  I

3 was writing down the time periods in response -- for my

4 response to your coming question.  Thank you.  That's fine.

5    THE COURT:  And they indicated they won't be calling

6 any witnesses, so if there's a witness you-all want to

7 question, you want to do it from the point of

8 cross-examination, just let me know.

9    All right.  Now you can tell me how long you think

10 the defense's case will take.

11    MR. WYNNE:  Yeah, Your Honor, we expect for our

12 case-in-chief, again, three to five days.  The length is going

13 to depend on the amount of cross-examination allowed during

14 plaintiffs' case-in-chief, but three to five days.

15    THE COURT:  As long as you ask relevant questions, I

16 will not interrupt your cross.

17    MR. WYNNE:  It's the only ones I try, Your Honor,

18 that I try to ask.  We'll see.  I'll do my best.

19    THE COURT:  We're looking at about ten days to try

20 this case is what I'm hearing, five for the plaintiffs and

21 five for the defense.

22    Do you want to say anything else, Mr. Wynne?  You-all

23 requested a jury trial, and I entered an order denying that.

24 Anything else you-all want to add to the record to that?

25    MR. WYNNE:  I don't believe so.

1          THE COURT:  All right.  Any stipulations you-all

2    think you-all may be able to come to an agreement on the

3    morning of trial?

4          MR. NKWONTA:  Your Honor, we have not yet reached an

5    agreement on the stipulations.  Plaintiffs are open to and

6    will endeavor to continue those conversations, but we were not

7    able to reach an agreement before we filed the pretrial

8    orders.

9          MR. WYNNE:  Likewise, Your Honor.

10          THE COURT:  Okay.  If you-all do come to an agreement

11    on stipulations, let me know, and we'll work it out into the

12    trial at the appropriate time.

13          I just want to remind you-all of 14 days in the

14    pretrial, a motion in limine you file, and seven days response

15    from that.  So the plaintiffs' file a motion in limine, then

16    the defense has seven days to respond to it.

17          I want to talk a little bit about the exhibit list in

18    this case.  Plaintiffs make the broad objection to defendants'

19    exhibit list.  You want to talk about that a little bit more?

20          MR. NKWONTA:  Certainly, Your Honor.  As to -- well,

21    I want -- I would like to talk about both exhibit lists

22    because I think they are interrelated.  On the defendants'

23    exhibit list, Your Honor, you'll see that they've included the

24    first, I believe, 57 exhibits from plaintiffs' exhibit list,

25    and then defendants had included some exhibits of their own.

1          We've asserted various objections to those exhibits,

2   but there are several broad categories of exhibits they've

3   added that we believe are improper.  For instance, there are

4   at least two exhibits that defendants still did not provide to

5   us even to this day.  There are several exhibits that

6   defendants provided to us about a day or two before we were

7   required to file a joint pretrial order and to provide

8   exhibits for the first time.

9          Those exhibits consist of documents that were in the

10  possession of defendants, so emails between, for instance,

11  Mr. Davis and Mr. Somerville.  They included documents that a

12  letter, for instance, from former defense counsel, Mr. Bopp,

13  to Challenger, so they include documents that should have been

14  disclosed during discovery, but even a year after the

15  discovery, and they still had not produced it to us.

16         And so we have even asserted objections to those

17  exhibits, among others, based on relevance, hearsay, and other

18  objections, and we do intend to file a motion in limine to

19  address some of those issues as well.

20         THE COURT:  Mr. Wynne, do you want to respond to

21  that?  Obviously, if they filed a motion, you'll have an

22  opportunity to respond.

23         MR. WYNNE:  Yes.  I think that would be most

24  efficient to reserve that till our response.  I will ask the

25  Court, with all humility, not to hold our client responsible

1  for what we would characterize as missteps, if not negligence,

2  by prior counsel.  That is the subject of a contentious

3  lawsuit in the District of Indiana right now, and we've

4  asserted a malpractice claim.

5          They're trying to get about a million dollars in

6  fees, so that's being litigated as well and likely, you know,

7  as a subject to some of the things that are coming our way.

8  But, again, we'd ask you humbly not to hold, you know, what he

9  did against our client.

10          THE COURT:  I'll say this:  Obviously, I have to

11  follow what aspects of the law into something that he did that

12  maybe was not to the advantage of your client, but yet the law

13  indicates I probably have to move for the plaintiffs.  But if

14  there's something that he did that this -- I'm trying to make

15  sure I say this the right way.  I'm not saying he did anything

16  right or wrong, okay?  I will take each motion as each issue

17  comes up, and I'll assure you I want to make sure you have a

18  fair trial for both sides.

19          MR. WYNNE:  Thank you, Your Honor.

20          MR. NKWONTA:  May I respond to that briefly, and then

21  add an additional point about the exhibits?  Correspondingly,

22  plaintiffs had requested that the Court do not -- should not

23  allow plaintiffs to be prejudiced by the decisions that

24  counsel made, including during the time when current counsel

25  was on the case.  I would like to remind the Court that

1  current counsel joined the case in, I believe, late January or

2  early February.  And to the extent --

3        THE COURT:  I hate to interrupt.  Let me say this:

4  Again, I'm going to rule according to the law.  If prior

5  counsel did something that the client now disagrees with, I

6  sympathize with them, and a good example is the jury trial

7  request.  I think counsel made it quite clear in his briefing

8  that his client was not happy that the prior counsel did not

9  ask for the jury trial in the appropriate time, appropriate

10  way, and the Court ruled we're not having a jury trial.

11        So, again, I apologize for cutting you off, but I

12  just want to say I sympathize.  I hear what they're saying,

13  but I'm going to rule according to the law.  And if the law

14  says I rule your way, and maybe it's something prior counsel

15  did that they stringently disagree with now, there's not a

16  whole lot I could do about that but follow the law.  That's

17  what I'm going to do.

18        Go ahead and finish.

19        MR. NKWONTA:  I appreciate that.  One more point

20  about the exhibits, as I mentioned earlier, there are about 57

21  exhibits from plaintiffs' exhibit list that were included on

22  the defendants' exhibit list to which they've asserted no

23  objection.  And plaintiffs would like to know whether Your

24  Honor would entertain the procedure for pre-admitting those

25  exhibits for which there appear to be no objection for which

1  the parties agree that they're on both parties' --

2        THE COURT:  And if there is no objection, I have no

3  problem with that.  If they said there are, then we'll have to

4  deal with them one at a time.

5        MR. WYNNE:  Your Honor, I think the motion in limine

6  may have some bearing on that, so I'd ask for that ruling to

7  be taken under advisement until, you know, we've scrutinized

8  that.  We haven't seen an objection so far, but there may be

9  one that they're analyzing.

10       THE COURT:  Well, here's my position is that if

11  you-all come to an agreement on any exhibits that all of y'all

12  agree on, I don't have a problem being admissible at trial.

13  If y'all can't come to an agreement, then we will do it the

14  regular way exhibit by exhibit by exhibit.

15       MR. NKWONTA:  Thank you, Your Honor.

16       THE COURT:  The deposition designations, does that

17  come in -- oh, I'm sorry.

18       MR. WYNNE:  One other thing, Your Honor, in response

19  to counsel's point is that while I was here, as you may

20  recall, quietly sitting in the back, it's taking us a long

21  time to get all of the documents from prior counsel.  And

22  while we have been in the case, we wanted to review the entire

23  discovery before saying anything.  And so while we've been in

24  it for a certain period of time, it's only within the past

25  month where we're up to speed to make these arguments.

```
1            THE COURT:  I understand.  And, again, as you know,
2   you don't have to bring that to me any exhibits when it comes
3   to the course of trial.  And so if y'all come to an agreement,
4   fine.  If not, we'll do it the old-fashioned way, one exhibit
5   at a time.
6            MR. WYNNE:  Thank you.
7            THE COURT:  Any designations regarding the
8   depositions?  First of all, there won't be any depositions
9   submitted in lieu of a person coming to testify?
10           MR. NKWONTA:  Your Honor, plaintiffs have identified
11  multiple deposition designations that they wish to submit to
12  the Court.  Some of them are of third parties who will not be
13  testifying, but the plaintiffs are proceeding pursuant to
14  Federal Rules of Civil Procedure 32.  And some of them are
15  statements from defendants.  And, again, plaintiffs are
16  proceeding pursuant to the Federal Rules of Evidence that
17  allows those designations to come in, and we've set those out
18  in the joint pretrial order.
19           We do have some objections to defendants' proposed
20  deposition designations, including the designations from their
21  own party witnesses whom -- I think all of whom are listed on
22  their witness list, but in any event, those deposition
23  designations are not admissible.
24           And to the extent that the parties would have an
25  opportunity to present those objections, when would the Court
```

```
 1    like to receive those?
 2              THE COURT:  Oh, I really like to receive -- we're
 3    going to start this trial on October 26th.  I'd like to
 4    receive them at least two weeks ahead of time.  Again, it
 5    gives me enough time for me to look at them, tell you what I'm
 6    going to do and not going to do, and after they submit it and
 7    get the answer back to you so you can prepare how you want to
 8    present your cases.
 9              So if the case is going to start on the 26th, the
10    12th of October is when I'd like to receive them.  I guess --
11    I have a few other cases right now I'm handling in Atlanta, so
12    I kind of -- it gives me enough time to kind of work on those
13    and kind of work on these as well.  So the 12th of October
14    would really help me to be able to just get it done and get an
15    order back to y'all in enough time.
16              MR. NKWONTA:  Thank you, Your Honor.
17              THE COURT:  Is that fair enough?
18              MR. WYNNE:  Yes, Your Honor.
19              THE COURT:  And I apologize.  My schedule has changed
20    a little bit.
21              I plan on giving each side 30 minutes in opening.
22    Does anybody need more than 30 minutes for the opening
23    statement?
24              MR. NKWONTA:  Thirty minutes will be sufficient, Your
25    Honor.  Thank you.
```

1            MR. WYNNE:  And 30 minutes is sufficient for us.

2            THE COURT:  And how much time does plaintiff think

3   they would need for closing?

4            MR. NKWONTA:  Your Honor, the plaintiffs are

5   requesting an hour for closing, possibly.

6            MR. WYNNE:  The same, Your Honor.

7            THE COURT:  All right.  Thirty minutes opening and

8   one hour for closing.

9            MS. PAIKOWSKY:  Your Honor.

10            THE COURT:  Yes, ma'am.

11            MS. PAIKOWSKY:  The United States doesn't plan to

12   present an opening at this time, but we would like to reserve

13   the right to present closing, again, in furtherance of our --

14   the constitutionality of our statute.

15            THE COURT:  How much time?

16            MS. PAIKOWSKY:  Twenty minutes.

17            THE COURT:  I'll give you 30.

18            MS. PAIKOWSKY:  Wonderful.  Thank you so much, Your

19   Honor.

20            THE COURT:  Any objection to that from the

21   plaintiffs?

22            MR. NKWONTA:  No objection, Your Honor.

23            THE COURT:  Defendants?

24            MR. WYNNE:  No objection.

25            THE COURT:  All right.  Now, at the end of the case,

1    any bench trial I do, I always ask the parties within a

2    certain time period to submit conclusions of law --

3    conclusions of facts and conclusions of law.  If I'm correct,

4    this case starts on the 26th.  It should be done sometime

5    around the first week of November.  How long would it take the

6    plaintiffs -- I'm not saying -- I just want to know what

7    you-all say, and I'll tell you what I think.  How long do you

8    think the plaintiffs would need to put together conclusions of

9    law and findings of fact -- findings of fact and conclusions

10   of law, excuse me?

11          MR. NKWONTA:  Your Honor, we can have the proposed

12   findings of fact and conclusions of law ready probably within

13   about a week after the close of trial.

14          MR. WYNNE:  Your Honor, we'd ask for ten days, two

15   weeks after the close of the trial.

16          THE COURT:  We'll give you -- let's do it ten days.

17   Ten days after close of the trial, findings of fact,

18   conclusions of law be submitted to the Court.  I can't really

19   give y'all a timetable.  I'm going to try as fast as possible

20   to get y'all an order back, but it will probably be sometime

21   in December before I get you an order back.  If I can get you

22   one back earlier, I will.

23          MR. NKWONTA:  And, Your Honor, I have -- that just

24   reminded me I forgot to raise the issues of transcripts.  Now,

25   we've committed to the one week.

```
 1          THE COURT:  That's why I said ten days.

 2          MR. NKWONTA:  Okay.

 3          THE COURT:  It's -- here's the situation right now.

 4  I have as many as four court reporters working with me between

 5  the cases that I have here and the case I have in Atlanta, and

 6  they're trying to put out daily transcripts for cases, so --

 7  and tell me if you-all disagree.  It probably will take them,

 8  if this case starts on the 26th, you probably -- probably

 9  about five to seven days before they can get you-all

10  transcripts.  And here's a question I need to ask:  Are y'all

11  going to be asking for daily transcripts?

12          MR. NKWONTA:  Yes, Your Honor, we plan on requesting

13  daily transcripts.

14          MR. WYNNE:  We just don't have the budget for

15  something like that.  If they're doing it, I'd like to ask --

16  ask to get copies of them, but I just can't do that.

17          THE COURT:  Well, let me say this:  They don't have

18  to give you a copy of theirs because they have to pay for it.

19          MR. WYNNE:  I realize that.  I'm asking for a favor.

20          THE COURT:  I'll let the two of y'all work that out.

21          MR. WYNNE:  All right.

22          MS. LAWRENCE-HARDY:  And, Your Honor, if I may be

23  heard.  As a local lawyer, the court reporters don't like it

24  when we start passing around copies, and we try to stay

25  friends with the court reporters, so I just wanted to make
```

1  that known.  We recognize that --

2          THE COURT:  You make an excellent point.  The local

3  court reporters -- because they're not getting paid.  It's

4  just that simple.  Let me put it this way --

5          MR. WYNNE:  No, I understand that.  I hope what I

6  just said they won't hold against me.  I'm just trying to be

7  efficient.

8          THE COURT:  Well, the court reporters are not going

9  to hold it against you.  I guess what they're telling you in a

10  very nice way, they're not going to give you a copy.

11          MR. WYNNE:  Yeah.  I'll inquire as to cost.  I'll

12  talk with my clients and see what we can do.

13          THE COURT:  All right.  I think about five, seven

14  days to get you the whole transcript, so it gives you about

15  three days to put together findings of fact and conclusions of

16  law.

17          The question I always ask, you know, I think I may

18  know the answer to this one, but I always like to ask it:  Is

19  there any possibility of settlement?

20          MR. WYNNE:  For the defendants, regretfully, I do not

21  believe so, but we're always open to, you know, discussions.

22          MR. NKWONTA:  Likewise, Your Honor.  I don't believe

23  there's an option for settlement at this time.

24          THE COURT:  All right.  Again, I always ask.

25  Sometimes I get surprised, a few times surprised, but I always

1  ask.

2        Witnesses, how many witnesses do you think the

3  plaintiffs will be presenting?

4        MR. NKWONTA:  Your Honor, currently, plaintiffs

5  expect to call about anywhere from six to eight witnesses in

6  their case-in-chief.  Some of those witnesses are actually

7  defendants.  Some of the witnesses may be defendants that we

8  plan on calling in our case-in-chief.  We will be asking the

9  Court to allow us to treat them as adverse witnesses, and

10  we'll cross them or ask leading questions as part of our

11  affirmative case.

12        So when you factor in those witnesses that are shared

13  between the parties, that may cut down the total number of

14  witnesses, but I'm not sure what the defendants' strategy

15  might be with respect to whether they would want to bring

16  those witnesses back for their case-in-chief.

17        THE COURT:  Well, one question I want to ask you, and

18  this comes up every once in a while in bench trials.  When you

19  call for the purpose of cross-examination, sometimes the other

20  side says, Judge, just -- I want to question them.  I think it

21  probably would be better if you just kind of let the other

22  side know if you're going to agree to do that or not so they

23  can be prepared to tell their witnesses, well, you're going to

24  have to come back once they finish crossing you.

25        MR. NKWONTA:  Certainly, Your Honor.  And we'll

```
1   certainly share that information with opposing counsel as soon
2   as possible.
3           THE COURT:  Okay.
4           MR. WYNNE:  The same.  I'd expect, you know, six to
5   eight witnesses, depending on how plaintiffs' case-in-chief
6   goes.
7           THE COURT:  That's all I have for y'all this morning,
8   so I will turn to plaintiffs and say any questions, anything
9   you want to bring to the Court's attention, anything you want
10  to discuss this morning?
11          MR. NKWONTA:  Nothing further from our side, Your
12  Honor.
13          MS. PAIKOWSKY:  Okay.  Your Honor, the United States
14  wanted to inquire about the possibility of -- or I guess
15  whether or not it would be acceptable for some of our team to
16  attend for only parts of the trial based on scheduling
17  conflicts?
18          THE COURT:  I don't have a problem with that.
19          MS. PAIKOWSKY:  Thank you so much, Your Honor.
20          THE COURT:  I don't have a problem with that.
21          MR. WYNNE:  Yes, two matters.  One of the named
22  defendants, Mark Davis, has some very serious health issues.
23          THE COURT:  Sorry to hear that.
24          MR. WYNNE:  And it's going to be a problem, you know,
25  for him to even get up in the courtroom, as I understand it.
```

1  And so I think we've submitted a letter from his doctor and

2  some medical records that my partner has, and so we'd ask for

3  the Court perhaps to allow him to appear by video or make some

4  other accommodation for him.

5      THE COURT:  What do you have to say?

6      MR. NKWONTA:  Plaintiffs have no objection to that,

7  Your Honor.  And if I may add one more issue to this

8  discussion, which reminded me that we also have a witness,

9  Ms. Stephanie Stinetorf, who's on our witness list and who's

10 actually located in Germany, and will be in Germany through

11 the duration of trial.  That's where she lives.  And we would

12 also ask for the opportunity to present her witness by --

13 present her testimony by Zoom or some other video platform?

14     MR. WYNNE:  Of course no objection.

15     THE COURT:  Both of y'all let me know like a day

16 ahead of time.  We have to get all the stuff through IT set up

17 here so we have it done.  So, like -- you think y'all are

18 going to call them that Monday because we have to have it

19 ready that Thursday -- excuse me, the first day we have it

20 that Thursday prepared so you can coordinate it with the IT

21 people doing that.

22     It's a little bit different here than Atlanta, so we

23 need a little more leeway time.  In Atlanta would kind of --

24 you get it pretty quick.  Here takes a little bit more time.

25 But I don't have a problem doing that, those people testifying

1    by video because of the situation.

2           What else, Mr. Wynne?

3           MR. WYNNE:  We're going ahead and going to be

4    requesting subpoenas from the clerk's office probably within

5    the next two days or so, and then would ask when they arrive

6    that they, you know, be excused until they're called to

7    testify.

8           THE COURT:  I have no problem with that.  It works

9    for both sides.  I don't plan to anticipate having another --

10   have y'all come back to court for another meeting before the

11   trial until the 26th.  Mostly everything else will be done

12   through the orders, briefs, so if there's any -- Counsel,

13   where you really think you need to have another hearing with

14   me before the trial, let me know as soon as possible.  I'm in

15   trial just about -- after this week, just about every day

16   until November the 17th, so I'll try to get you in, but you're

17   going to have to come one afternoon about 4:30, and you'll

18   have to come to Atlanta.

19          Okay.  Well, thank all of y'all.  I look forward to

20   trying this case with you.  Have a great day and a great rest

21   of the week.  Always good to see you.  Thank you.

22

23          (The proceedings were adjourned at 11:00 a.m.)

24

25

```
 1                    C E R T I F I C A T E

 2

 3

 4          I, Keisha M. Crump, Official Court Reporter for the

 5  United States District Court for the Northern District of

 6  Georgia, with offices at Atlanta, do hereby certify:

 7          That I reported on the Stenograph machine the

 8  proceedings held in open court; that said proceedings in

 9  connection with the hearing were reduced to typewritten form

10  by me; and that the foregoing transcript is a true and

11  accurate record of the proceedings.

12          This the 12th day of October, 2023.

13

14

15                            /S/ Keisha M. Crump, RMR, RPR
                              Official Court Reporter
16                            United States District Court
                              Northern District of Georgia
17

18

19

20

21

22

23

24

25
```