IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **FAIR FIGHT INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,**  Plaintiffs,  v.  **TRUE THE VOTE, CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER, and JOHN DOES 1-10,**  **Defendants,** | **CIVIL ACTION FILE**  **No. 2:20-CV-00302-SCJ** |

## ORDER

This matter appears before the Court on Plaintiffs' Motions in Limine.[1] Doc. Nos. [259]; [260]; [262]; [263]. The Court enters the following Omnibus Order resolving these motions in anticipation of the bench trial to begin on October 26, 2023. For the following reasons, the Court **GRANTS** Plaintiffs' Motions to

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Exclude Evidence of the Don Gasaway 2018 Election Contest (Doc. No. [260]) and to Exclude Undisclosed Exhibits (Doc. No. [263]). The Court, at this time and subject to the qualifications *infra*, **DENIES** Plaintiffs' Renewed Motion to Exclude Improper Expert Testimony (Doc. No. [259]) and Motion to Exclude Irrelevant Personal Information (Doc. No. [262]).

## I.   BACKGROUND

Plaintiffs filed the present lawsuit against Defendants in December 2020. Doc. No. [1]. The case substantively involves Section 11(b) of the Voting Rights Act and alleged acts of voter intimidation by Defendants in amassing voter challenges in the Georgia run-off election for the United States Senate in 2021. The Court previously denied the Parties' cross motions for summary judgment (Doc. No. [222]) and specially set this case for trial. In anticipation of trial, Plaintiffs filed the four motions in limine addressed in this Order.[2] Doc. Nos.

---

[2] Plaintiffs also filed a Motion for Discovery Sanctions that remains pending before the Court. Doc. No. [242]. The Court intends to resolve the issue of discovery sanctions and adverse inferences at trial and thus reserves issuing its ruling at this time.

The Parties also filed non-motion notices of objections to deposition designations. Doc. Nos. [258]; [261]. No responses were filed, despite the Court's pretrial order requiring any responses 7-days after the objections. Doc. No. [253], 11. Given that this case will be tried without a jury, the Court will address the objections to the Parties' deposition designations during trial as they arise.

[259]; [260]; [262]; [263]. Defendants filed a single opposition response discussing most of Plaintiffs' requests to exclude. Doc. No. [271]. These Motions are ripe for review.

## II.   LEGAL STANDARD

A motion in limine is a pretrial motion by which a litigant seeks to exclude inadmissible or prejudicial evidence before it is offered at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).

It has been said that "[t]he rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence" and that "courts are advised to deny motions in limine in non-jury cases" because "[w]hen ruling on motions in limine, a court is forced to determine the admissibility of evidence without the benefit of the context of trial." Singh v. Caribbean Airlines Ltd., No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2411 (3d ed. 2022)).

"Nevertheless, the Court is not precluded from granting motions to exclude evidence in a bench trial, especially where resolution of the motion would streamline the trial process." Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co., No. 1:18-CV-21733-UU, 2019 WL 5256980, at *4 (S.D. Fla. Mar. 22, 2019).

### III. ANALYSIS

The Court now turns to Plaintiffs' motions to exclude in this case. The Court ultimately grants Plaintiffs' motion to exclude evidence relating to the Gasaway election contest (Doc. No. [260]) and motion to exclude untimely undisclosed exhibits (Doc. No. [263]), but denies the renewed motion to exclude improper expert testimony (Doc. No. [259]) and the motion to exclude irrelevant personal information (Doc. No. [262]).

#### A. Motion to Exclude Gasaway Election Contest

Plaintiffs move to exclude trial exhibits Defendants include in the proposed pretrial order regarding a 2018 election challenge made by a special election candidate in Georgia's House District 28, Don Gasaway. Doc. No. [260-1], 2. Plaintiffs contend that these exhibits were untimely disclosed because they were not produced until May 2023, after the close of discovery when the Parties

were drafting the proposed pretrial order.[3] Defendants respond that this motion is moot because they do not intend to offer these exhibits into evidence at trial. Doc. No. [271], 1.

The Court **GRANTS** Plaintiffs' motion to exclude these exhibits because they were untimely disclosed, and Defendants' have not made any effort to explain that the failure to properly disclose this evidence was substantially justified or harmless. Fed. R. Civ. P. 37(c) ("If a party fails to provide information . . . the party is not allowed to use that information [ ] at a trial, unless the failure was substantially justified or is harmless."). Accordingly, the Court **EXCLUDES** Exhibits 90, 91, 92, and 93 (see Doc. No. [236-7]) from trial.

### B.   Motion to Exclude Undisclosed Exhibits

Plaintiffs move to exclude proposed trial exhibits Defendants list in the proposed pretrial order that were not disclosed in discovery and only made available to Plaintiffs two-days before the proposed pretrial order was due. Doc. No. [263-1], 1. Apparently, two of the exhibits listed had still not been provided to Plaintiffs even as of the date that they filed the motion in limine (i.e.,

---

[3] As the Court has not reviewed the Gasaway exhibits, it cannot make any ruling (nor does it need to) on the hearsay and relevance objections raised by Plaintiffs. See Doc. No. [260-1], 2–6.

5

two-weeks before trial). Id. at 4.  Plaintiffs specifically indicate Exhibits 74, 81, 87, 90, 91, 92, 93, and 124 should be excluded for untimely disclosure. Id. at 12. Defendants did not address the untimely disclosure in their response (Doc. No. [271]) and Plaintiffs even attach an email from Defendants' counsel that admits "we do not believe" some of the exhibits in the proposed pretrial order "[had] been produced previously" (Doc. No. [263-6], 2).

As Defendants again have made no effort to show that their failure to timely disclose these exhibits "was substantially justified or is harmless," Fed. R. Civ. P. 37(c), the Court **GRANTS** Plaintiffs' motion to exclude these exhibits. Doc. No. [263]. The Court has already excluded Exhibits 90, 91, 92, and 93. See *supra* Section III(A). Thereby, the Court also **EXCLUDES** Exhibits 74, 81, 87, and 124 (see Doc. No. [236-7]) from trial.

### C. Renewed Motion to Exclude Improper Expert Testimony

Plaintiffs also filed a renewed motion to exclude improper expert testimony. Doc. No. [259]. This motion is "renewed" because the Court has already granted Plaintiffs first motion in limine regarding improper expert testimony of the same witnesses. Doc. No. [221]. In the prior order, the Court granted the motion to exclude and specified that, while Gregg Phillips, Mark

6

Davis, and Derek Somerville "may offer lay testimony about their personal observations in making the voter challenge lists and the general results obtained from their data sets and algorithms," they could not testify "about the accuracy and reliability of their results or methods." Id. at 6.

Plaintiffs renew this motion to exclude supposedly because they fear Defendants will try to circumvent the Court's order at trial, either through witness testimony or trial exhibits. Doc. No. [259]. Plaintiffs seek to specifically exclude these witnesses from testifying about "highly technical processes performed with the use of algorithms, regressions, and other computer codes" or "to evaluate the reliability of these processes." Id. at 10.

Defendants respond in opposition to Plaintiffs' motion, conceding that they do not intend to present evidence or elicit testimony inconsistent with the standards governing lay witness personal knowledge or experience. Doc. No. [271], 1. Defendants, however, argue that Plaintiffs' motion seeks to hamstring their presentation of evidence in their defense because these witnesses can still testify about their own personal experience and knowledge of the datasets and spreadsheets used. Id. at 2–13.

The Court denies Plaintiffs' motion. The Court reiterates that Phillips, Davis, and Somerville have not been admitted as expert witnesses in this case and thus they will only be permitted to present lay witness testimony consistent with the Federal Rules of Evidence. See Doc. No. [221]. The Court cannot predict what specific testimony or evidence will arise, however, and thus it cannot meaningfully assess if Defendants' evidence is proper for a lay witness. Upon the presentation of specific evidence Plaintiffs remain free to object to improper expert opinions or testimony at the proper time in trial. Plaintiffs' motion, nevertheless, is **DENIED** at this time. Doc. No. [259].

### D. Motion to Exclude Irrelevant Personal Information

Finally, Plaintiffs move to exclude irrelevant personal information from trial, specifically that information relating to Plaintiff Jocelyn Heredia's personal life and romantic partner.[4] Doc. No. [262-1], 1. Plaintiffs raise concerns over Defendants obtaining this information about Heredia and her partner's relationship and requests for absentee ballots. Id. at 1–2. Plaintiffs argue that this information is irrelevant *in time* (i.e., the social media posts and other

---

[4] Heredia was recently voluntarily dismissed as a named Plaintiff in this case. Doc. No. [254]. However, Heredia subsequently was added back as a Plaintiff. Doc. No. [278].

documentation occurred long before or long after the election at issue) and *in scope* (i.e., Heredia's personal relationship has no relevancy to her legal residence and the voter challenges Defendants made against her). Id. at 2–5. Plaintiffs also argue this evidence is unduly harassing and should be excluded under Federal Rule of Evidence 403 and that the evidence anticipated has not been properly authenticated. Id. at 5–7.

Defendants respond in opposition, going through great pains to show the Court why evidence from Heredia's personal life, namely her supposed residence, is relevant to Defendants' probable cause to challenge her as a voter in Banks County. Doc. No. [271], 13–19. Information about and from her partner, who resided with her at the time, would bring clarity to Heredia's residency. Id. at 17. Defendants notably do not reference the social media posts Plaintiffs raise in their motion, but rather broadly argue why information about Heredia's personal life would be relevant for the sake of establishing her residency. Id. at 13–19. They also concede that they "do not intend to pry into Ms. Heredia's private life." Id. at 1.

At this time having not been presented any specific evidence to consider the Court concludes that Plaintiffs' motion to exclude the personal information

9

relating to Heredia must be denied. The Court is unable to meaningfully determine if the evidence Plaintiffs seek to exclude is relevant, harassing, or unauthenticated. If the evidence submitted is inadmissible, the Court will not consider it at trial. But the Court will not exclude evidence pretrial when it cannot adequately assess the basis for its admission or exclusion. Accordingly, Plaintiffs' motion is **DENIED**. Plaintiffs remain free to renew their motion or objection to this evidence at trial at the appropriate time.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motions to Exclude Evidence Concerning Don Gasaway's 2018 Election Contest (Doc. No. [260]) and to Exclude Undisclosed Exhibits (Doc. No. [263]). The following exhibits as named in the proposed pretrial order (Doc. No. [236-7]) are **EXCLUDED** from trial: Exhibits 74, 81, 87, 90, 91, 92, 93, and 124.

The Court **DENIES** Plaintiffs' Renewed Motion to Exclude Improper Expert Testimony (Doc. No. [259]) and Motion to Exclude Irrelevant Personal Information (Doc. No. [262]). The Court denies these Motions with the understanding that Plaintiffs may reraise the substantive objections at trial when specific evidence is at issue.

**IT IS SO ORDERED** this \_\_20th\_\_ day of October, 2023.

/s Steve C. Jones
_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**