IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JOCELYN HEREDIA, and JANE DOE,<br><br>    Plaintiffs,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>    Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' "FINAL" WITNESS LIST
<u>AND MEMORANDUM IN SUPPORT</u>**

Less than forty-eight hours before this Court is to hear opening statements in this long-pending case, Defendants submitted what they styled their "Final" witness list, ECF No. 82, a list that includes twenty-three "will call" witnesses, eight of whom Defendants identified as trial witnesses for the first time yesterday. Plaintiffs hereby move the Court to strike Defendants' filing and preclude Defendants from calling these late-disclosed witnesses.[1] Among the reasons supporting this motion

---

[1] Last night, Defendants also disclosed hundreds of new exhibits that were not on

1

are: (1) the parties' witness lists were due months ago at the time of filing of the Pretrial Order; (2) Defendants failed to seek leave of court to amend their list and made no attempt to explain their prejudicial delay; and (3) allowing Defendants to call all twenty-three witnesses, including the eight newly identified witnesses, compromises the trial schedule contemplated by the Court and the parties at the final pretrial conference held last month.

## MEMORANDUM IN SUPPORT

The parties submitted their [Proposed] Consolidated Pretrial Order, ECF 236, on May 25, 2023. Within that proposed order, the Court's instructions are clear and, in Para. 18(a), direct the parties to include:

> A separate listing . . . of **all witnesses** (and their addresses) whom that party will or may have present at trial, including expert, impeachment, and rebuttal witnesses whose use can or should have been reasonably anticipated.

(emphasis supplied). Then, in Para. 18(c):

> Witnesses not included on the witness list will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified. The attorneys **may not reserve** the right to add witnesses.

---

Defendants' exhibit list. *See* ECF No. 284; *contra* Local Rule 16.4(B)(19)(d) ("Documentary and physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court."). As Plaintiffs will have no opportunity to review all of these documents in the final hours before trial begins (indeed, they have not even received these new exhibits), Plaintiffs will object to this untimely and prejudicial disclosure at the beginning of trial.

(emphasis supplied).

Defendants' witness list submitted with the proposed order—curiously styled Defendants' Preliminary Witness List—had sixteen names. Now, Defendants have removed one name (Stephanie Pfeiffer Stinetorf) and added eight.[2] Defendants' new list is too late.

## I. Defendants' new list violates the Court's Order.

On September 19, 2023, following the Pretrial Conference held on the same date, the Court entered the Consolidated Pretrial Order, ECF No. 253. The September 19, 2023, Order contains the same pertinent language as the parties' proposed order, admonishing that any addition to the parties' witness lists would require the Court's authorization. *See Order* at p. 10, ¶ 18. Defendants, however, never sought the Court's authorization to supplement their witness list. Instead, Defendants filed their new list with no notice to Plaintiffs nor transparency to the Court about their unsanctioned amendment. For Defendants' blatant disregard of this Court's clear Order, the Court should strike the so-called "Final Witness List," ECF 282, and preclude the newly added witnesses from appearing.

## II. Defendants have not and cannot justify their delay.

Part and parcel of their failure to seek the Court's authorization to supplement their witness list, Defendants also offered no justification for their unreasonable

---

[2] One of the eight, Ryan Germany, is also on Plaintiffs' list.
3

delay. Nor could Defendants justify their failure to identify an additional eight trial witnesses before the eve of trial.[3] Defendants' disregard extends to both the Court and to Plaintiffs, as Defendants also never informed Plaintiffs of the last-minute supplementation before today's filing, despite the parties having been in relatively constant communication in the lead-up to trial. Defendants' lack of candor further supports striking Defendants' late-filed witness list and prohibiting Defendants from offering testimony from witnesses not identified in accordance with the Court's clear instructions and deadline.

**III.   Defendants' new witnesses jeopardize the trial schedule.**

At the Pretrial Conference, Defendants told the Court they anticipated calling only a fraction of the sixteen witnesses on the list submitted with the parties' proposed pretrial order. Indeed, Defendants, through their counsel, participated in an exchange with the Court about the time to be set aside for this trial based on the parties' representations of the number of witnesses they intend to call and the time they expect to require for their case-in-chief. The Court and Plaintiffs planned accordingly. Should Defendants be permitted to back-track and call twenty-three witnesses—eight of whom were disclosed for the first time yesterday afternoon—it

---

[3] Of course, since Defendants have not attempted to explain (let alone justify) their delay, there is no argument warranting Plaintiffs' response. Plaintiffs would ask that—should Defendants craft some effort to explain themselves—the Court afford Plaintiffs a brief and rapid response.

is difficult, if not impossible, to imagine this case can be tried within the ten days the Court has allotted.[4] *See* Consol. Pretrial Ord., ¶ 28. ECF No. 253. With that in mind, to the extent Defendants' eleventh-hour expansion of their witness list by fifty percent was motivated by a desire to delay trial, such a delay would be unfair to Plaintiffs who have been waiting to try this case and prove why the requested injunctive relief is appropriate and necessary to prevent the intimidation from continuing into the 2024 election cycle and beyond.

WHEREFORE, Plaintiffs request the Court strike Defendants' Final Witness List, ECF No. 282, and prevent the newly identified witnesses from testifying.

Respectfully submitted, this 25th day of October, 2023.

---

[4] Plaintiffs are aware the Court, as a member of a three-judge panel constituted pursuant to 28 U.S.C. § 2284, is scheduled to begin trial in *Ga. Conf. of NAACP v. State of Georgia*, No. 1:21-cv-5338, on November 13, 2023.

<div style="display: flex;">

<div>

/s/ Allegra J. Lawrence
Allegra J. Lawrence
Georgia Bar No. 439797
Leslie J. Bryan
Georgia Bar No. 091175
Maia Cogen
Georgia Bar No. 832438
Michelle L. McClafferty
Georgia Bar No. 161970
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
maia.cogen@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com

</div>

<div>

Marc E. Elias*
Uzoma N. Nkwonta*
Christina A. Ford*
Tina Meng Morrison*
Marcos Mocine-McQueen*
Joel J. Ramirez*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
melias@elias.law
unkwonta@elias.law
cford@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law
jramirez@elias.law
jshelly@elias.law

*Counsel for Plaintiffs*
*Admitted *pro hac vice*

</div>

</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), N.D. Ga., I certify that the foregoing motion has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 25th day of October, 2023         /s/ *Allegra J. Lawrence*
                                        Allegra J. Lawrence

## CERTIFICATE OF ATTEMPT TO RESOLVE

Plaintiffs solicited the positions of Defendants and the United States on this motion. The United States does not oppose the motion. Defendants have not provided their position by the time of filing; Plaintiffs anticipate that they oppose.

This 25th day of October, 2023         /s/ *Allegra J. Lawrence*
                                        Allegra J. Lawrence

## **CERTIFICATE OF SERVICE**

I certify that I have this day served a copy of the within and foregoing motion with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

This 25th day of October, 2023

*/s/ Allegra J. Lawrence*
Allegra J. Lawrence
*Counsel for Plaintiffs*