IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CATHERINE ENGELBRECHT, *et al.*, <br><br> Defendants. | Civil Action File <br><br> No. 2:20-cv-302-SCJ |

**EMERGENCY MOTION TO QUASH SUBPOENA ADDRESSED TO NONPARTY BRAD RAFFENSPERGER, SECRETARY OF STATE OF THE STATE OF GEORGIA AND INCORPORTED MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, nonparty Brad Raffensperger, Secretary of State of the State of Georgia (the "Secretary"), by and through his undersigned counsel, for the limited purpose of moving this Court to quash the October 18, 2023 subpoena addressed to the Secretary and issued by Michael J. Wynne in the above-captioned lawsuit (the "Subpoena").[1]  The Subpoena purports to require the Secretary's appearance in Court at 9:00 am on October 26, 2023. The Secretary respectfully asks the Court to quash the Subpoena because it

---

[1] A copy of the Subpoena is attached hereto as **Exhibit 1**.

is both procedurally and substantively deficient.[2]  The Secretary further shows the Court as follows:

First, the Subpoena was not properly served on the Secretary. "Serving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). *See Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (holding that a subpoena served on a party's counsel rather than the party himself was "not served in conformity with the rule").[3]  In *Harrison*, the subpoena at issue was addressed to a party to the case, and the rationale behind Rule 45's personal-service requirement is even stronger for subpoenas addressed to nonparties. *Id.* at 273.

Here, there has been no personal service on the Secretary; instead, someone merely left a copy of the Subpoena at the Secretary's office, where an employee in the Secretary's office signed for the document. Because the Subpoena "was not served in conformity with the rule," it must be quashed. *Id.*; *CSX Transp., Inc. v. B&L Financial, Inc.*, Nos. 1:02-cv-2190-WSD and 1:07-cv-1152-WSD, 2013 WL 12238925, at *2 (N.D. Ga. Jan. 22, 2013) (ruling

---

[2] Pursuant to Local Rule 7.2(B), the Secretary respectfully asks the Court to consider this motion on an emergency basis because the Subpoena seeks to compel the Secretary's testimony beginning tomorrow.

[3] "Cases decided by the Court of Appeals for the Fifth Circuit before 1981 are binding precedent in the Eleventh Circuit today." *Hope v. Pelzer*, 536 U.S. 730, 742 (2002) (citing *Bonner v. Prichard*, 661 F.2d 1206) (11th Cir. 1981)).

service by leaving at place of business insufficient) (citing *Harrison*, 404 F.2d at 273)).

Second, even if not procedurally deficient, the Subpoena is substantively improper. The Secretary is a constitutional officer of the State of Georgia, and "the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (citing *United States v. Morgan*, 313 U.S. 409 (1941)).

Indeed, "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'" *Id.* (quoting *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). The Eleventh Circuit has cautioned district courts to "remain mindful of the fact that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted.'" *Id.* (quoting *In Re Office of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991)). The reason for this restriction is "obvious. High ranking government officials have greater duties and time constraints than other witnesses," and their time is "very valuable." *Id.* Accordingly, "[i]n order to protect officials from the constant distraction of testifying in lawsuits, courts have required that defendants show a special need or situation compelling such testimony." *Id.*

service by leaving at place of business insufficient) (citing *Harrison*, 404 F.2d at 273)).

Second, even if not procedurally deficient, the Subpoena is substantively improper. The Secretary is a constitutional officer of the State of Georgia, and "the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (citing *United States v. Morgan*, 313 U.S. 409 (1941)).

Indeed, "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'" *Id.* (quoting *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). The Eleventh Circuit has cautioned district courts to "remain mindful of the fact that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted.'" *Id.* (quoting *In Re Office of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991)). The reason for this restriction is "obvious. High ranking government officials have greater duties and time constraints than other witnesses," and their time is "very valuable." *Id.* Accordingly, "[i]n order to protect officials from the constant distraction of testifying in lawsuits, courts have required that defendants show a special need or situation compelling such testimony." *Id.*

The requisite "extraordinary circumstances," *id.*, exist "when high-ranking officials have direct personal factual information pertaining to material issues in an action and the information to be gained is not available from any other sources, such as a lower-level officials," *Fair Fight Action, Inc. v. Raffensperger*, 333 F.R.D. 689, 693 (N.D. Ga. Dec. 5, 2019) (quoting *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 13150501, at *1 (S.D. Fla. May 23, 2011), *on reconsideration*, No. 10-81082-CIV, 2011 WL 13150486 (S.D. Fla. June 8, 2011) and citing *Cruz v. Green*, No. 18-60995-CIV, 2019 WL 5208913, at *3 (S.D. Fla. Feb. 7, 2019) ("Even if the official has such knowledge, a court may require a party to pursue alternative means of discovery, e.g., through lower-level officials, before permitting the deposition to proceed.") (internal quotation marks omitted)).

The Secretary is one of the highest-ranking executive officers of the State of Georgia, and the Subpoena's proponents cannot show that "extraordinary circumstances" exist requiring his testimony.[4] *In re United States*, 985 F.2d at 512. Even if they could, however, both Ryan Germany and Frances Watson will be testifying at the trial the Subpoena references. During the time relevant to the dispute at issue in the above-captioned lawsuit, Germany was the Secretary's general counsel and Watson was the

---

[4] Notably, none of the parties deposed the Secretary in this case, nor did they notify the Secretary that they intended to call him as a trial witness.

Secretary's chief investigator.  Their testimony further renders the Secretary's unnecessary.

Because service of the Subpoena has not been perfected on the Secretary, and because the Secretary's testimony sought in the Subpoena is not legally required, the Secretary respectfully asks the Court to quash the Subpoena and excuse him from appearing before the Court to testify on October 26, 2023 or thereafter in this case.

Respectfully submitted, this 25th day of October, 2023.

    Christopher M. Carr
    Attorney General
    GA Bar No. 112505
    Bryan K. Webb
    Deputy Attorney General
    GA Bar No. 743580
    Russell D. Willard
    Senior Assistant Attorney General
    GA Bar No. 760280
    **State Law Department**
    40 Capitol Square, S.W.
    Atlanta, Georgia 30334

    */s/Josh Belinfante*
    Josh Belinfante
    Georgia Bar No. 047399
    jbelinfante@robbinsfirm.com
    Alexander Denton
    Georgia Bar No. 660632
    adenton@robbinsfirm.com
    **Robbins Alloy Belinfante Littlefield LLC**
    500 14th Street N.W.
    Atlanta, Georgia 30318
    Telephone: (678) 701-9381
    Facsimile:  (404) 856-3255

*Attorneys for Brad Raffensperger,*
*Secretary of State of the State of Georgia*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing EMERGENCY MOTION TO QUASH SUBPOENA ADDRESSED TO NONPARTY BRAD RAFFENSPERGER, SECRETARY OF STATE OF THE STATE OF GEORGIA AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF was prepared double-spaced in 13-point Century Schoolbook font, approved by the Court in Local Rule 5.1(C).

*/s/ Josh Belinfante*
Josh Belinfante