# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, JANE DOE, and JOCELYN HEREDIA,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>*Defendants*. | Civil Action No. 2:20-cv-00302-SCJ |

## PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b), Plaintiffs respectfully request that the Court take judicial notice of (1) the Verified Complaint filed in *Brooks v. Mahoney*, No. 4:20-cv-00281-RSB-CLR (S.D. Ga.), on November 11, 2020 by True the Vote, *see* Plaintiffs' Exhibit 27 ("*Brooks* Complaint"); (2) voter data by county and demographic group published by the Georgia Secretary of State; and (3) three subpoenas issued by the Court in this litigation and referenced in Defendants' Notice of Withdrawal of Subpoenas, ECF No. 257 ("Defendants' Subpoenas").

Courts may take judicial notice of facts and documents that are "not subject to reasonable dispute" because they "can be accurately and readily determined from

1

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The *Brooks* Complaint, the Georgia Secretary of State's active voter data, and Defendants' three subpoenas satisfy this standard.

With regards to the *Brooks* Complaint, it has long been established that courts may take judicial notice of publicly filed documents, including documents filed in other cases. *See, e.g.*, *Atl. Specialty Ins. Co. v. City of Coll. Park, Georgia*, 319 F. Supp. 3d 1287, 1292 (N.D. Ga. 2018) (citing *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) and Fed. R. Evid. 201(b)); *see also Baker v. City of Atlanta*, No. 1:21-CV-4186-MLB, 2023 WL 2583116, at *3 (N.D. Ga. Mar. 20, 2023) ("[C]ourts may take judicial notice of public records, such as a pleading filed in another [case], because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (citation omitted). The *Brooks* Complaint was filed in the United States District Court for the Southern District of Georgia, and thus is a public pleading. It is therefore appropriate for this Court to judicially notice this pleading and the eight county defendants that the Complaint named. These defendants were the respective boards of elections for: (1) Chatham County, (2) DeKalb County, (3) Fulton County, (4) Clayton County, (5) Gwinnett County, (6) Cobb County, (7) Augusta/Richmond County, and (8) Henry County. *See* Ex. A at 5–8.

Rule 201 also permits the Court to take judicial notice of facts reflected in the Georgia Secretary of State's compilation of active voter demographic data by county. This data is available on the Secretary of State's website—and attached hereto—and so this Court may accurately and readily determine the facts at issue. *See, e.g., Auto-Owners Insurance Company v. G&D Construction Group, Inc.*, 588 F.Supp.3d 1328, 1331 n.3 (N.D. Ga. 2022) ("courts can take judicial notice of public records maintained by a secretary of state"); *Hill v. Mark A. Nestor, P.C.*, No. 1:15-CV-1177-LMM-ECS, 2015 WL 13777184, at *2 n.2 (N.D. Ga. June 18, 2015), *report and recommendation adopted*, No. 1:15-CV-1177-LMM-CMS, 2015 WL 13777391 (N.D. Ga. July 9, 2015) (taking judicial notice of information found on the Georgia Secretary of State's website as a matter of public record).

Thus, judicial notice of the following facts derived directly from the Secretary of State's active voter data is appropriate:

- As of December 2021, the following eight counties have the largest Black active voter populations in Georgia: (1) Fulton County, (2) DeKalb County, (3) Gwinnett County, (4) Cobb County, (5) Clayton County, (6) Henry County, (7) Chatham County, and (8) Richmond County. *See Georgia Active Voters: Active Voters by County and Demographic*,

Georgia Secretary of State, https://sos.ga.gov/georgia-active-voters-report (last visited October 29, 2023).[1]

- The total number of active Black voters across these eight counties comprise 57.9% of the state's Black voters. *Id.*

Finally, the Court may take judicial notice of its own records and their contents. *See Perryman v. Dekalb Cnty., Georgia*, No. 1:15-CV-2971-MHC, 2016 WL 4592173, at *2 (N.D. Ga. Apr. 15, 2016) (recognizing "[a] court may take judicial notice of its own records." (quoting *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987))). On September 28, 2023, this Court issued three subpoenas, each at Defendants' request, to obtain personal information about Plaintiff Jocelyn Hereda.[2] *See* Ex. C, D, E; *see also* Notice for Withdrawal of Subpoenas, ECF No. 257 at 1. These subpoenas were directed to:

- Cortland Viridian, Custodian of Records—3421 N Druid Hills Road Decatur, GA 30033

- Live 8 West, Custodian of Records—871 3rd Street NW Atlanta, GA 30318

- Marietta Toyota, Custodian of Records—750 Cobb Parkway SE Marietta, GA 30060

---

[1] Ex. B can be downloaded from the Secretary of State's website by selecting "Active Voters by County" and selecting "Race" as the Demographic. Ex. B transposes the data as downloaded from a horizontal view to a vertical view and then displays the data sorted from largest county count of Black active voters to smallest county count of Black active voters.

[2] Defendants issued these subpoenas approximately two years after the close of discovery and eventually withdrew them.

These subpoenas sought records and information related to Ms. Heredia's vehicle and her residency at two Georgia addresses, including documents related to her lease, identification, license plate number, parking passes, maintenance and service requests, payment records, email communications with neighbors, and mailing and billing information. Because the Court issued these subpoenas, it may take judicial notice of these specific records and the information requested in the subpoenas' attachments. *See Sovereign Mil. Hospitaller Or. of St. John of Jerusalem of Rhodes and of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Or. of St. John of Jerusalem Knights of Malta*, No. 09-81008-CIV, 2019 WL 13235645, at *1 (S.D. Fla. Apr. 25, 2019) (taking judicial notice of subpoena and the fact that it "required Mr. Muntean to produce 'All records and communications between You or the Atlanta Priory and the Ecumenical Order, relating in any respect to the Investiture'").

Thus, pursuant to Federal Rule of Evidence 201(b), the Court should judicially notice the *Brooks* Complaint, Georgia Secretary of State's active voter data and facts reflected in that data, and Defendants' Subpoenas.

Respectfully submitted, this 1st day of November, 2023.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>Michelle L. McClafferty<br>Georgia Bar No. 161970<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com<br>michelle.mcclafferty@lawrencebundy.com | */s/ Uzoma N. Nkwonta*<br>Marc E. Elias\*<br>Uzoma N. Nkwonta\*<br>Christina A. Ford\*<br>Tina Meng Morrison\*<br>Marcos Mocine-McQueen\*<br>Joel J. Ramirez\*<br>Jacob D. Shelly\*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>jramirez@elias.law<br>jshelly@elias.law<br><br> *Counsel for Plaintiffs*<br>\*Admitted *pro hac vice* |

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing notice has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 1st day of November, 2023            */s/ Uzoma N. Nkwonta*

                                                               Uzoma N. Nkwonta
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing notice with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 1st day of November, 2023.

                                                               */s/ Uzoma N. Nkwonta*

                                                               Uzoma N. Nkwonta
*Counsel for Plaintiffs*