IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, and JANE DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>*Defendants*. | CIVIL ACTION FILE<br><br>NO. 2:20-cv-00302-SCJ |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF FACT AND LAY WITNESS TESTIMONY UNDER FED. R. EVID. 602 AND 701

Defendants file this memorandum in support of fact and lay witness testimony from Defendants Derek Sommerville and Mark Davis, under Fed. R. Evid. 602 and 701, regarding (1) their *understanding* of the NCOA, (2) their *beliefs* about their process in creating spreadsheets, and (3) their *perceptions* (including simple math) about their own and TTV's spreadsheets. In support of this memorandum, Defendants respectfully show the following:

**I.**
**Under Rule 602, Davis and Sommerville are Fact Witnesses with First-Hand Knowledge of the Matters about Which they will Testify, Including Testimony About NCOA Experience and Spreadsheets They Prepared.**

Under Rule 602 of the Federal Rules of Evidence, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Although the proponent bears the burden of establishing personal knowledge under Rule 602, "[e]vidence to prove personal knowledge may consist of the witness's own testimony." *Id.; see also* 27 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6028 (2d ed. 2007) ("[P]ersonal knowledge may be established by the testimony of an in court witness without any elaborate foundation separate from the witness' description of the events in question."). *See also United States v. McCorvey*, 215 Fed. Appx. 829 (11th Cir. 2007)(quoting Fed. R. Evid. 602).

***This standard is not difficult to meet.*** *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014) (emphasis added). A court should exclude testimony for lack of personal knowledge "only if in the proper exercise of the trial court's discretion ***it finds that the witness could not have actually perceived or observed that which he testifies to***." *Id.*, quoting *United States v. Sinclair,* 109 F.3d 1527, 1536 (10th Cir.1997) (quotations omitted (emphasis added); *see also* Kenneth S. Broun, McCormick on Evidence § 10 n. 6 (7th ed.2013) ("[T]he foundational fact of personal knowledge under Rule 602 falls under Rule 104(b);

2

and the trial judge plays only a limited, screening role, merely deciding whether the foundational testimony would permit a rational juror to find that the witness possesses the firsthand knowledge."); Wright & Gold, *supra* § 6022 ("[T]he testimony is excluded only if, as a matter of law, no juror could reasonably conclude that the witness perceived the facts to which she testifies.").

In the present case, it is undisputed that Davis and Sommerville both have substantial direct experience with the National Change of Address (NCOA) Registry and both were directly and personally involved in creating the spreadsheets (also referred to as "challenge files") at issue here. Variations of these spreadsheets were extensively discussed in the report of Plaintiff's designated expert, Kenneth Mayer, PhD. *See* Dkt.# 156-16. Further, Plaintiffs explicitly contend that the TTV Defendants prepared the spreadsheets at issue. Contrary to Plaintiff's contention, Davis and Sommerville have every right to testify about matters in which they have been personally involved – as fact witnesses. This type of testimony directly constitutes the type of fact witness testimony contemplated in Fed. R. Evid. 602. *See United States v. Ransfer,* 749 F.3d 914, 938 (11th Cir.2014) (A witness provides "factual statements" when he gives a 'summary of financial records,' and explains how the records were created); *see also United States v. Toll*, 804 F.3d 1344, 1354-1355 (11th Cir. 2015) (a financial controller was permitted to testify about financial statements he was personally involved in preparing, including his personal beliefs

3

and opinions as to whether financial statements were prepared in accordance with Generally Accepted Accounting Principles); *United States v. McCorvey*, 215 Fed. Appx. 829 (11th Cir. 2007) (An investigator's testimony that he was unable to find any legitimate source of income for defendant was proper under Rule 602, as the officer's testimony was based on his personal knowledge and involvement as an investigator in that specific case).

Accordingly, under Fed. R. Evid. 602, Davis and Sommerville are unequivocally entitled to provide testimony about their personal knowledge and direct involvement in preparing the spreadsheets at issue. This is precisely the type of fact witness testimony contemplated under the Rule.

## II.
## Under Rule 701, Davis and Sommerville are Entitled to Provide Opinions Based on their Particularized Knowledge From their Own Personal Experience

Rule 701 of the Federal Rules of Evidence permits lay opinion testimony when it is "rationally based on the witness's perception," "is helpful to a clear understanding of the witness' testimony or the determination of the fact in issue" and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "Notably, 'Rule 701 does not prohibit lay witnesses from testifying based on ***particularized knowledge gained from their own personal experiences***.'" *United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir. 2017) (emphasis added) (citing *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011) (in

4

some cases witnesses with knowledge of the underlying information have even been permitted to respond to hypotheticals). Opinion testimony based upon "particularized knowledge ***garnered from years of experience within the field***" is permitted under Fed. R. Evid. 701. *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d, 1213, 1223 (emphasis added). In *Tampa Bay,* the Eleventh Circuit affirmed the district court's decision to permit three officers of a shipbuilding company to testify as lay witnesses under Rule 701 as to the reasonableness of an amount billed to a customer for ship repairs.[1] *Id*.

In the case of *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 907 (11th Cir. 2023), the Eleventh Circuit held that "a lay witness who has a job requiring expertise may acquire first-hand, 'particularized knowledge' of probative facts while performing her duties. *Id*. For example, a physician's observation of a patient's injury during treatment is permissible lay testimony (assuming it is otherwise admissible)." Defendants Davis and Somerville have

---

[1] "[J]ust because a lay witness's position and experience could have qualified him for expert witness status does not mean that any testimony he gives at trial is considered 'expert testimony.'" *Id*. (financial lay witnesses may answer hypothetical questions and even testify to the reasonableness of amounts billed when their testimony is based on their personal experience) (citing *United States v. LeCroy*, 441 F.3d 914, 927 (11th Cir. 2006)); *see also Ga. Operators Self-Insurers Fund v. PMA Mgmt. Corp.*, 143 F. Supp. 3d 1317, 1338 (N.D. Ga. 2015) (finding testimony proffered by company's accountant did not constitute expert evidence because the witness "presented simple, grade-school level arithmetic based on the data contained in the actuarial reports" and "engaged in nothing more than clear addition and division exercises").

acquired first-hand expertise in the NCOA's workings as well as how to analyze (or count) data in spreadsheets, including through use of simple pivot tables to segment and count at scale. The latter are simple operations that most people in business perform every day.

Even non-parties not accused of recklessness may speak on matters based on their perception and experience without any need to be disclosed and admitted as experts, especially when they were present at the scene. *Handley v. Werner Enterp., Inc.*, 596 F.Supp.3d 1353, 1358-1359 (M.D. Ga. 2022) (Distinguishing between "specialized technical knowledge" and "personal knowledge," holding that a lay witness' testimony based on personal knowledge and experience is permitted under Rule 701). In *United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006), an experienced financial analyst did not need to be certified as an expert when, as Defendants Davis and Somerville have done with their own challenge file, TTV's challenge file, and Dr. Mayer's arithmetic on TTV's file, he "simply added and subtracted numbers . . . and then compared those numbers in a straightforward fashion". Lay testimony is even less problematic when the opposing side knew the witness would testify, the witness played a substantial role in the case, *Jeri*, 869 F.3d at 1266, and any alleged issues with technical bases may be "exposed on cross-examination," *Handley v. Werner Enterp., Inc.*, 596 F.Supp.3d 1353, 1358 (M.D. Ga. 2022).

Moreover, "lay opinion ... [does not] automatically become an expert opinion simply because it involves knowledge that preexisted the investigation in the present case," *id.* at 1358 (citing *United States v. Williams*, 865 F.3d 1328, 1342 (11th Cir. 2017) (cleaned up)), such as Defendants' knowledge of NCOA and mass mailing. A lay witness also does not start offering "expert" testimony simply because he has "expertise" and his "use of computer software may have made him more efficient at reviewing records." *Hamaker*, 455 F.3d 1331-32; *United States v. Novaton,* 271 F.3d 968, 1008 (11th Cir. 2001) ("This Court made clear that a witness does not fall outside of Rule 701 simply because his or her "rational[ ] ... perception" is based in part on the witness' past experiences.").

Indeed, "according to the advisory committee notes to rule 701, 'the distinction between lay and expert witness testimony is that lay testimony results from ***a process of reasoning familiar in everyday life***, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Gallagher Benefit Services, Inc. v. Campbell*, 528 F. Supp. 3d 1326, 1350 (N.D. Ga. 2021) (noting advisory committee's notes that most courts allow owners or officers of a business to testify to the value or projected profits of the business without being qualified as an accountant, appraiser, or similar expert) (emphasis added). Defendants intend to offer not just "processes of reasoning familiar in everyday life,"

but processes of reasoning *in which they engaged during the petitioning of which Plaintiffs complain.*

### III.
### Summary: Rules 602 and 701 Unequivocally Permit Davis and Sommerville's Testimony as Fact and Lay Witnesses Concerning the Spreadsheets at Issue

It is clear Davis and Sommerville are entitled to testify to their personal knowledge and involvement in this case (under Rule 602), and to provide opinions on challenge files based on their particularized knowledge and experience (under Rule 701).

The Eleventh Circuit case of *United States v. Toll,* 804 F.3d 1344, 1354-1355 (11th Cir. 2015), is perfectly analogous to the present issue. In *Toll*, a financial accountant/controller who worked with the defendant and had ***personal knowledge and involvement in preparing the financial statements at issue*** was not designated as an expert witness. Nevertheless, his testimony was deemed proper under both Fed. R. Evid. 602 and 701. According to the Court:

> A lay witness like Carness [the accountant/controller] may offer factual testimony so long as he "has personal knowledge of the matter," Fed. R. Evid. 602, and opinion testimony if the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702," Fed. R. Evid. 701. Carness testified to the fact that he believed, when he created the statements, that some of them complied with the [Generally Accepted Accounting] Principles and others did not. A witness provides "factual statements" when he gives a "summary of financial records," *United States v. Ransfer,* 749 F.3d 914, 938 (11th Cir.2014), and explains how the records were created. Contrary to Toll's argument, Carness did not testify as to whether the

8

> accounting methods utilized by Toll actually complied with the Principles. Instead, **he testified about which statements were "done according to [his] best interpretation of [the Principles**]." "To the ... best of [his] knowledge," he believed that, when the statements were prepared, one set complied with the Principles and the other did not. What Carness believed when he prepared the statements is a question of fact, so the district court did not err by permitting this testimony.

*Id*. at 1354-1355 (emphasis added). Testifying as to whether their spreadsheets were non-recklessly done *to "the best of their interpretation" of the legal requirements and principles of analyzing data* is exactly what Defendants wish to do.

Like the accountant/controller in *Toll,* Davis and Sommerville have direct personal knowledge about the spreadsheets and NCOA processes at issue – they prepared them. Accordingly, they are free to testify about their personal involvement, personal observations, personal knowledge, states of mind, and actions in connection with the spreadsheets at issue. This testimony is valid fact witness testimony under Rule 602. They also have substantial experience with the NCOA, as well as with counting the number of items in rows and columns of spreadsheets, whether their own or TTV's.

Moreover, testimony as to any opinions about their methodology, including values, beliefs and understanding concerning the validity and accuracy of the spreadsheets, is proper under Rule 701. According to the Court in *Toll*:

> Even if some of [the accountant/controller] Carness's testimony was opinion testimony, it was admissible under Rule 701. We have held that "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *United States v.*

9

> *Moran,* 778 F.3d 942, 967 (11th Cir. 2015) (quoting *United States v. Hill,* 643 F.3d 807, 841 (11th Cir.2011)).
>
> \*\*
>
> Carness's testimony falls within Rule 701. He was the controller of InnoVida and had 'at least 18 years of experience' as an accountant. He testified whether he believed then that the different statements he prepared complied with the Principles as he understood them. This testimony was rationally based on his 'own personal experiences,' *Hill,* 643 F.3d at 841, and 'particularized knowledge that [he] ha[d] by virtue of his ... position' in InnoVida, *Tampa Bay Shipbuilding & Repair,* 320 F.3d at 1222 (emphasis omitted) (quoting Fed. R. Evid. 701 advisory committee's notes to 2000 amendments). Because the testimony was admissible, the district court did not abuse its discretion.

*Id*. at 1355.

Likewise, in the present case, Davis and Sommerville both have particular knowledge and experience in NCOA, compiling and manipulating data in Excel spreadsheets, and in counting up items in spreadsheets and identifying trends in them, and will present testimony about their personal experience and knowledge at trial.[2] Accordingly, they should be permitted offer lay witness "opinion" testimony under Fed. R. Evid. 701.

In the end, prohibiting Defendants and Davis and Somerville from talking about what they knew and what they thought about what they were doing – that is, about whether they were reckless or baseless or had unlawful purpose — could prejudice Defendants, but letting them speak, in a jury-less bench trial, has no

---

[2] The witnesses experience and particular knowledge pertaining to excel spreadsheets is addressed in Defendants' Response to Plaintiff's Motion in Limine, [Dkt. # 271], fully incorporated herein.

potential to prejudice Plaintiffs. On this basis alone, the appellate record will remain cleaner by allowing Defendants to speak, and it risks being incomplete if they are not. Defendants are entitled to point out simple errors of arithmetic in Dr. Mayer's conclusions as well, from his failure to expressly compare the 27.3% of African-Americans in TTV's challenge file with the 29.9% in Georgia's voter file to demonstrably false statements such as that TTV's file had no middle names (there were over 61,000), that the NCOA doesn't use middle names or gender for matching (it does), that there are 1365 surname-firstname-address duplicates (when TTV's files are merged properly and the middle names are used, there are 90 such duplicates), or that "True the Vote submitted challenges in 65 of Georgia's 159 counties overall (38%)," Mayer Report at 18. Defendants have a right to point out that 65 is not 38% of 159, but 40.8%. But such errors pervade Dr. Mayer's opinions, and the search for truth is not facilitated by preventing laypeople from pointing out obvious errors.

WHEREFORE, Defendants respectfully request the Court to allow Defendants Davis and Sommerville to testify at trial as both fact and lay witnesses, regarding (1) their *understanding* of the NCOA, (2) their *beliefs* about their process in creating spreadsheets, and (3) their *perceptions* (including simple math) about their own and TTV's spreadsheets, in accordance with applicable case law and Fed. R. Evid. 602 and 701.

11

Dated: November 2, 2023.

By: /s/ Jake Evans
Jake Evans, Esq.
GA Bar No. 797018
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com

*Local Counsel for Defendants*

By: /s/ Michael J. Wynne
Michael J. Wynne*
TX Bar No. 785289
Cameron Powell*
DC Bar No. 459020
**GREGOR WYNNE ARNEY, PLLC**
909 Fannin Street, Suite 3800
Houston, TX 77010
P: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
*Admitted Pro Hac Vice*

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1C.

By: */s/ Michael J. Wynne*
Michael J. Wynne*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., SCOTT BERSON, and JANE DOE,<br><br>　*Plaintiffs*,<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>　*Defendants*. | CIVIL ACTION FILE<br><br>NO. 2:20-cv-00302-SCJ |

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically serve electronic notification of same upon all counsel of record.

Respectfully submitted this 2nd day of November, 2023.

　　　　　　　　　　　　　　　　　　By: /s/ *Michael J. Wynne*
　　　　　　　　　　　　　　　　　　Michael J. Wynne*

14