**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| FAIR FIGHT, INC., JOCELYN HEREDIA, SCOTT BERSON, and JANE DOE,<br><br>        Plaintiffs,<br><br>    v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, and JAMES COOPER,<br><br>        Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION
FOR JUDICIAL NOTICE**

Defendants request the Court take judicial notice of certain court records, emails, websites, several newspaper articles, and technical manuals. Plaintiffs oppose the motion for the following reasons:

As the United States Court of Appeals for the Eleventh Circuit has explained, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent

evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997); *see also Brown v. Piper*, 91 U.S. 37, 42–43 (1875) (The "power" to take judicial notice "is to be exercised by courts with caution. Care must be taken that the requisite notoriety exists. Every reasonable doubt upon the subject should be resolved promptly in the negative.").

A court may judicially notice a fact only if—as at issue here—the fact "is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "[T]he fact must be one that only an unreasonable person would insist on disputing." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *see also* Fed. R. Evid. 201, Adv. Comm. Note g (1975) (explaining, "where there is evidence on both sides of an issue the matter is subject to reasonable dispute," judicial notice is inappropriate).

Additionally, a party seeking judicial notice must supply the Court with necessary information to determine fitness for such notice. *Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014). But Defendants do not cite any authority for judicial notice of the various sources they identify. In fact, they do not even identify any adjudicative facts that they would have this Court notice, instead offering entire documents with no indication whether they seek admission of statements or facts within those documents that may be subject to hearsay or other

evidentiary restrictions. Accordingly, Plaintiffs oppose Defendants' request that the Court take judicial notice of the following documents:

**Attachment A (Copies of Certain Documents from *In re Majority Forward et al.,* Case No. 1:20-cv-00266-LAG (M.D. Ga.).** Attachment A contains a docket sheet and two filings from a Middle District of Georgia action. While Plaintiffs do not object to judicial notice of these documents,[1] the Court should judicially notice *all* filings in this docket. As the Rule of Completeness provides, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Defendants' selective submissions from this docket ignore, for example, filings by the county defendants representing how they intended to adjudicate voter challenges. Because these representations informed the order that Defendants attach and provide essential context, *all* filings on the docket should be noticed for fairness.

**Attachment B (Copy of Email from Muscogee County).** Attachment B is a "certified copy" of an email between Ms. Stinetorf and the Muscogee County Elections Office. The content of the email is hearsay not subject to any exception

---

[1] To be sure, "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

under Rule 801 and is an inappropriate subject for judicial notice when the meaning of the email is in reasonable dispute. *See, e.g., In re Apple Inc. Device Performance Litig.,* 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) (denying to take judicial notice of email under similar circumstances). If this Court does take judicial notice of the email, Plaintiffs request the Court also take judicial notice of Ms. Stinetorf's remaining correspondence with the Muscogee County Elections Office from December 2020 for completeness under Rule 106, attached to this opposition as **Exhibit 1**.

**Attachment C (Screen Print from SOS).** Plaintiffs do not oppose the Court taking judicial notice of Attachment C itself. Plaintiffs do object to the request that the Court take judicial notice of the fact that "all pertinent records relating to absentee ballots can be downloaded from this website," Mot. at 3, to the extent that statement is an attempt to authenticate the various loose excel spreadsheets that Defendants have attempted to include on their exhibit list and Plaintiffs have objected to on grounds of authenticity.

**Attachment D Copy of the January 2022 United States Postal Service (hereinafter "USPS") Publication 632.** Attachment D appears to be a United States Postal Service pamphlet. Under Rule 803, such materials qualify for a hearsay exception only if "the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination." Fed. R. Evid.

803(18)(A). Defendants have not retained an expert witness and their motion does not identify any instance in which the proffered materials were presented to Plaintiffs' experts Dr. Mayer or Dr. Burton for evaluation. Accordingly, the statements in Attachment D constitute inadmissible hearsay.

**Attachment E, G, and F (Copies of 3 Newspaper Articles).** Defendants request the Court take judicial notice of three newspaper articles, each with hearsay upon hearsay, concerning (1) Secretary Raffensperger's reaction to the *Majority Forward* ruling, (2) challenges filed in Muscogee County, and (3) Secretary Raffensperger's request for certain changes to the Georgia election code. None are appropriate for judicial notice, particularly when they concern facts that may be contested in this litigation, including but not limited to the Secretary of State's support for the Defendants' challenges and the circumstances surrounding who filed the Muscogee challenges, when they were filed, or how they were filed. *See Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 517 (11th Cir. 1991) (concluding that district court erred when it took judicial notice of newspaper article as proof of fact asserted in article); *see also Parrish v. Ala. Dep't of Corr.*, 156 F.3d 1128, 1130 (11th Cir. 1998) (same holding).

**NCOA Link Manuals.** Defendants also request judicial notice of technical USPS materials. As courts have recognized, "[i]t is not proper to take judicial notice of highly technical information that figures prominently into questions of liability."

*NTP Marble, Inc. v. AAA Hellenic Marble, Inc.*, No. 09-CV-05783, 2012 WL 607975, at \*10 (E.D. Pa. Feb. 27, 2012) (declining to judicially notice how IP addresses and web-based accounts are obtained, managed, and protected). While courts may "take judicial notice of matters of common knowledge," *Ohio Bell Tel. Co. v. Public Utilities Comm'n,* 301 U.S. 292, 301 (1937), statements in the "Technical Reference Guide" offered by Defendants fall well outside that boundary.

The NCOA Link materials are also contained in pamphlets. Under Rule 803, such materials qualify for a hearsay exception only if "the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination." Fed. R. Evid. 803(18)(A). Defendants have not retained an expert witness and their motion does not identify any instance in which the proffered materials were presented to Plaintiffs' experts Dr. Mayer or Dr. Burton for evaluation. Accordingly, the statements in the NCOA Link materials constitute inadmissible hearsay.

Respectfully submitted, this 6th day of November, 2023.

Allegra J. Lawrence
Georgia Bar No. 439797
Leslie J. Bryan
Georgia Bar No. 091175
Maia Cogen
Georgia Bar No. 832438
Michelle L. McClafferty
Georgia Bar No. 161970
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-
hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
maia.cogen@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com

*/s/ Uzoma N. Nkwonta*
Marc E. Elias*
Uzoma N. Nkwonta*
Christina A. Ford*
Tina Meng Morrison*
Marcos Mocine-McQueen*
Joel J. Ramirez*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave., Ste. 400
Washington, D.C. 20001
Telephone: (202) 968-4490
melias@elias.law
unkwonta@elias.law
cford@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law
jramirez@elias.law
jshelly@elias.law

*Counsel for Plaintiffs*
*Admitted pro hac vice*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing *Brief in Opposition* has been prepared in accordance with the font type and margin requirements of LR 5.1, N.D. Ga., using a font type of Times New Roman and a point size of 14.

This 6th of November, 2023            */s/ Uzoma N. Nkwonta*

                                                    Uzoma N. Nkwonta

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Brief in Opposition* with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 6th of November, 2023            */s/ Uzoma N. Nkwonta*

                                                    Uzoma N. Nkwonta