UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FAIR FIGHT, INC., JOCELYN HEREDIA, SCOTT BERSON, and JANE DOE,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, DEREK SOMERVILLE, MARK DAVIS, MARK WILLIAMS, RON JOHNSON, JAMES COOPER,<br><br>    Defendants. | Civil Action No.<br>2:20-cv-00302-SCJ |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS**

Plaintiffs hereby respond to Defendants' Bill of Costs to identify costs that Defendants claim, but to which they are not entitled. *See* ECF No. 339. In particular, Defendants improperly seek costs for the service of untimely and withdrawn subpoenas for documents; for trial subpoenas that were quashed as untimely; for duplicative and unnecessary printing; and for untaxable deposition costs. Allowable costs—as detailed below and summarized in the included chart—are substantially lower than the amount Defendants have requested.

1

**I.      Unnecessary and unreasonable service of subpoenas.**

Defendants seek to recover the costs for serving improper subpoenas, and they request amounts in excess of those allowed by statute. Because courts may award only "necessary" costs and "reasonable" amounts, these requests should be denied. *Cobb v. City of Roswell*, 987 F. Supp. 2d 1319, 1322 (N.D. Ga. 2013).

Defendants seek fees for the service of document subpoenas on the United States Postal Service, Marietta Toyota, Cortland Viridianat, and Live 8 West. ECF No. 339-1 at 1, 8–9. The subpoenas were issued on September 28, 2023, almost two years after the close of discovery, and, because of this tardiness, were withdrawn by Defendants days later. *See* ECF 118 at 1 (ordering discovery closed on October 31, 2021); *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011) (recognizing that Rule 45 subpoenas "constitute discovery and, thus, are subject to discovery deadlines established by the Court."); ECF No. 257 at 1 (withdrawing document subpoenas on October 11, 2023). Because the service of these subpoenas was improper, and the subpoenas did not result in any documents used (or usable) at trial, Defendants' request of $479.00 for service of these subpoenas should be denied.

Defendants also improperly seek fees for the service of trial witness subpoenas on Connor Isham, Jordan Fuchs, Ryan Germany, Brian Robinson, Brad Raffensperger, Ben Harbin, Joel Natt, and Stacey Abrams. ECF No. 339-1 at 1, 11–

2

18. The Court quashed all of these subpoenas to compel testimony because the witnesses had not been identified in the Consolidated Pretrial Order as required by the Court's rules. *See* Trial Tr. 5:21–6:3. Of these targets, only Mr. Germany testified at trial, and he appeared only because he was properly called by *Plaintiffs*. *See* Trial Tr., 482:7–8. Because these witness subpoenas were not necessary (or even allowable), the $1,797.27 that Defendants request for serving them should be denied.

Even were the Court to overlook the unnecessary nature of the subpoenas—and it should not—the amount Defendants seek exceeds that allowed by statute. Parties may recover costs for service of subpoenas in the amount that would be charged by the United States Marshals Service, *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000), which is $65 per hour. 28 C.F.R. § 0.114(a)(3). Where, as here, the moving party has not documented the amount of time that service required, courts in this circuit have recognized that "the maximum recovery per subpoena is $65.00 or the actual cost incurred, whichever is less." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014); *see also Gould v. Carnival Corp.*, No. 19-cv-20289-GOODMAN, 2022 WL 742737, at *4 (S.D. Fla., Mar. 10, 2022) (awarding $65.00 per service of out-of-state subpoenas and $55.00 per service of in-state subpoenas where movant failed

to record number of hours it took to serve each subpoena).[1] Accordingly, costs for the subpoena served on Ms. Jocelyn Heredia, ECF No. 339-1 at 10, (and any other the court might allow) should be reduced to no more than $65.00.

**II.  Unnecessary and unreasonable printing costs.**

Defendants' request for the costs of printing exhibits for trial should be substantially reduced. Defendants introduced only two admissible exhibits at trial, *see* ECF No. 329, but it appears they now seek to recover costs for printing the more than 180 exhibits they improperly attempted to introduce after the deadline for submitting exhibit lists and in violation of the Court's rules. *See* Trial Tr., 266:2–13 ("THE COURT: But those 183 exhibits that did not meet the requirements as set forth in the consolidated pretrial order and as set forth in the Northern District of Georgia, they don't come in. It's that simple."). While parties may sometimes recover costs for exhibits that were not used in trial, courts must consider whether the party "reasonably believed that it was necessary" to make such copies. *U.S. E.E.O.C,* 213 F.3d at 623. Defendants could not have reasonably believed that it was necessary to print exhibits that were plainly disallowed by the Court's rules.

---

[1] Defendants seek to recover not only the cost of serving improper subpoenas, but also the costs for expediting service. *See* ECF No. 339-1 at 10–18. Not only are such costs not generally taxable, *see Dennis v. Waffle House, Inc.*, No. 1:03-CV-2421-CC, 2006 WL 8431236, *4 (N.D. Ga. May 17, 2006), in this case any time concerns were caused by Defendants' own delays, and so were neither necessary nor reasonable.

In addition to the exhibits excluded during trial, the Court had previously excluded on October 20, 2023, eight exhibits that Defendants had failed to disclose during discovery. ECF No. 279 at 4–6. As these exhibits were excluded four days prior to the date of the printing invoice, Defendants were aware that the exhibits were inadmissible and should not be allowed to recover costs for their printing. *See* ECF No. 339-1 at 19 (recording invoice date of Oct. 24, 2023).

Defendants also seek to recover the cost of printing Plaintiffs' exhibits, but Plaintiffs provided Defendants with digital copies of all exhibits prior to trial and with printed copies of all exhibits at the start of trial. Copies made "solely for the convenience of counsel"—as here—are not taxable. *Acceleron, LLC v. Dell Inc.*, No. 1:12-CV-4123-TCB, 2022 WL 1087683, at *27 (N.D. Ga. Mar. 7, 2022), *aff'd,* No. 2022-1620, 2023 WL 4503189 (Fed. Cir. July 13, 2023).

Defendants' request for $2,006.00 for color copies is not taxable because the cost of color printing is not "reasonable" unless the party "only used color copies when necessary to retain the meaning of the text involved." *Id.* Neither of Defendants' exhibits—an email chain and a CARFAX report—required color to retain their meaning and Defendants have not explained how any allowable exhibit required color reproduction. Defendants' requests for tabs, labels, and binders are likewise not recoverable. *See Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *16 (S.D. Fla. Sept. 14, 2010) (collecting cases).

Finally, neither the description in Ex. C nor the accompanying invoice provide information sufficient to identify how many of the 17,131 pages Defendants now seek to tax were attributable to exhibits that were not properly disclosed before trial and were deemed inadmissible as a result. *See* ECF No. 339-1 at 3, 19. Defendants should recover no more than the cost to provide black and white copies ($0.16 per page) of those exhibits that were properly identified in the Consolidated Pretrial Order and not excluded by the Court as untimely disclosed. *See* ECF No. 279 at 4–6; Trial Tr., 266:2–13. Based on digital copies provided by Defendants prior to trial, Plaintiffs estimate that Defendants' properly disclosed exhibits amount to 1,833 pages in total.[2]

### III. Unnecessary and unreasonable transcript costs.

Defendants also seek to recover excessive costs for procuring deposition transcripts. Costs for these copies are recoverable only when they are "necessarily obtained for use in the case," and the party seeking to recover the cost must "show the nature of the documents copied, including how they were used or intended to be used in the case." *Salkic v. Heartland Express, Inc. of Iowa*, No. 1:17-CV-03103-ELR, 2020 WL 13552060, at *3 (N.D. Ga. July 22, 2020).

---

[2] This excludes Defs. Exs. 66–69 which are spreadsheets and by their nature elastic in size and pagination and are not commonly printed in their entirety.

Included in Defendants' costs for copies of deposition transcripts are numerous vague descriptions of costs such as "Exhibits Processing/Scanned" and "Remote Video Connection." ECF 339-1 at 28–40. These "ancillary costs related to deposition transcripts are generally not recoverable." *Barrera v. Weiss & Woolrich Southern*, 900 F.Supp.2d 1328, 1335 (S.D. Fla. 2012). The cost for copies of deposition transcripts should be reduced by $1,681.24, the amount of the ancillary fees.

Also included in Defendants' deposition costs are fees in the amount of $1,053.00, apparently for videotaping the deposition of Jocelyn Heredia. ECF 339-1 at 34. This fee cannot be taxed because Ms. Heredia's deposition was not noticed as a videorecorded deposition, and the costs of videotaping a deposition can be taxed only when the party provides notice that the deposition will be videotaped. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464–65 (11th Cir. 1996). Aside from this failure to provide the requisite notice, Defendants have offered no explanation as to why it would have been necessary to videotape Ms. Heredia's deposition. The costs of videotaping a deposition are taxable only when the videos themselves are "necessarily obtained for use in the case." *Id.* Because the video of Ms. Heredia's deposition was never used—or even offered—at trial, any cost award should be reduced by an additional $1,053.00.

Finally, Defendants seek $1,873.80 for an expedited transcript of the deposition of Catherine Engelbrecht, taken on January 26, 2022. *See* ECF No. 339-1 at 38. Defendants, however, offer no explanation as to why an expedited copy of the transcript was necessary for trial when the deposition was completed nearly two years earlier. Fees for expedited transcription services are not generally recoverable, and Plaintiffs request that the cost be reduced by $1,000 to align it with the costs of a standard transcription. *Porter v. Eli Lilly & Co.*, No. 1:06-CV-01297-JOF, 2009 WL 10697311, at *2 (N.D. Ga. Sept. 14, 2009); *Johnson Landscapes, Inc. v. FCCI Ins. Co.*, No. 1:13-CV-1130-SCJ, 2015 WL 11199166, at *2 (N.D. Ga. Aug. 10, 2015).

## CONCLUSION

For the foregoing reasons, any award of costs to Defendants should be reduced and Defendants should be granted no more than $65.00 for service of subpoenas, $1,491.80 for hearing and trial transcripts, $0.16 per page for printing those exhibits that were properly disclosed in the Consolidated Pretrial Order and not subsequently excluded for failure to comply with LR 16.4(B)(19)(a), $7,950.08 for deposition transcripts, and $2,786.76 for witness travel and subsistence.

| Defs.' Bill of Cost Exhibit | Cost | Requested | Adjusted |
|---|---|---|---|
| Ex. A ECF 339-1 at 1 | Service of summons and subpoena | $2,546.06 | $65.00 |
| Ex. B *Id.* at 2 | Printed transcripts (hearings and trial) | $1,491.80 | $1,491.80 |
| Ex. C *Id.* at 3 | Printing (exhibits) | $5,685.83 | $0.16 per page for exhibits properly disclosed and not subsequently excluded |
| Ex. D *Id.* at 4–5 | Copies of necessary materials (deposition transcripts) | $11,648.32 | $7,950.08 |
| Ex. E *Id.* at 6 | Witness fees | $2,786.76 | $2,786.76 |
| Total | | **$24,158.77** | **$12,283.64 plus allowable printing** |

Respectfully submitted, this 9th day of February, 2024.

| | |
|---|---|
| Allegra J. Lawrence<br>Georgia Bar No. 439797<br>Leslie J. Bryan<br>Georgia Bar No. 091175<br>Maia Cogen<br>Georgia Bar No. 832438<br>**LAWRENCE & BUNDY LLC**<br>1180 West Peachtree Street, Suite 1650<br>Atlanta, GA 30309<br>Telephone: (404) 400-3350<br>Fax: (404) 609-2504<br>allegra.lawrence-hardy@lawrencebundy.com<br>leslie.bryan@lawrencebundy.com<br>maia.cogen@lawrencebundy.com | */s/ Uzoma N. Nkwonta*<br>Marc E. Elias\*<br>Uzoma N. Nkwonta\*<br>Christina A. Ford\*<br>Tina Meng Morrison\*<br>Marcos Mocine-McQueen\*<br>Jacob D. Shelly\*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>melias@elias.law<br>unkwonta@elias.law<br>cford@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>jshelly@elias.law<br><br>*Counsel for Plaintiffs*<br>\*Admitted *pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Objection to Bill of Costs* with the Clerk of Court using the CM/ECF system, which will automatically send-e-mail notification to all counsel of record.

This 9th day of February, 2024     /s/ *Uzoma N. Nkwonta*
                                   Uzoma N. Nkwonta